07 CIV 8718

| **OUTTEN & GOLDEN LLP** | **BRUCKNER BURCH PLLC** |
|---|---|
| Adam T. Klein (AK 3293) | Richard J. Burch (Texas Bar No. 24001807) |
| Justin M. Swartz (JS 7989) | (*pro hac vice* motion forthcoming) |
| Anjana Samant  (AS 5163) | 1415 Louisiana, Suite 2125 |
| Tammy Marzigliano (TM 2934) | Houston, Texas  77002 |
| 3 Park Avenue, 29th Floor | Telephone:  (713) 877-8788 |
| New York, New York 10016 | |
| Telephone:  (212) 245-1000 | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIRI DIAZ on behalf of herself and all others similarly situated, | |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| -against- | |
| SCORES HOLDING COMPANY, INC.; GO WEST ENTERTAINMENT, INC.; SCORES ENTERTAINMENT, INC. | **Jury Trial Demanded** |
| Defendants. | |

Plaintiff Siri Diaz ("Diaz") ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.      This case is about a chain of adult night clubs, owned by Defendants Scores Holding Company, Inc.; Go West Entertainment, Inc., and Scores Entertainment, Inc. (collectively "Scores"), that confiscates part of its workers tips and fails to pay them proper minimum wage and overtime compensation.

2.      Scores encourages its customers to use "Diamond Dollars," play money, to tip workers.  On its website, Scores claims that "tipping is made easy" when customers use "Diamond Dollars."

1

3.     When a worker receives a tip in Diamond Dollars, Scores deducts and retains a portion of the tip.

4.     As a result customers who believe they are tipping worker a certain amount of money are actually tipping the workers less.

5.     Moreover, Scores also only allows its workers to convert Diamond Dollars into cash at designated times – whether or not these times are convenient for the workers.

6.     In addition to confiscating some of its workers' tips, Scores also fails to pay its workers the statutory minimum wage for all hours they work, and fails to pay them at a proper overtime rate for all hours they work in excess of 40 hours per week.

7.     This lawsuit seeks to force Scores to pay its workers all of the wages they have earned, as the law requires.

8.     Plaintiff brings this action on behalf of herself and similarly situated current and former employees of Scores who elect to opt into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically the collective action provision of 29 U.S.C. § 216(b).

9.     Plaintiff also brings this action on behalf of herself and all similarly situated current and former employees of Scores, pursuant to Federal Rule of Civil Procedure 23, to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

## THE PARTIES

### Plaintiff

10.     Diaz is an adult individual who is a resident of West New York, New Jersey.

11.    Diaz was employed by Scores as a bartender from approximately August 29, 2006 through approximately February 8, 2007 at a Scores night club located at 536 W. 28th Street, New York, New York.

12.    Diaz has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).

13.    Diaz is a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

14.    Scores Holding Company, Inc., Go West Entertainment, Inc., and Scores Entertainment, Inc. jointly employed Plaintiff and similarly situated employees at all times relevant.  Each Defendant has had substantial control over Plaintiff's working conditions, and over the unlawful polices and practices alleged herein.

15.    Scores owns and operates night clubs in New York City (one on the East side and one on the West side), Chicago, Las Vegas, and New Orleans.

*Scores Holding Company, Inc.*

16.    Scores Holding Company, Inc. is located at 533-535 West 27th Street, New York, New York 10001.

17.    Scores Holding Company, Inc. is a covered employer within the meaning of the FLSA and the NYLL and at all times relevant, employed Plaintiff and/or jointly employed Plaintiff and similarly situated employees.

18.    Upon information and belief, at all times relevant, Scores Holding Company, Inc.'s annual gross volume of sales made or business done was not less than $500,000.

*Go West Entertainment, Inc.*

19.    Go West Entertainment, Inc. is located at 533-535 West 27th Street, New

York, New York 10001.

20.    Go West Entertainment, Inc. is a covered employer within the meaning of the FLSA and the NYLL and at all times relevant, employed Plaintiff and/or jointly employed Plaintiff and similarly situated employees.

