

Wayne N. Outten
Anne Golden
Adam T. Klein
Laurence S. Moy
Gary Phelan
Kathleen Peratis
Piper Hoffman
Justin M. Swartz

Of Counsel
Jack A. Raisner
Allegra L. Fishel
Lewis M. Steel
Wendi S. Lazar
Nantiya Ruan
Deborah L. McKenna

Rachel M. Bien
Cara E. Greene
Mark R. Humowiecki
Carmelyn P. Malalis
Stephanie M. Marnin
Tammy Marzigliano
ReNika C. Moore
Linda A. Neilan
Tara Lai Quinlan
Anjana Samant

**MEMO ENDORSED**
**p.3**

December 6, 2007

**By Hand Delivery**
Honorable Richard M. Berman
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street, Room 650
New York, New York 10007-1312

Re:   *Diaz et al. v. Scores Holding Co., Inc. et al.*, 07 Civ. 8718 (RMB) (THR)

Dear Judge Berman:

We represent Plaintiffs and the putative class in the above referenced matter. In accordance with Your Honor's Individual Rules, Plaintiffs submit this pre-motion letter to request permission to file a Motion for Conditional Certification and Court-Authorized Notice pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA").

Collective actions under the FLSA are "opt-in" actions and require that an employee give consent in writing to participate in such a case. 29 U.S.C. § 216(b). Unlike traditional Rule 23 class actions, claims brought pursuant to the FLSA's collective action mechanism are not tolled with the filing of the complaint. *Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 169 (1989); *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y.1997). As a result, the statute of limitations on each individual worker's claims continues to run until he or she files a written consent to join the action with the Court. 29 U.S.C. § 255(a); *see also Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999) (applicable statute of limitations is either two years or three years, if defendant's FLSA violations were willful).

To serve the "broad remedial purpose" of the FLSA, courts routinely order that notice be sent to similarly situated employees so that they can make an informed decision whether to opt in to the case. *Hoffman-La Roche*, 493 U.S. at 173. Court-supervised notice is a preferred method for notifying potential stakeholders that they may have a claim: it avoids "multiplicity of duplicative suits," allows the Court to set deadlines to facilitate timely prosecution of the action, and protects claims from expiring under the statute of limitations. *Hoffman-La Roche*, 493 U.S. at 172; *Hoffman*, 982 F. Supp. at

3 Park Avenue, 29th Floor   New York, NY 10016   Tel 212-245-1000   Fax 212-977-4005
4 Landmark Square, Suite 201   Stamford, CT 06901   Tel 203-363-7888   Fax 203-363-0333
og@outtengolden.com   www.outtengolden.com

260. This procedure also conserves the parties', as well as the Court's, resources by enabling all similarly situated employees, whose claims are often too small and not likely to be brought on an individual basis, to come together to prosecute their claims. *See Hoffmann-La Roche,* 493 U.S. at 170.

To determine whether certification under the FLSA's collective action provisions is appropriate, courts in this Circuit employ a two-stage analysis. *Masson v. Ecolab, Inc.,* No. 04 Civ. 4488, 2005 U.S. Dist. LEXIS 18022, at *13 (S.D.N.Y. Aug. 17, 2005); *see also Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213-14 (5th Cir. 1995); *Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208, 1219 (11th Cir. 2001); *Scholtisek v. The Eldre Corp.,* 229 F.R.D. 381, 387 (W.D.N.Y. 2005). At the initial "notice stage," extensive discovery is not necessary.[1] In lieu of discovery, courts rely upon detailed allegations in a complaint supported by employee declarations to determine whether plaintiffs and potential opt-ins are "similarly situated." *Gjurovich,* 282 F. Supp. 2d at 104; *Torres v. Gristede's Oper. Corp.,* 04 Civ. 3316 (PAC), 2006 U.S. Dist. LEXIS 74039, at *23-24 (S.D.N.Y. Sept. 28, 2006). To obtain certification, Plaintiffs must merely establish the existence of other employees who were "similarly situated" to them. *Realite v. Ark Rests. Corp.,* 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998). Other employees are "similarly situated" if they, too, were subjected to the conduct being challenged by plaintiffs in the litigation. *Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003).

The burden for demonstrating that Plaintiffs and potential plaintiffs are similarly situated is "minimal." *Damassia v. Duane Reade, Inc.,* 04 Civ. 8819 (GEL), 2006 U.S. Dist. LEXIS 73090, at *9-10 (S.D.N.Y. Oct. 5, 2006). Plaintiffs need to make only a "modest factual showing" that they and other employees were victims of "a common policy or plan that violated the law." *Hoffmann,* 982 F. Supp. at 261. The court applies "a fairly lenient standard and (when it does so) typically grants conditional certification." *Torres,* 2006 U.S. Dist. LEXIS 74039, at *37-38 (quotations omitted). In part, Plaintiffs' initial burden is "minimal" because the Court's decision to certify the collective at this stage is a "preliminary" one that may be modified or reversed after the parties have engaged in discovery (which is the second step of the § 216(b) inquiry). *Gjuorvich,* 282 F. Supp. 2d at 105; *Realite,* 7 F. Supp. 2d at 308.[2]

---

[1] *Patton v. Thomson Corp.,* 364 F. Supp. 2d 263, 268 (E.D.N.Y. 2005) (ordering notice before full discovery); *Hoffmann,* 982 F. Supp. at 262 ("Nor must this Court wait for defendant to complete its discovery before authorizing class notice.")

[2] The merits of Plaintiffs' claims or Defendants' defenses are not at issue and should not be considered in deciding whether to grant conditional certification and authorize notice. Defendants may argue that their practices were legal or that they paid all workers properly, but at this stage, such questions are not on the table. Courts do not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated. *E.g., Hoffman,* 982 F. Supp. at 262 ("the Court need not evaluate the merits of plaintiffs' claims in order to determine that a definable group of 'similarly situated' plaintiffs can exist here"); *Krueger v. N.Y. Tele. Co.,* Nos. 93 Civ. 0178-79, 1993 U.S. Dist. LEXIS 9988, at *6, at *2 (S.D.N.Y. July 21, 1993) ("even if plaintiffs'

Honorable Richard M. Berman
December 6, 2007
Page 3 of 3

      Based on the all of this, we asked Defendants to stipulate to either (1) provide us with a list of all potential plaintiffs and their contact information so that we may send notice to potential plaintiffs; (2) agree to toll the statutes of limitations for potential plaintiffs to opt-into this action; or (3) stipulate to Court authorized notice. To date, Defendants have not agreed to any of these proposals. Therefore, Plaintiffs' proposed motion is necessary and they respectfully request that the Court grant them permission to file it as soon as practicable.

      Thank you in advance for you attention to this matter.

Respectfully submitted,

Justin M. Swartz

cc:    Jerrold F. Goldberg, Esq. (via email)
        Neil A. Capobianco, Esq. (via email)
        Richard J. Burch, Esq.

---

**DEFENDANTS TO RESPOND WITH A BRIEF (2-3 pp) LETTER BY 12/14/07 (NOON).**

SO ORDERED:
Date: 12/7/07

Richard M. Berman, U.S.D.J.

---

claims turn out to be meritless or, in fact, all the plaintiffs turn out *not* to be similarly situated, notification at this stage . . . may enable more efficient resolution of the underlying issues. . .")