# OUTTEN & GOLDEN LLP

*Advocates for Workplace Fairness*



RECEIVED DEC 14 2007 CHAMBERS OF RICHARD M. BERMAN U.S.D.J.

**MEMO ENDORSED**

December 13, 2007

Conference on Pls' application on 12/17/07 @ 9:00 A.M. (Courtroom 21D)

SO ORDERED:
Date: 12/14/07
Richard M. Berman, U.S.D.J.

**By Hand Delivery**
Honorable Richard M. Berman
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street, Room 650
New York, New York 10007-1312

    Re:    *Diaz et al. v. Scores Holding Co., Inc.*
           07 Civ. 8718 (RMB) (THK)

Dear Judge Berman:

We represent Plaintiffs and the putative class in the above-referenced matter. We write in response to Defendants' December 7, 2007 letter requesting permission to file a partial motion to dismiss. As we explain below, Defendants' proposed motion is a make-work exercise that ignores well-established law and would cause unnecessary expense and delay.

This case is a standard "hybrid" wage and hour action to recover unpaid minimum and overtime wages, uniform expenses, misappropriated tips, and other relief. Plaintiffs allege violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). As is common in cases like this one, Plaintiffs bring their FLSA claims as "collective action" under 29 U.S.C. § 216(b) ("§216(b)") and their NYLL claims as a class action under Fed. R. Civ. P. 23 ("Rule 23"). Courts in the Second Circuit[1] and around the country[2] routinely allow FLSA

---

[1] *See e.g., Westerfield v. Wash. Mut. Bank*, 06-CV-2817, 2007 U.S. Dist. LEXIS 54830 (E.D.N.Y. Jul. 26, 2007) (denying motion to dismiss class claims after authorizing collective action notice); *Trinidad v. Breakaway Courier Sys., Inc.*, 05 Civ. 4116, 2007 U.S. Dist. LEXIS 2914 (S.D.N.Y. 2007) (granting plaintiffs' motion for conditional certification under the FLSA and certification of a New York state law class action); *Duchene v. Michael L. Cetta, Inc.*, 244 F.R.D. 202 (S.D.N.Y. 2007) (certifying NYLL class alongside FLSA collective action); *Torres v. Gristede's Operating Corp.*, 04 Civ. 3316, 2006

3 Park Avenue, 29th Floor    New York, NY 10016    Tel 212-245-1000    Fax 212-977-4005
Four Landmark Square, Suite 201    Stamford, CT 06901    Tel 203-363-7888    Fax 203-363-0333
og@outtengolden.com    www.outtengolden.com

USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: DATE FILED: 12/14/2007

Honorable Richard M. Berman
December 13, 2007
Page 2 of 3

collective actions and state law class actions to proceed side by side.

Defendants' proposed motion will ask the Court to ignore the weight of authority and bar Plaintiffs from adjudicating their state law claims in this case. Defendant's first argument, that a FLSA collective action is "inherent[ly] inconsist[ent]" with a NYLL class action, has been emphatically rejected. *See Westerfield v. Wash. Mut. Bank*, 06-CV-2817, 2007 U.S. Dist. LEXIS 54830 at *7 (E.D.N.Y. Jul. 26, 2007) (deeming the inherent incompatibility argument an "imaginary legal doctrine").[3] Defendants' second argument, that an opt-out *state law* action under Rule 23 conflicts with Congress' intent to prohibit opt-out *federal law* class actions, has also routinely failed. *See Westerfield*, 2007 U.S. Dist. Lexis 54830, at **4-10 (employer's purported "rights" under §216(b) are "not modified or abridged in any way by permitting a state law opt-out class to proceed alongside the FLSA opt-in class in the same case."); *Klein v. Ryan Beck Holdings*, 2007 U.S. Dist. Lexis 51465 (S.D.N.Y. Jul. 13 2007) (rejecting defendant's argument that it has a substantive right not to litigate opt-out wage claims).[4]

---

U.S. Dist. LEXIS 74039 (S.D.N.Y. Sept. 28, 2006) (granting class certification of NYLL claims and collective action status for FLSA claims); *Mascol v. E & L Transp., Inc.*, CV-03-3343, 2005 U.S. Dist. Lexis 32634 (E.D.N.Y. 2005) (certifying Rule 23 New York state law class action in suit in which FLSA collective action had already been certified); *Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330 (S.D.N.Y. 2004) (certifying Rule 23 NYLL class and FLSA collective action together); *Brzychnalski v. UNESCO, Inc.*, 35 F. Supp. 2d 351 (S.D.N.Y. 1999) (same).

[2] *See e.g., Lindsay v. Gov't Employees Ins. Co.*, 448 F.3d 416 (D.C. Cir. 2006); *McLaughlin v. Liberty Mutual Ins. Co.*, 224 F.R.D. 304 (D. Mass. 2004) (FLSA collective action and Massachusetts class action); *cf., De Leon-Granados v. Eller & Sons Trees, Inc.*, 497 F.3d 1214 (11th Cir. 2007) (affirming class certification grant of opt-out claims under Migrant and Seasonal Agricultural Worker Protection Act "AWPA" alongside FLSA claims).

[3] *See also, Ellison v. Autozone*, No. C06-07522, 2007 U.S. Dist. Lexis 70187 (N.D. Cal. Sept. 13, 2007) ("courts in this circuit have already concluded that FLSA collective actions and Rule 23 state law class actions are not incompatible").

[4] *See also, Farhy v. Janney Montgomery Scott, LLC*, No. Civ. 06-3202, 2007 U.S. Dist. Lexis 39112 (E.D. Pa. Apr. 26, 2007); *Greene v. Robert Half Int'l, Inc.*, No. C05-03248, 2006 U.S. Dist. Lexis 97050 (N.D. Cal. Mar. 28, 2006) ("claims based on opt-in procedures are not irreconcilable with pendant state claims based on Federal Rule 23 opt-out procedures"); *Zelaya v. J.M. Macias, Inc.*, 999 F. Supp.

Defendants' proposed motion will also ask the Court to dismiss Scores Holding, Inc. ("SHI") as a defendant. This request is premature. Plaintiffs have pled that SHI is liable to Plaintiffs as a joint employer.[5] Plaintiffs are entitled to discovery on this factual issue.

Similarly, Defendants' proposed motion will ask the Court to "dismiss" claims alleged on behalf of members of the putative collective who worked outside of New York City. This request is also premature, as Plaintiffs have not yet sought collective action status.[6] When Plaintiffs do so, the Court will have the opportunities to evaluate whether Plaintiffs have established that non-New York City workers are "similarly situated" to Plaintiffs. At this time, however, the issue is not ripe.

Respectfully submitted,

Justin M. Swartz

cc:  Jerrold F. Goldberg, Esq. (via email)
     Neil A. Capobianco, Esq. (via email)
     Richard J. Burch, Esq. (via email)

---

778, 781-782 (E.D.N.C. 1998) ("While § 216(b) does prohibit opt-out class actions, it does so only for FLSA claims, and does not impact a state law-based claim").

[5] See 29 C.F.R. 791.2; *Zheng v. Liberty Apparel Co.*, 355 F.3d 61 (2d Cir. 2003).

[6] See *Fasanelli v. Heartland Brewery, Inc.*, 07 Civ. 00319, 2007 U.S. Dist. Lexis 75106, at *5 (S.D.N.Y. Oct. 5, 2007) ("[c]ourts generally determine the appropriateness of class certification . . . on the initial motion for conditional class certification").