# Exhibit K

# Greenberg
# Traurig

Jerrold Goldberg
(212) 801-9209
Goldbergj@gtlaw.com

December 7, 2007

**VIA FEDERAL EXPRESS**

Honorable Richard M. Berman
United States District Judge
United States Courthouse
500 Pearl Street, Room 650
New York, New York 10007-1581

    Re:    **Diaz et al. v. Scores Holding Company, Inc. et al.**
              **Case No. 07 CV 8718 (RMB)(THK)**

Dear Judge Berman:

    We are the attorneys for Defendants Scores Holding Company, Inc. ("SHC") and Go West Entertainment, Inc. a/k/a Scores West Side ("Go West"). We write to request, pursuant to your rules, a pre-motion conference in connection with our motion to dismiss and/or, alternatively, for summary judgment – our initial responsive pleading in the action, which is due to be filed on or before December 21, 2007.

    The bases of the motion are to: 1) dismiss the state law class action claims as inconsistent with the prosecution of the opt-in collective action under the Fair Labor Standards Act ("FLSA"); 2) dismiss the action as against defendant Scores Holding Company, Inc.; and 3) dismiss the action insofar as it seeks relief for any persons not employed at Go West, specifically those persons performing services outside New York City.

    Our first ground for dismissal concerns the inherent inconsistency in Plaintiffs maintaining a Fed. R. Civ. P. 23 class action together with a collective action under the FLSA. Section 216(b) of the FLSA expressly limits the scope of representative class actions for overtime pay by requiring putative class members to affirmatively "consent in writing" to the

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH

www.gtlaw.com

Honorable Richard M. Berman
December 7, 2007
Page 2

adjudication of their FLSA rights. 29 U.S.C. § 216(b). The FLSA, as expressly amended by the Portal-to-Portal Pay Act, is intended to ban representative actions and preclude having overtime claims litigated on behalf of absent class members. Here, Plaintiffs assert an overtime claim both under the FLSA's collective action opt-in procedure and under the New York Labor Law, seeking to obtain class certification under Rule 23's opt-out procedure. Maintaining both of these claims together in one action is inherently inconsistent because of the confusion and disorganization that would result concerning whether plaintiffs would have to "opt-in" or "opt-out." Most notably, an individual who never receives notice of the action or who does nothing in response to the notice, would not be a member of the FLSA collective action, but would automatically be a member of the Rule 23 class. As a result, Defendants will move this Court to dismiss the state law overtime class action claims. *Herring v. Hewitt Assocs., Inc.* No. 06-267, 2006 WL 2347875 (D.N.J. Aug. 11, 2006)(dismissing class opt-out claim as inherently inconsistent with FLSA collective action opt-in procedure); *Himmelman v. Cont'l Cas. Co.*, No. 06-166, 2006 WL 2347873 (D.N.J. Aug. 11, 2006)(same); *Otto v. Pocono Health Sys.*, 457 F. Supp. 2d 522 (M.D. Pa. 2006)(same).

We also seek to dismiss Plaintiffs' claims as against SHC because it is neither the employer, nor a joint employer, of the Plaintiffs. Plaintiffs will concede, we believe, that they are not direct employees of SHC, but rather their employer has only an indirect licensing arrangement with SHC. In determining whether entities are joint employers under the FLSA, the Court must evaluate the "economic reality" of the employment relationship, which includes inquiries into the following: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of

Honorable Richard M. Berman
December 7, 2007
Page 3

employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984). *See also Lenoble v. Best Temps, Inc.*, 352 F.Supp.2d 237, 245-46 (D. Conn. 2005)(dismissing licensee from case because licensor and licensee were not joint employers of plaintiff). *See also Mattera v. Clear Channel Communications, Inc.*, 239 F.R.D. 70, 75 (S.D.N.Y. 2006)(examined whether additional party yet unnamed in suit was joint employer for purposes of determining whether party was indispensable). Here, SHC is merely an indirect licensor of Go West (and other clubs licensing the Scores name in New York and other cities) and has no control over the Plaintiffs employ, including hiring and firing, schedules, conditions of employment, payroll, or employment records. Accordingly, SHC will seek to be dismissed from this action.

Finally, we seek to dismiss Plaintiffs' claims insofar as they seek relief as to putative collective action members who are outside of New York City. Again, we believe that Plaintiffs will concede that Go West has, and does, employ only persons performing services in the Scores West Side club in New York City. Furthermore, Go West has no corporate relationship with other Scores clubs, specifically those employees at the Scores clubs identified in the complaint in Chicago, Las Vegas, and New Orleans. Thus, Go West will seek to limit the scope of the collective action to the employees in New York City.

Therefore, Defendants respectfully request leave to file their motion to dismiss or alternatively for summary judgment on or before December 21, 2007.

Respectfully submitted,

*/s/ Jerrold Goldberg*
Jerrold Goldberg

cc:    Justin Swartz, Esq. (via email)

238600232v3                                Greenberg Traurig, LLP