Case 1:07-cv-08718-RMB-THK    Document 20-22    Filed 01/18/2008    Page 1 of 5

# Exhibit U

Case 1:07-cv-08718-RMB-THK    Document 20-22    Filed 01/18/2008    Page 1 of 5

LEXSEE 2007 U.S. DIST. LEXIS 6659

**MANUEL DOMINGUEZ, on behalf of himself and all other similarly situated persons, Plaintiff v. DON PEDRO RESTAURANT and ALFONSO MENCHACA, Defendants**

Case No. 2:06 cv 241

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION

2007 U.S. Dist. LEXIS 6659; 12 Wage & Hour Cas. 2d (BNA) 477

January 25, 2007, Decided
January 25, 2007, Filed

**SUBSEQUENT HISTORY:** Motion denied by *Dominguez v. Don Pedro Rest.*, 2007 U.S. Dist. LEXIS 40787 (N.D. Ind., June 1, 2007)

**COUNSEL:** [*1] For Manuel Dominguez, on behalf of himself, and other similarly-situated persons, Plaintiff: Douglas M Werman PHV, LEAD ATTORNEY, Werman Law Office PC, Chicago, IL.; Jamie Golden Sypulski, LEAD ATTORNEY, Law Office of Jamie G Sypulski, Chicago, IL.

For Don Pedro Restaurant, Alfonso Menchaca, Defendants: Harold Abrahamson, Abrahamson Reed & Bilse, Hammond, IN.

**JUDGES:** ANDREW P. RODOVICH, United States Magistrate Judge.

**OPINION BY:** ANDREW P. RODOVICH

**OPINION**

**OPINION AND ORDER**

This matter is before the court on the Motion for an Order to Authorize Notice to Similarly Situated Persons Pursuant to *29 U.S.C. § 216(b)* filed by the plaintiff, Manuel Dominguez, on November 7, 2006. For the reasons set forth below, this motion is **GRANTED**.

Background

The plaintiff, Manuel Dominguez, was employed as a waiter at two Don Pedro Restaurants owned by the defendant, Alfonso Menchaca. (Declaration of Manuel Dominguez, P 1) From 2000 until 2002, Dominguez was a waiter at Menchaca's Calumet City, Illinois location and from 2002 until February 2005 at the St. John, Indiana Don Pedro Restaurant. (Dominguez Dec. P 1)

Dominguez alleges that at both locations the restaurants [*2] violated the tip credit and overtime wage provisions of the Fair Labor Standards Act. (Dominguez Dec. PP 2, 3) He claims that he never was informed of the restaurants' use of the FLSA's tip credit provision and that Menchaca established an unreasonable tip pool through which 30 percent of his tips were shared with bartenders and busboys. (Dominguez Dec. PP 2, 3) Dominguez further alleges that Menchaca was the supervisor of both restaurants, responsible for the hiring, firing and scheduling of employees, and consequently, the restaurants' salary policies. (Dominguez Dec. PP 2, 4, 5)

Dominguez also has submitted the declaration of Maria de Los Angeles Camerena, a waitress who worked for approximately three years at the Calumet City, Illinois Don Pedro Restaurant. (Declaration of Camerena P 1) She also alleges that she was not paid overtime wages, was not notified of the restaurant's election to take advantage of the FLSA's tip credit provision, and was required to contribute 30 percent of her tips to other restaurant personnel. (Camerena Dec. PP 2, 4) Gabriela Roman and Marisol Medina, also waitresses employed only at the Calumet City location, made similar

Case 1:07-cv-08718-RMB-THK   Document 20-22   Filed 01/18/2008   Page 3 of 5

Page 2
2007 U.S. Dist. LEXIS 6659, *2; 12 Wage & Hour Cas. 2d (BNA) 477

allegations. (Declaration [*3] of Marisol Medina PP 1, 2, 4); (Declaration of Gabriela Roman PP 1, 2, 4)

Discussion

The Fair Labor Standards Act, *29 U.S.C. § 201 et seq.*, requires that employers pay overtime of at least one and one-half times an employee's regular rate of pay. *29 U.S.C. § 207(a)(1)*. The FLSA also includes provisions that permit an employer to pay an amount less than the prevailing minimum wage to employees who receive tips provided certain conditions are met. *See 29 U.S.C § 203(m)*("The [tip credit] shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provision of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips."), *See also Kilgore v. Outback Steakhouse of Florida Inc., 160 F.3d 294 (6th Cir. 1998)* The FLSA establishes a mechanism, comparable to a class action but more commonly referred to as a "collective action," that permits the joining of similarly [*4] situated employees in a single action, *See Harkins v. Riverboat Service, Inc., 385 F.3d 1099, 1101 (7th Cir. 2004); Mielke v. Laidlaw Transit, Inc., 313 F.Supp.2d 759, 762 (N.D. Ill. 2004)*. Specifically, the FLSA states that a cause of action may be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." *29 U.S.C. § 216(b)*.

