# Exhibit V

LEXSEE


Caution
As of: Jan 18, 2008

MICHAEL HARRINGTON, on behalf of himself and others similarly situated, Plaintiff, -against- EDUCATION MANAGEMENT CORP., NEW YORK RESTAURANT SCHOOL and THE ART INSTITUTES, Defendants.

02 Civ. 0787 (HB)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2002 U.S. Dist. LEXIS 8823; 146 Lab. Cas. (CCH) P34,527; 7 Wage & Hour Cas. 2d (BNA) 1720

May 16, 2002, Decided
May 17, 2002, Filed

**DISPOSITION:** [*1] Plaintiff's motion for leave to send opt-in notice to similarly situated current and former assistant directors GRANTED.

**CORE TERMS:** notice, assistant director, opt-in, similarly situated, overtime, collective action, overtime compensation, putative, nationwide, discovery, exempt, pretrial conference, letter briefs, class members, affirmative defense, regularly, stringent, lawsuit, modest

**COUNSEL:** For MICHAEL HARRINGTON, plaintiff: Lizabeth Sue Schalet, Lipman & Plesur, Jericho, NY.

For EDUCATION MANAGEMENT CORP., NEW YORK RESTAURANT SCHOOL, THE ART INSTITUTES, defendants: Mindy Sue Marin Novick, Richard Ian Greenberg, Jackson, Lewis, Schnitzler & Krupman, New York, NY.

**JUDGES:** Harold Baer, Jr., U.S.D.J.

**OPINION BY:** Harold Baer, Jr.

**OPINION**

**OPINION & ORDER**

Hon. HAROLD BAER, JR., District Judge:

Plaintiff, Michael Harrington ("Harrington"), on behalf of himself and others similarly situated, brought this putative collective action against his employers alleging, among other things, that he was denied overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 28 U.S.C. § 201 et seq. A pretrial conference was held on May 2, 2002, during which the plaintiff moved for leave to send opt-in notice to potential plaintiffs under 29 U.S.C. § 216(b). The defendants opposed the motion. I directed the parties to submit letter briefs on the issue by May 6, 2002. For the following reasons, the [*2] plaintiff's motion is GRANTED.

*I. DISCUSSION*

The plaintiff is an assistant director of admissions ("assistant director") for the defendants, Education Management Corp., the New York Restaurant School and the Art Institutes, (collectively referred to as "defendants"), a nationwide group of over twenty schools that provide degrees in design, fashion, culinary arts and media arts. The plaintiff claims that he and other assistant directors were regularly required to work over forty hours per week and denied overtime compensation as guaranteed under the FLSA. Simply put, the plaintiff alleges that the defendants maintained a policy of not paying overtime to assistant directors by way of improperly designating them as "exempt" under the FLSA's overtime requirements. The plaintiff seeks the court's authorization to provide opt-in notice to the proposed

Page 1

Case 1:07-cv-08718-RMB-THK    Document 20-23    Filed 01/18/2008    Page 3 of 4

2002 U.S. Dist. LEXIS 8823, *; 146 Lab. Cas. (CCH) P34,527;
7 Wage & Hour Cas. 2d (BNA) 1720

members of the collective action, specifically, the current and former assistant directors employed by the defendants in its chain of schools nationwide. Under the FLSA, a member of the putative class who is not individually named in the complaint is not a party to the lawsuit unless he affirmatively "opts-in" by filing a written consent [*3] with the Court. 29 U.S.C. § 216(b).

Section 216(b) of the FLSA sets forth the notice provision for a collective action and states, in pertinent part:

> An action to recover ... liability ... may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216 (b).

Whether opt-in notice is to be sent to potential plaintiffs under the FLSA is an issue within the discretion of the district court. See Braunstein v. Eastern Photographic Labs, Inc., 600 F.2d 335 (2d Cir.1978); Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.).

Unlike the four strict requirements that a plaintiff must overcome to certify a class action under Fed.R.Civ.P. 23, the plaintiff here need only show that potential class members are similarly situated. It is commonly held that a plaintiff may meet this burden [*4] by "making a modest factual showing sufficient to demonstrate that [he] and potential plaintiffs together were victims of a common policy or plan that violated the law." Foster v. The Food Emporium, 2000 U.S. Dist. LEXIS 6053, 2000 WL 1737858, at * 1 (S.D.N.Y. April 26, 2000) (McMahon, J.) (quoting Hoffman, 982 F. Supp. at 261).

The plaintiff's burden in the early stages of litigation, however, is even less stringent. See Rodolico v. Unisys Corp. 199 F.R.D. 468, 480 (E.D.N.Y. 2001) (Spatt, J.) ("Generally, at the notice stage, courts require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan."); Heagney v. European American Bank, 122 F.R.D. 125 , 130-21 (E.D.N.Y. 1988) (Dearie, J.) (finding no justification for restraining plaintiffs' counsel from writing letters to potential plaintiffs).

