# Exhibit W

LEXSEE



Analysis
As of: Jan 18, 2008

GLEN JACOBSEN, on behalf of himself and all others similarly situated, Plaintiff, -v- THE STOP & SHOP SUPERMARKET COMPANY, Defendant.

02 CIV. 5915 (DLC)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2003 U.S. Dist. LEXIS 7988; 8 Wage & Hour Cas. 2d (BNA) 1367

May 14, 2003, Decided
May 15, 2003, Filed

**SUBSEQUENT HISTORY:** Partial summary judgment granted by Jacobsen v. Stop & Shop Supermarket Co., 2004 U.S. Dist. LEXIS 17031 (S.D.N.Y., Aug. 27, 2004)

**DISPOSITION:** Plaintiff's motion to certify class and for notification of class granted.

**CORE TERMS:** manager, trainee, overtime, non-exempt, back-up, notice, overtime compensation, exempt, weekly, hours worked, salary, hourly, gmm, required to work, rate of pay, payroll records, workweek, per week, class members, similarly situated, certification, supervisory, certify, lawsuit, premium, backup, willful, overtime pay, time sheet, willful violations

**COUNSEL:** [*1] For Plaintiff: Eric Steinberg, Eastwood Scandariato & Steinberg, North Bergen, NJ. Peter A. Cross, Esq., Jacob Medinger & Finnegan LLP, New York, NY.

For Defendant: Peter A. Walker, Christopher Lowe, Seyfarth Shaw, New York, NY.

**JUDGES:** DENISE COTE, United States District Judge.

**OPINION BY:** DENISE COTE

**OPINION**

*OPINION AND ORDER*

DENISE COTE, District Judge:

On July 25, 2002, Glen Jacobsen ("Jacobsen") filed this action alleging violations by the Stop & Shop Supermarket Co. ("Stop & Shop") of the Fair Labor Standards Act ("FLSA") requirements concerning payment of overtime compensation. Jacobsen now seeks certification of a class and permission to send notice to potential class members in order to allow them to "opt-in" to the class. For the following reasons, the motion to certify and to send notice to the class is granted.

**BACKGROUND**

Jacobsen was permitted to file an amended complaint, and did so on September 26, 2002. The parties completed discovery concerning Jacobsen himself in January 2003, and then briefed the instant motion.

Jacobsen seeks to certify this action as a collective action under the FLSA on behalf of persons who have been employed in a Stop & Shop store's [*2] general merchandise ("gm") department as (1) a trainee for the manager position, (2) a backup or reserve manager, or (3) a manager during the three years prior to the time he filed this lawsuit. The general merchandise department is in charge of the non-food items sold in the stores. Jacobsen has submitted evidence that he held these three positions and that he was required to work a minimum of forty-seven hours each week in each of them. His evidence also provides a basis for finding that Stop & Shop failed to pay overtime compensation as required by Section 207(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), and

Case 1:07-cv-08718-RMB-THK    Document 20-24    Filed 01/18/2008    Page 3 of 5

2003 U.S. Dist. LEXIS 7988, *; 8 Wage & Hour Cas. 2d (BNA) 1367

that its violation was willful as to at least the trainee and backup manager positions.

Stop & Shop agrees that it was required to pay overtime compensation to trainees and backup managers. It contends that it did. Stop & Shop argues that it is not required to pay overtime compensation to managers since they are "exempt" employees.

Jacobsen has presented evidence in support of this motion that, when construed in his favor, shows the following.

*Trainee*

When Jacobsen was hired as a general marketing manager ("gmm") trainee in February 2000, he was [*3] told that he would be an "exempt" employee, would have to work at least forty-seven hours a week, and would be paid a weekly salary of $ 600. He was told that he would not be paid any overtime. A schedule that he received during his orientation confirmed that he would be working a minimum of a forty-seven hour work week. A brochure explained that as exempt employees trainees do not receive overtime pay. Jacobsen contends that he worked approximately fifty hours a week during his eight weeks as a trainee and was never paid any overtime.

Trainees are required to submit a weekly time sheet. In contrast, non-exempt, union employees at Stop & Shop are given swipe cards so that their hours are recorded by a computerized time clock. Jacobsen only prepared time sheets for four of his eight weeks as a trainee. No one asked Jacobsen for the time sheets for the other four weeks.

