# Exhibit Z

LEXSEE 2004 U.S. DIST. LEXIS 17696

REGINE LEGRAND, et al., Plaintiffs, -against- EDUCATION MANAGEMENT CORP., et al., Defendants.

03 Civ. 9798 (HB) (HBP)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2004 U.S. Dist. LEXIS 17696

September 1, 2004, Decided
September 2, 2004, Filed

**DISPOSITION:** [*1] Plaintiffs' application to serve opt-in notices to similarly situated individuals employed by defendants within last three years granted.

**COUNSEL:** For Regine Legrand, Rose Lafrance, Margo Hutchinson-Davis, Donna Mattos, Plaintiffs: Michael Shen, LEAD ATTORNEY, Michael Shen & Associates, P.C., New York, NY.

For Education Managememnt Corp., Art Institutes, New York Restaurant School, Defendants: Mindy S. Novick, Richard Ian Greenberg, LEAD ATTORNEYS, Jackson Lewis, L.L.P., New York, NY.

**JUDGES:** HENRY PITMAN, United States Magistrate Judge.

**OPINION BY:** HENRY PITMAN

**OPINION**

*MEMORANDUM OPINION AND ORDER*

PITMAN, United States Magistrate Judge:

By letter dated May 23, 2004, plaintiffs seek leave of court to send an "opt-in" notice to potential plaintiffs pursuant to *29 U.S.C. § 216(b)*. For the reasons set forth below, plaintiffs' application is granted to the extent that plaintiffs seek to serve opt-in notices to similarly situated individuals who have been employed by defendants within the last three years.

This is an action under the *Fair Labor Standards Act ("FLSA")* in which the plaintiffs allege that they are or were employed by [*2] the defendants, a nationwide group of over twenty schools, as assistant directors of admission and that they were routinely required to work more than forty hours per week without being paid time and a half for overtime work as guaranteed by the FLSA. Plaintiffs Legrand, LaFrance and Postler have submitted declarations in which each states that he or she "was told by management that [assistant directors of admission] at defendants' schools across the country also had to work over forty hours per week, and were denied overtime."

In addition to their FLSA claim, plaintiffs have also asserted a claim under Articles 6 and 19 of the New York Labor Law. Plaintiffs allege that these provisions require "premium pay" for hours worked in excess of forty hours per week and require a "$ 1.00 spread of hours pay [for hours worked in excess of] 10 hours per day" (Complaint, P 27). [1]

   1  I have reviewed the specific statutory provisions cited by plaintiffs in the complaint, and they do not appear to provide the protections described by plaintiffs.

[*3] *Section 216(b) of the FLSA* provides, in pertinent part:

   An action to recover ... liability ... may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No

Case 1:07-cv-08718-RMB-THK    Document 20-27    Filed 01/18/2008    Page 3 of 4

2004 U.S. Dist. LEXIS 17696, *3                                                    Page 2

employee shall be a party plaintiff to any action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). There can no longer be any doubt that a court has the power to order that opt-in notice be sent to potential class members pursuant to Section 216(b). *Braunstein v. Eastern Photographic Labs, Inc.*, 600 F.2d 335 (2d Cir. 1978).

Where, as here, an application to send opt-in notices is made in the early stages of an action, the plaintiff's burden is relatively light.

> Unlike the four strict requirements that a plaintiff must overcome to certify a class action under *Fed.R.Civ.P. 23*, the plaintiff here need only show that potential class members are similarly situated. It is commonly held that a plaintiff may meet this burden by "making [*4] a modest factual showing sufficient to demonstrate that [he] and potential plaintiffs together were victims of a common policy or plan that violated the law." *Foster v. Food Emporium*, 2000 U.S. Dist. LEXIS 6053, 2000 WL 1737858 at *1 (S.D.N.Y. April 26, 2000) (McMahon, J.) (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.)].

*Harrington v. Educ. Mgmt. Corp.*, 2002 U.S. Dist. LEXIS 8823, 02 Civ. 0787 (HB), 2002 WL 1009463 at *1 (S.D.N.Y. May 17, 2002).

Whether the plaintiff and the proposed recipients of the opt-in notice are similarly situated does not implicate the merits of the plaintiff's claim, and a finding that opt-in notices should be sent is not a suggestion that the claims are meritorious. *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997); accord *Foster v. Food Emporium*, 2000 U.S. Dist. LEXIS 6053, 99 Civ. 3860 (CM), 2000 WL 1737858 at *1 (S.D.N.Y. Apr. 26, 2000).

