# Exhibit BB

LEXSEE 2006 U.S. DIST. LEXIS 24318

**GINUTIS SIPAS, et al., Plaintiffs, - against - SAMMY'S FISHBOX, INC, et al., Defendants.**

05 Civ. 10319 (PAC)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*2006 U.S. Dist. LEXIS 24318*

**April 24, 2006, Decided**
**April 24, 2006, Filed**

**COUNSEL:** [*1] For Ginutis Sipas, On behalf of himself and other current and former parking lot attendants employed by defendants, Frank Buto, David Marquez, Plaintiffs: Bruce Eric Menken, Beranbaum Menken Ben-Asher & Bierman LLP, New York, NY; Todd Adam Krichmar, Berman Kean & Riguera, Fort Lauderdale, FL.

For Anton Sipas, On behalf of himself and other similarly situated current and former parking lot attendants employed by defendants, Thomas Otero, On behalf of himself and other similarly situated current and former parking lot attendants employed by defendants, Vytautas Sipas, On behalf of himself and other similarly situated current and former parking lot attendants employed by defendants, Ralph Ferrara, On behalf of himself and other similarly situated current and former parking lot attendants employed by defendants, Davian Velez, On behalf of himself and other similarly situated current and former parking lot attendants employed by defendants, Plaintiffs: Bruce Eric Menken, Beranbaum Menken Ben-Asher & Bierman LLP, New York, NY.

For Sammy's Fishbox, Inc., Samuel Chernin, City Island Seafood Co. Inc., Fishbox Restaurant Corporation, Seashore Restaurant Corp., Defendants: James Maisano, [*2] Buchanan Ingersoll PC, New York, NY; Caroline Jacobsen Berdzik, Buchanan Ingersoll PC, Buffalo, NY; Joseph Martin Labuda, Mildenberg & Stalbaum P.C., Philadelphia, PA.

For Samuel Chernin, doing business as Fish Box Restaurant, Bridge Street Restaurant Corp., Defendants: James Maisano, Buchanan Ingersoll PC, New York, NY; Caroline Jacobsen Berdzik, Buchanan Ingersoll PC, Buffalo, NY.

For Third Party Plaintif Samuel Chernin, Third Party Plaintiff Bridge Street Restaurant Corp., Third Party Plaintiff City Island Seafood Co. Inc., Third Party Plaintiff Fishbox Restaurant Corporation, Third Party Plaintiff Seashore Restaurant Corp., Third Party Plaintiff Sammy's Fishbox, Inc., ThirdParty Plaintiffs: James Maisano, Buchanan Ingersoll PC, New York, NY.

For Sammy's Fishbox, Inc., Samuel Chernin, City Island Seafood Co. Inc., Fishbox Restaurant Corporation, Seashore Restaurant Corp., Counter Claimants: Caroline Jacobsen Berdzik, Buchanan Ingersoll PC, Buffalo, NY.

**JUDGES:** PAUL A. CROTTY, United States District Judge.

**OPINION BY:** PAUL A. CROTTY

**OPINION**

*MEMORANDUM OPINION & ORDER*

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiffs, current and former parking lot attendants at [*3] lots servicing Defendants' restaurants on City Island, Bronx, New York ("City Island"), filed this "wage-and-hour" claim under the Fair Labor Standards Act of 1938 ("FLSA"), *29 U.S.C. § 201 et seq.,* and New

York Labor Law on December 8, 2005. Plaintiffs seek unpaid minimum wages and "spread of hour" wages for days worked in excess of ten hours pursuant to the FLSA, and return of gratuities confiscated by Defendants in violation of *New York Labor Law § 196-d*. (First Am. Compl. PP1-2.) Plaintiffs Ginutis Sipas and Thomas Otero also seek back pay and liquidated damages because Defendants allegedly terminated their employment in retaliation for their retaining counsel in this action.

Defendants, five corporate entities and one individual, own and operate five seafood restaurants on City Island, for whose benefit the parking lots at which Plaintiffs work are operated. (*Id.* P18-22.) Defendant Samuel Chernin ("Chernin") is the President and majority shareholder of all of the Defendant corporate entities. (*Id.* P13.) Claiming not to own the lots at which restaurant patrons parked, Defendants filed a Third-Party Complaint on February 8, 2006 against [*4] certain named individuals that Defendants allege own the lots and employ the Plaintiffs.

After multiple amendments to the parties' pleadings, Plaintiffs now move to proceed as a collective action pursuant to *Section 216(b) of the FLSA*. The only question raised by Plaintiffs' motion is whether Plaintiffs have set forth sufficient facts establishing that the named Plaintiffs and potential collective action Plaintiffs are "similarly situated." The Court finds that they have made this showing, and accordingly allows this case to proceed as a collective action.

