| | |
|---|---|
| **OUTTEN & GOLDEN LLP** | **BRUCKNER BURCH PLLC** |
| Adam T. Klein (AK 3293) | Richard J. Burch (Texas Bar No. |
| Justin M. Swartz (JS 7989) | 24001807) (admitted *pro hac vice*) |
| Anjana Samant  (AS 5163) | 1415 Louisiana, Suite 2125 |
| Tammy Marzigliano (TM 2934) | Houston, Texas  77002 |
| Cara E. Greene (CG 0722) | Telephone:  (713) 877-8788 |
| 3 Park Avenue, 29th Floor | |
| New York, New York 10016 | |
| Telephone:  (212) 245-1000 | |

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SIRI DIAZ, CAROLYN SIEGEL, TALIA BUMB, BLERTA VIKKI, DANIELLE OWIMRIN, SUSAN LEVIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>SCORES HOLDING COMPANY, INC.; GO WEST ENTERTAINMENT, INC. a/k/a SCORES WEST SIDE; and SCORES ENTERTAINMENT, INC., a/k/a SCORES EAST SIDE.; ENTERTAINMENT MANAGEMENT SERVICES, INC.; and 333 EAST 60th STREET, INC. a/k/a SCORES EAST SIDE.<br><br>Defendants. | No. 07 Civ. 8718 (RMB) |

**DECLARATION OF TAMMY MARZIGLIANO IN OPPOSITION TO DEFENDANTS' CROSS-MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFFS' MOTION FOR DISCOVERY UNDER FEDERAL RULES OF CIVIL PROCEDURE 56(f) AND 12(d).**

I, Tammy Marzigliano, declare under penalty of perjury as follows:

1.      I am an associate at Outten & Golden LLP, attorneys for Plaintiffs herein, and an attorney in good standing admitted to practice in the State of New York and before this Court.

2.      I make this declaration in connection with Plaintiffs' Opposition to Defendants' Cross-Motion to Dismiss or in the Alternative for Summary Judgment and in Support of Plaintiffs' Motion for Discovery Under Federal Rule of Civil Procedure 56(f) and 12(d).

3.      I am fully familiar with the facts and circumstances of this matter and I make the representations herein based upon my personal knowledge or upon the documents that are of record in this matter.

*Plaintiffs' Have Sought and/or Intend to Seek Discovery*

4.      Plaintiffs served their First Set of Document Requests ("Document Requests") on December 21, 2007, attached as **Exhibit ("Ex.") 1**.

5.      Defendants did not respond or object to Plaintiffs' Document Requests until February 21, 2008. (By failing to respond or object to Plaintiffs' Document Requests within 30 days, Plaintiffs take the position that Defendants have waived any objections.)

6.      Defendants moved for summary judgment before they produced a single document in response to Plaintiffs' Document Requests and before Plaintiffs had completed a single deposition.

7.      Since then, Defendants produced a few documents, but have made far from a full production. Plaintiffs have requested a meet and confer session with Defendants in order to attempt to set a document production and deposition schedule, and to attempt to resolve any disputes without Court intervention.

8.      Plaintiffs saw Defendants' Exhibits 7 and 8 attached to the Declaration of Irika Sargent, for the first time at the deposition of Blerta Vikki, taken on January 28, 2008. Defendants' counsel also introduced several employment documents from Scores East Side at Plaintiff Vikki's deposition, (*see* **Exhibit 15** (attached hereto)), and produced others to her

2

counsel, (*see* **Exhibit 18** (attached hereto)).  These documents were not obtained from Plaintiffs or pursuant to a subpoena.

9.     Plaintiffs' Document Requests seek, among other things, documents "relating to, identifying, or explaining Defendants' corporate structure or business form, the relationship between or among any of the Defendants, the ownership of any of the Defendants, the ownership of any Scores club in any city, the relationship between any of the Defendants and any Scores club in any city, licensing agreements between the owners of any Scores club in any city and any Defendant" and documents "sufficient to identify all owners of and ownership interests in all Scores clubs in all cities." ("Ex. 1, Req. Nos. 16, 17.)

10.     Plaintiffs are also still awaiting the production of documents requested on the record during part of a Fed. R. Civ. P. 30(b)(6) deposition ("Rule 30(b)(6)"), which included Scores Holding Company's ("SHC") articles of incorporation (Smith Tr. 7:17-24); book and records involving money paid between Go West and SHC  (Smith Tr. 13:25-15:3); SHC's Chief Executive Officer ("CEO") and Chief Financial Officer ("CEO") Curtis Smith's consulting agreement (Smith Tr. 30:6-18); documents related to Richard Goldring that were maintained by SHC (Smith Tr. 54:17-20); records of various trademarks and patents owned by SCH (Smith Tr. 66:25-67:18); payroll records (Smith Tr. 72:9-24); SHC's list of shareholders and shareholder interests in SHC (Smith Tr. 80:7-17); a Master License Agreement Executed in 2006 (Smith Tr. 96:15-97:2); and SHC's complete 10k and 10Q filings (Neilson Tr. 16:9-25, 20:14-21:3).

