# EXHIBIT 7

**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Anjana Samant  (AS 5163)
Tammy Marzigliano (TM 2934)
Cara E. Greene (CG 0722)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**BRUCKNER BURCH PLLC**
Richard J. Burch (Texas Bar No. 24001807)
(admitted *pro hac vice*)
1415 Louisiana, Suite 2125
Houston, Texas  77002
Telephone:  (713) 877-8788

RECEIVED
08 FEB 21 PM 6:02
U.S. DISTRICT COURT
S.D.N.Y.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SIRI DIAZ, CAROLYN SIEGEL, TALIA BUMB, BLERTA VIKKI, DANIELLE OWIMRIN, SUSAN LEVIN, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>-against-<br><br>**SCORES HOLDING COMPANY, INC.; GO WEST ENTERTAINMENT, INC. a/k/a SCORES WEST SIDE; SCORES ENTERTAINMENT, INC., a/k/a SCORES EAST SIDE; ENTERTAINMENT MANAGEMENT SERVICES, INC.; and 333 EAST 60th STREET, INC. a/k/a SCORES EAST SIDE.**<br><br>**Defendants.** | **SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded**<br><br>No. 07 Civ. 8718 (RMB) |

Plaintiffs Siri Diaz ("Diaz"), Carolyn Siegel ("Siegel"), Talia Bumb ("Bumb"),

Blerta Vikki ("Vikki"), Danielle Owimrin ("Owimrin"), Susan Levin ("Levin")

(collectively "Plaintiffs"), allege on behalf of themselves and on behalf of all others

similarly situated:

## NATURE OF THE ACTION

1.     This case is about a chain of adult night clubs, owned by Defendants Scores

Holding Company, Inc. ("SHC"); Go West Entertainment, Inc., a/k/a Scores West Side

("West Side"); and Scores Entertainment, Inc., a/k/a Scores East Side ("East Side"),

1

Entertainment Management Services, Inc. ("EMS"), and 333 East 60th Street, Inc.

("333") (collectively "Scores"), that confiscates part of its workers' tips and fails to pay

proper minimum wage and overtime compensation.

2.    Scores encourages its customers to use "Diamond Dollars," play money, to tip

workers. On its website, Scores claims that "tipping is made easy" when customers use

"Diamond Dollars."

3.    When a worker receives a tip in Diamond Dollars, Scores deducts and retains

a portion of the tip.

4.    As a result, customers who believe they are tipping the workers a certain

amount of money are actually tipping the workers less.

5.    Scores also allows its workers to convert Diamond Dollars into cash only

during designated times.

6.    Sometimes Scores refuses to exchange the Diamond Dollars for cash at all.

7.    In addition to confiscating some of its workers' tips, Scores also fails to pay

its workers the statutory minimum hourly wage and fails to pay at a proper overtime rate

for all hours they work in excess of 40 hours per week.

8.    This lawsuit seeks to force Scores to pay its workers all of the wages they

have earned, as the law requires.

9.    Plaintiffs bring this action on behalf of themselves and similarly situated

current and former employees of Scores who elect to opt-into this action pursuant to the

Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and, specifically, its

collective action provision, 29 U.S.C. § 216(b).

10.    Plaintiffs also bring this action on behalf of themselves and all similarly

situated current and former employees of Scores, pursuant to Federal Rule of Civil

Procedure 23, to remedy violations of the New York Labor Law ("NYLL") Article 6,

§§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and supporting New York State Department

of Labor regulations.

### THE PARTIES

#### Plaintiffs

*Siri Diaz*

11.    Diaz is an adult individual who is a resident of West New York, New Jersey.

12.    Diaz was employed by Scores as a bartender from approximately August 29,

2006 through approximately February 8, 2007 at Scores West Side.

13.    Diaz has consented in writing to be a party to the FLSA claims in this action

pursuant to 29 U.S.C. § 216(b).

14.    Diaz is a covered employee within the meaning of the FLSA and the NYLL.

*Carolyn Siegel*

15.    Siegel is an adult individual who is a resident of Brooklyn, New York.

16.    Siegel was employed by Scores as a server from approximately May 1, 2007

through approximately June 1, 2007 at Scores West Side.

17.    Siegel has consented in writing to be a party to the FLSA claims in this action

pursuant to 29 U.S.C. § 216(b).

18.    Siegel is a covered employee within the meaning of the FLSA and the NYLL.

*Talia Bumb*

19.    Bumb is an adult individual who is a resident of Brooklyn, New York.

20.    Bumb was employed by Scores as a server from approximately July 2007 through approximately August 1, 2007 at Scores West Side.

21.    Bumb has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).

22.    Bumb is a covered employee within the meaning of the FLSA and the NYLL.

*Blerta Vikki*

23.    Vikki is an adult individual who is a resident of Brooklyn, New York.

24.    Vikki was employed by Scores as a dancer from approximately March 2003 through approximately August 2006 at Scores West Side and Scores East Side.

