# EXHIBIT 8

# OUTTEN & GOLDEN LLP

*Advocates for Workplace Fairness*

Wayne N. Outten
Anne Golden
Adam T. Klein
Laurence S. Moy
Gary Phelan
Kathleen Peratis
Piper Hoffman
Justin M. Swartz
Jack A. Raisner
Wendi S. Lazar

Allegra L. Fishel
Lewis M. Steel
Nantiya Ruan
Deborah L. McKenna
René S. Roupinian

Rachel M. Bien
Cara E. Greene
Carmelyn P. Malalis
Stephanie M. Marnin
Tammy Marzigliano
Ossai Miazad
ReNika C. Moore
Linda A. Neilan
Tara Lai Quinlan
Anjana Samant

February 15, 2008

**Via Email and U.S. Mail**
Jerrold F. Goldberg, Esq.
Neil Capobianco, Esq.
Greenberg Traurig LLP
200 Park Avenue
New York, NY 10166

Re:   *Diaz v. Scores Holding Co., Inc., et al*, 07-cv-08718 (RMB)

Dear Jerry and Neil:

We write to urge you to withdraw Defendants' motion to dismiss or for summary judgment for several reasons. First, as you know, Plaintiffs intend to amend their complaint to add new defendants, including an additional entity that employed workers at the East Side club. This amendment will moot the part of Defendants' motion that argues that claims by East Side workers should be dismissed. Plaintiffs will also amplify their allegations regarding the propriety of including Scores Holding Co., Inc. ("SHC") as a defendant and add a new named plaintiff.

Second, the depositions we took last week went a long way towards demonstrating that SHC, Go West Entertainment Inc., and Scores Entertainment Inc. are part of a single integrated enterprise, and therefore, are all "employers" of Plaintiffs. At the very least, they create a genuine issue of material fact as to whether SHC is a proper defendant. Moreover, Defendants' summary judgment motion is premature because Plaintiffs have had very little discovery. Our response papers, if Defendants force us to file them, will make this point and include a Rule 56(f) cross-motion.

Third, as we wrote in our pre-motion letter, Defendants' arguments that (1) Plaintiffs' New York Labor Law class claims are "incompatible" with their FLSA collective claims, and (2)

that the Court should not accept supplemental jurisdiction over Plaintiffs' state law claims, have been repeatedly rejected in this Circuit, and by the better reasoned decisions nationwide. Moreover, Defendants' jurisdictional argument ignores Plaintiffs alternate basis for jurisdiction, the Class Action Fairness Act, which gives the Court original jurisdiction over Plaintiffs' state law claims. It is also worth noting that, if Defendants were to succeed on their motion to dismiss Plaintiffs' state law claims, Plaintiffs would re-file them in state court, which would create gross inefficiencies and a risk of inconsistent judgments.

Pressing these issues is a waste of time and resources. We remind you that, if Plaintiffs prevail, Defendants will be responsible for Plaintiffs' attorneys' fees and costs. Withdrawing Defendants' motion would be a way to keep those costs down.

We propose that the parties stipulate to the following: (1) Defendants will withdraw their motion without prejudice; (2) Plaintiffs will file their second amended complaint on or before March 3, 2008; (3) the parties will engage in expedited discovery, to end on March 31, 2008, on the issue of whether SHC is a proper defendant; and (4) Defendants must renew their motion to dismiss or for summary judgment on or before April 15, 2008.

We would appreciate it if you would respond to this proposal as soon as possible, as we will be working on our opposition papers over the long weekend.

Very truly yours,

Justin M. Swartz

cc:   Tammy Marzigliano
      Cara Greene