# EXHIBIT 10

**Yu, James**

| | |
|---|---|
| **From:** | Marzigliano, Tammy |
| **Sent:** | Wednesday, February 20, 2008 4:46 PM |
| **To:** | Yu, James |
| **Subject:** | FW: Diaz v. Scores - Alternate proposal to save fees and costs |

Tammy Marzigliano
Outten & Golden LLP
Advocates for Workplace Fairness
3 Park Avenue, 29th Floor
New York, NY 10016
Tel:   (212)-245-1000
Fax:   (212)-977-4005
www.outtengolden.com

-----Original Message-----
From: CapobiancoN@gtlaw.com [mailto:CapobiancoN@gtlaw.com]
Sent: Tuesday, February 19, 2008 2:17 PM
To: Swartz, Justin
Cc: GOLDBERGJ@gtlaw.com; rburch@bruckburch.com; dmoulton@brucknerburch.com; Klein, Adam;
Marzigliano, Tammy; Greene, Cara; TanenL@gtlaw.com
Subject: Re: Diaz v. Scores - Alternate proposal to save fees and costs

Justin,

We seem to have different views as to how this case should be litigated.  Please let me be
clear as to our positions:

1.  We are not withdrawing our motion.
2.  The 3 remaining Plaintiffs need to have their depositions taken before our final
papers are due.  If we don't have dates certain by end of day Thursday, we will write the
court.
3.  You have all the documents you need to defend the depositions.
4.  There has been no waiver of objections to your document requests.  The scope of our
objections is clear from our interrogatory responses.  We will provide responses to your
document requests no later than Thursday..
5.  Plaintiffs have had meaningful discovery on the joint employer issue.  You've had two
30(b)(6) depositions and also the license agreements themselves -- and this is in addition
to what's available to the general public about Scores Holding.

--------------------------
Neil Capobianco (sent from my BlackBerry Wireless Handheld)

------------------------------------------------------------------------
    Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under
Circular 230, we inform you that any U.S. federal tax advice contained in this
communication (including any attachments), unless otherwise specifically stated, was not
intended or written to be used, and cannot be used, for the purpose of (1) avoiding
penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to
another party any matters addressed herein.

    The information contained in this transmission may contain privileged and confidential
information. It is intended only for the use of the person(s) named above. If you are not
the intended recipient, you are hereby notified that any review, dissemination,
distribution or duplication of this communication is strictly prohibited. If you are not
the intended recipient, please contact the sender by reply email and destroy all copies of
the original message. To reply to our email administrator directly, please send an email

to mailto:postmaster@gtlaw.com.

------------------------------------------------------------------------

From: Swartz, Justin <JMS@outtengolden.com>
To: Capobianco, Neil (OfCnsl-NY-EmpLaw)
Cc: Goldberg, Jerrold F. (Shld-NY-EmpLaw); Rex Burch <rburch@bruckburch.com>;
dmoulton@brucknerburch.com <dmoulton@brucknerburch.com>; Klein, Adam
<ATK@outtengolden.com>; Marzigliano, Tammy <tm@outtengolden.com>; Greene, Cara
<CEG@outtengolden.com>
Sent: Sun Feb 17 15:18:40 2008
Subject: Diaz v. Scores - Alternate proposal to save fees and costs

Neil —


Thanks for your quick response to our letter. I have to respond by email because I am out
of town.


We understand your positions but feel that we should all do what we can to keep fees and
costs down in this case.  (As you know, if Plaintiffs prevail, Defendants will be
responsible for Plaintiffs fees and costs.)


To that end, here is an alternate proposal that we think will address your concerns and
that will be more cost-effective than your pressing your motion now:


1.    Defendants will withdraw their motion w/o prejudice to renewal after discovery;


2.    Plaintiffs will amend their complaint by 2/21, the date we originally agreed on;


3.    The parties will engage in discovery on the issue of which entities are proper
defendants (it doesn't make sense to us that Defendants are pressing a summary judgment
motion so early in the case, and before Plaintiffs have had a chance to take any
meaningful discovery);


This proposal would (1) avoid the parties briefing summary judgment issues when it is
likely that the court will allow Plaintiffs to take discovery on them and then require new
briefing; (2) eliminate the possibility that the intervening Second Amended Complaint will
confuse the Court (Defendants moved to dismiss parts of the first Amended Complaint); (3)
give Defendants an opportunity to address Plaintiffs contention that the Class Action
Fairness Act gives the Court original jurisdiction over Plaintiffs' state law claims, an
argument that Defendants omitted from the motion currently on file; and (4) address
Defendants' concern that the proper parties are named before notice issues to workers at
the East Side club (there is no dispute that Plaintiffs named the correct party that
employed the workers at the West Side club) because Plaintiffs will name the correct East
Side entity in their Second Amended Complaint on 2/21.


As for the remaining Plaintiffs' depositions, we will try to find dates that work for
everybody. We think that these dates should be after Defendants make a substantial, if not
complete document production, so that we can adequately prepare our clients with the
benefit of the documents we requested. (Defendants did not timely object to any of

Plaintiffs' document requests so we assume that documents are forthcoming). If you think that our position on the remaining Plaintiffs' depositions is unreasonable, let us know and we can discuss it further.

I hope this alternate proposal addresses all of your concerns.  Please let me know your thoughts about it and, if you do not agree to it, the reasons.

Best regards,

Justin

Justin M. Swartz
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016
Tel:   (212)-245-1000
Fax:   (646)-509-2057
jms@outtengolden.com
www.outtengolden.com

This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s).  This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines.  If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights.  If you have received this e-mail in error, please notify us immediately by e-mail, og@outtengolden.com, or by telephone, 212-245-1000.  Thank you.

----- Original Message -----
http://www.gtlaw.com/