# EXHIBIT 14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FATY ANSOUMANA, et al.,                                    00 Civ. 0253(AKH)

Individually, and on behalf of all
others similarly situated as Class
Representatives,

                                    Plaintiffs,

                    -against-

GRISTEDE'S OPERATING CORP., et al.,

                                    Defendants.

MEMORANDUM OF LAW OF NEW YORK STATE ATTORNEY GENERAL
ELIOT SPITZER AS AMICUS CURIAE

                    ELIOT SPITZER
                    Attorney General of the
                      State of New York
                    Amicus Curiae
                    120 Broadway
                    New York, New York 10271

M. PATRICIA SMITH
Assistant Attorney General
  In Charge of Labor Bureau

MARY HUGHES
Assistant Attorney General
  Of Counsel

TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . 1

ARGUMENT   . . . . . . . . . . . . . . . . . . . . . . . . 2

     I.      NEW YORK LAW DOES NOT PROHIBIT A CLASS
            ACTION UNDER THE NEW YORK MINIMUM WAGE ACT
            PROVIDED NO LIQUIDATED DAMAGES ARE CLAIMED
            AND POTENTIAL CLASS MEMBERS MAY OPT OUT OF
            THE CLASS  . . . . . . . . . . . . . . . . . . 2

     II.     DEFENDANT DUANE READE USES THE WRONG TEST
            FOR DETERMINING JOINT EMPLOYER LIABILITY . . . 11

i

TABLE OF AUTHORITIES

<u>Cases</u>                                                                                              Page

<u>Albany College of Pharmacy v. Ross</u>,
94 Misc.2d 389 (Sup. Ct. Alb. Co. 1978)) . . . . . . . . 14, 15

<u>Archie v. Grand Central Partnership, Inc.</u>,
997 F.Supp. 504 (S.D.N.Y. 1998) . . . . . . . . . . . 11, 15

<u>Ballard v. Community Home Care Referral Service, Inc.</u>,
264 A.D.2d 747 (2d Dept. 1999) . . . . . . . . . . . . . . 6

<u>Blumenthal v. American Soc. of Travel Agents</u>,
1977 WL 18392 (Sup. Ct. N.Y. Co., July 5, 1977) . . . . . . . 5

<u>Bradford v. Olympic Courier Systems, Inc.</u>,
<u>slip op.</u> (Sup. Ct. Kings Co., March 26, 1997) . . . . . . . . 4

<u>Brock v. Superior Care, Inc.</u>,
840 F.2d 1054 (2d Cir. 1988) . . . . . . . . . . . . . . 13

<u>Brzychnalski v. UNESCO, Inc.</u>,
35 F.Supp.2d 351 (S.D.N.Y. 1999) . . . . . . . . . . . 3, 7

<u>Carter v. Frito-Lay, Inc.</u>, 52 N.Y.2d 994 (1981) . . . . . . 6

<u>Caruso v. Allnet Communication Services, Inc.</u>,
242 A.D.2d 484 (1st Dept. 1997) . . . . . . . . . . . . . 6

<u>City of Mesquite v. Aladdin's Castle, Inc.</u>,
455 U.S. 283 (1982) . . . . . . . . . . . . . . . . . 10

<u>Commissioner of State Insurance Fund v. Lindenhurst</u>
<u>Green & White Corp.</u>, 101 A.D.2d 730 (1st Dept. 1984) . . . . 13

<u>Dornberger v. Metropolitan Life Ins. Co.</u>,
182 F.R.D. 72 (S.D.N.Y. 1999) . . . . . . . . . . . . . 6

<u>Ferentino v. Mobil Oil Corp.</u>, N.Y.L.J.,
July 2, 1979, p. 14 (Sup. Ct. Queens Co.) . . . . . . . . . 5

<u>Foster v. Food Emporium</u>, 2000 WL 1727858 (S.D.N.Y. 2000) . . . 6

<u>Hauptman v. Helena Rubenstein, Inc.</u>,
114 Misc.2d 935 (Sup. Ct. N.Y. Co. 1981) . . . . . . . 4, 5, 7

