**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Tammy Marzigliano (TM 2934)
Cara E. Greene (CG 0722)
Anjana Samant (AS 5163)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

**BRUCKNER BURCH PLLC**
Richard J. Burch (Texas Bar No. 24001807) (admitted *pro hac vice*)
1415 Louisiana, Suite 2125
Houston, Texas  77002
Telephone:  (713) 877-8788

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SIRI DIAZ, CAROLYN SIEGEL, TALIA BUMB, BLERTA VIKKI, DANIELLE OWIMRIN, SUSAN LEVIN, on behalf of themselves and all others similarly situated,<br><br>**Plaintiffs,**<br><br>-against-<br><br>SCORES HOLDING COMPANY, INC.; GO WEST ENTERTAINMENT, INC. a/k/a SCORES WEST SIDE; and SCORES ENTERTAINMENT, INC., a/k/a SCORES EAST SIDE.; ENTERTAINMENT MANAGEMENT SERVICES, INC.; and 333 EAST 60th STREET, INC. a/k/a SCORES EAST SIDE.<br><br>**Defendants.** | No. 07 Civ. 8718 (RMB) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' RULE 56.1 STATEMENT**

Pursuant to Local Civil Rule 56.1, Plaintiffs submit this opposition to Defendants' statement of material and undisputed facts.

1. Plaintiffs lack sufficient knowledge to admit or deny whether Scores Holding is a publically-traded Utah corporation that owns the "Scores" trademarks and related intellectual property, including the trademarks for Diamond Dollars, which function as a system of payment pursuant to the rules of a particular club.  Plaintiffs have not had sufficient discovery to address the assertions in this paragraph.

2. Plaintiffs **admit** that attached as Exhibit A to the Smith Decl. is what purports to be a copy of the Master License Agreement that Scores Holding entered into with Entertainment Management Services (hereinafter "EMS"). Plaintiffs lack sufficient knowledge to admit or deny whether Exhibit A is a true and correct copy of the Master License Agreement that Scores Holding entered into with EMS. Plaintiffs have not had sufficient discovery to address the assertions in this paragraph.

3. Plaintiffs lack sufficient knowledge to admit or deny whether EMS is a New York corporation that is not publicly traded. Plaintiffs have not had sufficient discovery to address the assertions in this paragraph.

4. Plaintiffs **admit** that attached as Exhibit B to the Smith Decl. is what purports to be a copy of the Sublicense Agreement that Entertainment Management Services, Inc. entered into with Go West Entertainment, Inc. Plaintiffs lack sufficient knowledge to admit or deny whether Exhibit B is a true and correct copy of the Sublicense Agreement that EMS entered into with Go West Entertainment, Inc. Plaintiffs have not had sufficient discovery to address the assertions in this paragraph.

5. Plaintiffs **admit** that Go West Entertainment, Inc. (hereinafter "Go West") is the owner and operator of an adult-entertainment night club and restaurant located at 538 West 28th Street in Manhattan. Plaintiffs lack sufficient knowledge as to whether since on or about March 1, 2004, Go West has conducted business under the "Scores" name and is known to the public as "Scores West" or "Scores West Side." Plaintiffs have not had sufficient discovery to address the assertions in this paragraph.

6. Plaintiffs lacks sufficient knowledge to admit or deny whether Scores Entertainment, Inc. (hereinafter "SEI") also had a license to use the "Scores" trademarks and

operated a nightclub on the east side of Manhattan at 333 East 60th Street under the "Scores" name, but the license and operation ended on September 30, 2003 when SEI was required to turn in its liquor license to the New York State Liquor Authority.  Plaintiffs also lack sufficient knowledge to admit or deny whether SEI has not operated any "Scores" club since September 30, 2003.  Plaintiffs have not had sufficient discovery to address the assertions in this paragraph.

       7.      Plaintiffs **admit** that pursuant to the Master License Agreement between Scores Holding and EMS and the Sublicense Agreement, Go West pays a royalty based on a percent of its gross revenue for the privilege of using the "Scores" name at its night club and restaurant and on the sale of commercial merchandise such as tee-shirts, sweatshirts, sweat pants, jackets, baseball hats, key rings, and other similar merchandise.

       8.      Plaintiffs **admit** that the license agreements do not appear to address whether Scores Holding may exercise any control over the terms or conditions for club-level employees or independent contractors.  Plaintiffs **deny** that the license agreements do not otherwise allow Scores Holding to exercise any control over the terms or conditions for club-level employees or independent contractors.  Plaintiffs aver that there is nothing in the license agreements that prohibits Scores Holding from exercising control over the terms or conditions for club-level employees or independent contractors.  Plaintiffs **admit** that the license agreements do not appear to address whether Scores Holding has any say in the payroll practices used at the club level.  Plaintiffs **deny** that the license agreements do not allow Scores Holding to have any say in the payroll practices used at the club level.  Plaintiffs aver that there is nothing in the license agreements that prohibits Scores Holding from having a say in the payroll practices used at the club level.  Plaintiffs **admit** that the only provision of the license agreements relating to the operations of a particular club appears to concern the marketing, advertising and promotional

activities involving the use of the Scores trademarks.  Plaintiffs do not have sufficient knowledge to determine whether this approval requirement is mandated to preserve the value, goodwill and reputation of the Scores trademarks.  Plaintiffs have not had sufficient discovery to address the assertions in this paragraph.

9. Plaintiffs **admit** that pursuant to the license agreements, Go West and other licensees are permitted to use the Diamond Dollars trademarks.  Plaintiffs **admit** that the license agreements do not appear to require any specific financial arrangement concerning the use of Diamond Dollars but lack sufficient knowledge to determine whether this is true.  Plaintiffs lacks sufficient knowledge to admit or deny whether it is up to the individual club to determine its own rules, practices, and financial incentives for the Diamond Dollars used in that particular club for customers, employees, and independent contractors.  Plaintiffs have not had sufficient discovery to address the assertions in this paragraph.

DATED:   New York, New York
         February 22, 2008

　/s/ Justin M. Swartz
**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Tammy Marzigliano (TM 2934)
Cara E. Greene (CG 0722)
Anjana Samant  (AS 5163)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

**BRUCKNER BURCH PLLC**
Richard J. Burch (Texas Bar No. 24001807)
(admitted *pro hac vice*)
1415 Louisiana, Suite 2125
Houston, Texas  77002
Telephone:  (713) 877-8788

**Attorneys for Plaintiffs and the Putative Class**

4