| | |
|---|---|
| **OUTTEN & GOLDEN LLP** | **BRUCKNER BURCH PLLC** |
| Adam T. Klein (AK 3293) | Richard J. Burch (Texas Bar No. |
| Justin M. Swartz (JS 7989) | 24001807) (admitted *pro hac vice*) |
| Tammy Marzigliano (TM 2934) | 1415 Louisiana, Suite 2125 |
| Cara E. Greene (CG 0722) | Houston, Texas  77002 |
| Anjana Samant  (AS 5163) | Telephone:  (713) 877-8788 |
| 3 Park Avenue, 29th Floor | |
| New York, New York 10016 | |
| Telephone:  (212) 245-1000 | |

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIRI DIAZ, CAROLYN SIEGEL, TALIA BUMB, BLERTA VIKKI, DANIELLE OWIMRIN, SUSAN LEVIN, on behalf of themselves and all others similarly situated,<br><br>**Plaintiffs,**<br><br>-against-<br><br>SCORES HOLDING COMPANY, INC.; GO WEST ENTERTAINMENT, INC. a/k/a SCORES WEST SIDE; and SCORES ENTERTAINMENT, INC., a/k/a SCORES EAST SIDE.; ENTERTAINMENT MANAGEMENT SERVICES, INC.; and 333 EAST 60th STREET, INC. a/k/a SCORES EAST SIDE.<br><br>**Defendants.** | **No. 07 Civ. 8718 (RMB)** |

### PLAINTIFFS' STATEMENT OF DISPUTED MATERIAL FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Civil Rule 56.1, Plaintiffs submit their statement of disputed material facts.[1]

1. Scores Holding Company ("SHC"), Go West Entertainment, Inc. ("Scores West Side"), Scores Entertainment, Inc. ("Scores East Side"), Entertainment Management Services, Inc. ("EMS"), and 333 East 60th Street, Inc. ("333") (collectively "Scores" or "Defendants") operate as a single integrated enterprise. (Neilson Tr. 11:22-12:8, 22:2-8, 22:12-14, 31:25-32:5, 35:23-36:4, 37:13-38:3, 39:23-40:2, 41:18-42:7, 42:14-16, 44:2-11, at Ex. 4; Smith Tr. 7:7-16, 13:5-8, 14:6-16:12, 19:23-20:6, 21:6-15, 26:22-27:3, 32:13-33:25, 36:5-9, 36:14-37:25, 47:22-49:14, 63:13-18, 89:3-13, 91:7-22, at Ex. 3; Vikki Tr. 23:2-24:13, 106:14-107:8, at Ex. 11.)[2]

2. There is an interrelation of operations among SCH, Scores West Side, Scores East Side, EMS, and 333. (Neilson Tr. 11:22-12:8, 22:2-8, 31:25-32:5, 39:23-40:2, at Ex. 4; Smith Tr. 7:7-16, 13:5-8, 19:23-20:6, 21:6-15, at Ex. 3.)

3. There is common management among SHC, Scores West Side, Scores East Side, EMS, and 333. (Neilson Tr. 22:12-14, 35:23-36:4, 42:14-16, at Ex. 4.)

4. There is a centralized control of labor relations among SHC, Scores West Side, Scores East Side, and 333. (Neilson Tr. 36:11-13, 43:1-4, 43:14-18 at Ex. 4.)

5. There is common ownership among SHC, Scores West Side, Scores East Side, and 333. (Neilson Tr. 11:22-12:8, 22:2-8, 31:25-32:5, 39:23-40:2, at Ex. 4; Smith Tr. 7:7-16, 13:5-8, 19:23-20:6, 21:6-15, at Ex. 3.)

6. There is an absence of an arm's length relationship among the Defendants. (Smith Tr. 26:22-27:3, 47:22-49:14, 89:3-13, 91:7-22, at Ex. 3.)

---

[1] There are other disputed facts of which Plaintiffs do not yet have evidence. Plaintiffs reserve the right to supplement this Statement. Plaintiffs have not had sufficient discovery to fully respond to Defendants' motion.

[2] All exhibits are attached to the declaration of Tammy Marzigliano.

7.      Richard Goldring ("Goldring") operates and manages EMS, Scores West Side, and 333, and handles the day to day operations of Scores West Side and 333. (Neilson Tr. 22:12-14, 35:23-36:4, 42:14-16, at Ex. 4.)

8.      SHC, by virtue of having the same individual – Richard Goldring – own 46% interest in SHC and co-own and operate Scores West Side, Scores East Side, and EMS, exercises control over the terms and/or conditions of club-level employees or independent contractors. (Neilson Tr. 11:22-12:8, 22:2-8, 22:12-14, 31:25-32:5, 35:23-36:4, 39:23-40:2, 42:14-16, at Ex. 4; Smith Tr. 7:7-16, 13:5-8, 19:23-20:6, 21:6-15, at Ex. 3.)

