

Wayne N. Outten
Anne Golden
Adam T. Klein
Laurence S. M...
Gary Phelan
Kathleen Peratis
Piper Hoffman
Justin M. Swartz
Jack A. Raisner
Wendi S. Lazar

OUTTEN & GOLDEN LLP

*Advocates for Workplace Fairness*

Allegra L. Fishel
Lewis M. Steel
Nantiya Ruan
Deborah L. McKenna
... S. Roupinian
Rachel M. Bien
Cara E. Greene
Carmelyn P. Malalis
Stephanie M. Marnin
Tammy Marzigliano
Ossai Miazad
Rebika C. Moore
Linda A. Neilan
Tara Lai Quinlan
Anjana Samant

**RECEIVED**
MAR 07 2008
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/7/08

*This Court met with counsel + set motion schedule on 12/19/07 + will resolve the motion(s). (No discovery request was made at the time.) Rule limits apply. Discovery is NOT suspended during motion practice + discovery issues have been referred to J. Katz.*

**SO ORDERED:**
Date: 3/7/08        *Richard M. Berman*
cc J. Katz          **Richard M. Berman, U.S.D.J.**

March 6, 2008

**By Hand Delivery**
Honorable Theodore H. Katz
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1660
New York, NY 10007

Re:    *Diaz v. Scores Holding Co.*, No. 07 Civ. 8718 (RMB) (THK)

Dear Judge Katz:

We represent Plaintiffs and the putative class in the above-captioned matter. We write to request that the Court consider the Declaration of Tammy Marzigliano ("Marzigliano Declaration"), filed on February 22, 2008, docket no. 30, as part of Plaintiffs' opposition to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment, ("Defendants' Motion"), filed on February 1, 2008, docket no. 23.[1] For the reasons stated in our opposition papers, we believe that Defendants' Motion is meritless and should be denied in its entirety. If the Court declines to deny Defendants' Motion at this juncture, however, we respectfully request that the Court allow Plaintiffs to take additional discovery to oppose Defendants' Motion.

---

[1] By way of background, Plaintiffs originally moved for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the FLSA ("216(b) Motion"), a non-dispositive motion, on January 18, 2008. Pursuant to Judge Berman's order at the December 17, 2007 pre-motion conference, Defendants' Motion was brought as part of their opposition to the 216(b) Motion. Judge Berman referred all non-dispositive motions and discovery matters to Your Honor on February 25, 2008. (Docket No. 37.) As a result, we understand that, in addition to discovery matters, Your Honor now is taking up both the 216(b) Motion and Defendants' Motion, since they were brought and briefed concurrently. If our understanding is erroneous, we apologize and respectfully refer this letter to Judge Berman, who is copied on this correspondence.

3 Park Avenue, 29th Floor    New York, NY 10016    Tel 212-245-1000    Fax 212-977-4005
4 Landmark Square, Suite 201    Stamford, CT 06901    Tel 203-363-7888    Fax 203-363-0333
og@outtengolden.com    www.outtengolden.com

Honorable Theodore H. Katz
March 6, 2008
Page 2 of 3

As part of Plaintiffs' opposition to Defendants' Motion, Plaintiffs sought additional discovery pursuant to Federal Rules of Civil Procedure ("Rule") 12 and 56. (*See* Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment, in Support Of Plaintiffs' Motion for Discovery Under Federal Rules of Civil Procedure 56(f) and 12(d), and in Further Support of Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the FLSA, ("Plaintiffs' Mem.") at pp. 8-9.) As is required by Rule 56(f), Tammy Marzigliano, counsel for Plaintiffs, submitted a declaration showing that, without additional discovery, Plaintiffs cannot show facts essential to justify its opposition to Defendants' Motion. *See* Rule 56(f); Marzigliano Declaration. Out of an abundance of caution, Plaintiffs also submitted a notice of motion, although not required by Rules 12(d) or 56(f) to do so.

On February 25, 2008, Judge Berman denied Plaintiffs' Motion for Discovery Under Federal Rules of Civil Procedure 56(f) and 12(d), because it was "not in conformity with the Court's briefing schedule (could have and should have been included in response to motion to dismiss)," but Judge Berman did not strike the Marzigliano Declaration. (*See* Docket No. 35.) In fact, both Plaintiff's motion and the Marzigliano Declaration were submitted simultaneously with and as part of Plaintiffs' opposition to Defendants' Motion. (*See* Plaintiffs' Mem. at pp. 8-9.)

Additional discovery under Rule 56(f) is warranted here because Defendants prematurely moved for summary judgment. Discovery is in its infancy and Defendants have been unwilling to provide discovery essential to the very points on which they move. (*See* Marzigliano Declaration 4-26; Plaintiffs' Mem. at p. 9.) In such cases, courts should order additional discovery necessary to oppose summary judgment. *See* Rule 56(f); *Schering Corp. v. Home Ins. Co.*, 712 F.2d 4, 10 (2d Cir. 1983) ("[S]ummary judgment should not be granted while the party opposing judgment timely seeks discovery of potentially favorable information.").

Therefore we respectfully request that the Court consider the Marzigliano Declaration in connection with Plaintiffs' opposition to Defendants' Motion and either deny Defendants' Motion in its entirety or, in the alternative, grant Plaintiffs additional discovery pursuant to Rules 12(d) and 56(f).

Respectfully Submitted,

Tammy Marzigliano

cc:    Honorable Richard M. Berman (via Hand Delivery)
       Jerrold F. Goldberg, Esq. (via email)
       Justin M. Swartz, Esq. (via email)
       Richard J. Burch, Esq. (via email)