UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SIRI DIAZ, CAROLYN SIEGEL, TALIA        :
BUMB, BLERTA VIKKI, DANIELLE            :
OWIMRIN, on behalf of themselves and    :
all others similarly situated,          :
                                        :   Case No. 07 Civ. 8718
                    Plaintiffs,         :   (RMB)(THK)
                                        :
        -against-                       :
                                        :
SCORES HOLDING COMPANY, INC.; GO        :
WEST ENTERTAINMENT, INC. a/k/a          :
SCORES WEST SIDE; and SCORES            :
ENTERTAINMENT, INC., a/k/a SCORES       :
EAST SIDE,                              :
                                        :
                    Defendants.         :
------------------------------------------------------------x

**DEFENDANTS REPLY MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION FOR DISMISSAL
AND/OR SUMMARY JUDGMENT**

Jerrold F. Goldberg, Esq.
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York  10166
(212) 801-9200

*Attorneys for Defendants Scores Holding
Company Inc. and Go West Entertainment,
Inc. a/k/a Scores West Side*

NY 238,715,462v5

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT................................................................................................................................. 2

I. SCORES HOLDING SHOULD BE DISMISSED FROM PLAINTIFFS'
ACTION BECAUSE SCORES HOLDING IS NEITHER A SINGLE
EMPLOYER OR INTEGRATED ENTERPRISE NOR IS IT A JOINT
EMPLOYER WITH THE GO WEST AND EAST SIDE CLUBS ............................... 2

    1. Scores Holding and the Go West and East Side Clubs/Licensees
       Are Not A "Single Employer." ......................................................................... 3

    2. Scores Holding Was Never A "Joint Employer" .............................................. 5

    3. Courts Have Routinely Found That A Licensor Cannot Be Held
       Liable For The Alleged Acts of Its Licensee..................................................... 6

II. THE PLAINTIFFS' NYLL CLASS ACTION CLAIMS MUST BE
DISMISSED AS INHERENTLY INCONSISTENT WITH THE FLSA ...................... 7

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Alberter v. McDonald's Corp,*
  70 F. Supp. 2d 1138 (D. Nev. 1999)..................................................................................6

*Aquilino v. Home Depot U.S.A., Inc.,*
  2006 WL 2023539 (D.N.J. July 18, 2006) .........................................................................8

*Brun v. Caruso,*
  No. 030220J, 2004 WL 2915730 (Mass. Super. Ct. Nov. 5, 2004) ...................................6

*Cameron-Grant v. Maxim Healthcare Servs., Inc.,*
  347 F.3d 1240 (11th Cir. 2003) .........................................................................................9

*Edwards v. City of Long Beach,*
  467 F. Supp. 2d 986 (C.D. Cal. 2006) ...............................................................................9

*Glewwe v. Eastman Kodak Co.,*
  2006 WL 1455476 (W.D.N.Y. May 25, 2006) ..................................................................8

*Harper v. Yale Int'l Ins. Agency Inc.,*
  No. 03 CV 3789, 2004 WL 1080193 (N.D. Ill. May 12, 2004) ........................................9

*Herman v. Blockbuster Entertainment Group,*
  18 F.Supp. 2d 304 (S.D.N.Y. 1998) ..................................................................................3

*Herring v. Hewitt Assocs., Inc.,*
  2006 WL 2347875 (D.N.J. Aug. 11, 2006) .......................................................................8

*Himmelman v. Continental Casualty Co.,*
  2006 WL 2347873 (D.N.J. Aug. 11, 2006) .......................................................................8

*Jackson v. City of San Antonio,*
  220 F.R.D. 55 (W.D. Tex. 2003)........................................................................................9

*Lenoble v. Best Temps, Inc.,*
  352 F. Supp.2d 237 (D. Conn. 2005)........................................................................3, 4, 5, 6

*Letouzel v. Eastman Kodak Co.,*
  2006 WL 1455478 (W.D.N.Y. May 25, 2006) ..................................................................8

*Leuthold v. Destination America,*
  224 F.R.D. 462 (N.D. Cal. 2004) .......................................................................................9

