

Wayne N. Outten
Anne Golden
Adam T. Klein
Laurence S. Moy
Gary Phelan
Kathleen Peratis
Piper Hoffman
Justin M. Swartz

Jack A. Raisner
Allegra L. Fishel
Lewis M. Steel
Wendi S. Lazar
Nantiya Ruan
Deborah L. McKenna
René S. Roupinian
Rachel M. Bien
Cara E. Greene
Mark R. Humowiecki
Carmelyn P. Malalis
Stephanie M. Marnin
Tammy Marzigliano
Ossai Miazad
ReNika C. Moore
Linda A. Neilan
Tara Lai Quinlan
Anjana Samant

March 18, 2008

**By Hand Delivery**
Honorable Richard M. Berman
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street, Room 650
New York, New York 10007-1312

Re:   <u>Diaz v. Scores Holding Co.</u>, No. 07 Civ. 8718 (RMB) (THK)

Dear Judge Berman:

We represent Plaintiffs and the putative class in the above-captioned matter. We write to request (1) permission to file a motion to pursuant to Rules 12(d) and 56(f) of the Federal Rules of Civil Procedure; (2) permission to file a short sur-reply in further opposition to Defendants' summary judgment motion (docket number 23); and (3) permission to file a motion to strike the declaration of John Neilson (docket number 40).

**Rule 12(d) and 56(f) motion**

On February 1, 2008, at the very beginning of the discovery period, Defendants moved for summary judgment on Plaintiffs' joint employment / integrated enterprise allegations, a fact-intensive issue on which Defendants had not produced a single document, and on which Plaintiffs had already served extensive discovery, which Defendants have almost completely ignored to this day. Pursuant to Your Honor's instructions, Plaintiffs have raised this discovery issue with Magistrate Judge Katz. A copy of the relevant correspondence is enclosed as Exhibit A to this letter.

Honorable Richard M. Berman
March 18, 2008
Page 2 of 3

Plaintiffs have sought time to take discovery on this issue at every opportunity – in their response to Defendants' pre-motion letter (Exhibit B); in correspondence to Defendants requesting that they temporarily withdraw their motion while Plaintiffs take discovery on the issue (Exhibit C); in their brief in opposition to Defendants' motion (docket no. 31, pp. 8-9); and in a cross-motion for relief under Rules 12(d) and 56(f) (docket no. 34), which the Court denied as "not in conformity with the Court's briefing schedule." Now, with their reply brief (docket no. 42), Defendants have submitted further factual evidence that Plaintiffs have not had an opportunity to rebut.

Plaintiffs demonstrate in their opposition brief (pp. 7-8), that there are material issues of fact that preclude summary judgment in Defendants' favor. But if the Court disagrees, it would be unfair for the Court to decide the motion in Defendants' favor while Defendants continue to hide evidence that Plaintiffs need to adequately respond. *See Schering Corp. v. Home Ins. Co.*, 712 F.2d 4, 10 (2d Cir. 1983) ("[S]ummary judgment should not be granted while the party opposing judgment timely seeks discovery of potentially favorable information."). Therefore, Plaintiffs respectfully request permission to file a motion under Rules 12(d) and 56(f) to deny or continue Defendants' summary judgment motion to enable Plaintiffs time to obtain affidavits, take depositions, and to undertake other discovery and to give Plaintiffs a reasonable opportunity to present all the material that is pertinent to the motion.

**Sur-reply**

Plaintiffs request permission to file a 3 page sur-reply to address an argument that Defendants raise for the first time in their reply brief – that Plaintiffs' class claims should be dismissed because they may have a preclusive effect on individuals' FLSA claims, (Def. Mem. p. 9 n.4.), which was squarely rejected by the most recent opinion addressing the issue. *See, Guzman v. VLM*, No. 07-CV-1126, 2008 U.S. Dist. LEXIS 15821, at n.12 (S.D.N.Y. March 2,

Honorable Richard M. Berman
March 18, 2008
Page 3 of 3

2008) ("I fail to grasp the significance of the defendants' claim that principles of *res judicata* could lead an absent Rule 23 class member's FLSA claim to be finally resolved even though the plaintiff fails to opt in to the FLSA collective action.").

**Motion to strike**

Plaintiffs request permission to file a motion to strike the declaration of John Neilson because Defendants impermissibly attempt to bolster the record on reply by introducing new evidence that they should have raised as part of their moving papers. Defendants had every opportunity to present this declaration the first time around. Plaintiffs put Defendants on notice of their joint employment and integrated enterprise theories in their First Amended Complaint. (Exhibit D, ¶¶ 31). Defendants have no excuse for waiting until now to raise these purported facts to which Plaintiffs have no opportunity to respond. *See Viero v. Bufano*, 925 F. Supp. 1374, 1379-80 (N.D. Ill. 1996) (accepting such evidence would thwart the goal of avoiding "[t]rial by ambush"); *Lundy v. Am. Cyanamid Co.*, 1998 U.S. Dist. LEXIS 23555, at *4 (S.D. Ohio Jan. 22, 1998).

\*   \*   \*

For the foregoing reasons, Plaintiffs respectfully request permission to file (1) a motion pursuant to Rules 12(d) and 56(f) of the Federal Rules of Civil Procedure; (2) a three page sur-reply in further opposition to Defendants summary judgment motion (docket number 23); and (3) a motion to strike the declaration of John Neilson.

Respectfully Submitted,

Justin M. Swartz

enclosures
cc:   Hon. Theodore H. Katz (by Hand Delivery)
      Jerrold F. Goldberg, Esq. (by Email)
      Richard J. Burch

> Motions [18 + 23] are respectfully denied as moot in light of counsels' charges + countercharges (which also appear unnecessarily litigious). Conference on 3/21/08 devoted to revised new schedule, at 9:00 AM
>
> SO ORDERED:
> Date: 3/19/08
> Richard M. Berman, U.S.D.J.