# Greenberg Traurig

Jerrold Goldberg
212.801.9209
goldbergj@gtlaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/25/08



March 24, 2008

**VIA OVERNIGHT MAIL**

Honorable Richard M. Berman
United States District Judge
United States Courthouse
500 Pearl Street, Room 650
New York, New York 10007-1581

**MEMO ENDORSED**
**p4**

    Re:    Diaz et al. v. Scores Holding Co., Inc. et al.
             **Case No. 07 Civ. 8718 (S.D.N.Y. Judge Berman)**

Dear Judge Berman:

    Pursuant to your direction at the conference on Friday, March 21, 2008, this is to provide the status of the discovery and motion issues as a result of the conferences held today before Magistrate Judge Katz and on Friday before your Honor. As a result of today's conference, two deadline dates were set: June 30, 2008 for the completion of document discovery pursuant to the outstanding requests, and September 12, 2008 for completion of all discovery. At the conclusion of the conference, the parties suggested, and Magistrate Judge Katz agreed, to allow the parties to work out the specific dates for the motions and particular items of discovery. The parties will write to Magistrate Judge Katz with proposals for the interim discovery dates.

    The parties were not able to agree on a briefing schedule for their motions and set out their respective positions as follows:

**Plaintiffs Position**

    *Motion for Conditional Certification*

    Plaintiffs believe that their anticipated Motion for Conditional Certification and Court-Authorized Notice pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA") should be re-filed on March 28, 2008, with the opposition due on April 4, 2008, and the reply due on April 11, 2008. This motion has already been fully briefed by both parties and will require almost no new research or argument.

    Plaintiffs' motion is urgent. The Fair Labor Standards Act statute of limitations continues to run for any worker who has not filed a written consent to join this case. *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y.1997). The claims of workers who do not even know about this lawsuit have already been diminished by almost four months since

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
CHICAGO
DALLAS
DENVER
FORT LAUDERDALE
LOS ANGELES
MIAMI
NEW JERSEY
NEW YORK
ORANGE COUNTY, CA
ORLANDO
PHILADELPHIA
PHOENIX
SILICON VALLEY
TALLAHASSEE
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
WILMINGTON
ZURICH

Greenberg Traurig, LLP | Attorneys at Law | Met Life Building | 200 Park Avenue | New York, NY 10166 | Tel 212.801.9200 | Fax 212.801.6400    www.gtlaw.com
NY 238,730,101v1

Hon. Richard M. Berman
March 24, 2008
Page 2

Plaintiffs' December 6, 2007 pre-motion letter. In order to prevent their claims from further diminution, Plaintiffs respectfully request that the Court grant Plaintiffs' request for an expedited briefing schedule.[1]

Defendants' claim that the Court should not decide Plaintiffs' motion until they take discovery from all plaintiffs is without merit and without any support in the caselaw. Discovery is not necessary for the Court to issue notice. *See Lynch v. United Servs. Auto Ass'n*, 491 F.Supp.2d 357, 369 (S.D.N.Y. 2007) (extensive discovery is not necessary); *Masson v. Ecolab, Inc.*, No. 04-CV-4488, 2005 WL 2000133, at *14-15 (S.D.N.Y. Aug. 17, 2005) (defendant's stated need for discovery does not bear on the collective action issue); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007) (courts should not wait until after discovery to certify the collective action). At the notice stage, courts typically determine whether plaintiffs and potential opt-ins are "similarly situated" based upon detailed allegations in the complaint and a few employee declarations. The court's initial determination is only a "preliminary" one, which can be, and often is, modified or reversed once discovery is complete, usually on a defendant's motion for decertification.[2] *See Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 105 (S.D.N.Y 2003). "[E]ven where later discovery proves the putative class members to be dissimilarly situated, notice ... prior to full discovery is appropriate as it may further the remedial purpose of the [FLSA]." *Schwed v. General Electric Co.*, 159 F.R.D. 373, 375 (1995).

