# EXHIBIT U

# COURT AUTHORIZED NOTICE

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

## If you were employed by Scores as a Server, Cocktail Server, Bartender, or Dancer between September 17, 2004 and the present, please read this notice.

## A collective action lawsuit may affect your legal rights.

*This is a court authorized notice. This is not a solicitation from a lawyer.*

- Former hourly workers have sued Scores Holding Company, Go West Entertainment, and Scores Entertainment Inc., (together, "Scores"), claiming that Scores failed to pay all wages required by law.

- The lawsuit is proceeding as a collective action on behalf of servers, cocktail servers, bartenders, and dancers who were employed by Scores at any time since [Date to be determined by the Court].

- The Court has not decided who is right and who is wrong. Your legal rights may be affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **ASK TO BE INCLUDED** | If you choose to be included in this collective action, you keep the possibility of getting money or benefits that may come from a trial or a settlement in this lawsuit, but you give up any rights to separately sue Scores about the same legal claims in this lawsuit.<br><br>**If you wish to be included, you must complete the form at the end of this Notice.** |
| **DO NOTHING** | By doing nothing, you will not be included in this collective action. This means that you give up the possibility of getting money or benefits that may come from a trial or settlement in this lawsuit if those bringing the lawsuit are successful. You keep any rights to sue Scores separately about the same legal claims in this lawsuit, but the limitations period on your claim continues to run. You may choose not to sue Scores at all. |

**Questions? Contact Tammy Marzigliano at Outten & Golden LLP at 212-245-1000.**

- Your options are explained in this notice. To ask to be included in the lawsuit, you must act before _____ (insert 60 days from date notice is sent out) _____.

- If money or benefits are obtained from Scores, and you choose to be included in the case, you will be notified about how to ask for a share.

**This notice contains information that affects your rights. Please read it carefully.**

### 1. Why did I get this notice?

You are getting this notice because Scores' records show that you previously worked for Scores as a server, cocktail server, bartender, or dancer. A lawsuit has been brought against Scores claiming that hourly workers, including servers, cocktail servers, bartenders, and dancers, were not paid all the wages required by law. The Court is trying to determine which employees wish to participate in the case. A trial may be necessary to decide whether the claims being made against Scores are correct. The Honorable Richard M. Berman, United States District Court Judge in the Southern District of New York, is overseeing this collective action. The lawsuit is known as *Diaz v. Scores Holding Co., Inc., et al*, 07-cv-08718.

### 2. What is this lawsuit about?

This lawsuit is about whether Scores should have paid servers, cocktail servers, bartenders, and dancers the minimum wage for all hours worked, overtime for each hour worked per workweek in excess of forty, and other wage and hour violations. In addition, the lawsuit claims that it was improper for Scores to pay workers less than the full face value of any "Diamond Dollars" they received from customers as tips and for Scores to require workers to wear uniforms without reimbursing them for purchase or maintenance costs.

### 3. What is a collective action and who is involved?

In a collective action lawsuit, one or more persons who have similar claims can bring a lawsuit that includes others who have similar claims. All servers, cocktail servers, bartenders, and dancers who decide to participate in the case are part of a "Collective" or "Collective Action Members." The former employees who brought this lawsuit – and all of the Collective Action Members – are called the Plaintiffs. The companies that they have sued – Scores – are called the Defendants. One Court resolves the issues for everyone who decides to join the case.

### 4. Why is this lawsuit a Collective Action?

The Court has conditionally authorized this case to proceed as a collective action under § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Specifically, the Court found that the Plaintiffs who filed this lawsuit are "similarly situated" to other servers, cocktail servers, bartenders, and dancers employed by Scores.

**Questions? Contact Tammy Marzigliano at Outten & Golden LLP at 212-245-1000.**

### 5. What is Scores' position?

Scores maintain that their pay practices for the servers, cocktail servers, bartenders, and dancers at all times fairly and lawfully compensated them for all the time they spent working.

### 6. Has the Court decided who is right?

The Court has not decided whether Scores or the Plaintiffs are correct. By establishing the Collective and issuing the Notice, the Court is not suggesting that the Plaintiffs will win or lose the case.

