# EXHIBIT W

2 of 2 DOCUMENTS

**JOSE ANGLADA, individually and on behalf of others similarly situated, Plaintiffs, - against - LINENS 'N THINGS, INC., Defendant.**

06 Civ. 12901 (CM) (LMS)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*2007 U.S. Dist. LEXIS 39105*

April 26, 2007, Decided
April 26, 2007, Filed

**SUBSEQUENT HISTORY:** Adopted by, Without opinion by *Anglada v. Linens 'n Things, Inc., 2007 U.S. Dist. LEXIS 38918 (S.D.N.Y., May 22, 2007)*

**COUNSEL:** [*1] For Jose Anglada, Individually and on behalf of others similarly situated, Plaintiff: Michael J.D. Sweeney, LEAD ATTORNEY, Law Office of Dan Getman, New Paltz, NY.

For Linen 'N Things, Inc., Defendant: Carrie Beth Hoffman, Ronald Mark Gaswirth, Gardere Wynne Sewell LLP, Dallas, TX; Paul Patrick Rooney, Reed Smith, LLP, Philadelphia, PA.

**JUDGES:** Lisa Margaret Smith, Chief United States Magistrate Judge.

**OPINION BY:** Lisa Margaret Smith

**OPINION**

**REPORT AND RECOMMENDATION**

**TO: THE HONORABLE COLLEEN MCMAHON, UNITED STATES DISTRICT JUDGE**

Plaintiff Jose Anglada (herein, "Plaintiff") commenced the instant action against his former employer Defendant Linens 'N Things, Inc. (herein, "Defendant" or "LNT") pursuant to the Fair Labor Standards Act (herein, "FLSA"), 29 U.S.C. § 1, et seq., and Articles 6 and 19 of the New York Labor Law, and their accompanying regulations, challenging the Defendant's alleged failure to pay premium overtime wages to him, and to those similarly situated to him, for hours worked in excess of forty hours per week. See Docket # 1, Plaintiff's Complaint (herein, "Comp.") at PP20-24. Presently before this Court is the Plaintiff's [*2] motion to certify a conditional national collective action pursuant to *29 U.S.C. § 216(b)* in order to notify those employees who may be similarly situated to the Plaintiff that they may "opt-in" to this action challenging the Defendant's alleged failure to pay overtime wages. See Docket # 9, Notice of Plaintiff's Motion to Conditionally Certify an FLSA Collective Action. [1] In addition, the Plaintiff also moves the Court to direct the Defendant to produce the names and addresses of potential "opt-in" class members to Plaintiff's counsel prior to the issuance of the proposed collective action notice. Id.

  1 Although the Plaintiff's Complaint asserts parallel state law claims for the alleged failure to provide overtime compensation under the provisions of New York Labor Law, the Plaintiff has not moved this Court for the certification of a class of employees under *FED. R. CIV. P. 23*. See, e.g., *Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 370 (S.D.N.Y. 2007)* (analyzing employees' motion to certify a class under *Rule 23(b)(3) of the Federal Rules of Civil Procedure* for alleged violations of New York Labor Law). As such, only the factors for certifying an FLSA collective action, which differ from the *Rule 23* factors the Court would when certifying a class action as to the New York Labor Law claims, will be considered. Id.

[*3] The Defendant opposes the instant applications on the grounds that the Plaintiff has not submitted sufficient indicia that there exist similarly situated employees who would join a collective action if certified, that the Plaintiff has not established the sufficient basis for the certification of a national collective action under the FLSA, and that the Plaintiff does not qualify for the protections of the FLSA because the Plaintiff's former position of employment falls within the FLSA's executive exemption. See Docket # 14, Defendant's Brief in Opposition (herein, "Def's Mem."). The Defendant also opposes the Plaintiff's request for the production of putative class members' names and addresses on the grounds that such production would be unduly burdensome. Id.

For the following reasons, I conclude, and respectfully recommend that Your Honor should conclude, that the Plaintiff's motion to certify a conditional collective action should be granted with the caveat that the conditional collective action class members should be limited to employees who, within three years of the date of the proposed notice being sent, held or currently hold Department Manager or Assistant Store [*4] Manager of Merchandising positions in either of the two store locations where the Plaintiff worked while employed by the Defendant. Additionally, I conclude, and respectfully recommend that Your Honor should conclude, that the Defendant should be directed to produce the names and addresses of any and all putative collective action members to Plaintiff's counsel.

## BACKGROUND

### A. Facts

The following facts are drawn from the Plaintiff's Complaint, his accompanying declaration in support of the certification of a conditional collective action, and the declarations submitted by the Defendant in opposition to such certification.

