# EXHIBIT X

LEXSEE


Cited
As of: Jan 18, 2008

JOHN BURSELL., et al., Plaintiffs, v. TOMMY'S SEAFOOD STEAKHOUSE, et al., Defendants.

CIVIL ACTION NO. H-06-0386

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

2006 U.S. Dist. LEXIS 80526

November 3, 2006, Decided
November 3, 2006, Filed

**CORE TERMS:** tip, notice, servers, collective action, similarly situated, breakage, tipped, class action, gross sales, conditionally, customarily, discovery, regularly, class members, minimum wage, opt-in, hourly, pool, required to contribute, construed to prohibit, similarly-situated, certification', conditional, retaining, decertify, advising, pooling, lenient

**COUNSEL:** [*1] For John Bursell, Gerardo Andrade, Plaintiffs: Daryl John Sinkule, Martin A Shellist, Shellist Lazarz, LLP, Houston, TX.

For Tommy's Seafood Steakhouse, Thomas Tollett, Defendants: John Edward Maher, Attorney-Mediator, Houston, TX.

**JUDGES:** Lee H. Rosenthal, United States District Judge.

**OPINION BY:** Lee H. Rosenthal

**OPINION**

**MEMORANDUM AND ORDER**

Plaintiffs John Bursell and Gerardo Andrade assert claims for violations of the FLSA on behalf of themselves and similarly situated servers working at Tommy's Seafood Steakhouse. The plaintiffs have moved for conditional certification as a collective action so that notice may be sent to potential class members. (Docket Entry No. 12). Based on the complaint, the motion and attachments, and the applicable law, this court grants the motion, for the reasons set out below.

**I. Background**

The plaintiffs worked at Tommy's as servers. Bursell worked from March 2004 to October 2005 and Andrade from January 2004 to September 2005. They allege that Tommy's requires its servers to pay a percentage of their tips from every shift--four percent of their total gross sales for each shift--back to Tommy's. Part of that was used to pay bartenders, bussers, [*2] and hostesses; the plaintiffs do not challenge this tip-sharing arrangement. Part of the amount was used to cover Tommy's cost of broken dishes and glassware. The plaintiffs allege that the charge for "breakage" created an invalid tip pool that violates the FLSA because it required the servers to bear a portion of Tommy's costs of doing business. The plaintiffs seek discovery into the names and addresses of all current and former servers employed at Tommy's between February 6, 2003 to the present and an order to issue notice to these individuals advising of their right to opt-in to this collective action if they were required to contribute a percentage of their gross sales for Tommy's retain to cover "breakage."

**II. The Applicable Legal Standards**

The Fair Labor Standards Act requires employers to pay employees a legally prescribed minimum hourly wage. 29 U.S.C. § 206(a)(1). Provided certain conditions are satisfied, an employer may "pay tipped employees an

Page 1

hourly rate less than the federal minimum wage, by allowing them to credit a portion of the actual amount of tips received by the employee against the required hourly minimum wage." A "tipped employee" [*3] is an employee "engaged in an occupation in which he [or she] customarily and regularly receives more than $ 30 a month in tips." 29 U.S.C. § 203(t); see Chung v. New Silver Palace Rest., Inc., 246 F.Supp.2d 220, 228 (S.D.N.Y. 2002). Under federal law, an employer is eligible for this "tip credit" if: (1) the employer has informed the tipped employee of statutory requirements related to the tip credit; and (2) "all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m); [1] see New Silver Palace, 246 F.Supp.2d at 228; Sorensen v. CHT Corp., 2004 U.S. Dist. LEXIS 3729, 2004 WL 442638, at *1 (N.D.Ill. Mar.10, 2004), quoting 29 U.S.C. § 203(m). These prerequisites are strictly construed. See New Silver Palace, 246 F.Supp.2d at 229.

> 1 Section 203(m) provides in relevant part:
>
> In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to-
>
> (1) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; and
>
> (2) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under section 206(a)(1) of this title. The additional amount on account of tips may not exceed the value of the tips actually received by an employee. The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.
>
> 29 U.S.C. § 203(m).

[*4] The plaintiffs allege that defendants violated these FLSA provisions by retaining a portion of the tips to cover "breakage" costs. The plaintiffs do not allege that a portion of their tips were given to ineligible employees, who did not customarily and regularly receive tips. Federal law prohibited defendants from retaining any portion of the tips if defendants also relied on the "tip credit" to satisfy the minimum wage. 29 U.S.C. § 203(m).

