# EXHIBIT Y

LEXSEE 2003 U.S. DIST. LEXIS 23398

GEORGE M. CARTER, BOBBY M. MAJORS, and STEVEN M. GLASGO,
individually and on behalf of others similarly situated, Plaintiffs, vs.
INDIANAPOLIS POWER AND LIGHT COMPANY, Defendant.

IP 1:02-CV-01812-SEB-VSS

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
INDIANA, INDIANAPOLIS DIVISION

2003 U.S. Dist. LEXIS 23398

December 23, 2003, Decided

**DISPOSITION:** [*1] Plaintiffs' Motion to Join Additional Parties and to Order Defendant to Produce a List of Potential Plaintiffs GRANTED.

**COUNSEL:** For GEORGE M. CARTER, BOBBY M. MAJORS, STEVEN M. GLASGO, Plaintiffs: John R. Price, LEAD ATTORNEY, JOHN R PRICE & ASSOCIATES, Indianapolis, IN.

For INDIANAPOLIS POWER AND LIGHT COMPANY, Defendant: Michael A. Moffatt, LEAD ATTORNEY, Jan J. Kinzie, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, Indianapolis, IN.

**JUDGES:** SARAH EVANS BARKER, JUDGE, United States District Court, Southern District of Indiana.

**OPINION BY:** SARAH EVANS BARKER

**OPINION**

**ENTRY ON PLAINTIFFS' MOTION TO JOIN ADDITIONAL PARTIES**

Introduction

This matter comes before the Court on Plaintiffs' Motions to Join Additional Parties, to Order Defendant to Produce List of Potential Plaintiffs and To Approve Form of Class Notifice. Plaintiffs George M. Carter ("Carter"), Bobby M. Majors ("Majors") and Steven M. Glasgo ("Glasgo") are former employees of the Indianapolis Power and Light Company ("IPL") who filed this suit on behalf of themselves and other similarly situated individuals alleging that IPL failed to compensate them for overtime hours worked as required by the Fair Labor Standards Act ("FLSA"), [*2] 29 U.S.C. § 201 et seq. The plaintiffs seek a conditional certification of a plaintiff collective action under § 216(b) and the necessary discovery to allow for written notification of the potential class. The defendant is opposed on two grounds: 1) the plaintiffs fail to show they are similarly situated to the employees in the proposed class and; 2) they fail to show that any similarly situated putative class member desires to opt-in to their lawsuit. For the reasons explained below, the plaintiffs' motions are GRANTED.

Factual and Procedural Background

Carter, Major and Glasgo were employed by IPL as "supervisors." Pls.' Complaint PP 7-9; Def.'s Answer PP 7-9. Carter and Glasgo were first level supervisors in the Harding Street Power Plant and Major was a first level supervisor in the Petersburg Power Plant. Def.'s Opp'n Br. at 7; Kunz Aff., PP 4-6. In the IPL "exempt position description" documents offered by Defendant, Carter is described as a Coal & Ash Foreman who reported to the Operations Supervisor and Majors and Glasgo were Mechanical Maintenance Foremen reporting to the Maintenance Supervisor. Id.; Exhibits A-C.

The plaintiffs allege that despite [*3] their title of supervisor, they were essentially non-exempt, hourly employees with no management responsibilities. For instance, they were classified as "non-exempt supervisors" on internal payroll records, performed duties

The express terms of the statute provide that an action for unpaid overtime compensation may be brought "by any one or more employees for and in behalf of himself or themselves and other employees *similarly situated.*" *29 U.S.C. § 216(b)* (emphasis supplied). Such a collective action differs markedly from a *Rule 23* class action, however, because of a crucial provision in *§ 216(b)* which renders the two types of collective actions fundamentally incompatible: class members must *opt in* to be bound while in a *Rule 23* action they must *opt out* not to be bound. [2] *Woods v. New York Life Ins. Co., 686 F.2d 578, 579 (7th Cir. 1982); 29 U.S.C. § 216(b); Fed. Rules Civ. Proc. Rule 23.* So while the plaintiffs' joinder request [*7] in the case before us is analogous to a class certification request in a civil class action under *Rule 23*, the Rule and its standard do not govern a FLSA case.

