# EXHIBIT EE

2007 U.S. Dist. LEXIS 72444, *

**MANUEL DOMINGUEZ, on behalf of himself, and all other similarly situated persons, Plaintiff v. DON PEDRO RESTAURANT, and ALFONSO MENCHACA, Defendants**

**Case No. 2:06 cv 241**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION**

*2007 U.S. Dist. LEXIS 72444*

**September 26, 2007, Decided
September 26, 2007, Filed**

**PRIOR HISTORY:** *Dominguez v. Don Pedro Rest., 2007 U.S. Dist. LEXIS 40787 (N.D. Ind., June 1, 2007)*

**COUNSEL:** [*1] For Manuel Dominguez, on behalf of himself, and all other similarly-situated persons, Plaintiff: Douglas M Werman PHV, LEAD ATTORNEY, Werman Law Office PC, Chicago, IL; Jamie Golden Sypulski, LEAD ATTORNEY, Law Office of Jamie G Sypulski, Chicago, IL.

For Don Pedro Restaurant, Alfonso Menchaca, Defendants: Harold Abrahamson, Abrahamson Reed & Bilse, Hammond, IN.

**JUDGES:** ANDREW P. RODOVICH, United States Magistrate Judge.

**OPINION BY:** ANDREW P. RODOVICH

**OPINION**

OPINION AND ORDER

This matter is before the court on the Motion to Compel Discovery filed by the defendants, Don Pedro Restaurant and Alfonso Menchaca, on June 12, 2007. For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART.**

Background

From 2000 until 2005, the plaintiff, Manuel Dominguez, worked as a waiter at both the Calumet City, Illinois, and St. John, Indiana, Don Pedro Restaurant locations. He filed this claim against Don Pedro Restaurant and Menchaca, alleging that both restaurant locations violated the tip credit and overtime wage provisions of the Fair Labor Standards Act. He denies that he was informed by defendants of the relevant provision of the FLSA regarding tip credit. He also claims that the tip pool contribution required [*2] by defendants, whereby 30 percent of plaintiff's tips were shared with bartenders and busboys, was unreasonable.

Though this case initially involved a notice of action to similarly situated individuals under the FLSA's collective action process, the deadline for potential opt-in plaintiffs has passed. Currently Dominguez is the sole plaintiff involved in this litigation.

The defendants served interrogatories and requests for production of documents on Dominguez in March 2007. One month later, the defendants received Dominguez's responses and objections to both discovery requests. After conducting two *Rule 37* conferences, Dominguez has maintained his objections to several of the defendants' interrogatories and requests for production of documents. Menchaca and Don Pedro Restaurant seek an order compelling Dominguez's response to the unanswered and incomplete discovery requests.

Discussion

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." *Federal Rule of Civil Procedure 26(b)(1)*. For discovery [*3] purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." ***Chavez v. DaimlerChrysler Corp.,*** *206 F.R.D. 615, 619 (S.D. Ind. 2002)* (*quoting **Oppenheimer Fund, Inc. v. Sanders,*** *437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)*). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. ***Sanyo Laser Products, Inc. v. Arista Records, Inc.,*** *214 F.R.D. 496, 502 (S.D. Ind. 2003)*. See ***Adams v. Target,*** *2001 U.S. Dist. LEXIS 13052, 2001 WL 987853, *1 (S.D. Ind. July 30, 2001)* ("For good

cause, the court may order discovery of any matter relevant to the subject matter involved in the action"). *See also* **Shapo v. Engle,** 2001 U.S. Dist. LEXIS 2223, 2001 WL 629303, *2 (N.D. Ill. 2001) ("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. *Federal Rule of Civil Procedure 37(a)(2)-(3).* The burden "rests upon the [*4] objecting party to show why a particular discovery request is improper." **Kodish v. Oakbrook Terrace Fire Protection District,** 235 F.R.D. 447, 449-50 (N.D. Ill. 2006). The objecting party must show with specificity that the request is improper. **Graham v. Casey's General Stores,** 206 F.R.D. 253, 254 (S.D. Ind. 2002). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." **Burkybile v. Mitsubishi Motors Corp.,** 2006 U.S. Dist. LEXIS 57892, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006) (internal quotations and citations omitted).

Rather, the court's broad discretion in deciding such discovery matters should consider "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." **Patterson v. Avery Dennison Corp.,** 281 F.3d 676, 681 (7th Cir. 2002) (*quoting* **Rowlin v. Alabama,** 200 F.R.D. 459, 461 (M.D. Ala. 2001)).

With Interrogatory [*5] 1, the defendants request Dominguez's social security number, present address and telephone number, and date of birth. The defendants subsequently have waived their motion to compel an answer to this interrogatory. (Defs Reply in Supp. of Mot. to Compel Disc. 2). Accordingly, that portion of the motion to compel is moot.

Interrogatory 3 inquires into Dominguez's work experience for the past ten years, including the name and address of each employer, the names of supervisors, and a brief description of his job duties. Dominguez has objected on grounds of relevance. (Pl. Resp. to Def. Mot. to Compel 3-4). The defendants have argued that the information is relevant to Dominguez's level of experience as a waiter, which in turn affects his knowledge of the tip credit provision of the FLSA.

