# EXHIBIT HH

2008 U.S. Dist. LEXIS 18387, *

**Kelly Hallissey, et al., Plaintiffs, -against- America Online, Inc., et al., Defendants.**

**99-CIV-3785 (KTD)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

*2008 U.S. Dist. LEXIS 18387*

**February 19, 2008, Decided**
**February 19, 2008, Filed**

**PRIOR HISTORY:** *Hallissey v. Am. Online, Inc., 2006 U.S. Dist. LEXIS 12964 (S.D.N.Y., Mar. 10, 2006)*

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In plaintiff employee's action alleging that defendant employer owed them unpaid minimum wages and overtime wages under the Fair Labor Standards Act (FLSA) and the New York State Minimum Wage Act, plaintiffs moved pursuant to *29 U.S.C.S. § 216(b)* to certify the class and issue a notice of pendency to every person who provided labor to defendant as a community leader (CL) so that such persons may opt out in the FLSA lawsuit.

**OVERVIEW:** Plaintiffs' allegations stemmed from their employment in defendant's CL program. It was estimated that there were 13,000 former CLs. Defendant argued that class treatment was improper here where the former CLs were not similarly situated to the named plaintiffs because each CL's experience was unique and would require an individualized inquiry. Specifically, defendant argued that the CLs varied widely regarding their expectations of compensation, whether they were integral to defendant's business, whether they benefited defendant, and whether they personally benefited from their participation in the program. The court held that plaintiffs and former CLs were similarly situated with respect to their allegations that the law was violated. Specifically, the fact that the CLs were denied minimum and overtime wages because of their classification by defendants as "volunteers" in the CL program was common to all of the CLs. Thus, notification was appropriate at this stage. As to the form and scope of the notice, the court held that email was an appropriate method of notice and that plaintiffs' class description in the proposed notice had to be revised to limit the unpaid "volunteers."

**OUTCOME:** The court granted plaintiff's motion for conditional certification. Defendant was to provide plaintiffs' counsel with the names and last known mailing address of each unpaid person who participated in defendant's Community Leader program from May 1, 1997 up to and including May 1, 2000.

**LexisNexis(R) Headnotes**

*Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions*
[HN1] The Fair Labor Standards Act allows employees to sue on behalf of themselves and other employees who are similarly situated. *29 U.S.C.S. § 216(b)*. Similarly situated employees may opt in to the lawsuit and become party plaintiffs by filing written consent with the court. Plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law. Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members.

*Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions*
[HN2] Although several depositions have been taken and numerous documents produced, it is not necessary to engage in the second tier of analysis with the more stringent standard here as such scrutiny is applied only to post discovery determinations, usually precipitated by a defendant's motion for decertification of the class, and not by a *29 U.S.C.S. § 216(b)* motion. If the court finds that plaintiffs are similarly situated, it may conditionally certify the class and authorize notice to be sent to the putative class members.

*Civil Procedure > Class Actions > Prerequisites > Commonality*
*Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions*

[HN3] The "similarly situated" requirement of *29 U.S.C.S. § 216(b)* is considerably less stringent than the requirement of *Fed. R. Civ. P. 23* that common questions predominate. While dates of employment and hours worked are unique to each employee, it does not necessarily create dissimilarity under the Fair Labor Standards Act (FLSA). Nor does the fact that employees worked a variety of different jobs in a number of different departments at different locations preclude class treatment. Moreover, plaintiffs' subjective beliefs as to their status under the FLSA are irrelevant to whether a class should be conditionally certified.

*Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions*

[HN4] The proper inquiry in a *29 U.S.C.S. § 216(b)* determination is whether plaintiffs are similarly situated with respect to their allegations that the law has been violated.

*Labor & Employment Law > Wage & Hour Laws > Remedies > Costs & Attorney Fees*

[HN5] If desired, the prevailing party may seek to recover costs associated with a Fair Labor Standards Act class action at the end of litigation.

