# EXHIBIT KK

LEXSEE 2007 U.S. DIST. LEXIS 70372

**SAYED KHALIL, et al, Plaintiffs, -against- THE ORIGINAL HOMESTEAD RESTAURANT, INC., doing business as OLD HOMESTEAD, et al., Defendants.**

07 Civ. 695 (RJH)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*2007 U.S. Dist. LEXIS 70372*

**August 9, 2007, Decided**
**August 9, 2007, Filed**

**COUNSEL:** [*1] For Sayed Khalil, on behalf of himself and all others similarly situated, Wayne Walker, on behalf of himself and all others similarly situated, Mohamed Elmahdy, on behalf of himself and all others similarly situated, Brian Lahoff, on behalf of himself and all others similarly situated, Plaintiffs: Louis Pechman, LEAD ATTORNEY, Berke-Weiss & Pechman LLP, New York, NY.

The Original Homestead Restaurant, Inc., doing business as Old Homestead, Gregory Sherry, Marc Sherry, Luis Acosta, Defendants: Kimberly B. Nerenberg, McDermott, Will & Emery, LLP (NY), New York, NY.

**JUDGES:** Richard J. Holwell, United States District Judge.

**OPINION BY:** Richard J. Holwell

**OPINION**

**ORDER**

Plaintiffs in the above-captioned case have moved for conditional certification of a collective action under the Fair Labor Standards Act ("FLSA"). *Section 216(b) of the FLSA* authorizes an employee to sue his employer for violations of the FLSA on behalf of himself and other "similarly situated" employees. *See 29 U.S.C. § 216(b)*. To facilitate the opt-in process, a court has the discretion to authorize notification to "similarly situated" potential plaintiffs and to direct an employer defendant to disclose the names and addresses of those potential plaintiffs.

[*2] *See Patton v. The Thomson Corp., 364 F. Supp. 2d 263, 266 (S.D.N.Y. 2005)* (citing *Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 169, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989)*; *Braunstein v. E. Photographic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1979))*.

The requirements of *Rule 23 of the Federal Rules of Civil Procedure* do not apply to the approval of a collective action under the FLSA, and thus "no showing of numerosity, typicality, commonality and representativeness need be made." *Foster v. Food Emporium*, No. 99 Civ. 3860 (CM), 2000 U.S. Dist. LEXIS 6053, 2000 WL 1737858, at *1 (S.D.N.Y. Apr. 26, 2000). Rather, in deciding whether to authorize class notice in an FLSA action, the Court "need only reach a preliminary determination that potential plaintiffs are 'similarly situated.'" *Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)*. "The inquiry at the inception of the lawsuit is less stringent than the ultimate determination that the class is properly constituted." *Jackson v. New York Telephone Co., 163 F.R.D. 429, 431 (S.D.N.Y. 1995)*. Plaintiffs may meet this burden by "making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy [*3] or plan that violated the law." *Foster*, 2000 U.S. Dist. LEXIS 6053, 2000 WL 1737858, at *1 (quoting *Hoffmann, 982 F. Supp. at 261*).

The Court has reviewed the affidavit submitted by plaintiff Sayed Khalil, in which Khalil declares that he has personal knowledge, *inter alia*, that he and other waiters at Old Homestead "have all been subjected to the same tip policies (e.g., General Manager Luis Acosta ...

sharing in the tip pool) and payroll practices (e.g., paying employees only two hours for the lunch shift and six hours for the dinner shift, no matter how many hours are actually worked," as well as other alleged violations of the FLSA. (Khalil Aff. PP3--8.) The Court has also reviewed the consent-to-sue form submitted by a former waiter at Old Homestead.

The Court finds that the allegations in the Complaint, together with plaintiffs' affidavits, establish enough of a factual nexus between plaintiffs' situation and the situation of other current and former waiters at the Old Homestead to determine that they are "similarly situated." Although defendants argue that plaintiffs' evidence fails to show that other waiters desire to join this suit, the Court credits for purposes of this motion [*4] plaintiffs' allegation that defendants have retaliated against the named plaintiffs by assigning them to fewer tables and customers, thus causing them to make less money.[1] (Khalil Aff. P 9.) Other employees might be understandably reluctant to express their desire to participate in the action, at least until they receive the proposed notice, which explains that the FLSA prohibits retaliation for joining the lawsuit. (*See* Proposed Notice § 5.) In light of these circumstances and the fact that plaintiff's burden at this stage is not stringent, the Court holds that plaintiffs are entitled to notify all waiters who worked at Old Homestead from January 30, 2004, to the present. "It wilt then be up to those individuals to decide whether they wish to opt-in to this action." *Realite v. Ark Restaurants Corp., 7 F. Supp. 2d 303, 308 (S.D.N.Y. 1998).*

[1] Khalil, Wayne Walker, and Brian LaHoff have filed a complaint about this alleged retaliation with the National Labor Relations Board, and there is a grievance regarding this issue currently pending before their union, (See Khalil Aff. P 9.)

Accordingly, plaintiffs' request to proceed as a collective action for purposes of their claims under the [*5] FLSA is granted. To facilitate notice to potential members who may wish to opt in, defendants are ordered to immediately disclose to plaintiffs the names, last-known addresses, and telephone numbers of each individual who has worked as a waiter at Old Homestead from January 30, 2004, to the present. If defendants do not have such information, they are ordered to affirmatively identify the individual(s) in possession of this information and provide their names and addresses to plaintiffs. Plaintiffs' proposed collective action notice is approved. Plaintiffs are permitted to mail said notice to the individuals required to be disclosed by defendants and to publish said notice in such local newspapers as determined by plaintiffs.

SO ORDERED.

Dated: New York, New York

August 9, 2007

Richard J. Holwell

United States District Judge