# EXHIBIT LL

LEXSEE 1993 U.S. DIST. LEXIS 9988

**EVELYN KRUEGER, FRANCIS J. LUPARDO, CARLYLE D. FORDE, WALTER GRABOWSKI, NICHOLAS T. BRUCK, and ALBERT J. DWYER on behalf of themselves and all others similarly situated, Plaintiffs, v. NEW YORK TELEPHONE COMPANY and NYNEX CORPORATION, Defendants. BERNICE CARROLL, BETSY J. BELL and WILLIAM F. PERKINS, individually and on behalf of all other persons similarly situated, Plaintiffs, v. NEW YORK TELEPHONE COMPANY, a Company of the NYNEX CORPORATION, Defendant.**

93 Civ. 0178 (LMM), 93 Civ. 0179 (LMM)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

1993 U.S. Dist. LEXIS 9988

July 20, 1993, Decided
July 21, 1993, Filed

**JUDGES:** [*1] McKENNA

**OPINION BY:** LAWRENCE M. McKENNA

**OPINION**

*MEMORANDUM AND ORDER*

McKENNA, D.J.,

Now before the Court are the similar motions of plaintiffs in these related actions for an order pursuant to *29 U.S.C. § 216(b) (1988)* directing defendants to furnish the named plaintiffs and their counsel with the names and last known residence addresses of all potential class members, authorizing notice to such individuals and proscribing the notice's form. [1]

> 1   The motions filed in the two actions are substantially similar except that in *Carroll* plaintiffs also request class certification pursuant to *Fed. R. Civ. P. 23* and joint notice with *Krueger* to all parties who have previously opted in to either case (as distinct from notice only to those "similarly situated" who have not opted in to either action). The *Carroll* plaintiffs have since declined to press that part of their motion relating to class certification. Insofar as the motion in *Carroll* relating to form of notice differs from that in *Krueger,* the Court's disposition of the common aspects of the motions will, in effect, determine all issues raised as part of both motions.

[*2] The actions, filed almost simultaneously, both involve claims arising under the Age Discrimination in Employment Act, as amended, *29 U.S.C. § 621--634 (1988)* ("the ADEA") and the New York Human Rights Law, Executive Law *§ 290 et. seq.* (McKinney's 1993) ("the HRL"). In addition, the *Krueger* action includes a claim to remedy defendants' alleged interference with the attainment of plaintiffs' rights to pension benefits pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, *29 U.S.C. § 1001 et. seq.* [2] Plaintiffs claim that defendant New York Telephone Company ("NYT") unlawfully discharged or otherwise discriminated against them and others similarly situated in the implementation of the NYNEX Force Management Plan ("FMP").

> 2   *Fed. R. Civ. P. 23,* which generally governs class actions in federal court, is not applicable to plaintiffs' ADEA claims. As discussed *infra,* ADEA actions require parties to opt in whereas a pendent state law claim, such as the HRL claim,

must be certified under *Rule 23* which requires that a class member is a party unless he or she affirmatively "opts out" of the suit. At some future date, the Court may be called upon to decide whether to certify classes for the HRL and/or the ERISA claims pursuant to *Fed. R. Civ. P. 23*. Plaintiffs apparently concede that if an HRL class is certified, it should be limited to those employees who join the ADEA collective action. (Pls.' Mem. in Support *(Krueger)*, at 2 n.2.) *See Robinson v. Sizes Unlimited, Inc., 685 F. Supp. 442, 445-46 (D.N.J. 1988)* (determining that appropriate course of action where pendent jurisdiction over state law claims is asserted in ADEA collective action is to limit the class certified for the state law claim to ADEA class members who could then choose to opt out of the state law based class action). The Court need not decide at this point whether it will also limit the ERISA class action to those individuals who opted into the ADEA action; clearly, the issues of pendent jurisdiction relevant to the HRL claims are not present in relation to the ERISA action.

[*3] 1.

Notification to others similarly situated who have not yet joined either action is, in this Court's view, an appropriate course of action to take at this juncture in the litigation. *See Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170, 107 L. Ed. 2d 480, 110 S. Ct. 482 (1989)*. The ADEA incorporates the enforcement provisions from the Fair Labor Standards Act; specifically, *Section 216(b)* provides as follows:

> An action to recover the liability prescribed . . . may be maintained against any employer (including a public agency) in any Federal or State Court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*29 U.S.C. § 216(b)*.

The Supreme Court's decision in *Hoffmann* clearly authorizes and, in fact, advocates that the district court exercise its discretion early in the litigation to permit discovery of the names and addresses of discharged employees to [*4] ensure that such potential plaintiffs are promptly and accurately notified. The Supreme Court noted the underlying interests in the trial court's discretionary involvement in facilitating notice to potential plaintiffs:

> A collective action allows age discrimination plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity.

*Hoffmann, 493 U.S. at 170*.

Defendants argument that Justice Kennedy's concurrence in *Hazen Paper Co. v. Biggins, 123 L. Ed. 2d 338, 113 S. Ct. 1701, 1710 (1993)* (Kennedy, J., concurring), "casts significant doubt on whether a plaintiff may proceed, as plaintiffs attempt to do here, under a disparate impact theory of liability in an action under the ADEA," (Defs.' Mem. in Opp., at 3), is premature both as to this action and in general, given that the Supreme Court in *Hazen* specifically declined to decide whether a disparate impact theory of liability is available under the ADEA, *id.* at 1706, [*5] and that the Second Circuit Court of Appeals has clearly ruled that disparate impact doctrine is applicable to ADEA cases in this circuit. *Maresco v. Evans Chemetics, 964 F.2d 106, 115 (2d Cir. 1992)*; *Lowe v. Commack Union Free School Dist., 886 F.2d 1364, 1369 (2d Cir. 1989), cert. denied, 494 U.S. 1026, 108 L. Ed. 2d 608, 110 S. Ct. 1470 (1990)*.

