# EXHIBIT QQ

2007 U.S. Dist. LEXIS 32485, *

NATHAN NERLAND, DANIEL WILLIAMS-GOLDBERG, and JAMES GECKLER, individually and on behalf of all others similarly situated, Plaintiffs, v. CARIBOU COFFEE COMPANY, INC., Defendant.

Case No. 05-CV-1847 (PJS/JJG)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA

*2007 U.S. Dist. LEXIS 32485*

**April 19, 2007, Decided**
**April 19, 2007, Filed**

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff former managers filed suit against defendant former employer alleging violations of the federal Fair Labor Standards Act (FLSA), *29 U.S.C.S. § 201 et seq.*, and the Minnesota Fair Labor Standards Act (MFLSA), *Minn. Stat. § 177.21 et seq.* The employer filed a motion for summary judgment.

**OVERVIEW:** The managers alleged that the employer improperly classified them as "exempt" under the FLSA and MFLSA. The court found that there was no dispute that all three managers earned more than the threshold salary requirements. Nor was there any dispute that the managers customarily and regularly supervised the work of two or more other employees. The record also seemed clear that the managers' recommendations regarding the hiring, firing, and promotion of other employees were given particular weight. Next, the court found that there were simply too many factual disputes concerning the nature of the managers' duties for the court to enter judgment for the employer as a matter of law. The court reasoned that the parties disputed how much time the mangers spent performing exempt managerial tasks. Additionally, the parties disputed the extent of the managers' responsibilities for scheduling, hiring, and firing. Finally, the court found that the managers had submitted no evidence that would permit a reasonable jury to find that the employer knew that it was violating the FLSA or that it acted in reckless disregard of the FLSA's requirements when it classified its store managers as exempt.

**OUTCOME:** The employer's motion was granted with respect to the issue of willfulness and denied in all other respects.

**LexisNexis(R) Headnotes**

*Labor & Employment Law > Wage & Hour Laws > Defenses & Exemptions > Executives & Professional Employees*
[HN1] Under the Fair Labor Standards Act, employers are not required to pay overtime to persons employed in a bona fide executive capacity. *29 U.S.C.S. § 213(a)*. Regulations issued by the Department of Labor and in effect until August 23, 2004 provided that employees fell within this exemption if (1) they earned at least $ 250 per week; (2) their "primary duty" was management; and (3) their responsibilities included the customary and regular direction of the work of two or more other employees. *29 C.F.R. § 541.1(f) (2004)*. Effective August 23, 2004, the regulations were changed to increase the salary requirement to $ 455 per week and to add a fourth requirement: The employee must have the authority to hire and fire other employees or be someone whose recommendations regarding hiring, firing, promotion, and the like are "given particular weight." *29 C.F.R. § 541.100(a)*.

*Labor & Employment Law > Wage & Hour Laws > Defenses & Exemptions > Executives & Professional Employees*
[HN2] Under Department of Labor regulations, "management" includes activities such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the

property; planning and controlling the budget; and monitoring or implementing legal compliance measures. *29 C.F.R. § 541.102.*

***Labor & Employment Law > Wage & Hour Laws > Defenses & Exemptions > Executives & Professional Employees***
[HN3] In determining whether management duties are "primary," courts look to the following factors: the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee. *29 C.F.R. § 541.700.*

***Labor & Employment Law > Wage & Hour Laws > Defenses & Exemptions > Executives & Professional Employees***
[HN4] Pursuant to *29 C.F.R. § 541.700*, a determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole.

***Civil Procedure > Summary Judgment > Evidence***
***Civil Procedure > Summary Judgment > Standards > General Overview***
***Labor & Employment Law > Wage & Hour Laws > Defenses & Exemptions > Executives & Professional Employees***
[HN5] The defendant bears the burden of proof on the issue of whether plaintiffs were exempt employees. In addition, at the summary judgment stage of the proceedings, the court must treat plaintiffs' evidence as true and draw all reasonable inferences in their favor.

***Labor & Employment Law > Wage & Hour Laws > Statutes of Limitations***
[HN6] Ordinarily, Fair Labor Standards Act claims must be brought within two years of the alleged violation. *29 U.S.C.S. § 255(a).* If the employer's violation was "willful," however, the limitations period is extended to three years.