21.    Upon information and belief, at all times relevant, Go West Entertainment, Inc.'s annual gross volume of sales made or business done was not less than $500,000.

*Scores Entertainment, Inc.*

22.    Scores Entertainment, Inc. is located at 150 East 58th Street, 25th Floor, New York, New York, 10155.

23.    Scores Entertainment, Inc. is a covered employer within the meaning of the FLSA and the NYLL and at all times relevant, employed Plaintiff and/or jointly employed Plaintiff and similarly situated employees.

24.    Upon information and belief, at all times relevant, Scores Entertainment, Inc.'s annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

25.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

26.    This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

27.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

28.    Venue is proper in the Southern District of New York pursuant to

4

28 U.S.C. § 1391.

29. Upon information and belief, The amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

30. At least one member of the proposed class is a citizen of a state different from that of at least one Defendant.

31. Plaintiffs' claims involve matters of national or interstate interest.

32. Upon information and belief, Citizenship of the members of the proposed class is dispersed among a substantial number of states.

33. Upon information and belief, greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are not citizens of the same state.

34. Upon information and belief, at least one Defendant resides in New York.

35. Upon information and belief, at least one Defendant is subject to personal jurisdiction in New York.

### CLASS ACTION ALLEGATIONS

36.    Plaintiff brings the First, Second, Third, Fourth, Fifth, and Sixth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of

> all Scores' employees in New York who have received part of their compensation as tips between September 17, 2001 and the date of final judgment in this matter

(the "Rule 23 Class").

37.    Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Scores; the

Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

38.    The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

39.    Upon information and belief, the size of the Rule 23 Class is at least 100 people; although the precise number of such employees is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants.

40.    Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

41.    Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

   (a) whether Defendants violated NYLL Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Parts 137, as alleged herein;

   (b) whether Defendants misappropriated tips from Plaintiff and the Rule 23 Class;

   (c) whether Defendants made unlawful deductions from the wages of Plaintiff and the Rule 23 Class;

   (d) whether Defendants failed to provide Plaintiff and the Rule 23 Class spread-of-hours compensation as required by the NYLL;

   (e) whether Defendants failed to keep true and accurate time and pay records for all hours worked by its employees, and other records required by the NYLL;

   (f) whether Defendants failed to comply with the posting and notice requirements of the NYLL;

(g) whether Defendants failed to furnish Plaintiff and the Class with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance as required by the NYLL; and

(h) the nature and extent of class-wide injury and the measure of damages for those injuries.

42.    The claims of Plaintiff are typical of the claims of the Rule 23 Class they seek to represent. Plaintiff and all the Rule 23 Class members work or have worked for Defendants and were subject to the same policy or practices. Plaintiff and the Rule 23 Class members enjoy the same statutory rights under the New York Labor Law to be paid for all hours worked, to be paid minimum and overtime wages, and to keep the tips they earn. Plaintiff and Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the New York Labor Law. Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns.

43.    Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class members. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiff and the Rule 23 Class members.

44.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violation of the New York Labor Law as well as its common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources to conduct a thorough

examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

45.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COLLECTIVE ACTION ALLEGATIONS

46.    Plaintiff brings the Seventh, Eighth, Ninth, and Tenth Causes of Action, FLSA claims, on behalf of herself and all similarly situated persons who have worked at Scores night clubs as tipped employees and who elect to opt-in to this action (the "FLSA Collective").

47.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff.  Upon information and belief, there are many similarly situated current and former employees of Scores who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Scores, are readily identifiable, and can be located through Scores' records.  Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. §216(b).

## CLASS-WIDE FACTUAL ALLEGATIONS

48.    Plaintiff and the members of the Rule 23 Class and the FLSA Collective (collectively "Class Members") have been victims of Defendants' common policy and plan perpetrated by Defendants that has violated their rights under the FLSA and the

NYLL by denying them minimum wage, proper overtime compensation, and tips they earned. At all times, Defendants' unlawful policies and patterns or practices have been willful.