Distinct from a class action under *Federal Rule of Civil Procedure 23*, the plaintiffs in a collective action are determined by an "opt-in" mechanism. *29 U.S.C. § 216(b)* ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which the action is brought.").

The FLSA does not define "similarly situated." The majority of courts have responded with a two-step inquiry that first requires only a minimal showing that potential plaintiffs are similarly situated. *Flores v. Lifeway Foods, Inc., 289 F.Supp.2d 1042, 1045 (N.D. Ill. 2003); Austin v. CUNA Mutual Insurance Society, 232 F.R.D. 601, 605 (W.D. Wis. 2006)* [*5] (collecting cases); *Boyd v. Jupiter Aluminum Corporation, No. 2:05-CV-272, 2006 U.S. Dist. LEXIS 35654, 2006 WL 1518987 at *3 (N.D. Ind. 2006)* (collecting cases). This first step, the action's "notice stage," requires the court to conclude conditionally that there are other similarly situated employees who should receive notice of the pending claim. *Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 172, 110 S. Ct. 482, 488, 107 L. Ed. 2d 480 (1989); Austin, 232 F.R.D. at 605*. Other courts, though not within the Seventh Circuit, also have required the plaintiff to show that similarly situated employees desire to opt in. *Drybach v. Florida Departaeat of Corrections, 942 F.2d 1562, 1567-68 (11th Cir. 1991)*.

However, the purpose of the notice stage is to reveal the identity of potential class members. The court concludes that a plaintiff's burden does not include alleging the state of mind of individuals who have not been revealed through discovery. Further, the second stage of this process specifically is designed to permit potential plaintiffs to express directly their desire to opt into the class.

Instead, the plaintiff's [*6] burden at this initial stage is to allege with a reasonable factual basis that employees were subjected to a "common policy or scheme or plan" that violated the FLSA. *Austin, 232 F.R.D. at 605; Marroquin v. Canales, 236 F.R.D. 257, 260 (D. Md. 2006); Boyd, 2006 U.S. Dist. LEXIS 35654, 2006 WL 1518987 at *3; Harrison v. McDonald's Corp., 411 F.Supp.2d 862, 868 (S.D. Ohio 2005)* ("[P]laintiffs must establish a colorable basis for their claim that a class of similarly situated plaintiffs exist.") (internal quotations and citations omitted). Though not without some dispute, the majority position is that the inquiry under the FLSA's opt-in mechanism is not guided by the *Rule 23* class action requirements of commonality, typicality, numerosity, and adequacy of representation. *Flores, 289 F.Supp.2d at 1044*. Instead, a plaintiff is required to show only "some factual nexus" common to the proposed class members, *Austin, 232 F.R.D. at 605*. Because this step occurs early in a case, the court accepts as true the plaintiff's allegations and does not reach the merits of the plaintiff's FLSA [*7] claims, *See Sipas v. Sammy's Fishbox, Inc., No. 05 Civ. 10319, 2006 U.S. Dist. LEXIS 24318, 2006 WL 1084556 at *2 (S.D.N.Y. 2006); Realite v. Ark Restaurants Corp., 7 F.Supp.2d 303, 307 (S.D.N.Y. 1998)* ("Even if plaintiffs' claims turn out to be meritless or, in fact, all the plaintiffs turn out not to be similarly situated, notification at this stage, rather than after further discovery, may enable more efficient resolution of the underlying issues in this case") (internal citations omitted).

Case 1:07-cv-08718-RMB-THK   Document 20-22   Filed 01/18/2008   Page 4 of 5

2007 U.S. Dist. LEXIS 6659, *7; 12 Wage & Hour Cas. 2d (BNA) 477

Page 3

The plaintiffs' burden, though described as lenient or modest, may not be met with mere allegations in their complaint. *Marroquin, 236 F.R.D. at 259*; *Flores, 289 F.Supp.2d at 1045*; *Sammy's Fishbox, Inc., 2006 U.S. Dist. LEXIS 24318, 2006 WL 1084556 at *2*. However, affidavits may provide factual support for a step-one determination that notice to a proposed opt-in plaintiff class is appropriate. *Marroquin, 236 F.R.D. at 259*; *Realite, 7 F.Supp.2d at 307*; *Harrison, 411 F.Supp.2d at 869* ("[C]onditional certification should not be granted unless the plaintiff presents some [*8] evidence to support her allegations that others are similarly situated.").

The second, which step follows discovery, provides a defendant with the opportunity to seek "decertification" of the class and subjects the similarly situated inquiry to a more stringent standard. *Mielke, 313 F.Supp.2d at 762*. At this stage, a more complete record must show that the plaintiffs share a similar factual and employment background and are not subject to individually applied affirmative defenses, and that fairness and procedural concerns are not offended. *Mielke, 313 F.Supp.2d at 762*; *Sammy's Fishbox Inc., 2006 U.S. Dist. LEXIS 24318, 2006 WL 1084556 at *2 n.1*.