At this juncture, where the parties have yet to engage in any substantial discovery and trial set for next April, the court need only reach a preliminary determination that potential plaintiffs are similarly situated to permit the opt-in notice. See Jackson v. New York Telephone Company, 163 F.R.D. 429, 431 (S.D.N.Y. 1995) [*5] (Koeltl, J.) ("The inquiry at the inception of the lawsuit is less stringent than the ultimate determination that the class is properly constituted."). It is only later down the road that the court need engage in a second more heightened stage of scrutiny as to whether the plaintiffs are similarly situated for the purposes of maintaining the collective action. See Rodolico, 199 F.R.D. at 480.

Harrington has met his modest preliminary burden. In his affidavit submitted to the court, [1] he claims that in response to his complaints to management that he was regularly denied overtime pay, his supervisors informed him that it was the defendants' policy not to pay assistant directors overtime compensation because the position was classified as exempt. (Harrington Afdt P 7). As the plaintiff points out, the defendants in their answer to the complaint only inconsistently deny this allegation. In their tenth affirmative defense, they assert that the complaint is barred, "because the named and opt-in Plaintiffs or others allegedly similarly situated were exempted from the FLSA overtime requirements . . .". Cf. The Board of Governors of Wayne State University v. Bajkowski, 1987 WL 12911, [*6] at *1 (N.D.Ill. June 19, 1987) ("The basic concept of an affirmative defense is an admission of the facts alleged in the complaint, coupled with the assertion of some other reason defendant is not liable."). Additionally, the defendants in their letter submitted to the court on May 6, 2002, assert on the one hand that they paid assistant directors for overtime work, while on the other hand are unwilling to abandon the argument that assistant directors are exempt employees who are not entitled to overtime compensation. While the defendants argue that the notice, if granted, should be limited only to the admission directors at the school in the New York location where Harrington works, Harrington's allegations are with respect to all the assistant directors nationwide, and so shall they be included in the opt-in notice. It is worth noting that at the pretrial conference, and in their May 6, 2002, letter, the defendants via their counsel represented that all assistant directors at the defendants' locations across the country were doing the same work and had substantially the same duties, a fact that seems to bolster the plaintiff's argument.

  1  I initially directed the parties to submit letter briefs no longer than three pages. The plaintiff however, attached an additional five page affidavit from Harrington. The defendants in response subsequently submitted another two page letter

Case 1:07-cv-08718-RMB-THK   Document 20-23   Filed 01/18/2008   Page 4 of 4

2002 U.S. Dist. LEXIS 8823, *; 146 Lab. Cas. (CCH) P34,527;
7 Wage & Hour Cas. 2d (BNA) 1720

*and the plaintiffs followed with an additional two pages. I have reviewed all these submissions in consideration of the motion herein.*

[*7]

*I note that my finding here is in no way a comment as to the merits of the plaintiff's case. Additionally, as other courts have noted, the responses, if any, by the proposed plaintiffs to the opt-in notice may be probative of the existence vel non of the type of policy that Harrington alleges.* See, e.g, Krueger v. New York Telephone Company, 1993 U.S. Dist. LEXIS 9988, 1993 WL 276058, *2 (S.D.N.Y. July 21, 1993) (McKenna, J.). While the defendants argue that additional discovery may be useful prior to a determination of whether to grant an opt-in notice, courts have held otherwise. See Jackson, 163 F.R.D. at 431 (quoting Krueger, 1993 U.S. Dist. LEXIS 9988, 1993 WL 276058, at *2) ("Even if plaintiffs' claims turn out to be meritless or, in fact, all the plaintiffs turn out not to be similarly situated, notification at this stage, rather than after further discovery, may enable more efficient resolution of the underlying issues in this case.").

## II. CONCLUSION

For the foregoing reasons, the plaintiff's motion for leave to send opt-in notice to similarly situated current and former assistant directors is GRANTED. In light of the above, and in accordance with the prior scheduling [*8] order agreed to by the parties, the defendants shall furnish the plaintiff with the names and last-known residences of the putative plaintiffs within thirty days of this decision. [2]

>   2   It is unclear whether the parties are in agreement as to the scope of the notice with respect to the number of years for which employee names should be provided by the defendants. To the extent that the parties are unable to reach accord on the issue, they are welcome to request a conference with the Court.

As plaintiff's counsel has yet to provide the court with the form and content of its notice, it must do so, preferably with the consent of the defendants, within fifteen days of the date of this order for court approval. If the parties cannot agree to the form of notice, they will submit competing forms to the court.

**SO ORDERED**

New York, New York

May 16, 2002

Harold Baer, Jr.

U.S.D.J.