Stop & Shop's personnel records for all of its trainees reflect that they were paid at a rate of $ 600 per week. No hourly rate of pay is listed in these records. Its computerized payroll records indicate a rate of pay of $ 600 per week for 40 hours of work. The payroll records that reflect compensation to trainees [*4] for their eight hour day of orientation include a payment equal to one-fifth of the entire week's salary. If the week's salary were comprised of 40 hours of straight time and 7 hours of overtime, the one-fifth payment was an overpayment for the eight hour day. Indeed, the only way in which the one-fifth payment can be reconciled with the weekly payments made to employees, is if they were not paid at all for the extra seven hours of work. The Stop & Shop payroll records for union employees reflect, as required by Department of Labor regulations, an hourly rate of pay and a weekly breakdown of "straight" versus overtime pay.

In 1988, outside counsel for Stop & Shop provided an opinion that the positions of trainee and back-up manager were non-exempt positions. Despite this advice from counsel, Stop & Shop did not conform its record keeping practices or the brochures and literature it gave to its employees to this fact or to the requirements of the law for payment of non-exempt employees.

*Back-up Manager*

Jacobsen became a back-up manager on April 24, 2000. As a back-up manager, Jacobsen was also required to work a minimum of forty-seven hours a week. He often worked fifty [*5] or more hours a week. He continued to receive $ 600 per week in pay and no overtime pay.

*Manager*

In approximately December 2000, retroactive to November 6, Jacobsen was designated a manager or gmm. He was required to work a minimum of forty-seven hours a week. He usually worked between fifty-two to fifty-five hours a week, and was never paid any overtime. Stop & Shop officially classified the manager position as exempt under the FLSA.

Jacobsen contends that most of his time he did the same menial, non-managerial work as a manager that he had done in his previous two positions, including unloading products from trucks, sorting products into tins or "totes", stamping prices on products, shelving the products, and taking out trash. He never did any of the more supervisory tasks performed by his superiors, such as, disciplining employees or deciding on anyone else's compensation. Stop & Shop records can be read to indicate that no more than 15% of a manager's time is allocated to managerial tasks such as the supervision of others.

DISCUSSION

Section 207(a)(1) provides:

> no employer shall employ any of his employees ... for a workweek longer than forty hours unless [*6] such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1); *Grochowski v. Phoenix Constr., 318 F.3d 80, 87 (2d Cir. 2003).*

Congress has expressly exempted certain categories of employees from FLSA's overtime requirements, including, *inter alia*, persons "employed in a bona fide executive, administrative, or professional capacity," 29

Case 1:07-cv-08718-RMB-THK   Document 20-24   Filed 01/18/2008   Page 4 of 5

2003 U.S. Dist. LEXIS 7988, *; 8 Wage & Hour Cas. 2d (BNA) 1367

U.S.C. § 213(a)(1); *Freeman v. Nat'l Broadcasting Co., Inc.*, 80 F.3d 78, 82 (2d Cir. 1996). The regulations promulgated by the Secretary of Labor under the statute, however, distinguish between "the bona fide executive and the 'working' foreman or 'working' supervisor who regularly performs 'production' work or other work which is unrelated or only remotely related to his supervisory activities." 29 C.F.R. § 541.115. "The work of the same nature as that performed by the employees' subordinates must be counted as nonexempt work and if the amount of such work performed is substantial the exemption [*7] does not apply."*Id.*; *see also Brock v. Norman's Country Market, Ind.*, 835 F.2d 823, 825-26 (11th Cir. 1988).

29 C.F.R. § 516.2(a) requires that employers maintain and preserve payroll records for non-exempt employees that specify the "regular hourly rate of pay for any workweek in which overtime compensation is due..., [the] hours worked each workday and total hours worked each workweek..., [the] total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation...[and] the total premium pay for overtime hours. This amount excludes the straight-time earnings for overtime hours...." 29 C.F.R. § 516.2(a)(6) through (9). If an employer seeks to pay a non-exempt employee a weekly salary that includes a premium overtime component calculated at time and one-half of an hourly rate, there must be an express agreement to such an arrangement. *See Moon v. Kwon*, 248 F. Supp. 2d 201, 2002 U.S. Dist. LEXIS 16801 at *16 (S.D.N.Y. Sept. 9, 2002); *Giles v. City of New York*, 41 F. Supp. 2d 308, 317 (S.D.N.Y. 1999)(collecting cases). [*8] *See also* 29 C.F.R. § 778.309; *Adams v. Dep't of Juvenile Justice of the City of New York*, 143 F.3d 61, 67 (2d Cir. 1998).