In this case, I find that plaintiffs have sustained their burden with respect to their FLSA claims, but not with respect to their state-law claims. Three of the plaintiffs -- Legrand, LaFrance and Postler -- have submitted declarations in [*5] which each states that each "was told by management that [assistant directors of admission] at defendants' schools across the country also had to work over forty hours per week, and were denied overtime." This is sufficient evidence to satisfy plaintiffs' burden at this early stage. *Harrington v. Education Mgmt. Corp.*, supra, 2002 U.S. Dist. LEXIS 8823, 2002 WL 1009463 at *2.

Defendants argue at length that Legrand has not met her burden because defendants' payroll records indicate that she received overtime pay. To the extent that defendants are attempting argue the merits of the case, they are raising an issue that is not material to the current application. Moreover, Legrand asserts that she was not permitted to submit claims for all overtime hours. Accordingly, the fact that she received some overtime pay is not dispositive. Defendants' contention that Legrand's affidavit is not credible in this regard implicitly imposes a burden of proof far beyond that recognized by the cases. See *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 259 (S.D.N.Y. 1997) ("The burden on plaintiffs [to justify the sending of opt-in notices] is not a stringent one ..." (collecting cases)).

Plaintiffs' [*6] claim under the Labor Law stands on a substantially different footing. As explained in *Foster v. The Food Emporium*, supra, 2000 U.S. Dist. LEXIS 6053, 2000 WL 1737858 at *3:

> It is well settled that there is no collective action analogous to *FLSA § 216(b)* under the wage and overtime provisions of the New York State Labor Law. See *N.Y. Lab. Law § 198(1)*; *Carter v. Frito-Lay, Inc.*, 74 A.D.2d 550, 425 N.Y.S.2d 115, affd., 52 N.Y.2d 994, 438 N.Y.S.2d 80, 419 N.E.2d 1079 (1981). Further, the *New York Civil Practice Law and Rules § 901(b)* provides that a plaintiff may not seek class-wide relief that includes statutorily prescribed liquidated or punitive damages unless the statute in questions explicitly authorizes its enforcement by class actions. There is therefore no basis for this Court to authorize notice to potential class members going back six years (which is the statute of limitations under the Labor Law). See *N.Y. Lab. Law § 663(3)*

(McKinney 1997). No doubt persons who elect to opt-in with their Federal claims will be advised by counsel for the plaintiff collective that they are also [*7] free to assert claims under the State's Labor Law; indeed, plaintiffs' counsel would be derelict in her duty if she did not so advise them. If persons who have no Federal claim but a timely State law claim hear about this action from their friends and coworkers and wish to file their own individual Labor Law complaints in the New York State Supreme Court, they are free to do so. Those individuals would not be properly before this Court, however, because they have no federal claim and there would not be diversity jurisdiction over any State law claim they might assert (because the $ 75,000 jurisdictional amount would not be reached). It would be improper to bring persons who have no Federal claim into this Court under the guise of a collective action so they can pursue State law claims that they can only bring on their own and not collectively.

(Footnote omitted.) 2 Accordingly, the opt-in notice should be limited to similarly situated individuals who have been employed by defendants within the last three years.

2  I realize that the District Judge to whom this matter has been assigned reached a different result in *Harrington v. Education Mgmt Corp.*, supra, *2002 U.S. Dist. LEXIS 8823, 2002 WL 1343753*. Nevertheless, I respectfully submit that Judge McMahon's logic is compelling. The longest applicable limitations period to plaintiffs' FLSA claim is three years if willful violations are established. *29 U.S.C. § 255(a)*. Thus, any potential plaintiff whose claim is more than three years old has a state law claim only. See *N.Y. Labor L. § 198(3)* (providing a six-year limitations period for wage claims). In the absence of diversity and a claim for damages in excess of $ 75,000 (which seems unlikely), the Court would have no subject matter jurisdiction over claims that are more than three years old since such claims would be pure state law claims. There is no reason to provide an opt-in notice to a plaintiff whose claims could not be asserted in this Court.

[*8] Dated: New York, New York

September 1, 2004

SO ORDERED

HENRY PITMAN

United States Magistrate Judge