DISCUSSION

*Section 216(b) of the FLSA* authorizes an employee to sue his employer for unpaid overtime compensation and liquidated damages on behalf of himself and other "similarly situated" employees. *29 U.S.C. § 216(b)*. Unlike a *Rule 23* class action, in which potential plaintiffs must opt out of the action in order not to be bound by the final settlement or judgment, employees must opt in to an FLSA collective action by filing a written consent. *Id.* To facilitate the opt-in process, a court has the discretion to authorize notification to "similarly situated" potential plaintiffs and to direct an employer [*5] defendant to disclose the names and addresses of those potential plaintiffs. *See Patton v. Thomson Corp., 364 F. Supp. 2d 263, 266 (E.D.N.Y. 2005)* (quoting *Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 169, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989)* and *Braunstein v. Eastern Photographic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1979))*; *accord Masson v. Ecolab, Inc., 2005 U.S. Dist. LEXIS 18022, No. 04 Civ. 4488 (MBM), 2005 WL 2000133, at *13 (S.D.N.Y. Aug. 17, 2005)*; *Vaicaitiene v. Partners in Care, Inc., 2005 U.S. Dist. LEXIS 13490, No. 04 Civ. 9125, 2005 WL1593053, at *2 (S.D.N.Y. July 6, 2005)*. This Circuit encourages the sending of notice to "similarly situated" individuals, as doing so "comports with the broad remedial purpose of the [FLSA], . . . as well as with the interest of the courts in avoiding multiplicity of suits." *Braunstein, 600 F.2d at 336*; *see also Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 262 (S.D.N.Y. 1997)* ("Courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management.").

The requirements of *Rule 23 of the Federal Rules of Civil Procedure* [*6] do not apply to the certification of a collective action under the FLSA. Therefore, "no showing of numerosity, typicality, commonality and representativeness need be made." *Masson, 2005 U.S. Dist. LEXIS 18022, 2005 WL 2000133, at *13* (quoting *Foster v. Food Emporium, 2000 U.S. Dist. LEXIS 6053, No. 99 Civ. 3860, 2000 WL 1737858, at *1 (S.D.N.Y. Apr. 26, 2000))*. At this prediscovery stage in the litigation, the inquiry "is less stringent than the ultimate determination that the class is properly constituted." *Masson, 2005 U.S. Dist. LEXIS 18022, 2005 WL 2000133, at *13* (quoting *Jackson v. New York Tel. Co., 163 F.R.D. 429, 431 (S.D.N.Y. 1995))*. "The burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are 'similarly situated.'" *Hoffman, 982 F. Supp. at 261*. Plaintiffs meet this burden by 'making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.*; *see also Heagney v. European Am. Bank, 122 F.R.D. 125, 127 (E.D.N.Y. 1988)* (noting that the plaintiffs need show only "some identifiable factual [*7] nexus which binds the named plaintiffs and potential class members together as victims of a particular alleged discrimination"). Thus, "the merits of plaintiffs' claims need not be evaluated nor discovery be completed in order for such a notice to be approved and disseminated." [1] *Masson, 2005 U.S. Dist. LEXIS 18022, 2005 WL 2000133, at *13*.

 1 If the Court finds this minimal burden satisfied, the court may conditionally certify the class. Later in the litigation, after the bulk of

Case 1:07-cv-08718-RMB-THK    Document 20-29    Filed 01/18/2008    Page 4 of 5

2006 U.S. Dist. LEXIS 24318, *7                                                                Page 3

discovery is complete, the defendant may move to "decertify" the collective action. See Masson, 2005 U.S. Dist. LEXIS 18022, 2005 WL 2000133, at *14. The "similarly situated" question is then revisited, but this time based on the more complete record produced through discovery. See id. If the Court finds that the plaintiffs are not similarly situated, the Court will decertify the collective action and the claims of the opt-in plaintiffs will be dismissed before trial. Id. If the Court finds that the plaintiffs are similarly situated, the collective action will proceed to trial. Id. Because Plaintiffs move for certification before discovery, only the first phase of the inquiry applies at this time.

[*8] Plaintiffs have met their minimal burden. The Plaintiffs Complaint and supporting Affidavits tell the following story [2]: The eight named Plaintiffs all work (or previously worked) as parking attendants at lots located on City Island that serviced Defendants seafood restaurants. Their primary responsibility was to park and retrieve cars for patrons of Defendants' restaurants. All the Plaintiffs were required to wear the same uniforms, attend the same semi-annual meetings to discuss problems with parking operations, and answer to the same supervisors. In addition, all the Plaintiffs received no hourly wages and were compensated solely through tips, and all the Plaintiffs who remained in Defendants employ after June 2004 were required to pay Defendants $ 5.00 per shift, out of their tips.