11.     Plaintiffs have only taken one partial deposition in this matter, a partial Rule 30(b)(6) deposition on Defendants' corporate structure.  Attached as **Exhibit 2** is a true and accurate copy of Plaintiffs' Notice of Deposition Pursuant to Rule 30(b)(6), dated January 15, 2008 ("30(b)(6) Notice").

12. In response to Plaintiffs' 30(b)(6) Notice, Defendants' produced two witnesses, the CEO and CFO of SHC, Curtis Smith, and Director and President of SHC, John Nielson.

13. Attached as **Exhibit 3** are excerpts from the deposition transcript of Curtis Smith ("Smith Tr.") taken February 7, 2008.

14. Attached as **Exhibit 4** are excerpts from the deposition transcript of John Neilson ("Neilson Tr.") taken February 7, 2008.

15. Defendants Rule 30(b)(6) deponents were unable to adequately testify regarding the entire time period of this case and/or regarding the corporate, ownership, management, and/or organizational structure among and/or between the Defendants.

16. Mr. Smith did not begin working for SHC until August 2005 (Smith Tr. 10:19-23) so he could not testify on behalf of SHC for most of the NYLL liability period (September 17, 2001 through the present).

17. Mr. Neilson, although a consultant for SHC since 1996, was unable to answer many of Plaintiffs' questions regarding SHC's corporate structure, including who had the authority to hire employees (Neilson Tr. 36:5-7, 42:17-19), who had the authority to fire employees (*id.* at 38:5-7, 42:20-22), and who set employees' rates of pay (*id.* at 36:8-10).

18. Mr. Neilson answered "I don't know" or some variation therefore more than 65 times during his deposition. (Neilson Tr. 15:19-25; 19:4-9; 19:10-22; 19:23-20:10; 21:5-10; 21:11-14; 24:16-22; 27:20-25; 29:13-24; 32:11-15; 46:9-18; 47:2-6; 55:4-8; 3:22-24; 15:11-13; 15:14-15; 23:11-13; 23:19-20; 23:21-23; 24:3-5; 24:6-10; 24:11-12; 25:10-11; 25:12-14; 25:15-17; 25:18-20; 26:10-12; 28:8-10; 28:11-13; 28:14-15; 28:16-18; 28:19-22; 28:23-29:6; 29:11-12; 33:9-10; 33:15-17; 33:18-20; 34:7-9; 34:10-11; 34:18-20; 36:5-7; 36:8-10; 36:14-17; 37:2-4; 37:6-9; 38:5-7; 40:6-9; 40:10-12; 40:13-15; 40:16-18; 40:24-41:2; 41:3-6; 41:7-9; 41:8-10;

4

42:17-22; 42:23-25; 43:19-22; 43:23-25; 45:16-19; 50:2-22; 51:3-5; 51:6-8; 51:9-12; 51:13- 52: 15; 53:16-21; 53:22-24; 53:25-54:3.)

19.     Mr. Neilson testified more than a dozen times that he was unable to answer questions without reviewing documents, namely, SHC's Form 10-K, Form 10-Q, and a copy of Scores Baltimore's license agreement, none of which Defendants had produced at the time of the deposition. (Neilson Tr. 15:19-25; 19:4-9; 19:10-22; 19:23-20:10; 21:5-10; 21:11-14; 24:16-22; 27:20-25; 29:13-24; 32:11-15; 46:9-18; 47:2-6; 55:4-8.)

20.     Plaintiffs intend to complete the corporate structure Rule 30(b)(6) deposition and notice other depositions after they receive a full document production. Plaintiffs also intend to take a Rule 30(b)(6) deposition regarding Defendants' policies, practices, and procedures.

21.     Plaintiffs also intend to notice depositions of key individuals, including but not limited to Richard Goldring, shareholder of SHC and owner and operator of Entertainment Management Services, Inc. ("EMS"), 333 East 60th Street, Inc. ("333"), Scores East Side, and Scores West Side, Spiro Anastasiadis, Harvey Osher, Curtis Smith, and various club-level managerial employees, such as, Alberto (last name unknown), Sammy (last name unknown), Gus (last name unknown), Robert (last name unknown), Alex Shooter, Chris (last name unknown), and Tony (last name unknown).

22.     Plaintiffs also intend to serve interrogatories and requests for admissions regarding SHC, Scores West Side, Scores East Side, EMS, and 333's corporate structure, ownership structure, and interrelation of operations, among other things.

*The Discovery Plaintiffs Seek Would Preclude Entry of Summary Judgment.*

23.     The discovery Plaintiffs seek will help Plaintiffs demonstrate that SHC was a joint employer of Plaintiffs, including that they had the power to hire and fire employees, they

5

supervised and controlled employees' work schedules or conditions of employment, determined the rate and method of payment, and maintained employment records.