25.    Vikki has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).

26.    Vikki is a covered employee within the meaning of the FLSA and the NYLL.

*Danielle Owimrin*

27.    Owimrin is an adult individual who is a resident of North Royalton, Ohio.

28.    Owimrin was employed by Scores as a dancer and shot server from approximately March 2004 through approximately April 2007 at Scores West Side and Scores East Side.

29.    Owimrin has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).

30.    Owimrin is a covered employee within the meaning of the FLSA and the NYLL.

*Susan Levin*

31.    Levin is an adult individual who is a resident of Del Rio, Texas.

4

32.     Levin was employed as a dancer from approximately November 2006 through approximately April 2007 at Scores West Side and Scores East Side.

33.     Levin has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).

34.     Levin is a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

35.     SHC, Scores West Side, Scores East Side, EMS, and 333 are a single integrated enterprise and/or jointly employed Plaintiffs and similarly situated employees at all times relevant.

36.     SHC employed and/or jointly employed Plaintiffs and similarly situated employees.

37.     Scores West Side employed and/or jointly employed Plaintiffs and similarly situated employees.

38.     Scores East Side employed and/or jointly employed Plaintiffs and similarly situated employees.

39.     EMS employed and/or jointly employed Plaintiffs and similarly situated employees.

40.     333 employed and/or jointly employed Plaintiffs and similarly situated employees.

41.     Richard Goldring ("Goldring") is a shareholder of SHC and has a 46% ownership interest in SHC.

42.     Goldring has been co-owner and President of Scores East Side.

43.     Goldring is co-owner and President of Scores West Side.

44.    Goldring is co-owner and President of EMS.

45.    Goldring is co-owner and President of 333.

46.    Goldring operates and manages EMS, Scores West Side, and 333, and
handles the day to day operations of Scores West Side and 333.

47.    At all relevant times, Goldring operated and managed Scores East Side and
handled the day to day operations.

48.    Goldring has signed checks issued by EMS made payable to SHC.

49.    Goldring has participated and continues to participate in the negotiations of
licensing agreements between the various Scores entities.

50.    SHC and EMS both share a common office located at 533 W. 27th Street,
New York, New York.

51.    SHC's Director and President John Neilson participates in the operations of
Scores West Side.

52.    Scores West Side, Scores East Side, and 333 have had the same employment
policies, practices, and procedures, and use the same employee handbook.

53.    Scores West Side, Scores East Side, and 333 have employed many of the
same managers and employee personnel.

54.    There is a common management among the Scores Defendants.

55.    There is a centralized control of labor relations among the Scores
Defendants.

56.    There is common ownership of the Scores Defendants.

57.    There is an interrelation of operations of the Scores Defendants.

58.    Each Scores Defendant has had substantial control over Plaintiffs' working

conditions, over their compensation, over their work schedules, and over the unlawful polices and practices alleged herein.

59.    The Scores Defendants share office facilities.

60.    Upon information and belief, Scores owns and/or operates night clubs in New York City (one on the East Side and one on the West Side), Chicago, Las Vegas, and New Orleans.

*Scores Holding Company, Inc.*

61.    SHC is located at 533-535 West 27th Street, New York, New York 10001.

62.    SHC is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

63.    Upon information and belief, at all times relevant, SHC's annual gross volume of sales made or business done was not less than $500,000.

64.    Upon information and belief, SHC has and exercises operational control over its licensees, including but not limited to control over:  compensation of workers; food, drink and entertainment quality; customer payment methods; recruiting and training of workers; recruiting and training of managers; architectural and interior design; sound, light and video design; sales and marketing programs; public relations programs; promotional services; advertising campaigns; hospitality training; appearance and conduct standards for workers; and inventory controls.

*Entertainment Management Services, Inc.*

65.    EMS is located at 150 East 58th Street, New York, New York 10022.

66.    EMS is a covered employer within the meaning of the FLSA and the NYLL

and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

67.     Upon information and belief, at all times relevant, EMS's annual gross volume of sales made or business done was not less than $500,000.

68.     Upon information and belief, EMS has and exercises operational control over its licensees, including but not limited to control over: compensation of workers; food, drink and entertainment quality; customer payment methods; recruiting and training of workers; recruiting and training of managers; architectural and interior design; sound, light and video design; sales and marketing programs; public relations programs; promotional services; advertising campaigns; hospitality training; appearance and conduct standards for workers; and inventory controls.

*Go West Entertainment, Inc.*

69.     Go West Entertainment, Inc., a/k/a Scores West Side, is located at 533-535 West 27th Street, New York, New York 10001.