In re Settlement Home Care, Inc.,
151 A.D.2d 580 (2d Dept. 1989) . . . . . . . . . . . . . 11

I. Appel Corp. v. Munsingwear, Inc.,
646 F.Supp. 685 (S.D.N.Y. 1986) . . . . . . . . . . . . 10

Liu v. Donna Karan International, Inc.,
2000 U.S. Dist. Lexis 18847 (S.D.N.Y 2000)    . . . . . . . 13

Lopez v. Silverman, 14 F.Supp.2d 405,
411 at n.4 (S.D.N.Y 1998) . . . . . . . . . . . . . . . 13

Nationwide Mutual Ins. Co. v. Darden, 503 U.S. 318 (1992)   . 12

Parker v. Equity Advertising Agency, Inc., N.Y.L.J.,
March 10, 1982, at p. 11 (Sup. Ct. N.Y. Co.) . . . . . . . 4

Pelow v. Sork Enterprises, 39 A.D.2d 494 (3d Dept. 1972) . . 15

People v. Sheffield Farms, 225 N.Y. 25 (1918)   . . . . . . 13

Pesantez v. Boyle Envtl. Servs., Inc., 251 A.D.2d 11
(1st Dept. 1998) . . . . . . . . . . . . . . . . . . . 3, 7

Plotz v. NYAT Maintenance Corp., No. 98 8860 (RJW) (RE)
(S.D.N.Y. Aug. 1, 2000) . . . . . . . . . . . . . . . . 3

Ridge Meadows Homeowners' Assoc. v. Tara Development Co.,
242 A.D.2d 947 (4th Dept. 1997)   . . . . . . . . . . . . 6

Russo & Dubin v. Allied Maintenance Corp.,
95 Misc.2d 344 (Sup. Ct. N.Y. Co. 1978) . . . . . . . . . 5

Super Glue Corp. v. Avis Rent A Car Sys., Inc.
132 A.D.2d 604 (2d Dept. 1987) . . . . . . . . . . . . . 4, 6

Walling v. Portland Terminal Co., 330 U.S. 148 (1947)   . . . 12

Weinberg v. Hertz Corp., 116 A.D.2d 1 (1st Dept. 1986)   . . 4, 6

Woods v. Champion Courier, Inc., N.Y.L.J.,
Oct. 9, 1998, p.25 (Sup. Ct. N.Y. Co.) . . . . . . . . 5, 7, 8

**Statutes**

29 U.S.C. § 203(g) . . . . . . . . . . . . . . . . . . . . . 12

Fed. R. Civ. P. 23(b)(2) . . . . . . . . . . . . . . . . . 10

N.Y. Civ. Prac. L & R 901(a) . . . . . . . . . . . . . . . 5

N.Y. Civ. Prac. L & R 901(b) . . . . . . . . . . . . . 2, 3, 4

N.Y. Labor Law § 2(7) . . . . . . . . . . . . . . . . . . 12

N.Y. Labor Law § 162 . . . . . . . . . . . . . . . . . . . 14

N.Y. Labor Law § 196 . . . . . . . . . . . . . . . . . . . 8

N.Y. Labor Law § 196(1)(b) . . . . . . . . . . . . . . . . 7

N.Y. Labor Law § 196(2) . . . . . . . . . . . . . . . . . 8

N.Y. Labor Law § 198 . . . . . . . . . . . . . . . . . . . 9

N.Y. Labor Law § 198(1-a) . . . . . . . . . . . . . . passim

N.Y. Labor Law § 650 et seq. . . . . . . . . . . . . . 2, 11

N.Y. Labor Law § 651(3) . . . . . . . . . . . . . . . . . 11

N.Y. Workers' Compensation Law § 2(3) . . . . . . . . . . 15

**Other Authorities**

3 Jack B. Weinstein et al., New York Civil Practice
§ 901.22 (Matthew Bender 2000) . . . . . . . . . . . . . . 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FATY ANSOUMANA, et al.,                                    00 Civ. 0253(AKH)

Individually, and on behalf of all
others similarly situated as Class
Representatives,

                                    Plaintiffs,

          -against-

GRISTEDE'S OPERATING CORP., et al.,

                                    Defendants.