9.      SHC, by virtue of having the same individual – Richard Goldring – own 46% interest in SHC and co-own and operate Scores West Side, Scores East Side, and EMS, has a say in the payroll practices used at the club level. (Neilson Tr. 11:22-12:8, 22:2-8, 22:12-14, 31:25-32:5, 35:23-36:4, 39:23-40:2, 42:14-16, at Ex. 4; Smith Tr. 7:7-16, 13:5-8, 19:23-20:6, 21:6-15, 84:5-25, at Ex. 3.)

10.     Goldring has participated and continues to participate in the negotiations of licensing agreements between the various Scores entities. (Smith Tr. 26:22-27:3, 89:3-90:15, 91:7-22, at Ex. 3.)

11.     Mr. Goldring signs checks issued by EMS made payable to SHC. Smith Tr. 36:5-9, 63:13-18, at Ex. 3.

12.     SHC's Director and President, John Neilson, participates in the operations of Scores West Side. (Neilson Tr. 37:13-38:3, at Ex. 4.)

13.     Scores West Side, Scores East Side, and 333 have had the same employment policies, practices, and procedures, and use the same employee handbook. (Vikki Tr. 23:2-15, 106:14-107:8, 158:6-18, at Ex. 11; Neilson Tr. 41:18-42:7, at Ex. 4.)

14. Scores West Side, Scores East Side, and 333 have employed many of the same managers and employee personnel. (Vikki Tr. 23:2-24:13, at 11; Neilson Tr. 41:21-42:7, 44:2-11, at Ex. 4.)

15. Each Scores Defendant has had substantial control over Plaintiffs' working conditions, over their compensation, over their work schedules, and over the unlawful polices and practices alleged herein. (Neilson Tr. 22:12-14, 35:23-36:4, 42:14-16, at Ex. 4; Vikki Tr. 23:2-15, 106:14-107:8, 158:6-18, at Ex. 11.)

16. The Scores Defendants share office facilities. (Smith Tr. 14:6-16:12, 32:13-33:25, at Ex. 3.)

17. Defendants have applied the same policies regarding Diamond Dollars, uniform expenses, overtime compensation, minimum wages, deductions from wages, misappropriated tips, and other timekeeping and compensation policies to Plaintiffs and their co-workers at both of Defendants' New York City clubs. (Vikki Tr. 23:2-15, 106:14-107:8, 158:6-18, at Ex. 11.)

18. SHC, Scores West Side, Scores East Side, EMS, 333, and Goldring had the power to hire and fire Plaintiffs and the Class Members. (Neilson Tr. 22:12-14, 35:23-36:4, 42:14-16, 43:2-18 at Ex. 4; Smith Tr. 84:5-25 at Ex. 3.)

19. SHC, Scores West Side, Scores East Side, EMS, 333, and Goldring supervised and controlled Plaintiffs and the Class Members' schedules and conditions of work. (Neilson Tr. 22:12-14, 35:23-36:4, 42:14-16, 43:2-18, at Ex. 4; Smith Tr. 84:5-25, at Ex. 3.)

20. SHC, Scores West Side, Scores East Side, EMS, 333, and Goldring determined the rate and method of payment of Plaintiffs and the Class Members. (Neilson Tr. 22:12-14, 35:23-36:4, 42:14-16, 43:2-18, at Ex. 4; Smith Tr. 84:5-25, at Ex. 3.)

21.     SHC, Scores West Side, Scores East Side, EMS, 333, and Goldring maintained employment records for Plaintiffs and the Class Members.  (Neilson Tr. 22:12-14, 35:23-36:4, 42:14-16, 43:2-18, at Ex. 4; Smith Tr. 84:5-25, at Ex. 3.)

Dated:      New York, New York
            February 22, 2008

                            Respectfully submitted,
                            **OUTTEN & GOLDEN LLP**
                            By:

                             /s/ Justin M. Swartz

                            **OUTTEN & GOLDEN LLP**
                            Adam T. Klein (AK 3293)
                            Justin M. Swartz (JS 7989)
                            Tammy Marzigliano (TM 2934)
                            Cara E. Greene (CG 0722)
                            Anjana Samant  (AS 5163)
                            3 Park Avenue, 29th Floor
                            New York, New York 10016
                            Telephone:  (212) 245-1000

                            **BRUCKNER BURCH PLLC**
                            Richard J. Burch (Texas Bar No. 24001807)
                            (admitted *pro hac vice*)
                            1415 Louisiana, Suite 2125
                            Houston, Texas  77002
                            Telephone:  (713) 877-8788

                            **Attorneys for Plaintiffs and the Putative Class**