*Luciano v. Eastman Kodak Co.,*
  2006 WL 1455477 (W.D.N.Y. May 25, 2006) ..................................................................8

*McClain v. Leona's Pizzeria, Inc.,*
  222 F.R.D. 574 (N.D. Ill. 2004) ...................................................................................9

*Moeck v. Gray Supply Corp.,*
  No. 03 CV 1950, 2006 WL 42368 (D.N.J. Jan. 6, 2006) ............................................8

*Muecke v. A-Reliable Auto Parts & Wreckers, Inc.,*
  No. 01 CV 2361, 2002 WL 1359411 (N.D. Ill. June 21, 2002) ..................................9

*Murray v. Miner,*
  74 F. 3d 402 (2nd Cir. 1996) .......................................................................................3

*Otto v. Pocono Health Sys.,*
  457 F. Supp. 2d 522 (M.D. Pa. 2006)..........................................................................8

*Rodriquez v. The Texan, Inc.,*
  No. 01 CV 1478, 2001 WL 1829490 (N.D. Ill. Mar. 7, 2001) ....................................9

*Woodard v. FedEx Freight East, Inc.,*
  No. 3:cv-06-1968, 2008 WL 471552 (M.D. Pa. Feb. 19, 2008) .........................7, 8, 9

**Statutes**

29 U.S.C. § 216 ..................................................................................................................9

29 U.S.C. § 251 ..................................................................................................................8

Pub. L. 49..........................................................................................................................9

## **PRELIMINARY STATEMENT**

Defendants submit this reply memorandum of law in support of their motion for dismissal and/or summary judgment. Defendants clearly set forth in their underlying papers certain specific grounds for dismissal, or alternatively for summary judgment dismissing, the first amended complaint (and specified them in detail in their Notice of Motion, dated February 1, 2008, i.e., Rules 12(b)(1), 12(b)(6), 12(b)(7), and 56). The grounds are: (1) Scores Holding Corp. ("Scores Holding") is not a joint employer or in a single integrated enterprise/single employer relationship with the parties which concededly directly employ or engage the putative plaintiffs; (2) the FLSA opt-in collective action is inherently at odds with the Rule 23 class action New York Labor Law ("NYLL") claims; and (3) the first amended complaint failed to state a claim with regard to persons engaged at clubs outside New York, or with regard to persons engaged at the club on the east side of Manhattan (whose operator was not named to the action).[1]

Plaintiffs' opposition not only raises frivolous defenses on procedural issues, incorrectly claiming, for example, that Defendants fail to cite the grounds for their motion under Rule 12, but fail to raise any factual issue precluding the Court from dismissing the action as against Scores Holding. Further, while citing cases in which courts have allowed FLSA and state law claims to proceed simultaneously, and disingenuously characterizing Defendants' assertion as an "imaginary legal doctrine", the Plaintiffs do not demonstrate why this Court should not follow the better reasoned approach adopted by so many federal district courts addressing this same issue.

---

[1] Further, Defendants asserted that conditional certification is not appropriate because Plaintiffs not only failed to identify the employer of the East Side Club, but the existence of common issues that would permit even this early stage certification.

Further, Plaintiffs implicitly acknowledged the paucity of their first amended complaint with regard to the non-New York clubs and the East Side Club, because they have now filed a second amended complaint limiting their claim to the New York clubs (*see* Second Amended Complaint, ¶¶ 94 and 104), and by finally naming the current operator of the East Side Club. Thus, insofar at the motion seeks dismissal as to the non-New York clubs and employees, it is now moot. However, as to the East Side Club, since that operator has not been served, the motion is not moot.[2]

### ARGUMENT

#### I. SCORES HOLDING SHOULD BE DISMISSED FROM PLAINTIFFS' ACTION BECAUSE SCORES HOLDING IS NEITHER A SINGLE EMPLOYER OR INTEGRATED ENTERPRISE NOR IS IT A JOINT EMPLOYER WITH THE GO WEST AND EAST SIDE CLUBS

Contrary to Plaintiffs' contentions, Plaintiffs' claims against Scores Holding fail as a matter of law because Plaintiffs were not employed by Scores Holding, but by Go West or by the operator of the East Side Club, and Scores Holding has no involvement in the personnel functions or other operations of the Go West or East Side clubs. In short, no liability can be imputed to Scores Holding, and the complaint must be dismissed as against that entity.