Per Your Honor's instructions, the parties raised their discovery issues with Magistrate Judge Katz today. Magistrate Judge Katz set a discovery schedule that did not include mandatory dates for Plaintiffs' depositions – just an outside discovery deadline of September 12, 2008. All Plaintiffs will submit to depositions well in advance of the September 12 deadline. However, we respectfully request that the Court reject Defendants' attempt to marry the timing of the Plaintiffs' depositions to the briefing schedule for Plaintiffs' conditional certification motion because they are unrelated and will only cause further delay.

### *Defendants' Motion to Dismiss*

Although Plaintiffs believe that this motion can be re-briefed and fully submitted more quickly, Plaintiffs do not oppose Defendants proposed briefing schedule for their anticipated Motion to Dismiss Plaintiffs' State Law Rule 23 Claims.

### Defendants' Position

Defendants have no objection to plaintiffs' proposed date for filing their Motion for Conditional Certification (we had proposed "on or before April 14, 2008"). Our objection is to the period of time within which Defendants will have to respond. As explained below, we

---

[1] Defendants rejected Plaintiffs' proposal that the parties agree to toll the statute of limitations during the briefing and pendency of this motion.
[2] Defendants have indicated their intention to file a motion to decertify the collective action, if conditional certification is granted, after discovery.

Hon. Richard M. Berman
March 24, 2008
Page 3

would request three weeks from the date of service of the motion to respond. We have no objection to plaintiffs filing their reply papers, if any, one week thereafter, although we find two weeks to reply acceptable as well.

Defendants intend to file their motion to dismiss on the same date that plaintiffs file their motion for Conditional Certification (we had proposed on or before April 14, 2008). We would propose that plaintiffs have three weeks to answer and that defendants have two weeks to reply.

Defendants also propose that the depositions of the three remaining named plaintiffs shall be held prior to the date Defendants' answer to the motion for conditional certification is due.

### *Motion for Conditional Certification*

Although the Magistrate Judge did not specify the dates of the plaintiffs' depositions, we advised Judge Katz that based on the conference on Friday, it was our understanding that those depositions would be scheduled immediately to allow us to include in our opposition papers any evidence that would bear on the issue of "common policies or practices" which are central to the conditional certification motion. It is our understanding that plaintiffs' counsel agreed to expedite the scheduling of those depositions and still intends to do so. However, by suggesting that our answer to their motion be due in 11 days from now, he now completely obfuscates what we thought the purpose of expediting the depositions to be. We are not seeking either extensive discovery or a significant delay once the depositions are taken; indeed, we anticipate both preparing answering papers and taking the depositions in a three week window, hardly a significant delay. While plaintiffs have a minimal threshold, it is a threshold, and if the depositions render that threshold unmet, and the Court denies the motion, a significant savings in the parties' and the Court's time and energy will have been accomplished. Therefore, we would request that the briefing schedule on the conditional certification motion adhere to the timing we have proposed.

### *Defendants' Motion to Dismiss*

Based on the conference held on Friday, defendants will refile the motion to dismiss only with regard to the State law claims/Rule 23 class action, holding in abeyance the motion with regards to Scores Holding. However, we have proposed and would urge that the schedule on that motion adhere to the schedule on the motion for conditional certification.

Respectfully,

Jerrold Goldberg

cc: Justin M. Swartz, Esq.

> Pl's motion for cond'l certification to be
> served + filed by 3/28/08; dft's response
> + combined motion to dismiss to be served
> + filed by 4/11/08; pl's reply by 4/14/08
> @ noon; dft's surreply by 4/17/08 @ 5:00.
> Page limits apply.* Dfts to depose 3 pls
> prior to 4/7/08.
>
> SO ORDERED:
> Date: 3/25/08    Richard M. Berman
>                  Richard M. Berman, U.S.D.J.
>
> *including double spaced; normal font.