### 7. What are the Plaintiffs asking for?

Plaintiffs are seeking to change Scores' pay practices and policies and to recover unpaid minimum wages, overtime wages, and tips. Plaintiffs also are seeking recovery of attorneys' fees and costs.

### 8. Can I join this lawsuit?

To be eligible to join this lawsuit, you must have been employed by Scores as a server, cocktail server, bartender, or dancer at any time since [Date to be determined by the Court].

### 9. I'm still not sure if I am included.

If you are still not sure whether you are included, you can get free help by calling or writing the lawyers in this case, at the phone number or address listed below.

### 10. What happens if I do nothing at all?

If you choose not to join this lawsuit, you will not be affected by any ruling, judgment or settlement rendered in this case, whether favorable or unfavorable. You will not be entitled to share any amounts recovered by Plaintiffs as part of this lawsuit. You also will be free to independently retain your own counsel and file your own individual lawsuit, subject to any defenses that might be asserted. You should be aware that your federal wage and hour claims are limited by a two or three-year statute of limitations, and delay in joining this action, or proceeding separately, may result in some or all of your claims expiring as a matter of law. If you proceed separately, you may also have to pay your own lawyer.

**Questions? Contact Tammy Marzigliano at Outten & Golden LLP at 212-245-1000.**

### 11. What happens if I join the lawsuit?

If you choose to join this lawsuit, you will be bound by any ruling, settlement or judgment, whether favorable or unfavorable. You will also share in any proceeds from a settlement or judgment favorable to the Collective. By joining this lawsuit, you designate the named Plaintiff(s) as your representative(s), and to the fullest extent possible, to make decisions on your behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, the approval of settlements, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into will be binding on you if you join the lawsuit. While this suit is pending, you may be asked to provide documents or information relating to your employment, or otherwise participate in written and/or oral discovery proceedings and/or in a trial of this matter.

### 12. Can Scores and/or my current employer retaliate against me if I join the lawsuit?

It is a violation of federal law for Scores or any of its related entities to fire, discipline, or in any manner discriminate or retaliate against you for taking part in this case. If you believe that you have been penalized, discriminated against, or disciplined in any way as a result of your receiving this notification, considering whether to join this lawsuit, or actually joining this lawsuit, you may contact Plaintiffs' lawyers or any other lawyers of your choosing.

### 13. How do I ask the Court to include me in the case?

Enclosed is a form called "Consent to Join." **If you choose to join this lawsuit, it is extremely important that you read, sign and promptly return the Consent to Join Form.** An addressed and postage paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Consent to Join Form must be sent to:

**Scores Lawsuit
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016**

The signed Consent to Join form must be postmarked by _____ [60 days from mailing of this Notice]_____. **If your signed Consent to Join Form is not postmarked by [60 days from mailing of the Notice], you will not participate in this lawsuit, you will not share in a monetary recovery, and you will not be bound by any settlement or judgment.**

### 14. Do I have a lawyer in this case?

If you choose to join this lawsuit you will be represented by Adam Klein, Justin M. Swartz, Tammy Marzigliano, and Anjana Samant of Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, NY 10016, www.outtengolden.com.

**Questions? Contact Tammy Marzigliano at Outten & Golden LLP at 212-245-1000.**

### 15. Should I get my own lawyer?

You do not need to hire you own lawyer because Plaintiffs' Counsel will be working on your behalf. But if you want your own lawyer, you may have to pay that lawyer and will have to file your own separate lawsuit.

### 16. How will the lawyers be paid?

The named Plaintiffs have entered into a contingency fee agreement with Plaintiffs' counsel, which means that if you do not win, there will be no attorneys' fees or costs chargeable to you. Under the fee agreement, in the event there is a recovery, Plaintiffs' counsel will receive a percentage of any settlement obtained or money judgment entered in favor of all members of the class. The Court may also be asked to determine the amount of fees. The fees may be part of a settlement obtained or money judgment entered in favor of Plaintiffs, or may be ordered by the Court to be separately paid by Scores, or may be a combination of the two. A copy of the contingency fee agreement executed by the named Plaintiffs may be obtained upon request from Plaintiffs' counsel identified below.

Questions? Contact Tammy Marzigliano at Outten & Golden LLP at 212-245-1000.