The Plaintiff served as an employee of Defendant LNT from January 2003 until October 2006. See Docket # 10, Plaintiff's Memorandum in Support of Motion to Conditionally Certify a Collective Action (herein, "Pl's Mem."), Exhibit 2, Declaration of Jose Anglada (herein, "Anglada Decl.") at P1. The Plaintiff worked as a Department Manager from September 2004 until March 2006, and as an Assistant Store Manager of Merchandising from March 2006 until October 2006. See Comp. at P 13. [2] Pursuant to a personnel restructuring plan effective April [*5] 2006, the Defendant changed the job title of the Plaintiff's employment position and created two new positions of employment into which most employees holding the position of Department Manager were transferred. See Roselli Decl. at PP3-4. As dictated by the Defendant's April 2006 personnel restructuring plan, each LNT store currently has two levels of managers: a General Manager, who is the highest ranking manager for a particular store, and an Assistant Store Manager of Merchandising, as well as an Assistant Store Manager of Operations, both of who report to the General Manager. See Roselli Decl. at P3. Below this level, the Defendant employs Group Selling Managers and Sales Associates who are paid on an hourly basis. See id.

 2  The Defendant, however, contends that the position "Department Manager" did not exist "during the time period relevant to the proposed class as defined by Plaintiff Jose Anglada," and that the position of employment the Plaintiff refers to during the pre-April 2006 time period was entitled Merchandising Manager rather than Department Manager. See Docket # 27, Declaration of Susan Roselli (herein, "Roselli Decl.") at P3. Any confusion in nomenclature is best minimized by including both position titles in the FLSA collective action notice.

[*6] The Plaintiff contends that he did not have the authority "to hire or fire other employees" and that his "suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees" were not given weight by the Defendant in either of his employment positions with the Defendant. See Comp. at PP14-15. The Plaintiff maintains that he, along with four other employees who held similar managerial positions of employment with the Defendant, regularly worked more than forty hours per week and were not paid overtime compensation for these hours as required by the FLSA. See Comp. at PP16-17. The Plaintiff avers that he experienced this practice of non-payment of overtime compensation in his position as a Department Manager in two different stores owned and operated by the Defendant. See Anglada Decl. at PP6, 15, 18, 20. The Plaintiff first worked as a Department Manager in the Defendant's Kingston, New York, store from September 2004 until October 2005, and then worked as a Department Manager, and then as an

Assistant Store Manager of Merchandising, in the Defendant's Poughkeepsie, New York, store from October 2005 until October [*7] 2006. See Anglada Decl. at PP2, 3, 5.

In contradistinction to the nature of the Plaintiff's position of employment outlined by the Plaintiff in his own declaration, the Defendant advances a different characterization of the Assistant Store Manager of Merchandising position in a series of declarations submitted by employees who work in various LNT stores across the country. See, e.g., Docket ## 18-26, Declarations of LNT Assistant Store Managers of Merchandising (herein, "Assistant Store Manager Declarations"). These Assistant Store Managers of Merchandising contend that their respective job responsibilities include managerial oversight of other employees, hiring new employees, taking over certain managerial responsibilities when other Assistant Managers are unavailable or not present, and offering suggestions as to whether lower level employees should be terminated from their positions of employment. Id. The Defendant also submits three declarations from District Managers who each oversee between eight and twelve LNT stores nationwide. See Docket ## 15-17, Declarations of LNT District Managers (herein, "District Manager Declarations). In this series of declarations, [*8] the District Managers offer their respective opinions about the roles and functions of Assistant Store Managers of Merchandising and insist that Assistant Store Managers of Merchandising "have significant supervisory authority." See District Manager Declarations at P6.

B. Plaintiff's Proposed Certification of a Collective Action

The Plaintiff seeks this Court's order conditionally certifying an FLSA collective action on a nationwide basis pursuant to 29 U.S.C. § 216(b) for all employees similarly situated to the Plaintiff who did not receive overtime compensation for hours worked in excess of forty hours per week. See Docket # 9, Notice of Motion to Conditionally Certify an FLSA Collective Action. The Plaintiff proposes that the nationwide collective action should be opened to "Department Managers (or employees with the same or substantially similar job duties) and Assistant Store Managers [of] Merchandising (also known as Merchandising Managers) who did not have the authority to hire or fire other employees and whose suggestions or any other change of status of other employees were not given particular weight." See Pl's Mem., Exhibit [*9] 1, Proposed FLSA Collective Action Notice, (herein, "Pl's Proposed Collective Action Notice"). The Plaintiff asserts that this notice should be sent to Department Managers and Assistant Store Managers of Merchandising nationwide who worked for LNT within three years of date of the issuance of the proposed notice because of the willfulness of the Defendant's alleged violation of the FLSA's overtime provisions asserted in the Complaint. Id.