Courts recognize two methods to determine whether to authorize notice to similarly-situated employees advising them of their right to join an FLSA collective action. See Mooney v. Aramco Services Co., 54 F.3d 1207, 1213-15 (5th Cir. 1995). These methods are the two-step Lusardi approach and the spurious class action Shushan approach. See id.; Shushan v. Univ. of Colo. at Boulder, 132 F.R.D. 263 (D. Colo. 1990); Lusardi v. Xerox Corp., 118 F.R.D. 351 (D.N.J. 1987). In Mooney, the Fifth Circuit found it unnecessary to determine which method is most appropriate. 54 F.3d at 1216. Courts have noted, however, that "the two-step ad hoc approach is the preferred [*5] method for making the similarly situated analysis and the similarly situated standard does not incorporate Rule 23 requirements." Basco v. Wal-Mart Stores Inc., 2004 U.S. Dist. LEXIS 12441, 2004 WL 1497709, at *4 (E.D. La. July 2, 2004); see also Grayson v. K Mart Corp., 79 F.3d 1086, 1096 n.12 (11th Cir. 1996) (noting that "the requirements for pursuing a § 216(b) class action are independent of, and unrelated to, the requirements for class action under Rule 23"); LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 288 (5th Cir. 1975) (finding a fundamental difference between Rule 23 class actions and FLSA collective actions); Mielke v. Laidlaw Transit, Inc., 313 F. Supp. 2d 759, 762 (N.D. Ill. 2004) (stating that the majority of courts have employed or implicitly approved the two-step method); Villatoro, 286 F. Supp. 2d at 810.

"Lusardi and its progeny are remarkable in that they do not set out a definition of 'similarly situated,' but rather they define the requirement by virtue of the factors considered in the [two-stage] analysis." Mooney, 54 F.3d at 1213. The first step of analysis is the "notice stage, [*6] " in which the district court decides whether to issue notice to potential class members. See id. at 1213-1214. The court's decision is usually based only on the pleadings and any affidavits that have been submitted.

*Id.* "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class" where potential class members receive notice and the opportunity to opt-in. *Id. at 1214 n.8.* The lenient standard appears to require only substantial allegations that potential members "were together the victims of a single decision, policy, or plan...." *Id.* (citing *Sperling v. Hoffman-La Roche, Inc.,* 118 F.R.D. 392, 407 (D.N.J. 1988)). A factual basis for the allegations is needed to satisfy this first step. *See Hall v. Burk,* 2002 U.S. Dist. LEXIS 4163, 2002 WL 413901, at *3 (N.D. Tex. Mar. 11, 2002) (stating that "[u]nsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden"); *see also Haynes v. Singer Co.,* 696 F.2d 884, 887 (11th Cir. 1983). If a court conditionally certifies a [*7] class, the action proceeds as a collective action during discovery. *See Mooney,* 54 F.3d at 1214.

The second stage of inquiry typically occurs when discovery is largely complete and the defendant moves to "decertify" the conditionally-certified class. *See id.; Lusardi,* 118 F.R.D. at 359. At that point, the court makes a factual determination as to whether there are similarly-situated employees. *Id.* If the district court finds that the claimants are similarly situated, the collective action may proceed. *See Mooney,* 54 F.3d at 1214; *Basco,* 2004 U.S. Dist. LEXIS 12441, 2004 WL 1497709, at *3. If the court decertifies the class, the opt-in plaintiffs are dismissed without prejudice and the original plaintiffs proceed on their individual claims. *See id.; England,* 370 F. Supp. 2d at 508.

### III. Analysis

The plaintiffs have alleged that a class of similarly situated employees consisting of servers who worked at Tommy's from February 6, 2003 to the present, who were required to contribute four percent of their total gross sales for each shift to a tip pool, a portion of which Tommy's retained to cover "breakage." Bursell [*8] and Andrade have submitted evidence of similar job duties and a single policy that is alleged to violate the FLSA. The evidence is sufficient to show that a collective action should be conditionally certified and notice issued. *See, e.g., Clarke v. Convergys Customer Mgmt. Group, Inc.,* 370 F. Supp. 2d 601, 606 (S.D. Tex. 2005) (conditionally certifying class of employees all of whom were alleged to have been subjected to the same unlawful practices); *Realite v. Ark Restaurants Corp.,* 7 F. Supp.2d 303, 307 (S.D.N.Y. 1998) (authorizing notice to potential plaintiffs based on the submission of affidavits).

### IV. Order

This court grants the motion for notice to issue to the conditionally certified class of present and former Tommy's servers, who were employed from February 6, 2003 to the present, and who were required to give four percent of their total gross sales during each shift to a tip pool that Tommy's controlled and from which Tommy's retained a portion of all servers' tips to cover breakage. This court also grants the motion for discovery of the names, addresses, and telephone numbers of present and former employees who worked as servers [*9] at Tommy's from February 6, 2003 to the present. This information is to be produced no later than **December 1, 2006,** in an electronic format if the information is usually maintained electronically. Defendants must file objections to the proposed form of notice no later than **December 1, 2006.**

SIGNED on November 3, 2006, at Houston, Texas.

Lee H. Rosenthal

United States District Judge