> 2  Title *23 of the United States Code, Section 216(b)*: No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

As a threshold matter, it is well-settled that a District Court has the discretion to authorize notice to similarly situated employees so that they may opt-in to a class. See *Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 169, 107 L. Ed. 2d 480, 110 S. Ct. 482 (1989)*. Yet the method by which the Court determines whether a FLSA class should be certified (and notice given to the prospective class) is a matter which divides courts along two lines. See generally *Mooney v. Aramco Services Co., 54 F.3d 1207, 1212-16 (5th Cir.1995); Burns v. Village of Wauconda, 1999 U.S. Dist. LEXIS 11230, 1999 WL 529574, *1 (N.D.Ill. 1999)* [*8]

The first method tracks the elements of *Rule 23* class certification and examines "numerosity," "commonality," "typicality" and "adequacy of representation" to determine whether a class should be certified. *Shushan v. University of Colorado, 132 F.R.D. 263 (D.Colo.1990); Mooney, 54 F.3d at 1214.* The second and more lenient method takes a two-step approach to class certification. See *Lusardi v. Xerox Corp., 118 F.R.D. 351 (D.N.J. 1987).* The first step, or the "notice stage," involves an analysis of the pleadings and any affidavits which have been submitted to determine whether notice should be given to potential class members. The second step, which usually occurs after discovery has largely been completed, allows a court the opportunity to determine whether the class should be decertified or restricted because various putative class members are not in fact similarly situated as required by the statute. *Mooney, 54 F.3d at 1213-14; Burns, 1999 U.S. Dist. LEXIS 11230, 1999 WL 529574 at *2.*

B. Similarly Situated

Courts in our district and throughout the Seventh Circuit have tended to adopt the second approach [*9] [3] and so shall we. To prevail on their motion, the plaintiffs are expected to make a threshold showing that they are similarly situated to the employees on whose behalf they are seeking to pursue this claim. See *Severtson v. Phillips Beverage Co., 137 F.R.D. 264, 267 (D. Minn.1991)* ("To obtain court authorization to send the proposed notice, plaintiffs must submit evidence establishing at least a colorable basis for their claim that a class of 'similarly situated' plaintiffs exist."); *Krieg v. Pell's, Inc., 2001 U.S. Dist. LEXIS 6769, 2001 WL 548394, *1 (S.D. Ind. 2001)* (modest showing that "at least some employee-managers exist who are similarly situated to" plaintiff was sufficient to allow notice). Before notice is authorized, the court is not required to come to a "final determination" that the similarly-situated requirement has been met. *Champneys v. Ferguson Enterprises, Inc. 2003 U.S. Dist. LEXIS 4589, 2003 WL 1562219, *4 (S.D. Ind. 2003); Severtson, 137 F.R.D. at 267; Bontempo v. Metro Networks Communications Ltd. Partnership, 2002 U.S. Dist. LEXIS 11810, 2002 WL 1925911, *1 (N.D. Ill. 2002).*

> 3  *Champneys v. Ferguson Enterprises, Inc., 2003 U.S. Dist. LEXIS 4589, 2003 WL 1562219 (S.D. Ind. 2003)* (granting conditional class certification); *Krieg v. Pell's, Inc., 2001 U.S. Dist. LEXIS 6769, 2001 WL 548394 (S.D. Ind. 2001)* (granting conditional class certification); *Pfaahler v. Consultants for Architects, Inc. 2000 U.S. Dist. LEXIS 1772, 2000 WL 198888 (N.D. Ill. 2000)* (denying conditional class certification); *Bontempo v. Metro Networks Communications Ltd. Partnership, 2002 U.S. Dist. LEXIS 11810, 2002 WL 1925911, *1 (N.D.Ill. 2002)* (granting approval of opt-in notice to potential class members).

[*10] Carter, Majors and Glasgo contend they are similarly situated to other potential class members because they perform the duties of "non-exempt"

employees despite their job titles (supervisor, management trainer) and should therefore be paid for overtime hours in compliance with the *FLSA § 207*.