The defendants' argument does not account for the mandatory notice requirement under the FLSA. In **Kilgore v. Outback Steak-house of Fla., Inc.,** 160 F.3d 294 (6th Cir. 1998), the court confronted a similar challenge to the tip credit provision of FLSA. In its determination of whether the restaurant/employer satisfied the notice requirement of the Act, the Sixth Circuit gave a narrow definition of what constitutes [*6] acceptable notice under FLSA's command. **Kilgore,** 160 F.3d at 298-300. While concluding that providing a document explaining the restaurant's use of the tip credit in a file folder during the hiring process was sufficient notice, the case makes clear that notice is an express and mandatory provision of the Act. **Kilgore,** 160 F.3d at 298. At an absolute minimum, FLSA requires that an employer inform its employees that a tip credit toward the minimum wage obligation will be taken. **Kilgore,** 160 F.3d at 298. *See also* **Reich v. Chez Robert, Inc.,** 28 F.3d 401, 403 (3rd Cir. 1994)("If the employer cannot show that it has informed employees that tips are being credited against their wages, then no tip credit can be taken and the employer is liable for the full minimum-wage.").

Under the FLSA, an employer's intent to take advantage of the tip credit provision requires mandatory notice to an employee. Regardless of Dominquez's past employment, the FLSA demands that the defendants inform him of the tip credit's application to his subsequent employment. Consequently, Dominguez's previous knowledge of the tip credit provision is irrelevant to the defense.

The defendants also claim that Dominguez's past [*7] employment is relevant generally to the preparation of affirmative defenses. As already noted, whether past employment gave Dominguez knowledge of the FLSA's tip credit provision is not relevant to Don Pedro's duty to give him notice that it also was taking advantage of the provision. Though the defendants have not made the argument, it does not appear that this information is relevant to an employer's assertion of the "good faith" defense to liquidated damages under the FLSA, which regards only whether the employer made good faith efforts to comply with the FLSA's requirements. In addition, the subject matter of this case does not raise questions regarding a plaintiff's skills, experience, or qualifications, raised commonly in other employment contexts. See e.g. **EEOC v. Kovacevich "5" Farms,** 2007 U.S. Dist. LEXIS 43672, 2007 WL 1599772 at *4 (E.D. Cal. June 4, 2007)("[T]he plaintiff's work history may be relevant to their defense, especially in the instant case, where the defendant contends that they require experience in various areas . . . and there is some question as to whether the . . . plaintiffs actually were interested in the available positions.").

The defendants point to no other defenses to which this [*8] information is relevant. Accordingly, the motion to compel a response to this interrogatory is **DENIED.** *See* **Rubin v. Islamic Republic of Iran,** 349 F.Supp.2d 1108, 1111 (N.D. Ill. 2004)("It is also true,

however, that open-ended fishing expeditions will not be tolerated. Discovery has limits and these limits grow more formidable as the showing of need decreases.").

With Interrogatories 4 and 5, the defendants have requested Dominguez to provide dates, times, hours, and type of tasks worked for the restaurant. Dominguez objects to both the form of Interrogatory 3 as it relates to his claim, as well as the breadth, burden, and oppression of gathering the information. In similar fashion, Dominguez has objected to Interrogatories 15-20 as well as Document Requests 4-7. All have been rebuffed as "overbroad, oppressive, and irrelevant" without specificity. Defendants argue that this information is necessary for purposes of impeachment or corroboration of the plaintiff's claims.

A similar argument concerning payroll records arose in *Davis v. B & S, Inc.,* 38 F.Supp.2d 707 (N.D. Ind. 1998). *Davis* like-wise involved an employee's action to uphold the tip credit provision of the FLSA, and the plaintiff's [*9] financial information, as well as the defendant's burden of maintaining payroll records, became central to the court's decision on a motion for summary judgment. *Davis,* 38 F.Supp.2d at 712-14. While the employer's statutory responsibility under FLSA includes the preparation of W-2 forms, when an employee questions the legitimacy of those documents, the employer is not estopped from searching for evidence to contradict its own records. *Davis,* 38 F.Supp.2d at 713. This conclusion "is bolstered by the fact that the IRS allows employers to correct erroneous W-2 forms by filing IRS Form W-2c." *Davis,* 38 F.Supp.2d at 713 n.9. The amount that the employee actually has received from tips, whether originally included in the employer's W-2 forms, is a legitimate and material issue in the case. *Davis,* 38 F.Supp.2d at 714.

Dominguez's reliance solely on the defendants' tax and payroll records is misplaced. Like in *Davis,* if the plaintiff contests the restaurant's record-keeping, the defendants' breadth of discovery logically includes the plaintiff's version of the dates, times, and hours worked for the restaurant. Consequently, these interrogatories and document requests are relevant.

Similarly, [*10] plaintiff's repeated mantra that these discovery requests are overbroad and oppressive appears conclusory and unsubstantiated. The protection offered by *Rule 26* from oppression or undue burden or expense must be demonstrated with specificity in order to show that the burden of production outweighs the benefit. *See, e.g.,* **Bouwkamp v. CSX Corp.,** 2007 U.S. Dist. LEXIS 2834, 2007 WL 129033, at *3 (N.D. Ind. January 12, 2007). Here, plaintiff has not attempted to demonstrate any specific difficulties such as time or expense involved in answering the interrogatories full and providing the requested documents. Accordingly, defendants' motion to compel full and complete responses to Interrogatories 4, 5, and 15-20, and production of documents from requests 4-7 is **GRANTED.**

For the foregoing reasons, the Motion to Compel Discovery filed by the defendants, Don Pedro Restaurant and Alfonso Menchaca, on June 12, 2007 is **GRANTED IN PART** and **DENIED IN PART.**

ENTERED this 26<th> day of September, 2007

s/ ANDREW P. RODOVICH

United States Magistrate Judge