**COUNSEL:** [*1] For Kelly Hallissey, Individually and on behalf of others similarly situated., Brian A. Williams, Individually and on behalf of others similarly situated, Jessica Smith, David M. Solomon, Dr. Carol Barton, Jerry W. Osborne, Anthony E. McLaughlin, Thomas S. Brusky, Arnold Tijerina, Jade M. Beetle, Cynthia L. Weis, Plaintiffs: Leon Marc Greenberg, LEAD ATTORNEY, Leon Greenberg, Las Vegas, NV; Michael Shen, LEAD ATTORNEY, Michael Shen & Associates, P.C., New York, NY.

For Taffy McCory, Plaintiff: Leon Marc Greenberg, LEAD ATTORNEY, Leon Greenberg, Las Vegas, NV.

For America Online, Inc., America Online Communities, Inc., Defendants: James Philip Chou, LEAD ATTORNEY, Akin Gump Strauss Hauer & Feld LLP (NYC), New York, NY; James E. d'Auguste, LEAD ATTORNEY, Akin, Gump, Strauss, Hauer & Feld, L.L.P., New York, NY; Randall L. Sarosdy, LEAD ATTORNEY, Akin, Gump, Strauss, Hauer & Feld, L.L.P., Austin, TX; Randolph W. Teslik, LEAD ATTORNEY, Akin, Gump, Strauss, Hauer & Feld, LLP, Washington, DC; Reed L. Russell, LEAD ATTORNEY, Akin, Gump, Strauss, Hauer & Feld, L.L.P., Washington, DC.

**JUDGES:** KEVIN THOMAS DUFFY, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** KEVIN THOMAS DUFFY

**OPINION**

MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, U.S.D.J.:

A) [*2] Background

The plaintiffs ("Plaintiffs") allege that they were employees of Defendants America Online, Inc. and America Online Communities, Inc. (collectively "AOL") and claim that AOL's failure to pay them wages during their term of employment as participants in AOL's community leader ("CL") program contravened the Fair Labor Standards Act ("FLSA") and the New York State Minimum Wage Act. Plaintiffs further contend that AOL owes them unpaid minimum wages and overtime wages. AOL contends that the CLs were not employees, but rather mere volunteers and therefore not entitled to any compensation.

Plaintiffs have moved this court pursuant to *29 U.S.C. § 216(b)* ("*Section 216(b)*") to certify the class and issue a Notice of Pendency to every person who provided labor to AOL as a CL (the "former CLs"), so that such persons may opt in to the FLSA lawsuit.[1] It is estimated that there are about 13,000 former CLs. AOL opposes the motion, arguing that class treatment is improper here where the former CLs are not similarly situated to the named Plaintiffs because each CL's experience was unique and would require an individualized inquiry. Specifically, AOL argues that the CLs varied widely regarding [*3] their expectations of compensation, whether they were integral to AOL's business, whether they benefited AOL, and whether they personally benefited from their participation in the program. AOL has also objected to the scope and form of Plaintiffs' proposed notice.

> [1] While a *Rule 23* class certification would bind all persons with the same claims made by the named plaintiffs unless they opt out of the lawsuit, a FLSA collective action prohibits anyone from joining the lawsuit as a plaintiff unless they opt in by filing a written consent with the court.

B) Legal Standard

[HN1] The FLSA allows employees to sue on behalf of themselves and other employees who are "similarly situated." *29 U.S.C. § 216(b)*. Similarly situated employees may opt in to the lawsuit and become party plaintiffs by filing written consent with the court. *Krueger v. New*

Case 1:07-cv-08718-RMB-THK   Document 54-35   Filed 03/28/2008   Page 4 of 6

Page 3
2008 U.S. Dist. LEXIS 18387, *

*York Telephone Co., 1993 U.S. Dist. LEXIS 9988, 1993 WL 276058 at *2 (S.D.N.Y. July 21, 1993)*. Plaintiffs can meet this burden by making "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Hoffmann v. Sbarro, Inc., 982 F.Supp. 249, 261 (S.D.N.Y. 1997)*. Plaintiffs may satisfy this requirement [*4] by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members. *Anglada v. Linens 'N Things, Inc., 2007 U.S. Dist. LEXIS 39105, 2007 WL 1552511 at *4 (S.D.N.Y. April 26, 2007)*.