Plaintiffs' allegations of disparate impact are sufficient at this stage and do not undermine plaintiffs' argument that it is appropriate to notify those "similarly situated." Plaintiffs have identified two ranking criteria that could support a disparate impact analysis under the ADEA which were employed in all of the banding entities into which plaintiffs and those similarly situated were divided. Moreover, alleged statements from certain NYT employees may also support plaintiffs' claims. Defendants' FMP, however diffuse its implementation,

appears nevertheless to have been a single plan contemplating reduction of defendants' staff within a tightly proscribed period, i.e., December 1992.

Defendants contest plaintiffs' motion by seeking to contest the merits of plaintiffs' claims [*6] more vigorously than is necessary at this stage. Specifically, defendants seek to cast doubt on whether a definable group of "similarly situated" plaintiffs can exist here. It is beyond contention that a definable group of "similarly situated" former and present employees does exist; the Court need not evaluate the merits of plaintiffs' claims in order to determine whether a "similarly situated" group exists. Plaintiffs need only set forth "substantial allegations that the Putative class members were together victims of a single decision, policy or plan infected by discrimination." *Sperling v. Hoffmann-La Roche, Inc., 118 F.R.D. 392, 407 (D.N.J. 1988)*. In this Court's view, the "similarly situated" burden has been met here; even if plaintiffs' claims turn out to be meritless or, in fact, all the plaintiffs turn out *not* to be similarly situated, notification at this stage, rather than after further discovery, may enable more efficient resolution of the underlying issues in this case. At the very least, plaintiffs' detailed allegations and supporting affidavits "successfully engage [defendants'] affidavits to the contrary" for purposes of the present [*7] motion. *Id. at 406*. Further, as the court said in *Frank v. Capital Cities Communications, Inc., 88 F.R.D. 674 (S.D.N.Y. 1981)*:

> The experiences of other employees may well be probative of the existence *vel non* of a discriminatory policy, thereby affecting the merits of the plaintiffs' own claims; and the notice machinery contemplated by the ADEA, by reaching out to potential plaintiffs, may further the statute's remedial purpose.

*Id. at 676.*

The Court thus decides that defendants must provide plaintiffs with the names and last-known residences of those putative plaintiffs who have not yet joined either the *Carroll* or the *Krueger* actions. 3 During oral argument, all parties were in apparent agreement that approximately eighty individuals had not yet opted in to either action, but might be eligible to do so. 4 These approximately eighty individuals and any others falling within the group of persons similarly situated will be notified under the guidelines set out by the Court below.

3   The Court stresses that no notice is to be sent to those parties who have already signed consents to be included in either action.

[*8]

4   Accordingly, the Court assumes that the parties can agree as to an appropriate procedure for defendants to release to plaintiffs the names and last known residences of those individuals aged 40 or over, employed as managers or in a managerial capacity, who were involuntarily terminated, discharged, demoted, reduced in pay, forced to retire, furloughed or laid off from employment by NYT as part of the FMP in December 1992.

Since counsel for plaintiffs in both *Krueger* and *Carroll* apparently agreed at oral argument that (geographical limitations and allegations relating to ERISA apart) their class definitions are coterminous in substance, such counsel are to confer within 10 days of the date of this Order and attempt to agree to a precise class definition. That failing, such counsel will, within 15 days of the date of this Order, submit their competing definitions and supporting justifications to the Court. Any definition must be approved by the Court, even if arrived cit by agreement between plaintiffs' respective counsel.

2.

In accordance with *Hoffmann*, the Court turns now to the [*9] form and content of the notice it has ordered which is to be approved by the Court prior to mailing in order that present and after-the-fact disputes between counsel as to form and manner of consent may be eliminated. *Hoffmann, 493 U.S. at 170*. One notice is to be mailed to possible plaintiffs describing both actions. The notice shall include the following information: (1) a brief identification of each action (including class definitions arrived at as set forth in footnote 4, supra); (2) any fees or advances a plaintiff would be obligated to pay at any stage of the litigation; (3) that the *Carroll* action is limited to plaintiffs living in the New York City metropolitan area; (4) the number of individuals who have submitted signed consent forms in each action as of the date of the mailing; (5) that both actions include claims under the HRL; (6) that only the *Krueger* action includes an ERISA claim; (7) that the Court has

1993 U.S. Dist. LEXIS 9988, *9

Page 4

expressed no opinion as to the merits of the ADEA, HRL or ERISA claims; (8) that the individual is free to join either action (subject to the geographic limitations of *Carroll)*, no action, or to pursue an individual claim [*10] should he or she wish to do so; and (9) that if the individual signs the consent form for either action that he or she will be bound by the result.

For the foregoing reasons, the *Krueger* plaintiffs motion is granted and the *Carroll* plaintiffs motion is granted in part and denied in part. Defendants are ordered to release the names and addresses described above within 15 days of the Court's approval of a class definition (see, footnote 4, supra). Defendants' counsel will draft a notice of the form and content described above (including an opt in form). Defendants' counsel will submit the proposed notice to plaintiffs' counsel within 10 days of the Court's approval of a class definition; plaintiffs' counsel will submit the proposed notice with their respective comments to the Court within 7 days of receipt of the proposed notice drafted by defendants. The Court will then determine and approve the final form and content of the notice.

Dated: New York, New York

July 20, 1993

SO ORDERED.

LAWRENCE M. McKENNA

U.S.D.J.