***Labor & Employment Law > Wage & Hour Laws > Coverage & Definitions > General Overview***
[HN7] The United States Supreme Court has defined "willful" to mean that the employer knew that its conduct was unlawful under the Fair Labor Standards Act or that

it recklessly disregarded whether its conduct was unlawful. Under this standard, it is not enough to show that the employer was merely negligent. Plaintiffs bear the burden of proving willfulness.

***Labor & Employment Law > Wage & Hour Laws > Coverage & Definitions > General Overview***
[HN8] In the context of the Fair Labor Standards Act, negligence is not sufficient to establish willfulness.

***Civil Procedure > Summary Judgment > Standards > General Overview***
***Labor & Employment Law > Wage & Hour Laws > Coverage & Definitions > General Overview***
[HN9] When evidence tempts a judge to grant summary judgment to the employer on the question of whether the employer violated the Fair Labor Standards Act (FLSA) at all, that evidence is obviously not sufficient to permit a reasonable jury to conclude that the employer violated the FLSA knowingly or acted with reckless disregard of the FLSA.

***Labor & Employment Law > Wage & Hour Laws > Defenses & Exemptions > General Overview***
[HN10] Determining whether any employee is exempt under the Fair Labor Standards Act (FLSA) is a fact-intensive process that often involves making difficult judgment calls based on imperfect information. An employer can act in good faith and yet ultimately be found to have violated the FLSA.

**COUNSEL:** [*1] Charles N. Nauen and William A. Gengler, LOCKRIDGE GRINDAL NAUEN P.L.L.P, for plaintiffs.

Joseph M. Sokolowski and Lindsay M. Zamzow, FREDRIKSON & BYRON, PA, for defendant.

**JUDGES:** Patrick J. Schiltz, United States District Judge.

**OPINION BY:** Patrick J. Schiltz

**OPINION**

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Caribou Coffee Company, Inc. ("Caribou") operates retail coffee shops throughout the United States. Plaintiffs are former Caribou store managers who have sued Caribou under the federal Fair Labor Stan-

dards Act ("FLSA"), *29 U.S.C. §§ 201-219*, and the Minnesota Fair Labor Standards Act ("MFLSA"), *Minn. Stat. §§ 177.21-177.35*. [1] Plaintiffs contend that Caribou improperly classified them as "exempt" under the FLSA and MFLSA -- that is, as employees who are not entitled to overtime compensation. This matter is before the Court on Caribou's motion for summary judgment on these claims.

> 1  Plaintiffs' complaint also alleges claims for unjust enrichment and quantum meruit, declaratory relief, accounting, and injunctive relief, as well as claims brought on behalf of managers-in-training. Pursuant to the parties' stipulation, the Court dismissed the unjust enrichment and quantum meruit claims, the claim for injunctive relief under the FLSA (but not any such claim under Minnesota law), and all claims brought on behalf of managers-in-training. *See* Docket No. 223.

[*2] [HN1] Under the FLSA, employers are not required to pay overtime to persons employed "in a bona fide executive... capacity[.]" *29 U.S.C. § 213(a)*. [2] Regulations issued by the Department of Labor ("DOL") and in effect until August 23, 2004 provided that employees fell within this exemption if (1) they earned at least $ 250 per week; (2) their "primary duty" was management; and (3) their responsibilities included the customary and regular direction of the work of two or more other employees. *29 C.F.R. § 541.1(f) (2004)*. Effective August 23, 2004, the regulations were changed to increase the salary requirement to $ 455 per week and to add a fourth requirement: The employee must have the authority to hire and fire other employees or be someone whose recommendations regarding hiring, firing, promotion, and the like are "given particular weight." *29 C.F.R. § 541.100(a)*. Plaintiff James Geckler, who was a Caribou store manager until October 2004, is the only named plaintiff to whom the more recent regulations apply.

> 2  Plaintiffs identify few material differences between the FLSA and the MFLSA. For the purpose of resolving Caribou's motion, the Court's discussion of the FLSA will suffice.

[*3] There is no dispute that all three named plaintiffs earned more than the threshold salary requirements. Nor is there any dispute that plaintiffs customarily and regularly supervised the work of two or more other employees. The record also seems quite clear -- although plaintiffs inexplicably will not concede the point -- that, at a minimum, plaintiffs' recommendations regarding the hiring, firing, and promotion of other employees were given particular weight. [3] Thus, the real dispute centers on whether the primary duty of plaintiffs was management.

> 3  Plaintiffs seem to believe that because Caribou did not agree with every single one of their recommendations, those recommendations were not "given particular weight." But the regulations require only that the recommendations be given "particular," not "conclusive," weight.