49.    As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the Class Members by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL as described in this Class Action Complaint. This policy and pattern or practice includes, but is not limited to the following:

a.    making deductions from Plaintiff's and Class Members' wages including but not limited to retaining portions of tips earned by Plaintiff and Class Members;

b.    failing to keep accurate and adequate records of wages paid to Plaintiff and Class Members, deductions taken from their wages, allowances or other credits taken by Defendants, and hours worked by Plaintiff and Class Members as required by the FLSA and the NYLL;

c.    failing to comply with the posting and/or notice requirements of the FLSA and the NYLL;

d.    failing to pay Plaintiff and Class Members at least the applicable minimum hourly wage rate under the FLSA and the NYLL for all hours worked;

e.    failing to pay Plaintiff and Class Members for their uniforms and for the cost of laundering and maintaining their uniforms;

f.    failing to pay Plaintiff and Class Members proper overtime compensation for the hours they worked in excess of 40 hours in a workweek.

50.    Upon information and belief, Defendants' unlawful conduct described in this Complaint has been pursuant to a corporate policy or practice of minimizing labor costs and denying employees' compensation by knowingly violating the FLSA and NYLL.

51.    Defendants' unlawful conduct has been widespread, repeated, and consistent. Upon information and belief, Defendants' policies and practices described in this Class Action Complaint have been centrally promulgated and uniform throughout each Scores' facility.

52.    Defendants' unlawful conduct, as set forth in this Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the Class Members.

53.    Defendants' deceptive conduct prevented Plaintiff and the Class Members from discovering or asserting their claims any earlier than they did.

## PLAINTIFF'S FACTUAL ALLEGATIONS

54.    Consistent with its policies and patterns or practices as described herein, Defendants harmed Plaintiff individually as follows:

55.    Scores did not pay Diaz the proper minimum wage for all of the time that she was suffered or permitted to work each workweek.

56.    Scores unlawfully demanded, retained, or received portions of the tips that Diaz earned.

57.    Scores did not pay Diaz proper overtime compensation for all of the time that she was suffered or permitted to work in excess of 40 hours per workweek.

58.    Scores did not keep accurate records of wages or tips earned, or of hours worked by Diaz.

59.    Scores made unlawful deductions from Diaz's wages.

60.    Scores did not compensate Diaz for the cleaning, care, and maintenance of the uniforms they required Diaz to wear while working at Scores.

61.    Scores did not pay Diaz spread-of hours pay for shifts she worked of 10 hours or more.

### FIRST CAUSE OF ACTION
**New York Labor Law Article 19 – Minimum Wages**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

62.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

63.    Defendants failed to pay Plaintiff and the Class Members the minimum wages to which they are entitled under the NYLL.

64.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

65.    At all times relevant, Plaintiff and the Class Members have been employees and Defendants have been employers within the meaning of the NYLL §§ 190, 651(5), 652 and supporting New York State Department of Labor Regulations.

66.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect the Plaintiff and the Class Members.

67.    Defendants were required to pay Plaintiff and the Class Members a minimum wage at a rate of (a) $5.15 per hour for all hours worked from January 1, 2004 through December 31, 2004, (b) $6.00 per hour for all hours worked from January 1, 2005 through December 31, 2005, (c) $6.75 per hour for all hours worked from January 1,

2006 through the December 31, 2006, and (d) $7.15 per hour for all hours worked from January 1, 2007 through the present time under the NYLL §652 and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. §137-1.2.

68.    Defendants failed to pay the Plaintiff and the Class Members the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

69.    By Defendants' knowing or intentional failure to pay the Plaintiff and the members of the Rule 23 Class minimum hourly wages, they have willfully violated the NYLL 19, §§ 650 *et seq*. and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. §137-1.2.

70.    Defendants were not allowed to avail themselves of the NYLL tipped minimum wage. (From June 6, 2000, through December 31, 2004, a rate of at least $3.30 per hour for all hours worked; from January 1, 2005 through December 31, 2005, a rate of at least $3.85 per hour for all hours worked; and from January 1, 2006 through the present, at least $4.35 per hour for all hours – provided that the tips of each individual, when added to such cash wage, equaled or exceeded the full minimum wage under the NYLL and supporting New York State Department of Labor Regulations including but not limited to the regulations in 12 N.Y.C.R.R. § 137-1.5).