The defendants' primary argument against preliminary certification of a collective action is that Dominguez has not asserted that the proposed class was subject to a "single decision or plan" that violates the FLSA. The plaintiff first asserts that Menchaca supervised the operation of both restaurants and personally informed the plaintiff and declarants of the salary policies at issue here. The defendants state that Menchaca did not manage the two restaurants, but that other individuals, including a [*9] Venassa Menchaca, separately managed the day-to-day operations of the two restaurants. The defendants, however, have offered no affidavit in support of this statement, and this assertion does not contradict the plaintiff's assertion that Menchaca established the salary policies at both Don Pedro locations, even if he was not the restaurants' day-to-day manager. The defendants' argument: raises a question of fact which the court does not resolve at this stage.

The defendants also argue that Dominguez has not shown that the restaurant failed to pay minimum wages. However, whether the policies at the Don Pedro restaurants actually violated the FLSA is a question for later stages of this case. In fact, whether the class proposed by Dominguez should proceed as a collective action also is a question for a later stage. The court concludes that the plaintiff has made sufficient allegations of a common policy at both restaurants. Employees at both locations have provided consistent testimony that the restaurants operated under a common salary policy with respect to tipped employees, their wages, contributions to a tip pool, and lack of notification regarding the tip credit. By conditionally [*10] certifying a collective action, the court will permit discovery directed toward ascertaining the contours and propriety of the proposed class.

It is premature to deny certification based on the defendants' argument that the plaintiff has not made "substantial allegations" of a common policy or to conclude that a collective action does not provide efficiencies of scale. No discovery has addressed, and no information is before the court with respect to the number of employees within the proposed class or the depth of their common treatment. These questions properly are addressed at the second step of this process.

Finally, the plaintiff and the declarants state that "often Mr. Menchaca would have employees working at both the Calumet City and St. John restaurants." (Dominguez Dec. P 5) Presumably, this statement means that a single individual was hired with expectation of working at either location during a term of employment. However, the declarations do not suggest that Camerena, Medina, or Roman did so. Consequently, it is only Dominguez's declaration that specifically implicates the St. John, Indiana location. The defendants, however, do not dispute this statement.

The defendants [*11] point out that the Calumet City employees are parties to a similar suit in the Northern District of Illinois naming the Calumet City restaurant. They argue that this fact, together with the fact that these declarants did not work at the Indiana location, defeat a preliminary conclusion that the two restaurants operated according to a common policy. The existence of a similar cause of action at this early stage does not influence this court's decision. Further, the defendants apparently have not asked either court to stay their proceeding or transfer the case under *29 U.S.C § 1404*. The fact that only the currently named plaintiff worked at the St. John facility raises an issue best resolved with the benefit of discovery. At this stage, the plaintiff has alleged, without evidence to contradict, that Menchaca

Case 1:07-cv-08718-RMB-THK    Document 20-22    Filed 01/18/2008    Page 5 of 5

Page 4

2007 U.S. Dist. LEXIS 6659, *11; 12 Wage & Hour Cas. 2d (BNA) 477

established the same policy at both locations. These allegations are sufficient to permit notice to proposed class members, See **Realite,** *7 F.Supp.2d at 307* (approving preliminary notice when proposed plaintiffs had worked at just two or three of a restaurants' 15 locations and disputes remained regarding whether the locations were under [*12] separate control.).

It is within the district court's discretion to facilitate notice to proposed plaintiffs and approve its content. **Hoffmann-La Roche,** *493 U.S. at 172, 110 S.Ct. at 488, 107 L.Ed.2d at 480.* ("Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed."); **Woodall v. Drake Hotel, Inc.,** *913 F.2d 447, 451 (7th Cir. 1990)* (citing **Woods v. New York Life Insurance,** *686 F.2d 578, 581 (7th Cir. 1982)* ("This circuit has held that district courts have the power to authorize notice by the plaintiff or plaintiff's counsel; however, notice may not be sent on court letterhead so as to avoid judicial imprimatur of approval."). The defendants have stated no objection to the proposed form of notice submitted by Dominguez.

Upon review of the notice submitted as Exhibit 5 to the plaintiff's motion, the court approves the notice, See e.g. **Austin,** *232 F.R.D. at 607-608;* **Boyd,** *2006 U.S. Dist. LEXIS 35654, 2006 WL 1518987 at *6.*

For the foregoing reasons, the Motion for an Order to Authorize Notice to Similarly Situated Persons Pursuant to *29 U.S.C. § 216(b)* [*13] filed by the plaintiff, Manuel Dominguez, on November 7, 2006, is **GRANTED.** The defendants are **ORDERED** to submit the names and address of all persons employed by the defendants in an hourly capacity at the St. John, Indiana location since the restaurant opened. These names shall be provided no later than **February 26, 2007.** The notice submitted by the plaintiff is **APPROVED** to be sent in English and Spanish to all employees identified by the defendant.

ENTERED this 25<th> day of January, 2007

S/ ANDREW P. RODOVICH

United States Magistrate Judge