While the statute of limitations for violation of the FLSA is ordinarily two years, for willful violations it is extended to three years. 29 U.S.C. § 255(a); *Brock v. Superior Care, Ind.*, 840 F.2d 1054, 1061 (2d Cir. 1988). A willful violation exists when an employer knew or reckless disregarded the fact that its conduct violated the FLSA. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 100 L. Ed. 2d 115, 108 S. Ct. 1677 (1988); *Brock*, 840 F.2d at 1062. A failure to keep the records required by the Department of Labor regulations for non-exempt employees, *see* 29 C.F.R. § 516.2(a), may permit a finding of willfulness. *Moon*, 2002 U.S. Dist. LEXIS 16801 at *87.

When an employee is not paid the overtime compensation required by Section 207(a)(1), the employee may bring suit on behalf of himself "and other employees similarly situated." 29 U.S.C. § 216(b). In seeking authorization [*9] for a class action, a plaintiff must make a "modest factual showing" that he and the other putative class members "were victims of a common policy or plan that violated the law." *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998)(collecting cases).

When a sufficient showing has been made in support of certification, it is appropriate to send a notice of pendency to putative class members. *Realite*, 7 F. Supp. 2d at 305-07. "Although one might read the [FLSA], by deliberate omission, as not providing for notice, we hold that it makes more sense, in light of the "opt-in" provision of § 16(b) of the Act, 29 U.S.C. § 216(b), to read the statute as permitting, rather than prohibiting, notice in an appropriate case." *Braunstein v. Eastern Photographic Labs., Inc.*, 600 F.2d 335, 336 (2d Cir. 1978).

*Trainees and Back-up Managers*

The defendant agrees that trainees and back-up managers were required to work at least forty-seven hours a week. It contends that it treated these two positions as non-exempt and did not use a swipe-card system to record their time because they were nonunion [*10]. It contends that it computed their compensation as required by law, paying them $ 600 per week according to the following system: a rounded off figure based on forty hours at $ 11.88 per hour and seven hours at $ 17.82 hour. It explains that its payroll system treated the compensation like a salary and thus "automatically" reflected a forty-hour week even though the pay period was really forty-seven hours. Although the plaintiff's records reflect that he worked 10.2 hours in "extra" overtime during his first four weeks as a trainee, and that he was not paid for this work, the defendant contends the failure to pay him was an "oversight" and not evidence of any practice. It contends that it pays additional overtime for hours worked beyond forty-seven hours a week and did so for 245 of the 641 trainees and back-up managers it employed between July 14, 1999 and October 26, 2002.

The plaintiff has carried his burden of showing that the defendant had a policy and practice of not paying overtime to trainee and back-up gmm's and that he is similarly situated to such employees. The defendant's own payroll records can be read as evidence that there was no overtime payment for any of the hours [*11] worked beyond forty hours a week. They contain no break down as required by 29 C.F.R. § 516.2, and make no other mention of an hourly rate or overtime. The written materials it presented to such employees would have led them to believe that the company considered them to be exempt employees who were not entitled to overtime. The plaintiff may be able to show that the violation was willful.

*Managers*

Case 1:07-cv-08718-RMB-THK    Document 20-24    Filed 01/18/2008    Page 5 of 5

2003 U.S. Dist. LEXIS 7988, *; 8 Wage & Hour Cas. 2d (BNA) 1367

Stop & Shop contends that as a manager, the plaintiff was an exempt employee. It presents documents in which the plaintiff's supervisory duties are listed, including the responsibility for supervising associates working under him. It points out that a manager is a "closer" once a week, during which time he is in charge of the entire store from 5:00 p.m. to 7:00 p.m. It argues that the "productivity guideline" that it provides to managers does not dictate who is to perform the functions, that a manager may delegate the tasks to subordinates, and that no one person could perform each of the non-supervisory, menial tasks described in the guideline.

The plaintiff has presented sufficient evidence that managers may have been non-exempt employees and that he [*12] was similarly situated to the gmm's employed by Stop & Shop during the three years preceding this lawsuit. While it is a closer call as to whether the plaintiff has presented sufficient evidence that this violation was willful, he has not yet had the full discovery that will accompany certification of the class. It is appropriate, based on this record to provide notice to those who held the position of gmm during the three years preceding this lawsuit.

## CONCLUSION

The motion to certify and to send notice to the class is granted.

SO ORDERED:

Dated: New York, New York

May 14, 2003

DENISE COTE

United States District Judge