> 2  All facts are culled from Plaintiffs' First Amended Complaint, Affidavit of Plaintiff Ginutis Sipas, Affidavit of Plaintiff Vytautas Sipas, and Affidavit of Plaintiff David Marquez.

Further, Plaintiffs' Affidavits allege that [*9] "approximately seventy-five other individuals," not including the named Plaintiffs, worked in the same capacity, as parking attendants at the identified lots on City Island, since approximately August 1, 1999. At this early stage, there is no evidence of record to suggest that these seventy-five other individuals were treated differently than the named Plaintiffs. Thus, the Court finds that the named Plaintiffs have demonstrated a factual nexus between their situation and the situation of other current and former parking attendants at the subject lots sufficient to make a preliminary determination that they are all "similarly situated."

Defendants argue that the Court should not certify a collective action because Defendants never employed any of the Plaintiffs or owned the parking lots at which the Plaintiffs worked. (Chernin Decl. PP15, 17, 19.) Rather, the subject parking lots were operated as a "partnership" by the Third-Party Defendants, and neither Chernin nor the restaurant Defendants had any role in employing or supervising the Plaintiffs.

Of course, Plaintiffs vigorously dispute Defendants' lack of ownership, arguing that Defendant Chernin owned the parking lots at issue [*10] and employed the Plaintiffs to work in them as attendants. In fact, Plaintiffs allege that Chernin, in his capacity as the owner and operator of the Defendants' restaurants, required the Plaintiffs "to purchase uniforms bearing the name and logo" of his restaurants, called occasional meetings to discuss parking operations, instructed the Plaintiffs on how to carry out their duties, and provided food to Plaintiffs free of charge during shifts. (Pls.' Affs. P9-15.) Further, Plaintiffs produce New York City Department of Finance records listing Chernin as the record owner of the lots. (Menken Reply Decl., Exs. B & C.)

Based on this record, there is substance to Plaintiffs' allegations of employment and ownership of the parking lots. Defendants are free to, and certainly will, contest these allegations, but at this early stage these factual disputes cannot serve as the basis for denying conditional certification of Plaintiffs' collective action.

CONCLUSION

Plaintiffs' request to proceed as a collective action for purposes of their claims under the FLSA is hereby GRANTED. [3]

> 3  As Defendants correctly state in their opposition papers, the New York Labor Law and New York Minimum Wage Act do not contain a mechanism similar to the collective action. In order to proceed on behalf of similarly situated employees on a claim under New York law, Plaintiffs must first seek class action certification under Rule 23. See, e.g., Scholtisek v. Eldre Corp., 229 F.R.D. 381, 391-95 (W.D.N.Y. 2995); Brzychnalski v. Unesco, Inc., 35 F. Supp. 2d 351, 353-354 (S.D.N.Y. 1999). The motion before the Court sought only collective action status, and not certification as a class. Therefore, to the extent that Plaintiffs wish to proceed as a class action for

purposes of their claims under New York law, Plaintiffs must bring a new motion for class certification pursuant to *Federal Rule of Civil Procedure 23(b)(3)*.

[*11] To facilitate notice to potential members who may wish to opt in, the Defendants are ORDERED to immediately disclose to Plaintiffs the names, last-known addresses and telephone numbers of each individual who has worked as a parking attendant at the lots on City Island, Bronx, New York, from August 1, 1999 through the present. [4] If Defendants do not have such information, they are ORDERED to affirmatively identify the individual(s) in possession of this information and provide their names and addresses to Plaintiffs.

    4   While the Court recognizes that the statute of limitations for FLSA actions is ordinarily two or three years, *see 29 U.S.C. § 255*, the Court does not currently have enough facts to rule out equitable tolling. *See Jacobsen v. Stop & Shop Supermarket Co., 2004 U.S. Dist. LEXIS 17031, No. 02 Civ. 5915, 2004 WL 1918795, at *2 (S.D.N.Y. Aug. 27, 2004)*.

Plaintiffs proposed collective action notice is APPROVED. Plaintiffs are permitted to mail said notice to the individuals required [*12] to be disclosed by Defendants and to publish said notice in such local newspapers as determined by Plaintiffs.

Dated: New York, New York

April 24, 2006

SO ORDERED

PAUL A. CROTTY

United States District Judge