24. The discovery Plaintiffs seek will help Plaintiffs demonstrate that Defendants were part of a single integrated enterprise.

***Defendants Had Not Produced the Relevant Discovery Prior to Filing Their Motion.***

25. Defendants had not produced the relevant discovery prior to filing its Motion.

26. Discovery is not scheduled to close until May 21, 2008, attached as **Exhibit 5** is a true and accurate copy of the Case Management Plan dated November 29, 2007 ("Scheduling Order").

***Defendants' Motion is Premature and Plaintiffs made Good Faith Attempts to Avoid Unnecessary Motion Practice.***

27. Defendants' moved to dismiss Plaintiffs' Amended Complaint, knowing that Plaintiffs intended to amend it and that by doing so it would render their motion to dismiss moot. Attached as **Exhibit 6** is a true and accurate copy of Plaintiffs' letter to the Court regarding Plaintiffs' unopposed request to extend the deadline to file an Amended Complaint, dated January 24, 2008.

28. Plaintiffs repeatedly asked Defendants' counsel to disclose the name of the entity that operated the East Side Club so they can properly name them in their Second Amended Complaint ("SAC"). Defendants counsel, although admitting that they would represent that entity in this litigation, refused, and forced Plaintiffs to learn it through discovery.

29. Attached as **Exhibit 7** is a true and accurate copy of Plaintiffs' Second Amended Complaint ("SAC") dated February 21, 2008.

30.     In an attempt to avoid wasting further resources, Plaintiffs proposed that Defendants withdraw their motion, wait for Plaintiffs to file their Second Amended Complaint, agree to an expedited schedule for discovery on the issues Defendants raise in their motion, and ask the Court to set a new briefing schedule.   Attached as **Exhibit 8** is a true and accurate copy of a letter from Justin M. Swartz to Jerrold F. Goldberg and Neil A. Capobianco, dated February 15, 2008.

31.     Defendants summarily rejected Plaintiffs' proposal, as well as Plaintiffs' alternate proposal that addressed Defendants stated concerns.  Attached as **Exhibit 9** is a true and accurate copy of a letter from Neil A. Capobianco to Justin M. Swartz, dated February 15, 2008. Attached as **Exhibit 10** is a true and accurate copy of email correspondence between Justin M. Swartz and Neil A Capobianco dated February 17, 2008 and February 19, 2008.

32.     Defendants attacked the Court's supplemental jurisdiction while ignoring Plaintiffs allegations of original jurisdiction. Plaintiffs alerted Defendants to this oversight and offered to allow them to withdraw their motion and re-file it with a section opposing Plaintiffs' allegations of original jurisdiction.  Defendants refused this offer.  Ex. 10.

*Additional Exhibits*

33.     Attached as **Exhibit 11** are excerpts from the deposition transcript of Blerta Vikki taken on January 28, 2008 ("Vikki Tr.").

34.     Attached as **Exhibit 12** are excerpts from the deposition transcript of Carolyn Siegel taken on January 8, 2008 ("Siegel Tr.").

35.     Attached as **Exhibit 13** are excerpts from the deposition transcript of Talia Bumb taken on January 24, 2008 ("Bumb Tr.").

36. Attached as **Exhibit 14** is a true and accurate copy of the Memorandum of Law of New York State Attorney General Eliot Spitzer as Amicus Curiae in *Ansoumana v. Gristede's Operating Corp.*, 00 Civ. 0253, dated March 23, 2001.

37. Attached as **Exhibit 15** are true and accurate copies of exhibits attached to the deposition transcript of Blerta Vikki taken on January 28, 2008 ("Vikki Dep. Exhibits").

38. Attached as **Exhibit 16** is a copy of an unpublished District of Oregon opinion, *Matson v. 7455, Inc.*, 2000 WL 1132110, dated January 14, 2000.

39. Attached as **Exhibit 17** is a true and accurate copy of a portion of Scores Holding Company, Inc's Form 10-QSB quarterly report ending September 30, 2007, produced by Defendants on February 21, 2008, bate-stamp GW 0259.

40. Attached as **Exhibit 18** are true and accurate copies of documents produced by Defendants, bates marked GW0212-GW0229, GW0234-GW0235, and GW0244-252 ("East Side Documents").

41. Attached as **Exhibit 19** is a true and accurate copy of the court's opinion in *Nerland v. Caribou Coffee Co., Inc.*, 05 Civ. 1847-PJS (D. Minn. Apr. 6, 2007).

42. I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
February 22, 2008

　/s/ Tammy Marzigliano　
**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Tammy Marzigliano (TM 2934)
Cara E. Greene
Anjana Samant  (AS 5163)
3 Park Avenue, 29th Floor
New York, New York 10016

Telephone:  (212) 245-1000

**BRUCKNER BURCH PLLC**
Richard J. Burch (Texas Bar No. 24001807)
(admitted *pro hac vice*)

8

        1415 Louisiana, Suite 2125
        Houston, Texas  77002
        Telephone:  (713) 877-8788

9