70.     Scores West Side is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

71.     Upon information and belief, at all times relevant, Scores West Side's annual gross volume of sales made or business done was not less than $500,000.

72.     Upon information and belief, Scores West Side owns and operates a Scores nightclub located at 528 West 27th Street, New York, NY.

73.     Scores West Side also does business as Scores New York.

8

*Scores Entertainment, Inc.*

74.    Scores Entertainment, Inc., a/k/a Scores East Side, is located at 150 East 58th Street, 25th Floor, New York, New York, 10155.

75.    Scores East Side is a covered employer within the meaning of the FLSA and the NYLL and, at times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

76.    Upon information and belief, at times relevant, Scores East Side's annual gross volume of sales made or business done was not less than $500,000.

77.    Upon information and belief, Scores East Side has owned and operated a Scores nightclub located at 333 East 60th Street, New York, NY.

78.    Scores East Side also does business as Scores New York.

*333 East 60th Street, Inc.*

79.    333 East 60th Street, Inc., a/k/a Scores East Side, is located at 333 East 60th Street, New York, New York 10022.

80.    333 is a covered employer within the meaning of the FLSA and the NYLL and, at times relevant, has employed and/or jointly employed Plaintiffs and similarly situated employees.

81.    Upon information and belief, at times relevant, 333's annual gross volume of sales made or business done was not less than $500,000.

82.    333 does business as Scores New York.

## JURISDICTION AND VENUE

83.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1332

and 1367.

84.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

85.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

86.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391.

87.     The amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

88.     At least one member of the proposed class is a citizen of a state different from that of at least one Defendant.

89.     Plaintiffs' claims involve matters of national or interstate interest.

90.     Citizenship of the members of the proposed class and/or collective is dispersed among a substantial number of states.

91.     There are 100 or more members in the proposed class.

92.     Upon information and belief, at least one Defendant resides in New York.

93.     Upon information and belief, at least one Defendant is subject to personal jurisdiction in New York.

## CLASS ACTION ALLEGATIONS

94.     Plaintiffs bring the First, Second, Third, Fourth, Fifth, and Sixth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of

> all Scores employees in New York who have received part
> of their compensation as tips between September 17, 2001

and the date of final judgment in this matter

(the "Rule 23 Class").

95.    Excluded from the Rule 23 Class are Defendants, Defendants' legal

representatives, officers, directors, assigns, and successors, or any individual who has, or

who at any time during the class period has had, a controlling interest in Scores; the

Judge(s) to whom this case is assigned and any member of the Judges' immediate family;

and all persons who will submit timely and otherwise proper requests for exclusion from

the Rule 23 Class.

96.    The employees in the Rule 23 Class are so numerous that joinder of all

members is impracticable.

97.    Upon information and belief, the size of the Rule 23 Class is at least 100

people, although the precise number of such employees is unknown, and facts on which

that number can be calculated are presently within the sole control of Defendants.

98.    Defendants have acted or have refused to act on grounds generally applicable

to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding

declaratory relief with respect to the Rule 23 Class as a whole.

99.    Common questions of law and fact exist as to the Rule 23 Class that

predominate over any questions only affecting them individually and include, but are not

limited to, the following:

> (a) whether Defendants violated NYLL Article 6, §§ 190 *et seq.,* and Article 19,
> §§ 650 *et seq.,* and the supporting New York State Department of Labor
> regulations, N.Y. Comp. Codes R. & Regs. ("NYCRR"), Title 12, Parts 137,
> as alleged herein;
>
> (b) whether it was Defendants' policy or practice to misappropriate tips from
> Plaintiffs and the Rule 23 Class;

11

(c) whether it was Defendants' policy or practice to refuse to exchange Diamond Dollars for cash;

(d) whether it was Defendants' policy or practice to make unlawful deductions from the wages of Plaintiffs and the Rule 23 Class;

(e) whether it was Defendants' policy or practice to fail to provide Plaintiffs and the Rule 23 Class spread-of-hours compensation as required by the NYLL;

(f) whether it was Defendants' policy or practice to fail to keep true and accurate time and pay records for all hours worked by its employees, and other records required by the NYLL;

(g) whether it was Defendants' policy or practice to fail to comply with the posting and notice requirements of the NYLL;

(h) whether it was Defendants' policy or practice to fail to furnish Plaintiffs and the Class with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance as required by the NYLL; and

(i) the nature and extent of class-wide injury and the measure of damages for those injuries.

100.    The claims of Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent.  Plaintiffs and all the Rule 23 Class Members work or have worked for Defendants and were subject to the same policy or practices.  Plaintiffs and the Rule 23 Class Members enjoy the same statutory rights under the NYLL to be paid for all hours worked, to be paid minimum and overtime wages, and to keep the tips they earn. Plaintiffs and Rule 23 Class Members all have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.  Plaintiffs and the Rule 23 Class Members all have been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns.