MEMORANDUM OF LAW OF NEW YORK STATE ATTORNEY GENERAL
ELIOT SPITZER AS AMICUS CURIAE

PRELIMINARY STATEMENT

New York State Attorney General Eliot Spitzer files this memorandum of law as amicus curiae to address various State Law issues raised by the defendants in opposition to the plaintiffs' motion for class certification.  The Attorney General supports the motion for class certification because, contrary to the defendants' arguments, New York law clearly allows an action for violations of the New York Minimum Wage Act to be maintained as a class action, provided the action does not include a claim for the additional liquidated damages allowed by Labor Law § 198(1-a) and potential class members have the power to opt out of the class.  Moreover, contrary to the defendants' arguments, an action by the New York State Commissioner of Labor or the

1

Attorney General is not a remedy that is superior to the instant action because such remedies are discretionary and are not available to potential class members as a matter of right.

Finally, defendant Duane Reade, Inc. incorrectly states the standard for determining joint employer liability.

POINT I

NEW YORK LAW DOES NOT PROHIBIT A CLASS ACTION
UNDER THE NEW YORK MINIMUM WAGE ACT PROVIDED
NO LIQUIDATED DAMAGES ARE CLAIMED AND POTENTIAL
CLASS MEMBERS MAY OPT OUT OF THE CLASS

In this case, the plaintiffs seek class certification of their action to recover for the defendants' violations of the New York Minimum Wage Act, New York Labor Law § 650 <u>et seq.</u> The action does not seek to recover the additional liquidated damages of New York Labor Law § 198(1-a), which allows "an additional amount as liquidated damages equal to twenty-five percent of the total amount of the wages found to be due" for willful violations.

New York Civil Practice Law and Rule 901(b) (CPLR) provides that:

> Unless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery therof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action.

According to the clear wording of the CPLR, it prohibits class

actions only where the action is one to recover the statutory
penalty or minimum.  It does not, by its terms, prohibit class
actions where the action does not seek to recover the statutory
penalty or minimum recovery.  Thus, according to the wording of
the statute itself, CPLR 901(b) does not prohibit a class action
in this case because the action does not seek to recover the
statutory penalty under Labor Law § 198(1-a).

CPLR 901(b) was correctly applied in this manner in
accordance with its clear wording in Brzychnalski v. UNESCO,
Inc., 35 F.Supp.2d 351, 353 (S.D.N.Y. 1999), in which Judge Chin
allowed class certification of the plaintiffs' New York Minimum
Wage Act claims, holding that, "[E]ven if plaintiffs cannot seek
liquidated damages on a class basis, they may waive that right
and still proceed on a class basis with respect to their
remaining claims, as long as prospective class members have the
right to opt-out of the class action to preserve their claims for
liquidated damages."[1]  Judge Chin correctly based his ruling on
the decision of the highest New York court to have spoken on the
issue of waiver of Section 198(1-a) liquidated damages, Pesantez
v. Boyle Envtl. Servs., Inc., 251 A.D.2d 11 (1st Dept. 1998).

In Pesantez, on a motion for class certification of an
action to recover New York Labor Law's prevailing wage applicable

---

[1]    See also, Plotz v. NYAT Maintenance Corp., No. 98 8860
(RJW) (RE) (S.D.N.Y. Aug. 1, 2000) (court certified class on
state law claims)

3

to public works, the New York Supreme Court, Appellate Division
stated that, "To the extent certain individuals may wish to
pursue punitive claims pursuant to Labor Law § 198(1-a), which
cannot be maintained in a class action (CPLR 901[b]), they may
opt out of the class action," citing Weinberg v. Hertz Corp., 116
A.D.2d 1 (1st Dept. 1986) and Super Glue Corp. v. Avis Rent A Car
Sys., Inc. 132 A.D.2d 604 (2d Dept. 1987) as authority for that
principle.  251 A.D.2d at 12.  The court ultimately did not
certify the class on the Labor Law claims because the record did
not reveal that they were ripe for prosecution, and it remanded
the case for a determination on that issue.  However, the court's
statement above clearly indicates that a class action may be
maintained under the New York Labor Law provided the action does
not seek to recover Section 198(1-a) liquidated damages and
potential class members have the opportunity to opt out of the
action.