Moreover, Plaintiffs' bald assertions that Scores Holding is a joint employer are wholly unavailing. Nor does their claim that the motion is premature hold any water. Plaintiffs took two (2) Rule 30(b)(6) depositions of Scores Holding's representatives, including its only employee and its president, and revealed no information supporting their baseless theory.

---

[2] At the outset, Defendants Go West and Scores Holding acknowledge that the Second Amended Complaint ("SAC") names entities Entertainment Management Services, Inc. and 333 East 60th Street Corp.; however, this reply is only submitted on behalf of Go West and Scores Holding since the SAC has not yet been served upon the other parties. Go West and Scores Holding will refer to the SAC, as it is the operative pleading at the time of drafting this reply.

1. **Scores Holding and the Go West and East Side Clubs/Licensees Are Not A "Single Employer."**

To the extent that Plaintiffs plead a single employer or single enterprise basis to support their claim against Scores Holding, the claim must fail. Under the doctrine of limited liability, a corporation is permitted to organize "so as to isolate liabilities among separate entities." *Murray v. Miner,* 74 F. 3d 402, 404 (2nd Cir. 1996). The law treats the employees of one corporate entity as the employees of a related entity only under extraordinary circumstances. *Id.* Accordingly, corporations are liable for the acts of separate but related corporate entities only under equally extraordinary circumstances. *Id.* An exception to this rule is known as the "single employer" doctrine.

A "single employer" relationship exists only where there is "sufficient indicia of an inter-relationship between the immediate corporate employer and the affiliated corporation to justify the belief on the part of an aggrieved employee that the affiliated corporation is jointly responsible for the acts of the immediate employer." *Herman v. Blockbuster Entertainment Group,* 18 F.Supp. 2d 304, 308 (S.D.N.Y. 1998).

There are four relevant factors in determining whether two separate entities are a single employer: the existence and degree of "(1) interrelated operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership." *Lenoble v. Best Temps, Inc.,* 352 F. Supp.2d 237, 243 (D. Conn. 2005).

In this case, the record does not support a finding of a single employer or single enterprise relationship. First, Scores Holding does not have any degree of interrelated operations with the Licensees. Scores Holding markets and manages its licenses; it does not operate gentlemen's night clubs. Each of the clubs operates with its own separate work force. They also

have separate payrolls, tax returns and identification numbers, bank accounts, accounting records and financial statements. Declaration of John Neilson of March 14, 2008 ("Neilson Decl."), ¶ 5.

Second, there is no common management between Scores Holding and the Go West and East Side clubs. For example, the Scores Holding's representatives deposed by Plaintiffs clearly stated that they do not oversee the operations of the clubs, and neither the principals of the Go West or the East Side clubs, nor their managers or supervisors are executives, officers or employees of Scores Holding. Scores Holding does not exercise control over the daily operations and management of the Go West and East Side clubs, and, as noted further below, does not exercise control over the labor relations or personnel policies at the club level. As is typical in licensing relationships, Scores Holding has reserved the right under the License Agreement to inspect the clubs in order to confirm that the clubs/Licensees are adhering to Scores Holding's standards to protect the high-quality of the "Scores" brand name. However, Scores Holding is contractually obligated not to materially interfere with business being conducted at the Go West or East Side clubs. Neilson Decl., ¶¶ 5, 6. These audit-type actions are simply not sufficient to deem Scores Holding a single employer with its Licensees.