In opposition, the Defendant argues that the Plaintiff has failed to meet the lenient evidentiary standard that the Court uses to assess whether certifying an FLSA collective action under 29 U.S.C. § 216(b) is appropriate. In particular, the Defendant notes that the only declaration in support of certifying the collective action is that of the Plaintiff himself, and that the Plaintiff has not submitted the affidavits or declarations of other employees who have expressed an interest in opting in to the prospective collective action. See Def's Mem. at p. 11-12, 14-15. The Defendant also submits that because individual issues take precedence over more general issues applicable to the proposed class as a whole, certifying [*10] a collective action in this case is improper. See Def's Mem. at pp. 15-16. Specifically, the Defendant argues that the Plaintiff's proposed classification of the collective action itself implies that employees in this position of employment with the Defendant are not similarly situated to one another and that certifying a collective action would be inappropriate because of the absence of commonality among employees in this position of employment in the Defendant's stores. See Def's Mem. at p. 11 ("Anglada's very definition of the class requires an individualized assessment of the actual duties [of the putative class members] performed to determine eligibility."). Finally, the Defendant argues that the grounds for a nationwide certification of the collective action have not been established, and that the names and addresses of potential "opt-in" members should not be provided to Plaintiff's counsel. See Def's Mem. at pp. 17-19.

**DISCUSSION**

A. Standards for Conditionally Certifying an FLSA Collective Action

Despite the absence of a textual directive within 29 U.S.C. § 216(b) empowering district courts with the authority to issue [*11] notice to a prospective class of

member plaintiffs under the FLSA, "it is 'well settled' that district courts have the power to authorize an FLSA plaintiff to send such notice to other potential plaintiffs." *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 91, 95 (S.D.N.Y. 2003) (citations omitted). Courts in this Circuit follow a two-step process when considering whether an FLSA collective action should be certified conditionally. See *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 367 (S.D.N.Y. 2007). At the first step, known as the notice phase, courts utilize a lenient evidentiary standard in assessing whether the Plaintiff has presented sufficient evidence to demonstrate that a prospective class of member plaintiffs is similarly situated to the named Plaintiff. Id.; see also *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997). "[C]ourts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Sbarro*, 982 F. Supp. at 261 (citing [*12] *Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995)). A plaintiff can meet this standard by relying on his or her own pleadings, affidavit, or declaration, and the affidavits or declarations of other prospective class members. See, e.g., *Iglesias-Mendoza*, 239 F.R.D. at 368 (looking to the declarations of the named plaintiffs); *Gjurovich*, 282 F. Supp. 2d at 96 (relying on specific information presented by the plaintiff, including the names and number of potential class members). The Court need not consider the merit of the potential FLSA claim in assessing whether a collective action should be certified. *Sbarro*, 982 F. Supp. at 262. [3]

   3   The second step involved in the FLSA collective action certification process occurs after notice has been sent to the prospective class members and after discovery has been conducted. At the second stage, the Court entertains, upon proper application, a decertification motion by a defendant challenging the propriety of the presence of one or more of the opt-in plaintiffs in the class. See *Iglesias-Mendoza*, 239 F.R.D. at 367.

[*13] B. Plaintiff's Proposed FLSA Collective Action Class Members

Plaintiff moves this Court for an order certifying a conditional nationwide collective action for similarly situated employees who served as "Department Managers (or employees with the same or substantially similar job duties) and Assistant Store Managers [of] Merchandising (also known as Merchandising Managers) who did not have the authority to hire or fire other employees and whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight." See Pl's Proposed Collective Action Notice. The definition of the proposed collective action illustrates the Plaintiff's attempt to distinguish between employees who fall within the FLSA's executive employee exemption, and thus do not qualify for protection under the FLSA, and employees who fall outside of the executive employee exemption, and thus potentially qualify for FLSA protection.

A reading of the Plaintiff's Complaint and accompanying declaration in support of conditionally certifying a collective action leads me to conclude, and respectfully recommend that [*14] Your Honor should conclude, that the Plaintiff has met the lenient evidentiary standard for distributing notice to those employees who are situated similarly to the Plaintiff and who worked in either of the two LNT stores in which the Plaintiff worked during his time of employment with the Defendant. I do conclude, however, that the Plaintiff has not presented sufficient evidence to support sending such notice to a prospective nationwide class of member plaintiffs.