The plaintiffs offer the affidavit of representative plaintiff Majors to describe the class of employees called supervisors but lacking in supervisory duties. Majors alleges that since 1987, he and other "non-managerial" employees, i.e., employees with no ability to hire or fire or make management decisions for the company, routinely received straight-time pay for overtime work contrary to law. Pls.' Response Brief, Ex. B. The affidavit of Robert Pierson, also employed as a supervisor, alleges that he and four (4) other supervisors known to him had no managerial duties despite their titles and as hourly employees were paid straight time rather than one and half times their wage for overtime hours worked. Pls.' Submission of Additional Support, Aff. of Robert Pierson. In addition, former IPL employee Jim Collins attests to personal knowledge of several hundred IPL employees who were not "bona [*11] fide" management personnel (supervisors, foremen, management trainers) but were given a wage designation code of 6 in payroll records which resulted in their exemption from the overtime protections in the FLSA. Pls.' Response Brief at 2; Ex. A. One such former employee, Debbie Johnson-Miller, has already granted her consent to be added as a plaintiff in this cause. Id., Ex. C. Ms. Johnson-Miller was employed as a "management trainer" and was paid only straight time rather than time and half for overtime hours. Id. at 4.

The plaintiffs have offered more than the required "modest showing" and seek the defendant's assistance in identifying those employees who were: a) clearly not in management positions and; b) paid straight time for overtime hours. We recognize that when a court feels compelled to conduct a fact-specific inquiry into the job duties of each opt-in class member, then certification is not appropriate. *Tumminello v. United States, 14 Cl. Ct. 693, 697 (1998); Pfaahler v. Consultants for Architects, Inc, 2000 U.S. Dist. Lexis 1772, *8 (E.D. Ill. 2000)*. However, after the requested discovery has been completed, those persons not in *bona* [*12] *fide* management positions within IPL but employed in various positions such as supervisor, foreman, management trainer who were paid for overtime at a straight time rate should form themselves into a recognizable class of employees similarly situated to the named representatives.

*C. Motion to Strike the Affidavits*

Defendant has moved to strike Plaintiffs' affidavits for being vague, conclusory and without foundation as to personal knowledge. Def.'s Surreply at 3. We DENY the motion because we find the assertions in the Majors and Pierson affidavits to be sufficiently based on personal knowledge of their own employment experience. For example, it is reasonable for them to reliably attest to the nature of their job responsibilities as supervisors, to their never having fired or hired personnel while employed as supervisors, and to the terms of their overtime compensation over the years spent at IPL.

For the reasons stated above, we GRANT the conditional certification of the class.

II. Motions to Order Defendant to Produce List of Potential Plaintiffs

Upon the conditional certification of collective action under the FLSA, it follows that the representative plaintiffs [*13] could seek from the District Court an order approving the proposed form of notice as well as an order directing the defendant, in an appropriate case, to furnish the plaintiff with the names and addresses of potential class members. In Hoffmann-LaRoche, Inc., the Supreme Court found the District Court appropriately permitted discovery of the names and addresses of discharged employees after the Court found that the discovery was relevant to the subject matter of the action and that there were no grounds to limit the discovery under the facts and circumstances of [the] case. *493 U.S. at 170 (1989)*; see also, *Woods, 686 F.2d at 580*.

Upon our conditional certification of a proposed class, we find it appropriate to GRANT Plaintiffs' motion for disclosure of names and addresses of potential plaintiffs. See *Champney's, 2003 U.S. Dist. LEXIS 4589, 2003 WL 1562219 at *7 (S. D. Ind. 2003); Severtson, 137 F.R.D. at 267 (D.Minn.19)* (remanding for reconsideration under different standard magistrate's approval of notification; noting that if notice is warranted, discovery of names and addresses of potential plaintiffs should be allowed).

III. [*14] Notice to Potential Plaintiffs

We cannot, however, approve the plaintiffs' proposed form of notice because it is tailored only to those IPL employees designated as "supervisors" who were paid

straight time for their overtime hours rather than time and a half. The plaintiffs have successfully argued that the potential class encompasses all those persons who were not in bona fide management positions within IPL but had various positions such as supervisor, foreman, management trainer and were paid for overtime at a straight time rate; accordingly, the notice should reflect this designation. As a result, Plaintiffs have leave to resubmit their proposed notice.

Conclusion

For the reasons given above, we GRANT Plaintiffs' Motion to Join Additional Parties and to Order Defendant to Produce a List of Potential Plaintiffs. We give the plaintiffs' leave to resubmit the letter directed to the putative class members.

It is so ORDERED this 23 day of December 2003.

SARAH EVANS BARKER, JUDGE

United States District Court

Southern District of Indiana