[HN2] Although several depositions have been taken and numerous documents produced, it is not necessary to engage in the second tier of analysis with the more stringent standard here as such scrutiny is applied "only to *'post discovery'* determinations, 'usually precipitated by a defendant's motion for decertification of the class,' and not by a *§ 216(b)* motion." *Chowdhury v. Duane Reade, Inc., 2007 U.S. Dist. LEXIS 73853, 2007 WL 2873929 at *3 (S.D.N.Y. Oct. 2, 2007)* (citing *Torres v. Gristede's Operating Corp., 2006 U.S. Dist. LEXIS 74039, 2006 WL 2819730 at *7 (S.D.N.Y. Sept. 29, 2006)* (emphasis in original)). If the court finds that the plaintiffs are similarly situated, it may conditionally certify the class and authorize notice to be sent to the putative class members. *Trinidad v. Breakaway Courier Sys., Inc., 2007 U.S. Dist. LEXIS 2914, 2007 WL 103073 at *3 (S.D.N.Y. Jan. 12, 2007)*. Plaintiffs have met their burden.

C) Appropriateness of the Notice

AOL contends that the numerous differences amongst the CLs preclude finding that the Plaintiffs are similarly situated [*5] to the former CLs. AOL argues that because the CLs volunteered for different reasons, had different expectations regarding compensation and employment, performed different functions with different powers, and contributed and benefited differently, class treatment is improper as individual issues predominate over the class issues. However, as one court noted, [HN3] the "similarly situated" requirement of *Section 216(b)* is considerably less stringent than the requirement of *Rule 23 of the Federal Rules of Civil Procedure* that common questions "predominate." *Heagney v. European Am. Bank, 122 F.R.D. 125, 127 n.2 (E.D.N.Y 1988)*. Plaintiffs need not show that they and the former CLs are identically situated. *Mazur v. Olek Lejbzon & Co., 2005 U.S. Dist. LEXIS 30321, 2005 WL 3240472 at *5 (S.D.N.Y. Nov. 30, 2005)*; *Schwed v. General Elec. Co., 159 F.R.D. 373, 375 (N.D.N.Y. 1995)*. While dates of employment and hours worked are unique to each employee, it does not necessarily create dissimilarity under the FLSA. *Mentor v. Imperial Parking Sys., Inc., 246 F.R.D. 178, 181 (S.D.N.Y. 2007)*. Nor does the fact that employees worked a variety of different jobs in a number of different departments at different locations preclude class [*6] treatment. *Heagney, 122 F.R.D. at 127*. Moreover, plaintiffs' subjective beliefs as to their status under the FLSA are irrelevant to whether a class should be conditionally certified. *Reab v. Electronic Arts, Inc., 214 F.R.D. 623, 629 (D. Colo. 2002)* (ordering notice to similarly situated persons who volunteered as customer service providers in an online game's "counseling program").

[HN4] "The proper inquiry in a *§ 216(b)* determination is whether plaintiffs are similarly situated *with respect to their allegations that the law has been violated.*" *Chowdhury, 2007 U.S. Dist. LEXIS 73853, 2007 WL 2873929 at *5* (emphasis in original) (citation omitted). In Chowdhury, the court held that the wide variance in the abilities, competence, durations of employment, and specific tasks of the named plaintiffs and opt in plaintiffs did not preclude finding them similarly situated as to their allegation of a FLSA violation. Id. Likewise, although there may be circumstances unique to each CL in this case, the fundamental allegation found in Plaintiffs' declarations and pleadings that CLs were denied minimum and overtime wages because of their classification by AOL as "volunteers" in the CL program is common to all of the CLs. See *Heagney, 122 F.R.D. at 127* [*7] (finding class treatment proper although each plaintiff participated in a "supposedly voluntary" program because of unique incentives and coercions). Therefore, I find that Plaintiffs and former CLs are similarly situated.