[HN2] Under DOL regulations, "management" includes

> activities such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing [*4] the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.

*29 C.F.R. § 541.102*. [HN3] In determining whether these management duties are "primary," courts look to the following factors:

> the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other [*5] employees for the kind of nonexempt work performed by the employee.

*29 C.F.R. § 541.700*.

The Court has carefully considered the parties' arguments regarding the application of these legal standards to the evidence in this record. The Court concludes that, although Caribou appears to have a strong case on

the merits, there are simply too many factual disputes concerning the nature of plaintiffs' duties for the Court to enter judgment for Caribou as a matter of law. *See Jarrett v. ERC Props., Inc., 211 F.3d 1078, 1081 (8th Cir. 2000)* (disputes regarding the nature of an employee's duties are questions of fact). The parties vigorously dispute, for example, how much time plaintiffs spent performing exempt managerial tasks; indeed, the parties even dispute whether and how to separate the time that plaintiffs acted as managers from the time that plaintiffs acted as baristas. The parties also vigorously dispute the extent of plaintiffs' responsibilities for scheduling, hiring, firing, and setting rates of pay for other employees. Caribou, for example, absolutely insists that plaintiffs could hire baristas without the approval of district [*6] managers; plaintiffs absolutely insist that they could not. Somebody is obviously not being forthright with the Court. On this record, though, the Court cannot know who. This dispute, as well as others, will have to be resolved by a jury -- and until these disputes are resolved, neither this Court nor a jury can determine whether management was plaintiffs' "primary duty." *See* [HN4] *29 C.F.R. § 541.700* ("Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole.").

Caribou argues that these disputes are not "genuine" because plaintiffs' testimony is so self-contradictory -- and is contradicted to such an extent by employment records and other undisputed evidence -- that no reasonable jury could believe it. The Court agrees that there are inconsistencies and that plaintiffs will have some explaining to do at trial. But these inconsistencies are neither so numerous nor so obvious that they compel a ruling in Caribou's favor. To the contrary, Caribou often exaggerates the extent to which plaintiffs' sworn statements conflict with other evidence in the [*7] record. For example, Caribou points out that Geckler testified that it was his responsibility to make certain that his store was properly staffed, and further points out that a performance review written by Williams-Goldberg (who was promoted from store manager to district manager) praised Geckler for hiring the people he needed. Caribou argues that, in light of this evidence, no jury could believe the contention of Geckler (and Williams-Goldberg) that Geckler did not have the authority to hire without approval from a district manager.

The Court does not agree. Performance reviews often praise employees for taking initiative in areas in which they do not have ultimate authority. Moreover, such reviews are not sworn legal documents. They are commonly drafted hurriedly, by non-lawyers, for the purpose of communicating a supervisor's appraisal of an employee's job performance. Such reviews also typically use "short hand" -- words that, while not legally precise, are readily understood by the intended audience. Thus, a comment that Geckler "hired" the people he needed could easily be a short-hand way of saying that Geckler anticipated staffing needs and timely recommended the hiring of [*8] appropriate candidates.

[HN5] Caribou bears the burden of proof on the issue of whether plaintiffs were exempt employees. *See Fife v. Harmon, 171 F.3d 1173, 1174 (8th Cir. 1999)*. In addition, at this stage of the proceedings, the Court must treat plaintiffs' evidence as true and draw all reasonable inferences in their favor. *See Taylor v. White, 321 F.3d 710, 715 (8th Cir. 2003)*. Under these standards, the Court cannot grant Caribou's motion to dismiss plaintiffs' FLSA claims altogether.

Caribou argues, in the alternative, that even if it is not entitled to dismissal of plaintiffs' FLSA claims in their entirety, it is nevertheless entitled to summary judgment on the issue of willfulness.[HN6] Ordinarily, FLSA claims must be brought within two years of the alleged violation. *29 U.S.C. § 255(a)*. If the employer's violation was "willful," however, the limitations period is extended to three years. *Id.* Plaintiffs do not dispute that, without a finding of a willful violation, plaintiff Williams-Goldberg's FLSA claims must be dismissed.

[HN7] The Supreme Court has defined "willful" to mean that the employer knew that its conduct was unlawful [*9] under the FLSA or that it recklessly disregarded whether its conduct was unlawful. *McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988)*. Under this standard, it is not enough to show that the employer was merely negligent. *Id. at 133, 135 n.13*. Plaintiffs bear the burden of proving willfulness. *See Smith v. Heartland Auto. Servs., Inc., 418 F. Supp. 2d 1129, 1141 (D. Minn. 2006)*.