71.    Defendants failed to post, in a conspicuous place in Scores a notice issued by the New York State Department of Labor summarizing minimum wage provisions, in violation of the NYLL and supporting New York State Department of Labor Regulations including but not limited to the regulations in 12 N.Y.C.R.R. § 137-2.3.

72.    Defendants failed to furnish Plaintiff and the Class Members a statement with every payment of wages listing hours worked, rates paid, gross wages, and the tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and supporting New York State Department of Labor Regulations including but not limited to the regulations in 12 N.Y.C.R.R. § 137-2.2.

73.    By Defendants' knowing or intentional failure to pay the Plaintiff and the members of the Rule 23 Class minimum hourly wages, they have willfully violated the NYLL Article 19, §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 137.

74.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### SECOND CAUSE OF ACTION
**New York Labor Law Article 19 – Unpaid Overtime**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

75.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

76.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff and the Class Members.

77.    Defendants have failed to pay Plaintiff and the Class Members the overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

78.    By Defendants' knowing or intentional failure to pay Plaintiff and the

members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

79.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
**New York Labor Law - Spread-of-Hours Pay**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

80.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

81.    Defendants have willfully failed to pay Plaintiff and the Class Members additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than 10 hours.

82.    By Defendants' failure to pay and the Class Members spread-of-hours pay, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to 12 N.Y.C.R.R. §§ 137-1.7, 3.10.

### FOURTH CAUSE OF ACTION
**New York Labor Law – Unlawful Wage Deductions**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

83.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

84.    At all times relevant, Plaintiff and the Class Members have been employees

within the meaning of the NYLL §§ 190, *et seq.*, and supporting New York State Department of Labor Regulations.

85.    At all times relevant, Defendants have been an employer within the meaning of the NYLL §§ 190, *et seq.*, and supporting New York State Department of Labor Regulations.

86.    At all times relevant, Siri Diaz, has been an agent and/or officer within the meaning of the NYLL § 196-d and supporting New York State Department of Labor Regulations.

87.    The wage payment provisions of Article 6 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect the Plaintiff and the Class Members.

88.    Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiff and the Class Members in violation of NYLL § 196-d and supporting New York State Department of Labor Regulations.

89.    Defendants unlawfully retained part of the gratuities received by Plaintiff and the Class Members in violation of NYLL § 196-d and supporting New York State Department of Labor Regulations.

90.    Defendants redistributed and/or shared part of the gratuities received by Plaintiff and the members of the FLSA Collective with employees other than waiters, servers, busboys, or similar employees, in violation of NYLL § 196-d and supporting New York State Department of Labor Regulations.

91.    By Defendants' knowing or intentional demand for, acceptance of, and/or retention of part of the gratuities received by Plaintiff Class Members, Defendants have

willfully violated the NYLL Article 6, § 196-d and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. § 137-2.5.

92.    Defendants also made unlawful deductions from the wages of tipped employees and failed to pay them the full amount of their wages as a result of deductions for credit card fees and uniform-related expenses in violation of NYLL Article 6, § 193.

93.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

94.    Plaintiff does not seek liquidated damages under the NYLL.

### FIFTH CAUSE OF ACTION
### New York Labor Law – Uniform Expenses
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class against all Defendants)**

95.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

96.    Consistent with their policy and pattern or practice, Defendants prohibited Plaintiff and the Class Members from wearing street clothes to work and required them to wear uniforms consisting of designated attire. The uniforms that Defendants mandated could not be worn as part of Plaintiff's and the Class Members' ordinary wardrobe. Defendants prescribed a specific type and style of clothing to be worn at work, and required specific or distinctive styles, colors, and quality of clothing.

97.    Consistent with their policy and pattern or practice, Defendants required Plaintiff and the Class Members to purchase their own uniforms and failed to reimburse

Plaintiff for these costs, in violation of NYLL and its supporting regulations, N.Y.C.R.R.