101.    Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class Members.  Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between the

Plaintiffs and the Rule 23 Class Members.

102.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violation of the NYLL as well as its common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual Plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

103.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COLLECTIVE ACTION ALLEGATIONS

104.    Plaintiffs bring the Seventh, Eighth, Ninth, and Tenth Causes of Action, FLSA claims, on behalf of themselves and all similarly situated persons who have worked at Scores night clubs in New York as tipped employees and who elect to opt-in to this action (the "FLSA Collective").

105.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs. Upon information and belief, there are many similarly situated current and former employees of Scores in New York who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised

notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated New York employees are known to Scores, are readily identifiable, and can be located through Scores' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. §216(b).

106.    Throughout the relevant time period, Defendants have applied the same policies regarding Diamond Dollars, uniform expenses, overtime compensation, minimum wages, deductions from wages, misappropriated tips, and other timekeeping and compensation policies to Plaintiffs and their co-workers at both of Defendants' New York City clubs.

## CLASS-WIDE FACTUAL ALLEGATIONS

107.    Plaintiffs and the members of the Rule 23 Class and the FLSA Collective (collectively "Class Members") have been victims of a common policy and plan perpetrated by Defendants that has violated their rights under the FLSA and the NYLL by denying them a minimum wage, proper overtime compensation, and tips they earned. At all times, Defendants' unlawful policies and patterns or practices have been willful.

108.    As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the Class Members by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL as described in this Class Action Complaint. This pattern, practice, and/or policy includes, but is not limited to the following:

a.    making deductions from Plaintiffs' and Class Members' wages including but not limited to retaining portions of tips earned by Plaintiffs and Class Members;

14

b.      failing to exchange Diamond Dollars for cash;

c.      failing to keep accurate and adequate records of wages paid to Plaintiffs and Class Members, deductions taken from their wages, allowances or other credits taken by Defendants, and hours worked by Plaintiffs and Class Members as required by the FLSA and the NYLL;

d.      failing to comply with the posting and/or notice requirements of the FLSA and the NYLL;

e.      failing to pay Plaintiffs and Class Members at least the applicable minimum hourly wage rate under the FLSA and the NYLL for all hours worked;

f.      failing to pay Plaintiffs and Class Members for their uniforms and for the cost of laundering and maintaining their uniforms;

g.      failing to pay Plaintiffs and Class Members proper overtime compensation for the hours they worked in excess of 40 hours in a workweek;

h.      failing to pay Plaintiffs and Class Members spread-of hours pay for shifts worked of 10 hours or more;

i.      unlawfully demanding, retaining, and receiving portions of the tips that Plaintiffs and Class Members earned;

j.      making unlawful deductions from Plaintiffs' and Class Members' wages;

k.      requiring workers to pay a fee for the opportunity to work their shift;

l.      demanding, accepting, and/or retaining charges paid by customers that Defendants represented and/or allowed customers to believe were gratuities for Plaintiffs and Class Members, and which, upon information and belief, customers reasonably believed to be gratuities for Plaintiffs and Class Members;

m.      requiring workers to share their tips with management, agents of management, and other employees who are not busboys or similar employees, and other employees who have no, or virtually no, customer service duties.

109.    Upon information and belief, Defendants' unlawful conduct described in this Complaint has been pursuant to a corporate policy or practice of minimizing labor costs and denying employees' compensation by knowingly violating the FLSA and NYLL.

110.    Defendants' unlawful conduct has been widespread, repeated, and consistent. Upon information and belief, Defendants' policies and practices described in this Class Action Complaint have been centrally promulgated and uniform throughout each Scores facility.

111.    SHC, Scores West Side, Scores East Side, EMS, 333, and Goldring had the power to hire and fire Plaintiffs and the Class Members.

112.    SHC, Scores West Side, Scores East Side, EMS, 333, and Goldring supervised and controlled Plaintiffs and the Class Members' schedules and conditions of work.

113.    SHC, Scores West Side, Scores East Side, EMS, 333, and Goldring determined the rate and method of payment of Plaintiffs and the Class Members.

114.    Upon information and belief, SHC, Scores West Side, Scores East Side, EMS, 333, and Goldring maintained employment records for Plaintiffs and the Class Members.

115.    Defendants' unlawful conduct, as set forth in this Class Action Complaint, has

been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the Class Members.

116.    Defendants' deceptive conduct prevented Plaintiffs and the Class Members from discovering or asserting their claims any earlier than they did.

**PLAINTIFFS' FACTUAL ALLEGATIONS**

117.    Consistent with its policies and patterns or practices as described herein, Defendants harmed Plaintiffs individually as follows:

*Siri Diaz*:

118.    Scores did not pay Diaz the proper minimum wage for all of the time that she was suffered or permitted to work each workweek.