The Pesantez court did not follow, for good reason, the only
other officially-reported holding on point, the decision of a
lower court more than seventeen years earlier in Hauptman v.
Helena Rubenstein, Inc., 114 Misc. 2d 935 (Sup. Ct. N.Y. Co.
1981), or the unreported lower court cases of Parker v. Equity
Advertising Agency, Inc., N.Y.L.J., March 10, 1982, at p. 11
(Sup. Ct. N.Y. Co.) and Bradford v. Olympic Courier Systems,
Inc., slip op. (Sup. Ct. Kings Co., March 26, 1997) to the same

4

effect as <u>Hauptman</u>.  In <u>Hauptman</u>, the New York Supreme Court,
Special Term, denied class certification despite the plaintiffs'
offer to sever the Labor Law and Section 198(1-a) liquidated
damages claims.  The court opined that the class representatives
could not be considered to fairly and adequately protect the
interests of the class as required by CPLR 901(a) where they
required the class members to waive their claim to liquidated
damages.  However, as noted in <u>Woods v. Champion Courier, Inc.</u>,
N.Y.L.J., Oct. 9, 1998, p.25 (Sup. Ct. N.Y. Co.), the rationale
of <u>Hauptman</u> and the decisions of the lower courts which it cites[2]
has been criticized as "strained" in 3 Jack B. Weinstein et al.,
<u>New York Civil Practice</u> § 901.22 (Matthew Bender 2000) and
rejected in later cases because it does not address the impact of
a class member's ability to preserve the liquidated damages claim
by opting out of the class action.

Those later cases referred to in <u>Woods</u>, decisions of the New
York Appellate Division arising under New York General Business
Law, squarely address that impact and hold that the class
representatives' waiver of claims for liquidated damages should
not be considered to affect their ability to fairly and
adequately represent the class where the class members have the

_____

[2]    <u>Blumenthal v. American Soc. of Travel Agents</u>, 1977 WL
18392 (Sup. Ct. N.Y. Co., July 5, 1977); <u>Russo & Dubin v. Allied
Maintenance Corp.</u>, 95 Misc.2d 344 (Sup. Ct. N.Y. Co. 1978); and
<u>Ferentino v. Mobil Oil Corp.</u>, N.Y.L.J., July 2, 1979, p. 14 (Sup.
Ct. Queens Co.).

5

ability to preserve their claims for liquidated damages by opting out of the class.  See <u>Weinberg v. Hertz Corp.</u>, 116 A.D.2d 1, 6 (1st Dept. 1986); <u>Super Glue Corp. v. Avis Rent A Car Sys., Inc.</u> 132 A.D.2d 604, 606 (2d Dept. 1987); <u>see also</u> <u>Ridge Meadows Homeowners' Assoc. v. Tara Development Co.</u>, 242 A.D.2d 947 (4th Dept. 1997) (same).[3]

The case of <u>Foster v. Food Emporium</u>, 2000 WL 1727858 (S.D.N.Y. 2000) cited by the defendants, which is not officially reported, is erroneous to the extent that it endorses the long discredited proposition that class representatives who seek to waive claims for liquidated damages cannot fairly and adequately represent the class.  <u>Foster</u> incorrectly cites and relies on <u>Woods</u> as authority for that proposition whereas, as discussed above, the <u>Woods</u> court expressly noted that the proposition had been criticized and rejected by later cases, and declined to base its decision thereon.  Thus, <u>Foster</u> does **not** correctly reflect New York law in this regard, and should not be followed by this