"The third and most important factor, centralized control of labor relations, is found where the entities share policies concerning 'hiring, firing, and training employees, and in developing and implementing personnel policies and procedures." *Lenoble*, 352 F. Supp.2d at 243. Here, Scores Holding does not (and, as mentioned above, contractually cannot) exercise day-to-day supervision over the Go West and East Side clubs' employees. It has never had any involvement whatsoever with the employment of individuals (including Plaintiffs) at the club level. Rather, it is the sole responsibility of Go West and the East Side club to hire, fire, train, evaluate, promote, discipline and pay compensation to and employment taxes for these

individuals, and to set the terms and conditions of their employment and determine, implement, and enforce the personnel policies and practices which apply to them. Scores Holding does not maintain control of or have access to any employee records concerning the Go West and East Side clubs' employees, including time sheets or any records relating to payroll and taxes. Neilson Decl., ¶¶ 5, 6.

Finally, as to common ownership, although Richard Goldring holds a 46% ownership stake in Scores Holdings, and owns one third of the outstanding stock of the Go West and 333 East, this ownership is insufficient to create a single employer from two separate corporations. Clearly Goldring is not a majority owner of the public company, nor a director or officer thereof. Neilson Decl., ¶ 7.

Based upon the above facts, Scores Holding meets none of the criteria that would indicate it is a "single employer" with the Go West and East Side clubs/Licensees. For these reasons, Scores Holding may not be deemed a "single employer" with the Go West or East Side clubs/Licensees.

    2.    **<u>Scores Holding Was Never A "Joint Employer"</u>.**

Under the joint employer analysis, "two separate business entities can be held independently liable for workplace discrimination if both simultaneously exercise control over the same workforce or employee." *Lenoble,* 352 F. Supp.2d at 243. "[I]n a joint employer' relationship, there is no single integrated enterprise. A conclusion that the employers are 'joint' assumes that they are separate legal entities, but that they have merely chosen to handle certain aspects of their employer-employee relationship jointly." *Id..* "Evidence of immediate control over employees is the hallmark of joint employer status." *Id.*

Here, Plaintiffs cannot demonstrate that Scores Holding and the Go West or East Side clubs are joint employers. There is absolutely no evidence of immediate control over employees. As articulated above, Scores Holding has never had any involvement whatsoever with the employment of individuals at the club level; nor does it (and, indeed, contractually cannot) exercise day-to-day supervision over the employees. Thus, there are no material facts to support any contention that Scores Holding was a "joint employer" with the Go West and East Side clubs/Licensees.

### 3. Courts Have Routinely Found That A Licensor Cannot Be Held Liable For The Alleged Acts of Its Licensee.

No doubt, the typical licensor, like Scores Holding, benefits and encourages business growth from licensing its trademarks for use by other entities. The very crux of a licensing relationship centers on the lack of control a licensor has over the labor relations and day-to-day operations of its licensee, i.e., the very criteria that are essential for an entity to be deemed an employer. *See Brun v. Caruso,* No. 030220J, 2004 WL 2915730, at *5 (Mass. Super. Ct. Nov. 5, 2004) ("Generally, a licensor cannot be held liable for the wrongful acts of the licensee....").

Not surprisingly, then, under fact patterns similar to the circumstances here, courts have - time after time - concluded that a licensor cannot be deemed an employer of the employees of its licensee, and, thus, cannot be held liable for the alleged unlawful acts of its licensees or their employees. Thus, the same result should be reached here. *See Lenoble,* 352 F. Supp. 2d at 243-46 (holding licensee not liable for alleged discrimination of licensor because temporary personnel agency was neither a "joint employer" nor "single employer"); *Alberter v. McDonald's Corp,* 70 F. Supp. 2d 1138, 1145 (D. Nev. 1999) (holding McDonald's not liable for discrimination claim brought against licensee because McDonald's Corp. did not control the

day-to-day operations at its licensee's restaurant, there was no "joint employer" or agency relationship with licensee).