In his Complaint and accompanying declaration, the Plaintiff avers that he, along with four other employees in similar managerial positions, were not compensated for time worked in excess of over forty hours per week. See Comp. at PP17-18; Anglada Decl. at PP6, 15, 18, 20. The Plaintiff declares that he has personal knowledge that he and "other Department and Assistant Store Managers work[ed] [similar] hours," and that neither he nor these similarly situated employees in either the Kingston, New York, or Poughkeepsie, New York, LNT stores were paid overtime compensation for hours worked in excess of forty hours per week. See Anglada Decl. at PP18, 20. These personal declarations referencing similarly situated [*15] employees, a common plan or policy of not paying overtime to this classification of employees, and the specific number of potential employees who may wish to join this suit from either the Kingston, New York, or Poughkeepsie, New York, LNT stores, satisfy the minimal standards for conditionally certifying an FLSA

collective action at this preliminary stage of the proceedings. See *Iglesias-Mendoza, 239 F.R.D. at 368* (plaintiffs' reliance on personal statements as to common plan and policy sufficient to certify conditionally collective action); *Gjurovich, 282 F. Supp. 2d at 96* (plaintiff's declaration enumerating common policy and the number of prospective class members sufficient to certify conditional class); *Sbarro, 982 F. Supp. at 261* (plaintiffs' complaint and supporting affidavits as to common policy affecting class of potential class members "amply satisfied" initial burden).

A reading of the Plaintiff's Complaint and the Plaintiff's declaration, however, leads me to conclude, and respectfully recommend that Your Honor should conclude, that there exists a "total dearth of factual support" for the Plaintiff's urging that a nationwide [*16] collective action should be certified conditionally in this case. The Plaintiff offers no supporting declarations or affidavits from other similarly situated employees who are located at any other LNT store, and avers no personal knowledge of the policies or practices of any LNT store other than the two stores in which he worked. See generally Anglada Decl. The only support offered in support of this broad certification is Plaintiff's counsel's declaration that contains printouts of job descriptions and postings for various LNT stores located across the country. See Docket # 11, Declaration of Michael J.D. Sweeney. These job descriptions and postings, however, do not evince whether prospective employees are in fact similarly situated to the Plaintiff or whether such similarly situated employees would opt-in to this FLSA lawsuit. Job vacancy postings suggest that there is an absence, rather than a presence, of employees who may be interested in opting into this action as they are, by definition, postings of unfilled positions of employment with the Defendant.

In Opposition to certification of a nationwide collective action, the Defendant submits counter declarations from three [*17] District Managers who each attest to the individuality of the management and operation practices of LNT stores nationwide. See District Manager Declarations at P5 (each acknowledging that Assistant Store Managers in their respective stores perform a diversity of managerial and supervisory functions based upon a particular store's volume of sales). The Defendant also offers nine declarations of Assistant Store Managers of Merchandising from a selection of LNT stores nationwide that collectively evince a disparity in the apportionment of job responsibilities among these particular Assistant Store Managers of Merchandising. [4] See generally Assistant Store Managers Declarations (comparing and contrasting job responsibilities). Last, the Defendant iterates that it "is a foremost retailer of home decor and home accessories, operating stores in 47 of the 50 states," and not only implies that it is a large employer with a large number of stores nationwide, but also implies that the Plaintiff's extrapolation as to the nationwide condition of all LNT stores based only upon his personal experience in two LNT stores in New York, without supporting proof, is insufficient to certify a nationwide [*18] collective action. See Def's Mem. at p. 2.

> 4    Although ten Assistant Store Manager of Merchandising declarations were submitted to Chambers in the form of courtesy copies, only nine of the ten declarations were filed with the Clerk's Office and were docketed in this case. See Docket ## 18-26. The tenth declaration, that of Assistant Store Manager of Merchandising Donald Crawford, does not appear in the official record of this case.

Because the Plaintiff's inductive reasoning as to the nationwide condition of Assistant Store Managers of Merchandising in all LNT stores nationwide is not supported by the Plaintiff's personal knowledge or by the affirmation of one or more putatively similar employees, and because the job vacancy postings submitted by the Plaintiff do not evince the existence of similarly situated employees who would likely "opt-in" to the instant FLSA overtime compensation action, I conclude, and respectfully recommend that Your Honor should conclude, that the standard for certifying a nationwide [*19] collective action has not been met in this case. See *Sbarro, 982 F. Supp. at 262* (noting that unsupported assertions by counsel cannot establish FLSA collective action certification) (citing, inter alia, *Haynes v. Singer Co., 696 F.2d 884 (11th Cir. 1983)*).