Even if all the plaintiffs turn out to be dissimilarly situated, notification is appropriate at this stage. *Schwed, 159 F.R.D. at 375*. "At the very least, plaintiffs' detailed allegations and supporting affidavits successfully engage defendants' affidavits to the contrary for purposes of the present motion." *Krueger, 1993 U.S. Dist. LEXIS 9988, 1993 WL 276058 at *2*. I therefore conditionally certify the collective action and grant Plaintiff's motion to issue notice of pendency to give former CLs an opportunity to opt in to the lawsuit.

D) Form and Scope of the Notice

Plaintiffs have requested permission to issue notice over a 120 day period to the former CLs. Plaintiffs have also requested that the court order AOL to provide the last known mailing and electronic mailing ("E-mail") addresses of the former CLs so that Plaintiffs can issue notice through both channels, which they claim would be consistent with the broad remedial purposes of the FLSA. They also seek an order requiring AOL to make [*8] its E-mailing system available to Plaintiffs so that they can send the E-mail notices in a way that notifies the recipients that the messages are not "spam" or "junk." Finally, they request that this court permit the former CLs to consent by E-mail or fax ("electronic consents")

as a supplemental alternative to returning hand-signed consents.

AOL concedes that E-mail is an appropriate method because of its promptness, accuracy, and the fact that the former CLs would be familiar with using E-mail. However, AOL makes several objections. First, AOL seeks to limit the scope of the recipients to former CLs only, instead of the broad class described in Plaintiffs' proposed notice. This court finds that the class description in Plaintiffs' proposed notice must be revised to limit the "unpaid 'volunteers'" to those who participated in AOL's "Community Leader" program. In all other respects, the class definition is sufficient.

Second, AOL objects to notices also being sent to the former CLs' mailing addresses as it would be duplicative and wasteful. AOL further claims that any notice should originate from AOL to avoid improper solicitation by Plaintiffs' counsel. Accordingly, AOL requests that [*9] the notice not include any contact information of Plaintiffs' counsel. In selecting the manner of issuing the notice, this court must strike the appropriate balance in ensuring notification to the former CLs while minimizing disturbance to AOL's business. See *Sherrill v. Sutherland Global Servs. Inc., 487 F.Supp. 2d 344, 351 (W.D.N.Y. 2007)* (allowing notice to be posted at defendant's places of business for 90 days and mailed to all class members, but denying request to also E-mail the notice to all class members and publish the notice in the company newsletter). As this case has been pending for some time, immediacy of notice is of paramount concern to minimize inability to contact former CLs. As such, this court orders AOL to E-mail the notice to every person who participated in the CL program from May 1, 1997 up to and including May 1, 2000.[2] The E-mail shall conspicuously alert the recipients in the subject line of the transmission that it is legal notice and not junk or spam.

> 2   These dates reflect the parties' joint stipulation of March 27, 2000, whereby they agreed to toll the statute of limitations such that former CLs who join the lawsuit will be deemed to have filed consents [*10] as of May 1, 2000.

This court also finds that mailed notice to the last known address of each former CL is appropriate. It would not be improper solicitation for mailed notice to originate from Plaintiffs' counsel or for it to contain contact information in the event that former CLs have questions regarding the lawsuit. See *Mentor, 246 F.R.D. at 182* (approving form that included contact information of plaintiff's counsel); *Chowdhury, 2007 U.S. Dist. LEXIS 73853, 2007 WL 2873929 at \*6* (ordering defendants to provide plaintiffs the contact information of potential plaintiffs). This court therefore approves the inclusion of Plaintiffs' counsel's contact information in the notice and orders AOL to provide Plaintiffs' counsel with the last known mailing address of each former CL. Thereafter, Plaintiffs' counsel shall mail the notice to each former CL by first class mail.