Plaintiffs have submitted no evidence that would permit a reasonable jury to find that Caribou knew that it was violating the FLSA or that it acted in reckless disregard of the FLSA's requirements when it classified its store managers as exempt. Far from showing reckless disregard, Caribou has reviewed the classification of its store managers with legal counsel several times since 2000. Zamzow Aff. Ex. R at 42, 44, 55, Exs. T, U. Each time, counsel opined that the classification was generally consistent with the FLSA. Zamzow Aff. Ex. R at 44, 55, Ex. U.

Plaintiffs argue that Caribou's compliance efforts were haphazard and inadequate because Caribou failed to keep proper records of its reviews and did not always interview store managers. At worst, though, [*10] this evidence may show that Caribou was careless, not that it knew that it was violating the FLSA or that it recklessly disregarded the FLSA. Again, [HN8] negligence is not

sufficient to establish willfulness. *McLaughlin, 486 U.S. at 133*.

Plaintiffs also point to a 2005 legal memorandum in which counsel advised Caribou to conduct regular audits of store managers to determine what percentage of the managers' time is spent performing non-exempt tasks. Because Caribou did not undertake these audits, plaintiffs contend, Caribou acted recklessly in categorizing plaintiffs as exempt. But plaintiffs do not explain why Caribou's failure to follow advice given in *2005* proves that Caribou willfully violated the FLSA several years earlier when it classified plaintiffs as exempt. Putting that aside, the 2005 memorandum is dated just six months before plaintiffs filed this lawsuit. The fact that Caribou did not promptly run out and perform the recommended audits is not sufficient to create a factual question on the issue of willfulness.

Likewise, it is not significant that counsel advised Caribou about ways to describe and document the store manager position in order to support [*11] and maintain the overtime exemption. Plaintiffs characterize Caribou's efforts in this regard as attempts to evade the law. But Caribou's efforts can just as plausibly be understood as attempts to make clear that it was *complying* with the law. These efforts would not permit a reasonable jury to find that, notwithstanding the care that Caribou took not to run afoul of the FLSA, and notwithstanding the advice that Caribou received from its attorneys, Caribou nevertheless knew that its store managers should not have been classified as exempt or acted with reckless disregard of its obligations under the FLSA.

Finally, a great deal of undisputed evidence supports Caribou's decision to classify its store managers as exempt. For example, Caribou offers undisputed evidence that store managers' performance reviews focused almost entirely on their management skills, and not on their coffee-serving skills. *See* Zamzow Aff. Ex. G (Geckler Dep. Ex. 5); *see also Smith, 418 F. Supp. 2d at 1142* (job descriptions and performance evaluations tended to show that employer expected its store managers to perform management tasks, which indicated a lack of willfulness). If, as plaintiffs [*12] allege, store managers are important to Caribou primarily for their work serving coffee, it is difficult to understand why Caribou's evalua-

tions mainly discussed their work as managers, and only incidentally mentioned their work as baristas.

The undisputed evidence on which Caribou relies came close to persuading this Court to grant summary judgment to Caribou on the FLSA claims. [HN9] When evidence tempts a judge to grant summary judgment to the employer on the question of whether the employer violated the FLSA *at all,* that evidence is obviously not sufficient to permit a reasonable jury to conclude that the employer violated the FLSA *knowingly* or acted with reckless disregard of the FLSA.

[HN10] Determining whether any employee is exempt under the FLSA is a fact-intensive process that often involves making difficult judgment calls based on imperfect information. An employer can act in good faith and yet ultimately be found to have violated the FLSA. Caribou may have violated the FLSA -- that will be for a jury to decide -- but the evidence demonstrates that Caribou, far from being recklessly indifferent to the requirements of the FLSA, regularly reviewed the classification of its store [*13] managers with counsel. That Caribou may have been negligent in failing to do more is not sufficient to create a genuine dispute on the issue of willfulness.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion for summary judgment [Docket No. 534] is GRANTED IN PART and DENIED IN PART.

2. Defendant's motion is GRANTED with respect to the issue of willfulness, and plaintiff Daniel Williams-Goldberg's FLSA claims are DISMISSED WITH PREJUDICE AND ON THE MERITS.

3. Defendant's motion is DENIED in all other respects.

Dated: April 19, 2007

s/ Patrick J. Schiltz

United States District Judge