§ 137-1.8.

98.    Consistent with their policy and pattern or practice, Defendants unlawfully

required Plaintiff and the Class Members to launder and maintain their uniforms and

failed to provide Plaintiff with pay in addition to the minimum wage for these costs, in

violation of NYLL and its supporting regulations, N.Y.C.R.R. § 137-1.8.

99.    Defendants further failed to reimburse Plaintiff for uniform expenses.

100.    Consistent with their policy and pattern or practice, Defendants' failure to

reimburse Plaintiff for their uniform expenses resulted in Plaintiff being paid less than the

minimum wage.

101.    Due to Defendants' violations of the NYLL, Plaintiff and the Class Members

are entitled to recover from Defendants an amount prescribed by statue, reasonable

attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

Plaintiff does not seek liquidated damages under the NYLL.

### SIXTH CAUSE OF ACTION
**New York Labor Law – Recordkeeping Violations**
**(Brought on behalf of Plaintiff and the members of the**
**Rule 23 Class against all Defendants)**

102.    Plaintiff re-alleges and incorporates by reference all allegations in all

preceding paragraphs.

103.    Defendants failed to make, keep, and preserve accurate records with respect

to Plaintiff and the Class Members, including hours worked each workday and total hours

worked each workweek, as required by NYLL Article 19, §§ 650 *et seq.*, and supporting

regulations, including N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.6(a)(4).

104.    Defendants failed to post in a conspicuous place in their establishment a notice issued by the New York Department of Labor explaining the NYLL minimum wage provisions, in violation of NYLL Article 19, §§ 650 *et seq.*, and supporting regulations, including 12 NYCRR § 142-2.8.

105.    Defendants failed to post, in a conspicuous place, a notice issued by the New York State Department of Labor summarizing tipped minimum wage provision, in violation of the NYLL and supporting New York State Department of Labor Regulations including, but not limited to, 12 N.Y.C.R.R. § 137-2.3.

106.    Defendants failed to furnish Plaintiff and the Class Members a statement with every payment of wages listing hours worked, rates paid, gross wages, and the tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and supporting New York State Department of Labor Regulations including, but not limited to, 12 N.Y.C.R.R. § 137-2.2.

107.    Defendants' failure to make, keep, and preserve accurate records was willful.

### SEVENTH CAUSE OF ACTION
**Fair Labor Standards Act – Minimum Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

108.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

109.    Defendants failed to pay Plaintiff and the Class Members the minimum wages to which they are entitled under the FLSA.

110.    Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

111.    At all times relevant, Plaintiff and the Class Members were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

112.    At all times relevant, Plaintiff and the Class Members were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

113.    At all times relevant, Defendants have been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

114.    Defendants were required to pay directly to Plaintiff and the Class Members the applicable federal minimum wage rate of at least $5.15 per hour for all hours worked.

115.    Defendants were not eligible to avail themselves of the federal tipped minimum wage rate. To avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 203(m), and supporting federal regulations, including but not limited to 29 C.F.R. § 531.50, *et seq.*, Defendants were required to inform Plaintiff and the Class Members of the provisions of subsection 503(m) of the FLSA, 29 U.S.C. § 203(m), and to allow such employees to retain all tips they received.

116.    Defendants failed to inform Plaintiff and the Class Members of the provisions of subsection 503(m) of the FLSA, 29 U.S.C. § 203(m).

117.    Defendants did not permit Plaintiff and the Class Members to retain all tips they received, in violation of the FLSA, 29 U.S.C. § 203(m).

118.    Defendants did not permit Plaintiff and the members of the FLSA Collective to retain all tips they received.

119.   Defendants failed to post and keep posted in a conspicuous place on the premises of Scores a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. § 516.4.

120.   As a result of Defendants' violations of the FLSA, Plaintiff and the Class Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

121.   Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.  Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**EIGHTH CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

122.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

123.   The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 210 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the Class Members.

124.    Defendants have failed to pay Plaintiff and the members of the FLSA Collective the overtime wages for hours that they worked in excess of 40 hours in a workweek.