119.    Scores unlawfully demanded, retained, or received portions of the tips that Diaz earned.

120.    Scores did not pay Diaz proper overtime compensation for all of the time that she was suffered or permitted to work in excess of 40 hours per workweek.

121.    Scores did not keep accurate records of wages or tips earned, or of hours worked by Diaz.

122.    Scores made unlawful deductions from Diaz's wages.

123.    Scores did not compensate Diaz for the cleaning, care, and maintenance of the uniforms they required her to wear while working at Scores.

124.    Scores did not pay Diaz spread-of-hours pay for shifts she worked of 10 hours or more.

*Carolyn Siegel*:

125.    Scores did not pay Siegel the proper minimum wage for all of the time that she was suffered or permitted to work each workweek.

126.    Scores unlawfully demanded, retained, or received portions of the tips that Siegel earned.

127.    Scores refused to exchange for cash Diamond Dollars that customers gave to Siegel as tips.

128.    Scores did not keep accurate records of wages or tips earned, or of hours worked by Siegel.

129.    Scores made unlawful deductions from Siegel's wages.

130.    Scores did not compensate Siegel for the cleaning, care, and maintenance of the uniforms they required her to wear while working at Scores.

*Talia Bumb*:

131.    Scores did not pay Bumb the proper minimum wage for all of the time that she was suffered or permitted to work each workweek.

132.    Scores unlawfully demanded, retained, or received portions of the tips that Bumb earned.

133.    Scores refused to exchange for cash Diamond Dollars that customers gave to Bumb as tips.

134.    Scores did not keep accurate records of wages or tips earned, or of hours worked by Bumb.

135.    Scores made unlawful deductions from Bumb's wages.

136.    Scores did not compensate Bumb for the cleaning, care, and maintenance of the uniforms they required her to wear while working at Scores.

137.    Scores did not pay Bumb spread-of-hours pay for shifts she worked of 10 hours or more.

*Blerta Vikki*:

138.    Scores did not pay Vikki the proper minimum wage for all of the time that she was suffered or permitted to work each workweek.

139.    Scores unlawfully demanded, retained, or received portions of the tips that Vikki earned.

140.    Scores did not pay Vikki proper overtime compensation for all of the time that she was suffered or permitted to work in excess of 40 hours per workweek.

141.    Scores did not keep accurate records of wages or tips earned, or of hours worked by Vikki.

142.    Scores made unlawful deductions from Vikki's wages.

143.    Scores refused to exchange for cash Diamond Dollars that customers gave to Vikki as tips.

144.    Scores did not compensate Vikki for the cleaning, care, and maintenance of the uniforms they required her to wear while working at Scores.

145.    Scores did not pay Vikki spread-of-hours pay for shifts she worked of 10 hours or more.

*Danielle Owimrin*:

146.    Scores did not pay Owimrin the proper minimum wage for all of the time that she was suffered or permitted to work each workweek.

19

147.    Scores unlawfully demanded, retained, or received portions of the tips that Owimrin earned.

148.    Scores did not pay Owimrin proper overtime compensation for all of the time that she was suffered or permitted to work in excess of 40 hours per workweek.

149.    Scores did not keep accurate records of wages or tips earned, or of hours worked by Owimrin.

150.    Scores made unlawful deductions from Owimrin's wages.

151.    Scores refused to exchange for cash Diamond Dollars that customers gave to Vikki as tips.

152.    Scores did not compensate Owimrin for the cleaning, care, and maintenance of the uniforms they required Owimrin to wear while working at Scores.

153.    Scores did not pay Owimrin spread-of-hours pay for shifts she worked of 10 hours or more.

*Susan Levin*

154.    Scores did not pay Levin the proper minimum wage for all of the time that she was suffered or permitted to work each workweek.

155.    Scores unlawfully demanded, retained, or received portions of the tips that Levin earned.

156.    Scores did not pay Levin proper overtime compensation for all of the time that she was suffered or permitted to work in excess of 40 hours per workweek.

157.    Scores did not keep accurate records of wages or tips earned, or of hours worked by Levin.

158.    Scores made unlawful deductions from Levin's wages.

159.    Scores refused to exchange for cash Diamond Dollars that customers gave to Levin as tips.

160.    Scores did not compensate Levin for the cleaning, care, and maintenance of the uniforms they required her to wear while working at Scores.

161.    Scores did not pay Levin spread-of-hours pay for shifts she worked of 10 hours or more.

### FIRST CAUSE OF ACTION
#### New York Labor Law Article 19 – Minimum Wages
**(Brought on behalf of Plaintiffs and the Members of the Rule 23 Class)**

162.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

163.    Defendants failed to pay Plaintiffs and Rule 23 Class Members the minimum wages to which they are entitled under the NYLL.