---

[3]    The <u>Carter</u>, <u>Caruso</u>, <u>Ballard</u>, <u>and Dornberger</u> cases cited by the defendants are not on point because in those cases the plaintiffs sought to recover the additional liquidated damages of Section 198(1-a).  Those cases thus stand merely for the proposition that a class action may not be maintained where the action seeks to recover Section 198(1-a) liquidated damages, a proposition which is not disputed by any party in this case. <u>Carter v. Frito-Lay, Inc.</u>, 52 N.Y.2d 994 (1981); <u>Ballard v. Community Home Care Referral Service, Inc.</u>, 264 A.D.2d 747 (2d Dept. 1999); <u>Caruso v. Allnet Communication Services, Inc.</u>, 242 A.D.2d 484 (1st Dept. 1997); <u>Dornberger v. Metropolitan Life Ins. Co.</u>, 182 F.R.D. 72 (S.D.N.Y. 1999).

Court.  Rather, as demonstrated above, the Court should follow the highest New York state court to have spoken on the issue, Pesantez, and the only officially-reported federal decision on point, Brzychnalski, and certify the class to the extent the class members can preserve their right to Section 198(1-a) liquidated damages by opting out of the class.

The Court should also reject the alternative basis which the defendants propose for denying class certification.  That basis was raised, apparently for the first time in the context of a Section 198(1-a) liquidated damages claim, in Woods v. Champion Courier, Inc., N.Y.L.J., Oct. 9, 1998, p.25 (Sup. Ct. N.Y. Co.) a decision of a lower New York court which is not reported in the official reports.  Observing that the rationale articulated in Hauptman had been discredited, the court in Woods sought to articulate another basis for denying class certification.  It noted the existence of an alternative enforcement mechanism which empowers the New York Commissioner of Labor to obtain Section 198(1-a) liquidated damages in an action which he is authorized to file under New York Labor Law § 196(1)(b) on behalf of employees who assign their wage claims to him.  The court opined that the ability of the Commissioner to obtain liquidated damages made such an action a superior remedy to a class action where liquidated damages were waived, and it declined to certify the class because the plaintiffs had not shown that they had sought

7

help from the Commissioner or that there would be any impediment to such a suit.

The reasoning in <u>Woods</u> is flawed. The Commissioner's power to sue on behalf of an employee under New York Labor Law § 196 is contingent on the employee's assignment of the wage claim. The Commissioner's power to take assignments of wage claims is expressly made discretionary under the statute: "Nothing in this section shall be construed as requiring the Commissioner in every instance . . . to take assignments of wage claims . . . but he shall be deemed vested with discretion in such matters." New York Labor Law § 196(2). Similarly, the power of the Commissioner to file an action under Section 196(1)(b) on an employee's behalf is also discretionary (the Commissioner "may sue employer on wage claims."). Employees thus have no right to require the Commissioner to take assignments of their claims or to require him to sue employers on their behalf. Finally, no action has been filed by the Commissioner under Section 196 in the last fifteen years. <u>See</u> Tracy Declaration ¶ 3. Thus, a Section 196 action by the Commissioner is not a remedy that is superior to a class action because it is not available to employees as a matter of right nor is it available to them as a matter of practice, and the decision in <u>Woods</u> is in error to the extent it holds to the contrary.

Likewise, there is no statute which permits employees to

require the Attorney General to file actions against employers on their Labor Law claims. Thus, the remedy of an action by the Attorney General is not one that is or was available as a matter of right to the potential class members in this case. Nor does the Attorney General consider the single action which he has filed,[4] for wage violations at one supermarket of defendant Food Emporium, to be a superior remedy for the potential class members it covers because, in his opinion, the damages of the workers at that supermarket are adequately provided for by their inclusion in the offer of judgment of three million dollars by Food Emporium in this action, an offer which is contingent on class certification. Should the class be certified and the offer of judgment become effective, the Attorney General will not prosecute that action further against Food Emporium.

Moreover, even if the Commissioner of Labor or the Attorney General were to file additional actions, such future actions would not provide a superior remedy because under Labor Law § 198's six-year limitation period, the actions would cover underpayments back to March 1995 at the earliest, whereas if the class is certified in this action, underpayments can be recovered back to January 1994, more than one additional year, because the

---

[4]    Defendant Duane Reade is in error when it states that the action filed by the Attorney General was filed on behalf of the Commissioner of Labor. See Tracy Declaration ¶ 3; Duane Reade's Memorandum of Law, 41 at n. 26.