## II. THE PLAINTIFFS' NYLL CLASS ACTION CLAIMS MUST BE DISMISSED AS INHERENTLY INCONSISTENT WITH THE FLSA

Plaintiffs state law class action allegations should be dismissed because such a Rule 23 opt-out class action cannot be pursued simultaneously with a collective action under the FLSA. The FLSA requires an employer to affirmatively opt in, or consent, to become a party plaintiff to the action. By contrast, Rule 23, which is inapplicable to the FLSA, but applicable to Plaintiffs' state law claims, includes all putative class members in the action unless those individuals affirmatively opt-out of, or request exclusion from the case. The opt-in and opt-out devices are "inherently incompatible", and to allow Plaintiffs to pursue both in the same proceeding undermines Congress's intent in establishing the opt-out requirement.

Plaintiffs contend that Defendants' "incompatibility argument is an 'imaginary legal doctrine.'" (Pls.' Opp. p. 10.) However, contrary to Plaintiffs' characterization, this "imaginary legal doctrine" was upheld not more than four weeks ago in *Woodard v. FedEx Freight East, Inc.*, No. 3:cv-06-1968, 2008 WL 471552, at *8-12 (M.D. Pa. Feb. 19, 2008), which held that "simultaneous prosecution of Plaintiffs' FLSA collective action and state claims class action will frustrate Congressional intent and circumvent [the FLSA's] opt-in requirement."

The *Woodard* case is instructive. In *Woodard*, the court conducted an extensive analysis of the underpinnings of the law permitting collective actions under the FLSA and concluded that the reasoning of cases "that hold that parallel opt-in FLSA claims and opt-out Rule 23 state wage law claims may not proceed simultaneously in federal court is compelling." The Court stated that to do so would frustrate Congressional purpose for amending the FLSA.

> Rule 23 is the antithesis of § 216(b) [of the FLSA]: Rule 23 assumes an individual is a class member unless he or she affirmatively requests exclusion; § 216(b) assumes the individual is a nonparty unless he or she affirmatively consents to join. These irreconcilable schemes have divergent consequences, such as the size of the respective classes and the binding effect of judgments. Moreover, this incompatibility is accentuated where the two schemes are utilized to assert parallel claims. In this regard, a state wage law without an opt-in requirement conflicts with the FLSA by impeding the full accomplishment of congressional objectives. Congress amended § 216(b) to provide that only employees who affirmatively consent in writing may become party plaintiffs to FLSA actions. This requirement ensures that such actions are pursued only by employees who genuinely have an interest in vindicating their FLSA rights. Conversely, the opt-in requirement protects employees-who may have no desire at the present moment to file a lawsuit under the FLSA-from having their FLSA rights adjudicated without their knowledge by purported class representatives whose interests may not be aligned with those whom they purport to represent. These objectives will be defeated if plaintiffs can obtain federal jurisdiction with an FLSA claim and then sidestep § 216(b)'s opt-in requirement by asserting an opt-out class claim under parallel state law that lacks an opt-in requirement. In short, simultaneous prosecution effectively nullifies the PPA amendment to § 216(b). *Cf.* 29 U.S.C. § 251(b)(3) ("It is declared to be the policy of the Congress ... to define and *limit* the jurisdiction of the courts."(emphasis added)). When this happens, a compelling reason exists to decline supplemental jurisdiction.

*Woodard*, 2008 Wl 471552, at *9. *See also Moeck v. Gray Supply Corp.*, No. 03 CV 1950, 2006 WL 42368, at *5 (D.N.J. Jan. 6, 2006) ("allowing Plaintiff Moeck to circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA would undermine Congress's intent to limit these types of claims to collective actions").[3]

---

[3] Numerous other courts have dismissed state law class action claims where the plaintiffs have also asserted an FLSA collective action. *See Aquilino v. Home Depot U.S.A., Inc.*, 2006 WL 2023539, at *3 (D.N.J. July 18, 2006); *Glewwe v. Eastman Kodak Co.*, 2006 WL 1455476, at *4 (W.D.N.Y. May 25, 2006); *Letouzel v. Eastman Kodak Co.*, 2006 WL 1455478, at *4 (W.D.N.Y. May 25, 2006); *Luciano v. Eastman Kodak Co.*, 2006 WL 1455477, at * 5 (W.D.N.Y. May 25,

Finally, although the *Woodard* court acknowledged that "considerations of judicial economy, convenience, and fairness to the litigants" would be served best by retaining jurisdiction over the state claims, the court ultimately held that "[n]evertheless, where as here judicial economy, convenience, and fairness will be achieved only at the expense of an express congressional policy decision in favor of opt-in classes for FLSA actions, such considerations must yield to Congress's preferences." *Woodard*, 2008 WL 471552, at *12.