C. Application of the FLSA's Executive Employee Exemption

In further Opposition to the Plaintiff's motion for conditional certification of an FLSA collective action, the Defendant also argues that the Plaintiff himself is exempt from the overtime compensation provisions of the FLSA, and that by extension, he should not be able to move for the certification of the instant collective action. See Def's Mem. at pp.11-12. In support of these contentions, the

Defendant submits the declaration of Susan Roselli, Executive Director of Human Resources and Operations for the Defendant, which contains copies of documents bearing the Plaintiff's signature that the Defendant argues supports its position that the Plaintiff falls within the executive employee exemption of the FLSA and its accompanying regulations. See *29 U.S.C. § 213(a)(1)*; *29 C.F.R. § 541.100(a)(1)-(4)*. [*20]

These arguments, rather than addressing the propriety of the proposed class of similarly situated employees, question the underlying merits of the instant action. "Once the Plaintiff makes a colorable claim for relief, the only inquiry necessary is whether the potential plaintiffs to be notified are similarly situated to the named plaintiff: '[T]he Court need not evaluate the merits of [a plaintiff's] claims in order to determine that a definable group of "similarly situated" plaintiffs' exists." *Gjurovich*, 282 F. Supp. 2d at 96 (quoting *Sbarro*, 982 F. Supp. at 262). Such merits-based arguments are best considered by the Court after discovery has been conducted upon a motion for decertification or for summary judgment. I conclude, and respectfully recommend that Your Honor should conclude, that this is an improper ground on which to base a denial of a motion to certify conditionally an FLSA collective action at this time.

D. Plaintiff's Motion for Production of Contact Information of Similarly Situated Employees, Temporal Scope of Prospective Class, and Proposed Notice

The Plaintiff has made an accompanying motion to compel the [*21] Defendant to produce the names and addressed of individuals who held, or who currently hold, a Department Manager or Assistant Store Manager of Merchandising position with the Defendant within three years of the issuance of the proposed notice of a collective action to Plaintiff's counsel in electronic format. See Pl's Mem. at 10. In support of this application, the Plaintiff notes that its allegation that the Defendant willfully violated the FLSA's overtime compensation provisions opens the temporality of the prospective class of member plaintiffs to three years from the date of the issuance of the proposed notice. See Pl's Mem. at p. 9 (citing *29 U.S.C. § 255(a)*). The Defendant opposes the production of such information on the grounds that it is unduly burdensome because of the way in which the Plaintiff has formulated the class be certified and in light of the breadth of the proposed class of member plaintiffs nationwide. See Def's Mem. at p. 19.

In light of the undersigned's recommendation that a collective action should be certified on a conditional basis only as to the employees in the Defendant's Kingston, New York, and Poughkeepsie, New York, [*22] stores who held or currently hold either of the positions of employment that the Plaintiff held while employed with the Defendant -- which is a much narrower class of prospective member plaintiffs than originally proposed by the Plaintiff -- I conclude, and respectfully recommend that Your Honor should conclude, that the Defendant's objection to the production of the names and addresses of these particular employees in electronic format to Plaintiff's counsel is without merit. Courts within this Circuit routinely grant plaintiffs' motions to compel production of the names and addresses of potentially similarly situated employees who may wish to "opt-in" to a collective action. See, e.g., *Iglesias-Mendoza*, 239 F.R.D. at 369-70; *Gjurovich*, 282 F. Supp. 2d at 100 (citing *Hoffmann-La Roche, Inc., v. Sperling*, 493 U.S. 165, 170, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989); *Realite v. Ark Rest. Corp.*, 7 F. Supp. 2d 303, 309-10 (S.D.N.Y. 1998); *Masson v. Ecolab, Inc.*, 04 Civ. 4488 (MBM), 2005 U.S. Dist. LEXIS 18022, 2005 WL 2000133, at *16 (S.D.N.Y. Aug. 17, 2005).