Third, AOL objects to the electronic consents, claiming that returning hand-signed consents is not overly burdensome. AOL further requests that any responses from the former CLs, whether by mail or electronically, be directed to the court rather than to Plaintiffs' counsel. This court finds that hand-signed consents may be submitted by mail or facsimile, [*11] but not by E-mail. Whether by mail or facsimile, the consent must bear the former CL's signature. Also, both notices must instruct the former CLs to submit any written consents to the Clerk of the Court only. This is to prevent discouraging the former CLs from seeking outside counsel. See *Guzman v. VLM, Inc., 2007 U.S. Dist. LEXIS 75817, 2007 WL 2994278 at \*9 (E.D.N.Y. Oct. 11, 2007)*.

Fourth, AOL contends that the 120-day period is too long and that the court should limit any notice to thirty days, as most courts have done. Plaintiffs argue that 120 days is necessary as many former CLs may have changed addresses since the conception of this lawsuit and such time is necessary in the event of notices being returned as undeliverable or forwarded to new addresses. However, in requesting notice to be sent to the E-mail addresses of the former CLs, Plaintiffs argued that unlike mailing addresses, E-mail addresses do not often change and would be an accurate way of contacting the former CLs. As E-mail notice would alleviate many of the concerns of being unable to contact former CLs by mail, this court finds the 120-day period excessive and limits the period for which former CLs may respond to 60 days. Such a time period [*12] is proper considering the large number of former CLs who are to be notified, but is short enough to prevent undue delay or any prejudice to AOL.

Fifth, AOL claims that the notice should not include statements regarding anti-retaliation laws as it improperly assumes the CLs were employees. AOL has the ability to cancel subscriptions to its service whether the former CLs are/were employees or not, but the former CLs "are entitled to know that it is a violation of the FLSA for [AOL] to retaliate against them for exercising their right to opt in to the litigation." *Reab, 214 F.R.D. at 630*. The anti-retaliation clause may therefore be included.

Sixth, AOL claims that any notice should include the obligations that may be imposed upon the former CLs who join the lawsuit. Such information is appropriate. The notice shall notify the former CLs, in appropriate language, that if they opt in, they may be asked to (1) appear for depositions; (2) respond to written discovery; (3) testify at trial; and (4) pay costs if they do not prevail.

Finally, AOL argues that Plaintiffs should bear the costs of issuing the notice. Costs shall be borne by Plaintiffs as they are incurred in the course of sending [*13] these notices. [HN5] If desired, the prevailing party may seek to recover such costs at the end of litigation. *McGinty v. New York, 251 F.3d 84, 100 (2d Cir. 2001).*

E) Conclusion

Plaintiff's *Section 216(b)* motion is hereby GRANTED. The class is conditionally certified. AOL shall, within thirty days of the date of this order, provide Plaintiffs' counsel with the name and last known mailing address of each unpaid person who participated in AOL's Community Leader program from May 1, 1997 up to and including May 1, 2000. Plaintiffs' counsel shall mail the notice of pendency by first class mail to these addresses within thirty days of receiving the names and addresses from AOL. Meanwhile, AOL shall issue the notice to the former CLs by E-mail no later than the thirtieth day following the date on which it provides the information to Plaintiffs' counsel. Any written consents shall be submitted to the court only and must arrive on or before the sixtieth day following the date by which both notices must have been sent. Except as stated above, Plaintiffs' proposed forms of notice are approved. Where required, the forms shall be revised to conform to the court's rulings above.

SO ORDERED.

Dated: New York, [*14] N.Y.

February 19, 2008

/s/ Kevin Thomas Duffy

KEVIN THOMAS DUFFY

UNITED STATES DISTRICT JUDGE