125.    As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## NINTH CAUSE OF ACTION
### Federal Law Standards Act – Uniform Expenses
**(Brought on behalf of Plaintiff and the FLSA Collective against all Defendants)**

126.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

127.    Plaintiff and the members of the FLSA Collective earned less than the required minimum wages and overtime wages.

128.    Defendants required Plaintiff and the members of the FLSA Collective to wear uniforms.

129.    The uniforms that Defendants required Plaintiff and the members of the FLSA Collective to wear were not ordinary basic street clothing.  Defendants did not permit variations in details of dress.  Defendants prescribed a specific type and style of clothing to be worn at work, and required specific or distinctive styles, colors, and quality of clothing.

130.    Plaintiff and the members of the FLSA Collective incurred costs purchasing and laundering the uniforms for the benefit and convenience of Defendants.

131.    It was Defendants' policy, and pattern or practice at all of its restaurants not to pay for the purchase or laundering of Plaintiff's and the members of the FLSA collective's uniforms, not to reimburse them for these costs, and not to compensate them at all for these costs.

132.    Plaintiff and the members of the FLSA Collective did not earn their wages free and clear.  The cost of furnishing and laundering uniforms required by Defendants cut into Plaintiff's and the members of the FLSA collective's required minimum wage and overtime pay.

133.    Defendants' conduct as alleged herein was willful.

134.    As a result of Defendants' violations Plaintiff and the Class Members have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

## TENTH CAUSE OF ACTION
### Fair Labor Standards Act – Recordkeeping Violations
### (Brought on behalf of Plaintiff and the FLSA Collective against all Defendants)

135.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

136.    Defendants failed to make, keep, and preserve accurate records with respect to Plaintiff and the members of the FLSA Collective as required by the FLSA, including hours worked each workday and total hours worked each workweek, as required under 29 U.S.C. § 211(c) and supporting federal regulations.

137.    Defendants failed to post and keep posted in a conspicuous place on their premises a notice explaining the FLSA, as prescribed by the Wage and Hour Division of

the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. §§ 203(m), 211 and supporting federal regulations, including but not limited to, 29 C.F.R. § 516.4.

138.    Defendants' failure to make, keep, and preserve accurate records was willful.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as hourly employees at Scores. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.    Designation of Plaintiff as representatives of the Rule 23 Classes, and counsel of record as Class Counsel;

E.    Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under NYLL Article 6, §§ 190 *et seq.* and NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of

Labor regulations;

      F.        Unpaid overtime pay pursuant to NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations (Plaintiff does not seek liquidated damages under the NYLL on behalf of the Rule 23 Class);

      G.        Unpaid regular wages at the agreed rate pursuant to NYLL Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor regulations (Plaintiff does not seek liquidated damages under the NYLL on behalf of the Rule 23 Class);

      H.        Pre-judgment interest and post-judgment interest;

      I.        An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL;

      J.        Reasonable attorneys' fees and costs of the action; and

      K.        Such other relief as this Court shall deem just and proper.

*     *     *

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand a

trial by jury on all questions of fact raised by the Complaint.

Dated:          New York, New York
                October 9, 2007

                                Respectfully submitted,
                                **OUTTEN & GOLDEN LLP**
                                By:

                                _____
                                Justin M. Swartz (JS 7989)

                                **OUTTEN & GOLDEN LLP**
                                Adam T. Klein (AK 3293)
                                Justin M. Swartz (JS 7989)
                                Anjana Samant  (AS 5163)
                                Tammy Marzigliano (TM2934)
                                3 Park Avenue, 29th Floor
                                New York, New York 10016
                                Telephone:  (212) 245-1000

                                **BRUCKNER BURCH PLLC**
                                Richard J. Burch (Texas Bar No. 24001807)
                                (*pro hac vice* motion forthcoming)
                                1415 Louisiana, Suite 2125
                                Houston, Texas  77002
                                Telephone:  (713) 877-8788
                                **Attorneys for Plaintiff and the Putative Class**