164.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

165.    At all times relevant, Plaintiffs and the Rule 23 Class Members have been employees of Defendants, and Defendants have been employers of Plaintiffs and the Rule 23 Class Members within the meaning of the NYLL §§ 190, 651(5), 652 and supporting New York State Department of Labor Regulations.

166.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect the Plaintiffs and the Rule 23 Class Members.

167.    Defendants were required to pay Plaintiffs and the Rule 23 Class Members a minimum wage at a rate of (a) $5.15 per hour for all hours worked from January 1, 2004

through December 31, 2004, (b) $6.00 per hour for all hours worked from January 1, 2005 through December 31, 2005, (c) $6.75 per hour for all hours worked from January 1, 2006 through the December 31, 2006, and (d) $7.15 per hour for all hours worked from January 1, 2007 through the present time under the NYLL § 652 and supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 NYCRR § 137-1.2.

168.    Defendants failed to pay Plaintiffs and Rule 23 Class Members the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

169.    Through their knowing or intentional failure to pay minimum hourly wages to Plaintiffs and the members of the Rule 23 Class, Defendants have willfully violated the NYLL 19, §§ 650 *et seq.*, and supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 NYCRR § 137-1.2.

170.    Defendants were not allowed to avail themselves of the "tipped minimum wage" under the NYLL.  (From June 6, 2000 through December 31, 2004, the NYLL permitted eligible employers to pay tipped employees at a minimum hourly rate of at least $3.30 per hour for all hours worked; from January 1, 2005 through December 31, 2005, a rate of at least $3.85 per hour for all hours worked; and from January 1, 2006 through the present, at least $4.35 per hour for all hours worked – *provided* that the tips of each individual, when added to such cash wages, equaled or exceeded the full minimum wage under the NYLL and supporting New York State Department of Labor Regulations including but not limited to the regulations in 12 NYCRR § 137-1.5).

22

171.    Defendants failed to post, in a conspicuous place in their establishments, a notice issued by the New York State Department of Labor summarizing minimum wage provisions, in violation of the NYLL and supporting New York State Department of Labor Regulations including but not limited to the regulations in 12 NYCRR § 137-2.3.

172.    Defendants failed to furnish with every payment of wages to Plaintiffs and the Rule 23 Class Members a statement listing hours worked, rates paid, gross wages, and the tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and supporting New York State Department of Labor Regulations including but not limited to the regulations in 12 NYCRR § 137-2.2.

173.    Through their knowing or intentional failure to pay minimum hourly wages to Plaintiffs and the members of the Rule 23 Class, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 NYCRR Part 137.

174.    As a result of Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

### SECOND CAUSE OF ACTION
**New York Labor Law Article 19 – Unpaid Overtime**
**(Brought on behalf of Plaintiffs and the Members of the Rule 23 Class)**

175.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

176.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiffs and Rule 23 Class Members.

23

177.    Defendants have failed to pay Plaintiffs and Rule 23 Class Members the overtime wages to which they are entitled under the NYLL and supporting New York State Department of Labor Regulations.

178.    Through their knowing or intentional failure to pay Plaintiffs and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and supporting New York State Department of Labor Regulations.

179.    As a result of Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
**New York Labor Law - Spread-of-Hours Pay**
**(Brought on behalf of Plaintiffs and the Members of the Rule 23 Class)**

180.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

181.    Defendants have willfully failed to pay Plaintiffs and Rule 23 Class Members additional compensation of one hour's pay at the minimum hourly wage rate for each day during which they worked more than 10 hours.

182.    Through their failure to pay Plaintiffs and Rule 23 Class Members spread-of-hours pay, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and supporting New York State Department of Labor Regulations, including but not limited to 12 NYCRR §§ 137-1.7, 3.10.

24

## FOURTH CAUSE OF ACTION
### New York Labor Law – Unlawful Wage Deductions
### (Brought on behalf of Plaintiffs and the Members of the Rule 23 Class)

183.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

184.    At all times relevant, Plaintiffs and Rule 23 Class Members have been employees within the meaning of the NYLL §§ 190, *et seq.*, and supporting New York State Department of Labor Regulations.

185.    At all times relevant, Defendants have been an employer within the meaning of the NYLL §§ 190, *et seq.*, and supporting New York State Department of Labor Regulations.

186.    The wage payment provisions of Article 6 of the NYLL and supporting New York State Department of Labor Regulations apply to Defendants and protect the Plaintiffs and the Class Members.

187.    Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by Plaintiffs and Rule 23 Class Members in violation of NYLL § 196-d and supporting New York State Department of Labor Regulations.

188.    Defendants unlawfully retained part of the gratuities received by Plaintiffs and Rule 23 Class Members in violation of NYLL § 196-d and supporting New York State Department of Labor Regulations.