9

action was filed in January 2000.  Thus, any arguments that an

action by the Commissioner of Labor or the Attorney General may

be a superior remedy are in error, and should be rejected by this

Court.

Finally, with regard to the certification of the class under

Federal Rule of Civil Procedure 23(b)(2), the Attorney General's

ongoing investigation has revealed no evidence of current

compliance with the New York Minimum Wage Act for delivery men

working in the stores of defendant Gristede's.  See Hughes

Declaration ¶ 3.  Even if the defendants had voluntarily brought

themselves into compliance with the New York Minimum Wage Act as

a result of this action, prospective injunctive relief would be

appropriate nonetheless in order to ensure that the defendants

remain in compliance with the law in the future.  See, e.g., City

of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982)

(voluntary cessation of challenged practice does not deprive

federal court of power to determine legality of practice for the

purpose of deciding whether court should enjoin renewal of

practice); I. Appel Corp. v. Munsingwear, Inc., 646 F.Supp. 685

(S.D.N.Y. 1986) (same).  Accordingly, defendant Gristede's

argument that injunctive relief is unnecessary as moot has no

merit.

10

POINT II

DEFENDANT DUANE READE USES THE WRONG TEST
FOR DETERMINING JOINT EMPLOYER LIABILITY

Defendant Duane Reade incorrectly asserts that the test for determining the existence of a joint employment relationship for the purpose of the New York Minimum Wage Act is the common law master and servant test, with its emphasis on control. See Duane Reade's Memorandum of Law, 20-22. Duane Reade's assertion is incorrect because employment is more broadly defined under the Act than at common law. Control is not a determining factor under the Act. Rather, it is one of several factors in an inquiry that is focused on the economic reality of the relationship.

"The [New York] Minimum Wage Act constitutes remedial legislation designed to relieve the financial hardship experienced by persons employed in occupations 'at wages insufficient to provide adequate maintenance for themselves and their families' (Labor Law § 650). As such, it is to be liberally construed so as to permit as many individuals as possible to take advantage of the benefits it offers." In re Settlement Home Care, Inc., 151 A.D.2d 580, 581 (2d Dept. 1989); Archie v. Grand Central Partnership, Inc., 997 F.Supp. 504, 535 (S.D.N.Y. 1998).

New York Labor Law § 651(3) defines the term "employee" in

11

the New York Minimum Wage Act as follows: "'Employee' includes any individual employed or permitted to work by an employer in any occupation" with exceptions not relevant here.  New York Labor Law § 2(7) defines the term "employed" for the purpose of the New York Minimum Wage Act as follows: "'Employed' includes permitted or suffered to work."  The New York Minimum Wage Act defines employment in the same way as the federal Fair Labor Standards Act (FLSA), which defines the term "employ" to mean "to suffer or permit to work."  29 U.S.C. § 203(g).  The Supreme Court in <u>Nationwide Mutual Ins. Co. v. Darden</u>, 503 U.S. 318, 326 (1992) observed that the FLSA's definition of employment was "expansive" and "striking in its breadth" and "stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles."  "In determining who are 'employees' under the [FLSA], common law employee categories or employer-employee classifications under other statutes are not of controlling significance.  (Citation.)  This Act contains its own definitions, comprehensive enough to require its application to many persons and working relationships, which prior to this Act, were not deemed to fall within an employer-employee category."  <u>Walling v. Portland Terminal Co.</u>, 330 U.S. 148, 150-151 (1947).

In determining whether an employment relationship exists for purposes of the FLSA, courts apply the "economic reality" test

which is aimed at an assessment of the economic dependence of the workers on the employer.  See, e.g., Brock v. Superior Care, Inc., 840 F.2d 1054, 1058 (2d Cir. 1988).  "[T]he test is based on a totality of the circumstances.  (Citation.)  The ultimate concern is whether, as a matter of economic reality, the workers depend on someone else's business for the opportunity to render service or are in business for themselves."  Id. at 1059.  See also Liu v. Donna Karan International, Inc., 2000 U.S. Dist. Lexis 18847 (S.D.N.Y 2000) (economic reality test applicable to determine existence of joint employment also).