The cases cited by Plaintiffs fail to analyze this very real conflict that exists between the FLSA opt-in proceeding and the Rule 23 state law class action. None of Plaintiffs' cases take into account the meticulous construction of the FLSA amendment by Congress. There is no question that Congress amended the FLSA in the Portal-to-Portal Act of 1947 specifically to abolish representative actions on behalf of absent parties who have not affirmatively consented to the adjudication of their claims. Pub. L. 49, ch. 52 § 61 Stat. 84, 87 (1947). Congress expressly prohibited a representative action on behalf of anyone else unless and until such other person "gives his consent in writing…and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Yet, Plaintiffs ignore this Congressional purpose.[4]

---

2006); *Himmelman v. Continental Casualty Co.*, 2006 WL 2347873, at *2 (D.N.J. Aug. 11, 2006) *Herring v. Hewitt Assocs., Inc.*, 2006 WL 2347875, at *2 (D.N.J. Aug. 11, 2006); *Otto v. Pocono Health Sys.*, 457 F. Supp. 2d 522, 524 (M.D. Pa. 2006); *Guerrero v. Int'l Bedding Corp.*, Civ. Action No. 4:06-CV-1713 (M.D. Pa. Mar. 26, 2007); *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986, 992 (C.D. Cal. 2006); *Leuthold v. Destination America*, 224 F.R.D. 462, 469 (N.D. Cal. 2004); *McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574, 578 (N.D. Ill. 2004); *Muecke v. A-Reliable Auto Parts & Wreckers, Inc.*, No. 01 CV 2361, 2002 WL 1359411, at *2 (N.D. Ill. June 21, 2002); *Harper v. Yale Int'l Ins. Agency Inc.*, No. 03 CV 3789, 2004 WL 1080193, at *5 (N.D. Ill. May 12, 2004); *Jackson v. City of San Antonio*, 220 F.R.D. 55, 60 (W.D. Tex. 2003); *Rodriquez v. The Texan, Inc.*, No. 01 CV 1478, 2001 WL 1829490, at *2 (N.D. Ill. Mar. 7, 2001).

[4] Moreover, Plaintiffs do not dispute that the absent class members, including dancers (some of whom may not even want to participate in the class given their independent contractor status), who have not consented in writing, will still have their FLSA claims adjudicated by the state law class action for purposes of *res judicata* and *collateral estoppel*. *Cameron-Grant v. Maxim*

Accordingly, this Court should not permit the two irreconcilable schemes, which have diverging consequences, to proceed in one action. Therefore, the Court should dismiss the Rule 23 NYLL class action claims.

## CONCLUSION

Accordingly, for the foregoing reasons, Scores Holding and Go West respectfully request that the Court: (1) grant their motion to dismiss or alternatively for summary judgment dismissing the Amended Second Complaint as to Scores Holding; (2) dismiss Plaintiffs' state class action claims; and (3) deny the Plaintiffs' motion for conditional certification and court authorized notice and, further, grant such other relief as the Court may deem just and warranted.

Dated: New York, New York
       March 14, 2008

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: _____
    Jerrold F. Goldberg (JG-7471)
    200 Park Avenue
    New York, New York 10166
    (212) 801-9200

*Attorneys for Defendants Scores Holding Company Inc. and Go West Entertainment, Inc. a/k/a Scores West Side*

---

*Healthcare Servs., Inc.*, 347 F.3d 1240, 1248 (11th Cir. 2003) ("Thus, the 1947 amendments to the FLSA prohibit what precisely is advanced under Rule 23 -- a representative plaintiff filing an action the potentially may generate liability in favor of uninvolved class members.").