The Defendant's assertion that the production of such information necessarily incorporates a case-by-case [*23] review on the part of the Defendant to ensure that only the names of the appropriate employees are produced to the Plaintiff is misplaced. The second phase of the collective action process -- that of potential decertification of one or more class members -- is the portion of the process that allows the Defendant to argue why certain collective action class members should be excluded from the class based upon information produced during the course of discovery. See *Gjurovich*, 282 F. Supp. 2d at 96 (emphasizing that the first phase of the certification process is not a merits-based decision, and that parties who opt-in but do not meet the proposed class criteria can be excluded during the decertification process). The Defendant need not, and should not, undertake this evaluation on its own initiative. Id. Additionally, where there has been no substantive discovery as to the appropriate temporal scope of the prospective class of member plaintiffs, and where the Plaintiff has alleged a willful violation of the FLSA, it is prudent to certify a broader class of plaintiffs that can be limited subsequently, if appropriate, during the second

2007 U.S. Dist. LEXIS 39105, *23

Page 7

phase of the collective action [*24] certification process. See *Gjurovich, 282 F. Supp. 2d at 96*; *Masson, 2005 U.S. Dist. LEXIS 18022, [WL] at *15* (noting that the class of member plaintiffs can be limited subsequently to only those employees who meet the two year statute of limitations if there has been no evidence propounded by a plaintiff supporting his or her averment of a defendant's willful FLSA violation).

Finally, the Defendant challenges the substance of the Plaintiff's proposed FLSA collective action notice on several grounds, including a failure to explain that prospective "opt-in" members can elect to participate in the suit without hiring Plaintiff's counsel, the usage of conclusory language as to the allegations in the case, and a failure to enumerate all of the accompanying burdens that a prospective plaintiff may have to endure should they opt-in to this suit, including participation in discovery and appearance for trial in this District. See Def's Mem. at pp. 18-19. The Defendant has offered its own proposed notice of a conditionally certified FLSA collective action. See Docket # 31, Defendant's Notice of FLSA Collective Action Proposed Alternative.

The concerns that the Defendant [*25] raises in Opposition to the Plaintiff's proposed notice appear, in part, to be overstated. In particular, and contrary to the Defendant's assertion, the Plaintiff's proposed notice includes language under the "Effect of Joining This Lawsuit" heading that informs prospective class members of their right to retain their own counsel, and the proposed notice also includes language at the end of the notice section that appears in capital letters and in bold informing prospective class members that the Court takes no position on the merits of the Plaintiff's claims or the Defendant's defenses. See Pl's Proposed Collective Action Notice at pp.3, 4. Additionally, in light of the undersigned's recommendation that the proposed class should be limited to employees who worked or currently work in either the Kingston, New York, or Poughkeepsie, New York, LNT stores within three years of the date of the issuance of the notice, the Defendant's concerns about informing prospective plaintiffs about the burden of traveling to, or to appearing for trial in, this Court is moot.

The undersigned has reviewed both of the proposed FLSA collective action notices and agrees in large part that the Plaintiff's [*26] proposed collective action notice is sufficient, save for some minor changes. [5] Attached to this Report and Recommendation as Exhibit A is a copy of the Plaintiff's proposed FLSA collective action notice with the undersigned's recommended changes for Your Honor's consideration. The undersigned's recommended changes to the Plaintiff's proposed FLSA collective action notice appear in bolded and italicized text.

> 5 I note that there appears to be some subtle disagreement as to the proper statute of limitations in this case. In the Defendant's proposed notice, the Defendant identifies January 19, 2007, as the date on which the Plaintiff commenced suit in this Court and sets this date as the starting date for a two year class of prospective member plaintiffs. See Docket # 31. The Plaintiff, however, filed his Complaint on November 2, 2006, and has argued for the use of a three year time period effective as of the date of the issuance of this collective action notice.
>
> Pursuant to *29 U.S.C. § 256*, an action as to an individual plaintiff who is a member of a collective action pursuant to the FLSA "shall be considered to be commenced . . . (a) on the date when the complaint is filed, if he [or she] is specifically named as a party plaintiff . . . or (b) . . . on the subsequent date on which such written consent [on behalf of the individual] is filed in the court . . . .." The Defendant's usage of the errant January 17, 2007, filing date does not apply to the "opt-in" plaintiffs, and the Plaintiff's usage of the three year date from the issuance of the notice is more in keeping with *§ 256(b)*. Accord *Gjurovich, 282 F. Supp. 2d at 98* (relying on date on which collective action notice was issued). Specific challenges to the timeliness of the claims of certain "opt-in" plaintiffs or the named Plaintiff can be addressed subsequent to the completion of discovery during the second phase of the collective action certification process. See *Masson, 2005 U.S. Dist. LEXIS 18022, [WL] at *15*.