189.    Defendants required Plaintiffs and Rule 23 Class Members to share part of the gratuities they received with employees other than waiters, servers, busboys, or similar employees, in violation of NYLL § 196-d and supporting New York State Department of Labor Regulations.

190.   Through their knowing or intentional demand for, acceptance of, and/or retention of part of the gratuities received by Plaintiffs and Rule 23 Class Members, Defendants have willfully violated the NYLL Article 6, § 196-d and supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 NYCRR § 137-2.5.

191.   Defendants also made unlawful deductions from the wages of Plaintiffs and Rule 23 Class Members and failed to pay them the full amount of their wages as a result of deductions for credit card fees and uniform-related expenses in violation of NYLL Article 6, § 193.

192.   As a result of Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

193.   Plaintiffs do not seek liquidated damages under the NYLL.

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Uniform Expenses**
**(Brought on behalf of Plaintiffs and the Members of the Rule 23 Class against all Defendants)**

194.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

195.   Consistent with their policy and pattern or practice, Defendants prohibited Plaintiffs and Rule 23 Class Members from wearing street clothes to work and required them to wear uniforms consisting of designated attire. The uniforms that Defendants mandated could not be worn as part of Plaintiffs' and the Rule 23 Class Members'

ordinary wardrobe. Defendants required Plaintiffs and Rule 23 Class Members to wear specific or distinctive styles, colors, and quality of clothing.

196.    Consistent with their policy and pattern or practice, Defendants required Plaintiffs and Rule 23 Class Members to purchase their own uniforms and failed to reimburse Plaintiffs for these costs, in violation of NYLL and its supporting regulations, NYCRR § 137-1.8.

197.    Consistent with their policy and pattern or practice, Defendants unlawfully required Plaintiffs and Rule 23 Class Members to launder and maintain their uniforms and failed to compensate Plaintiffs for these costs, in violation of the NYLL and its supporting regulations, NYCRR § 137-1.8.

198.    Defendants further failed to reimburse Plaintiffs and Rule 23 Class Members for uniform-related expenses.

199.    Consistent with their policy and pattern or practice, Defendants' failure to reimburse Plaintiffs and Rule 23 Class Members for their uniform-related expenses resulted in Plaintiffs and Rule 23 Class Members being paid less than the minimum wage.

200.    As a result of Defendants' violations of the NYLL, Plaintiffs and Rule 23 Class Members are entitled to recover from Defendants an amount prescribed by statue, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

201.    Plaintiffs do not seek liquidated damages under the NYLL.

27

## SIXTH CAUSE OF ACTION
### New York Labor Law – Recordkeeping Violations
### (Brought on behalf of Plaintiffs and the Members of the
### Rule 23 Class against all Defendants)

202.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

203.    Defendants failed to make, keep, and preserve accurate records with respect to Plaintiffs and the Rule 23 Class Members, including hours worked each workday and total hours worked each workweek, as required by NYLL Article 19, §§ 650 *et seq.*, and supporting regulations, including 12 NYCRR § 142-2.6(a)(4).

204.    Defendants failed to post in a conspicuous place in their establishments a notice issued by the New York Department of Labor explaining the NYLL minimum wage provisions, in violation of NYLL Article 19, §§ 650 *et seq.*, and supporting regulations including but not limited to 12 NYCRR § 142-2.8.

205.    Defendants failed to post in a conspicuous place in their establishments a notice issued by the New York State Department of Labor summarizing the NYLL tipped minimum wage provision, in violation of the NYLL and supporting New York State Department of Labor Regulations including but not limited to 12 NYCRR § 137-2.3.

206.    Defendants failed to furnish with every payment of wages to Plaintiffs and Rule 23 Class Members a statement listing hours worked, rates paid, gross wages, and the tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and supporting New York State Department of Labor Regulations including but not limited to 12 NYCRR § 137-2.2.

207.    Defendants' failure to make, keep, and preserve accurate records was willful.

28

## SEVENTH CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

208.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

209.    Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Collective Action Complaint.

210.    At all times relevant, Plaintiffs and the Class Members were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

211.    At all times relevant, Plaintiffs and the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

212.    At all times relevant, Defendants have been employers of Plaintiffs and the FLSA Collective, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

213.    Defendants failed to pay Plaintiffs and members of the FLSA Collective the minimum wages to which they are entitled under the FLSA.

214.    Defendants were required to pay directly to Plaintiffs and the FLSA Collective the applicable federal minimum wage rate of at least $5.15 per hour for all hours worked.

215.    Defendants were not eligible to avail themselves of the federal tipped minimum wage rate. To avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 203(m), and supporting federal regulations, including but not limited to 29 C.F.R. § 531.50, *et seq.*, Defendants were required to inform Plaintiffs and

the FLSA Collective of the provisions of subsection 503(m) of the FLSA, 29 U.S.C. § 203(m), and to allow such employees to retain all tips they received.