The Supreme Court's analysis of the definition of employment in the FLSA and the economic reality test are equally applicable to the New York Minimum Wage Act with its identical broad definition of employment.  See Lopez v. Silverman, 14 F.Supp.2d 405, 411 at n.4 (S.D.N.Y 1998) (court applied FLSA standard to determine existence of employment and joint employment under New York Minimum Wage Act because, inter alia, the "New York Labor Law defines "employee" in the same broad manner as does the FLSA"); see also Commissioner of State Insurance Fund v. Lindenhurst Green & White Corp., 101 A.D.2d 730, 731 (1st Dept. 1984) (in workers' compensation case, court stated "common-law tests and technical concepts do not control with regard to social legislation, so that an individual may be an independent contractor for the purposes of imposing vicarious liability, say,

13

in tort, and an employee for purposes of a particular social legislation.") This conclusion is consistent with court decisions under other provisions of the New York Labor Law to which the same broad definition of employment applies. Thus, for example, in People v. Sheffield Farms, 225 N.Y. 25 (1918) the court held that a milk company violated then Labor Law § 162, which provided at the time that no child under the age of fourteen years shall be employed or permitted to work in or in connection with any mercantile or other business, even though the child was hired and paid by a driver against the company's order and was not given instructions or orders by the company or controlled by the company in any way, where the functions performed by the child were of direct benefit to the company.

Under the broader economic reality test, it is not necessary to make an individualized assessment of the level of control exercised by each defendant over each class member, contrary to defendant Duane Reade's argument. See Duane Reade's Memorandum of Law, 20. Rather, the dependence of the class on the defendants' businesses for the opportunity to provide service can be established through the testimony of representative workers regarding conditions in the workplace that are common to class members at the various stores.

The decision in Albany College of Pharmacy v. Ross, 94 Misc.2d 389 (Sup. Ct. Alb. Co. 1978) cited by defendant Duane

14

Reade is erroneous because the court applied the wrong test, the common law master and servant test, to determine whether the plaintiff was an employee under the New York Minimum Wage Act. The Ross court failed to recognize that the definition of employment under the New York statute is broader than at common law, and that the common law master and servant test is not determinative of the statute's coverage. Ross's reliance on Pelow v. Sork Enterprises, 39 A.D.2d 494 (3d Dept. 1972) — which applied the common law test to determine coverage for workers' compensation purposes — is misplaced because the workers' compensation law does not contain the minimum wage statute's broad definition of employment. See New York Workers' Compensation Law § 2(3) ("employment" not defined to include permitting or suffering to work). Nor does the case of Archie v. Grand Central Partnership, Inc., 997 F.Supp. 504 (S.D.N.Y. 1998) stand as authority for the proposition that the New York Minimum Wage Act's coverage is exclusively determined by the common law master and servant test. In Archie, the court found coverage under the New York statute because the relationship fell within the narrow common law master and servant definition, but the court did not hold that relationships falling outside the common law definition are excluded from coverage.

15

CONCLUSION

For all the foregoing reasons, the New York State Attorney General respectfully submits that the waiver of Section 198(1-a) liquidated damages for the class, and the factual inquiry necessary to determine the existence of an employment relationship for the purpose of the New York Minimum Wage Act do not constitute impediments to class certification.

Dated:    New York, New York
          March 23, 2001

                              ELIOT SPITZER
                              Attorney General of the
                               State of New York
                              Amicus Curiae

                    By:   _Mary Hughes_____
                          MARY HUGHES (MH 7313)
                          Assistant Attorney General
                          120 Broadway
                          New York, NY 10271
                          (212) 416-8711

M. PATRICIA SMITH (MPS 1899)
Assistant Attorney General
 In Charge of Labor Bureau

16