[*27] **CONCLUSION**

For the foregoing reasons, I conclude, and respectfully recommend that Your Honor should conclude, that the Plaintiff's motion to certify conditionally an FLSA collective action should be granted, but that the notice of the proposed collective action should only be sent to employees who held or who

currently hold the position of Department Manager or Assistant Store Manager of Merchandising in the Defendant's Kingston, New York, or Poughkeepsie, New York, stores within three years of the date of the issuance of this proposed FLSA collective action notice. Additionally, I conclude, and respectfully recommend that Your Honor should conclude, that the Defendant should be directed to produce the names and addresses of the employees who held or who currently hold either of these positions of employment in the Kingston, New York, or Poughkeepsie, New York, stores to Plaintiff's counsel in electronic format.

NOTICE

Pursuant to *28 U.S.C. 636(b)(1)*, as amended, and *FED. R. CIV. P. 72(b)*, the parties shall have ten (10) days, plus an additional three (3) days, pursuant to *FED. R. CIV. P. 6(e)* [*28] , or a total of thirteen (13) working days, see *FED. R. CIV. P. 6(a)*, from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Colleen McMahon at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge McMahon.

Dated: April 26, 2007

White Plains, New York

Respectfully Submitted,

Lisa Margaret Smith

Chief United States Magistrate Judge

Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

The Honorable Colleen McMahon, U.S.D.J.

Enclosure: Exhibit A, Proposed FLSA Collective Action Notice with Changes

*Exhibit A*

THIS NOTICE HAS BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN [*29] DISTRICT OF NEW YORK

THIS IS NOT AN ATTORNEY SOLICITATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

JOSE ANGLADA, individually and on behalf of others similarly situated, Plaintiffs, - against - LINENS 'N THINGS, INC., Defendant.

06 Civ. 12901 (CM) (LMS)

FROM: Michael J.D. Sweeney, Esq.

TO: Department Managers (or employees with the same or substantially similar job duties) and Assistant Store Managers for Merchandising (also known as Merchandise Managers) who did not have the authority to hire or fire other employees and whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight *who currently work, or who worked, at the Kingston, New York, or Poughkeepsie, New York, Linens 'N Things stores within three years of the date of this notice.*

NOTICE OF LAWSUIT WITH OPPORTUNITY TO JOIN

The purpose of this legal notice is to inform you that a lawsuit has been filed against LINENS 'N THINGS for unpaid overtime wages, and that you may be eligible to join the lawsuit. You may be able to [*30] join the lawsuit because you are potentially similarly situated to the Plaintiff who initially brought the lawsuit.

This notice advises you on how your rights may be affected by this lawsuit and how you may participate in this lawsuit if you decide that you want to participate in it.

## 1. DESCRIPTION OF THE LAWSUIT

Plaintiff Jose Anglada filed this lawsuit against LINENS 'N THINGS on November 2, 2006. He alleges that LINENS 'N THINGS violated the Federal Fair Labor Standards Act by not paying eligible employees overtime compensation at the rate of time and one-half for all hours worked in excess of 40 hours in a work week. The lawsuit is seeking back pay and liquidated damages (a payment equal to the amount of unpaid wages that may be awarded under certain circumstances under the Federal Fair Labor Standards Act for workers not paid overtime correctly) for eligible employees, as well as costs and attorney's fees. *Defendant LNT denies the Plaintiff's allegations, and denies that it is liable to the Plaintiff for any of the back pay, damages, costs or attorney's fees sought.*

## 2. WHO MAY JOIN THE LAWSUIT

The named plaintiff seeks to sue on behalf of himself [*31] and also on behalf of other employees with whom he is similarly situated. Specifically, the plaintiff seeks to sue on behalf of all current and former Department Managers (or employees with the same or substantially similar job duties) and Assistant Store Managers for Merchandising (also known as Merchandise Managers) who did not have the authority to hire or fire other employees and whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight *who currently work, or who worked, at the Kingston, New York, or Poughkeepsie, New York, Linens and Things stores within three years of the date of this notice.*

## 3. ACTION TO TAKE IF YOU WANT TO PARTICIPATE IN THIS LAWSUIT

If you fit within the definition of the class members described above, you may join this case (that is, you may "opt-in") *either by retaining a lawyer of your own choosing as further described below,* or by completing and mailing the attached "Consent to Sue" form to the plaintiffs' counsel at the following address:

Getman Law Office

9 Paradies Lane

New Paltz, NY 12561

*The form must* [*32] *be sent to plaintiff's counsel in sufficient time to have plaintiff's counsel file it the federal court on or before [insert date that is 60 days from date of notice mailing.] If you fail to return the "Consent to Sue" form to the plaintiff's counsel in time for it to be filed with the federal court on or before the above deadline, you may not be able to participate as a plaintiff in this lawsuit.*

## 4. EFFECT OF JOINING THIS LAWSUIT

If you choose to join in this lawsuit, you will be bound by the Judgment for this lawsuit, whether it is favorable or unfavorable.