216.    Defendants failed to inform Plaintiffs and the FLSA Collective of the provisions of subsection 503(m) of the FLSA, 29 U.S.C. § 203(m).

217.    Defendants did not permit Plaintiffs and the FLSA Collective to retain all tips they received, in violation of the FLSA, 29 U.S.C. § 203(m).

218.    Defendants failed to post and keep posted in a conspicuous place on the premises of their establishments a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. § 516.4.

219.    As a result of Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages in amounts to be determined at trial and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

220.    Defendants' unlawful conduct, as described in this Collective Action Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Collective Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.  Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## EIGHTH CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

221.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

222.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 210 *et seq.*, and supporting federal regulations apply to Defendants and protect Plaintiffs and the FLSA Collective.

223.    Defendants have failed to pay Plaintiffs and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours in a workweek.

224.    As a result of Defendants' unlawful acts, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## NINTH CAUSE OF ACTION
### Federal Law Standards Act – Uniform Expenses
### (Brought on behalf of Plaintiffs and the FLSA Collective against all Defendants)

225.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

226.    Plaintiffs and the members of the FLSA Collective earned less than the required minimum wages and overtime wages.

227.    Defendants required Plaintiffs and the members of the FLSA Collective to wear uniforms.

31

228.    The uniforms that Defendants required Plaintiffs and the members of the FLSA Collective to wear were not ordinary street clothing. Defendants did not permit variations in details of dress. Defendants prescribed a specific type and style of clothing to be worn at work, and required specific or distinctive styles, colors, and quality of clothing.

229.    Plaintiffs and the members of the FLSA Collective incurred costs purchasing and laundering the uniforms for the benefit and convenience of Defendants.

230.    It was Defendants' policy and pattern or practice at all of its establishments not to pay for the purchase or laundering of Plaintiffs' and the FLSA Collective's uniforms and not to reimburse or otherwise compensate them for these costs.

231.    Plaintiffs and the members of the FLSA Collective did not earn their wages free and clear. The cost of furnishing and laundering uniforms required by Defendants cut into Plaintiffs' and the members of the FLSA collective's required minimum wage and overtime pay.

232.    Defendants' conduct as alleged herein was willful.

233.    As a result of Defendants' violations, Plaintiffs and the FLSA Collective have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## TENTH CAUSE OF ACTION
### Fair Labor Standards Act – Recordkeeping Violations
**(Brought on behalf of Plaintiffs and the FLSA Collective against all Defendants)**

234.    Plaintiffs re-allege and incorporate by reference all allegations in all

preceding paragraphs.

235.    Defendants failed to make, keep, and preserve accurate records with respect

to Plaintiffs and the members of the FLSA Collective, including hours worked each

workday and total hours worked each workweek, as required by the FLSA, 29 U.S.C.

§ 211(c), and supporting federal regulations.

236.    Defendants failed to post and keep posted in a conspicuous place on their

premises a notice explaining the FLSA, as prescribed by the Wage and Hour Division of

the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. §§ 203(m) and 211,

and supporting federal regulations, including but not limited to, 29 C.F.R. § 516.4.

237.    Defendants' failure to make, keep, and preserve accurate records was willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A.      That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as hourly employees at Scores. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid wages and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting United States Department of Labor regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiffs as representatives of the Rule 23 Class and counsel of record as Class Counsel;

E.      Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under NYLL Article 6, §§ 190 *et seq.*, NYLL Article 19, §§ 650 *et seq.*, and supporting New York State Department of Labor regulations;

F.      Unpaid overtime pay pursuant to NYLL Article 19, §§ 650 *et seq.*, and supporting New York State Department of Labor regulations (Plaintiffs do not seek liquidated damages under the NYLL on behalf of the Rule 23 Class);

G.      Unpaid regular wages at the agreed rate pursuant to NYLL Article 6, §§ 190 *et seq.,* and supporting New York State Department of Labor regulations (Plaintiffs do not seek liquidated damages under the NYLL on behalf of the Rule 23 Class);

H.      Pre-judgment interest and post-judgment interest;

I.      An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL;

J.      Reasonable attorneys' fees and costs of the action; and

K.      Such other relief as this Court shall deem just and proper.

*      *      *

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated:      New York, New York
            February 21, 2008

Respectfully submitted,
**OUTTEN & GOLDEN LLP**
By:

Justin M. Swartz

**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Anjana Samant  (AS 5163)

35

Tammy Marzigliano (TM 2934)
Cara E. Greene (CG 0722)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**BRUCKNER BURCH PLLC**
Richard J. Burch (Texas Bar No. 24001807)
(admitted *pro hac vice*)
1415 Louisiana, Suite 2125
Houston, Texas 77002
Telephone: (713) 877-8788
**Attorneys for Plaintiffs and the Putative Class**

36