The attorneys for the plaintiffs are being paid on a contingency fee basis, which means that if there is no recovery there will be no attorney's fee. If there is a recovery, the attorney for the class will receive a part of any settlement obtained or money judgment entered in favor of all members of the class.

If you sign and return the Consent to Sue form attached to this Notice, you are agreeing to enter an agreement with plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

The Court will retain jurisdiction to determine the reasonableness of any contingency [*33] attorney's fee agreement entered into by the plaintiffs with counsel, and to determine the adequacy of the plaintiffs' counsel.

You may also join this lawsuit by retaining another lawyer of your own choosing. If you do so, your attorney must file an "opt-in" consent form *with the Court on or before [insert date that is 60 days from date of notice mailing].* The address of the Court is: U.S. District Court for the Southern District of New York, U.S. District Court, 300 Quarropas St., White Plains, NY 10601. The Clerk cannot give legal advice about this case.

## 5. ACTION TO TAKE TO STAY OUT OF THE LAWSUIT

If you do not wish to be part of the lawsuit, you do not need to do anything. If you do not join the lawsuit, you will not be part of the lawsuit in any way and will not be bound by or affected by the result of the lawsuit (whether favorable or unfavorable). Your decision not to join this lawsuit will not affect your right to bring a

similar lawsuit on your own at a future time. However, claims under the Fair Labor Standards Act must be brought within 2 years of the date the claim accrues, unless the employer's violation of the law was "willful," in which case [*34] the claim must be brought within 3 years.

### 6. NO RETALIATION PERMITTED

Federal law prohibits the defendant from discharging *you from your position of employment* or in any other manner discriminating against you because you "opt-in" to this case, or *because you* in any other way exercise your rights under the Fair Labor Standards Act.

### 7. YOUR LEGAL REPRESENTATION IF YOU JOIN

*You may choose to join this lawsuit and be represented by an attorney of your own choosing. However,* if you choose to join this lawsuit, and *if you also* agree to be represented by plaintiffs' attorneys, your counsel in this action will be:

Michael J.D. Sweeney, Esq.

Getman Law Office

9 Paradies Lane

New Paltz, NY 12561

(845) 255-9370 (voice) -- (845) 255-8649 (fax)

Website: http://getmanlaw.com

### 8. FURTHER INFORMATION

If you have questions or would like more information about this notice or lawsuit, or if you want to know more about the deadline for filing a Consent to Sue, please contact plaintiffs' attorney at the telephone number and address stated in Paragraph 7 above.

*Dated: , 2007*

THIS NOTICE AND [*35] ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF THE DEFENDANT'S DEFENSES.

### CONSENT TO SUE

I hereby consent to be a plaintiff in the Fair Labor Standards Act case named *Jose Anglada v. Linens 'N Things, Inc., 06-cv-12901* (Judge Colleen McMahon). I hereby consent to the bringing of any claims I may have under the Fair Labor Standards Act (for unpaid overtime, liquidated damages, attorney's fees, costs and other relief) against the defendant. I authorize the Getman Law Office, its successors and assigns, to represent me in this case. *I understand that I may choose, instead, to retain an attorney of my own choosing to represent me, but that if I do so, my attorney must file an "opt-in" consent form with the Court.*

By signing and returning this consent to sue, I certify that I worked for the Defendant as a Department Manager (or a title with the same or substantially similar job duties) and/or an Assistant Store Manager for Merchandising (also known as Merchandise Manager) and in that capacity I did [*36] not have the authority to hire or fire other employees and my suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight, *and that I currently work, or I worked, at the Kingston, New York, or Poughkeepsie, New York, Linens 'N Things stores within three years of the date of the issuance of this notice.*

By signing and returning this consent to sue, I authorize Getman Law Office, their successors and assigns, to represent me in this case. By signing and returning this consent to sue, I understand that, if accepted for representation, I will be represented by the Getman Law Office without prepayment of costs or attorneys' fees. I understand that if plaintiff is successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment. I understand that the attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendant or 1/3 of my gross settlement or judgment amount, whichever is greater.

Dated: [*37]

Signature:

2007 U.S. Dist. LEXIS 39105, *37

Name:                                           Phone:

    Address:                                **Mail this form to: Getman Law Office, 9 Paradies Lane, New Paltz, NY 12561 no later than [60 days from date of notice].**

e-mail: