# EXHIBIT WW

2007 U.S. Dist. LEXIS 11304, *

**APRIL J. WESTFALL, Plaintiff, v. KENDLE INTERNATIONAL, CPU, LLC, et al., Defendants.**

**CIVIL ACTION NO. 1:05-cv-00118**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA, CLARKSBURG DIVISION**

*2007 U.S. Dist. LEXIS 11304*

**February 15, 2007, Decided**
**February 15, 2007, Filed**

**SUBSEQUENT HISTORY:** Reconsideration denied by *Westfall v. Kendle Int'l, CPU, LLC*, 2007 U.S. Dist. LEXIS 32548 (N.D. W. Va., Apr. 30, 2007)

**PRIOR HISTORY:** *Westfall v. Kendle Int'l*, 2007 U.S. Dist. LEXIS 10026 (N.D. W. Va., Feb. 9, 2007)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In plaintiff's suit brought under the West Virginia Wage Payment and Collection Act (WPCA), *W. Va. Code § 21-5-1* (2006), and Fair Labor Standards Act (FLSA), *29 U.S.C.S. § 201*, against defendants, two corporations and several individuals, plaintiff moved to amend and for class certification and defendants moved for partial summary judgment.

**OVERVIEW:** Plaintiff waited until the day the class certification response was due by defendants to file her motion for leave to file the fourth amended complaint adding three plaintiffs. This delay, in conjunction with the expense and burden of briefing a response to class certification again, was unduly prejudicial to defendants. Plaintiff also did not demonstrate good cause under *Fed. R. Civ. P. 16(b)* to alter the pleading-amendment deadline as to the additional plaintiffs. As the addition of a defendant would not cause undue prejudice, was not done in bad faith, would not be futile, and plaintiff was diligent in her motion to add the defendant, plaintiff demonstrated good cause to alter the pleading-amendment deadline as to the additional defendant. Plaintiff was sufficiently similarly situated to the other proposed collective action members to meet requirements for preliminary certification, but the court conditionally certified the FLSA collective action against one group of defendants. Plaintiff's claim failed under the commonality, typicality, and adequacy of representation prongs of *Fed. R. Civ. P. 23* and thus her state law claims could not be certified in a *Rule 23* class action.

**OUTCOME:** Plaintiff's motion to amend was granted as to the addition of a defendant and the removal of a state law claim but was denied as to addition of plaintiffs. Plaintiff's motion to certify a collective action under the FLSA was granted in part as the class was conditionally certified. Plaintiff's motion to certify a class was denied. Summary judgment was granted to corporation one, but was denied in part and granted in part to corporation two.

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > General Overview*
*Civil Procedure > Parties > Joinder > General Overview*
*Civil Procedure > Pretrial Matters > Conferences > Case Management*
[HN1] To add parties after a responsive pleading has been filed, a party must move to amend a complaint in accordance with *Fed. R. Civ. P. 15*. The movant must also show how her amendment complies with the relevant joinder rules. Finally, the addition of parties must be in compliance with *Fed. R. Civ. P. 16*, which requires that any change to the scheduling order be for good cause.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > General Overview*
[HN2] *Fed. R. Civ. P. 15(a)* provides in part that a party may amend the party's pleading by leave of the court and leave shall be freely given when justice so requires. The United States Court of Appeals for the Fourth Circuit reads *Rule 15(a)* as requiring that motions to amend be granted unless the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.

Case 1:07-cv-08718-RMB-THK   Document 54-50   Filed 03/28/2008   Page 3 of 18

Page 2
2007 U.S. Dist. LEXIS 11304, *

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > General Overview*

[HN3] A court may determine whether an amendment is prejudicial by the nature of the amendment and its timing. A court should not deny a motion to amend a pleading based on delay alone. A common example of a prejudicial amendment is one that raises a new legal theory that would require the gathering and analysis of facts not already considered by the defendant, and is offered shortly before or during trial. An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred.

*Civil Procedure > Parties > Joinder > Permissive Joinder*

[HN4] *Fed. R. Civ. P. 20(a)* which considers permissive joinder, allows parties to be joined in one action they assert any right to relief of have against them asserted any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all" of the parties will arise in the action.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > General Overview*
*Civil Procedure > Parties > Joinder > General Overview*
*Civil Procedure > Pretrial Matters > Conferences > Case Management*

[HN5] The *Fed. R. Civ. P. 16* analysis focuses on the moving party seeking to add parties. *Rule 16(b)* provides that the schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge. *Fed. R. Civ. P. 16(b)*. Specifically, *Rule 16(b)* notes the establishment of a deadline for joining other parties and amending the pleadings.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > Leave of Court*

[HN6] A court may not deny a motion to amend the pleading based only on delay.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > General Overview*

[HN7] When determining whether the amendment is prejudicial, courts consider the motion to amend in relation to its nature and the timing.

*Civil Procedure > Class Actions > Certification*
*Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions*

[HN8] For a court to certify a class, *Fed. R. Civ. P. 23(a)* requires that the claims or defenses of the representative parties are typical of the claims or defenses of the class, and the representative parties will fairly and adequately protect the interests of the class. To certify a class under the Fair Labor Standards Act (FLSA), *29 U.S.C.S. § 201*, the court must consider whether the plaintiff is "similarly situated" to other purported class members. *29 U.S.C.S. § 216(b)*.

*Civil Procedure > Parties > Joinder > Permissive Joinder*

[HN9] *Fed. R. Civ. P. 20* requires that the claims against the proposed defendant arises out of the same transaction or occurrence as the claims against the other named defendants.

*Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions*

[HN10] *29 U.S.C.S. § 216(b)* allows the court to certify a collective action if similarly-situated action members "opt in" to the class.

*Civil Procedure > Class Actions > Certification*
*Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions*

[HN11] *Fed. R. Civ. P. 23* and *29 U.S.C.S. § 216* have different requirements for certification. The most significant difference is that the plaintiff is seeking a *Fed. R. Civ. P. 23(b)(1)* and *(b)(2)* certification, both of which are mandatory and thus class members have no right to opt out of the class. *Fed. R. Civ. P. 23(c)(3)*. Conversely, under *29 U.S.C.S. § 216(b)*, members of the putative class must "opt-in" to benefit from a collective action involving an Fair Labor Standards Act claim. *29 U.S.C.S. § 216(b)* states: No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. Courts have generally agreed that, because of this difference, the discrete requirements of a *Fed. R. Civ. P. 23* class action are not applicable to a *29 U.S.C.S. § 216(b)* action.

*Civil Procedure > Class Actions > Certification*
*Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions*

[HN12] The Fair Labor Standards Act (FLSA) provides for a collective action by plaintiffs who are "similarly situated." *29 U.S.C.S. § 216(b)*. In these actions, courts limit their evaluation to whether named and "opt-in" plaintiffs are "similarly situated." Generally, a plaintiff may more easily obtain certification of a *§ 216(b)* collective action than a *Fed. R. Civ. P. 23* class action because plaintiffs in a *29 U.S.C.S. § 216(b)* action are not held to the requirements of *Fed. R. Civ. P. 23* certification.

*Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions*
[HN13] Courts generally use a two-step approach to certify Fair Labor Standards Act collective actions. In the first phase of the inquiry, the court must examine the pleadings and affidavits of the proposed action and determine whether the proposed action members are similarly situated enough to conditionally certify the collective action. Generally after the conditional certification, the court gives putative class members notice and the opportunity to "opt-in" and the action proceeds as a representative action throughout discovery. The second phase of the inquiry, undertaken after discovery is largely completed, is typically precipitated by a motion for decertification by the defendant. If at this point the court finds that the claimants are similarly situated, the action proceeds to trial. If the court finds that the claimants are not similarly situated, the court decertifies the action and dismisses the "opt-ins" without prejudice. The class representative can then proceed to trial with his individual claims.

*Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions*
[HN14] While courts have not applied a uniform test to determine the definition of "similarly situated," a "modest factual showing" usually suffices. A conditional action should be certified under *29 U.S.C.S. § 216(b)* if the moving plaintiffs show that putative class members were together the victims of a single decision, policy, or plan that violated the law.

*Labor & Employment Law > Wage & Hour Laws > Coverage & Definitions > Independent Contractors*
[HN15] Courts apply a six-factor test to determine whether a worker is an employee or an independent contractor under the Fair Labor Standards Act. The factors are: (1) the degree of control that the putative employer has over the manner in which the work is performed; (2) the worker's opportunities for profit or loss dependent on his managerial skill; (3) the worker's investment in equipment or material, or his employment of other workers; (4) the degree of skill required for the work; (5) the permanence of the working relationship; and (6) the degree to which the services rendered are an integral part of the putative employer's business. No single factor is dispositive. Instead, courts must capture the economic realities of the relationship between the worker and the putative employer. The United States Court of Appeals for the Fourth Circuit distilled the test into one ultimate question: whether the workers are, as a matter of economic reality, dependent on the business they served, or, conversely, whether they are in business for themselves.

*Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions*
[HN16] Although the Fair Labor Standards Act does not provide courts with a standard for determining whether notice should be sent to potential plaintiffs, the United States Supreme Court has ruled that trial courts have authority in appropriate cases to order discovery to identify potential plaintiffs and to send court-authorized notice to them. The Supreme Court held that district courts have discretion in appropriate cases to implement *29 U.S.C.S. § 216(b)* by facilitating notice to potential plaintiffs.

*Civil Procedure > Class Actions > Certification*
[HN17] The certification of a class action under *Fed. R. Civ. P. 23* is a two-step process. First, the plaintiff must satisfy all four of the prerequisites of *Rule 23(a)* and second, at least one of the subsections of *Rule 23(b)*. Failure to meet any one of the prerequisites therefore results in denial of the request for certification, regardless of whether the other prerequisites are met.

*Civil Procedure > Class Actions > Certification*
[HN18] See *Fed. R. Civ. P. 23(a)*, *(b)(1-2)*.

*Civil Procedure > Class Actions > Certification*
[HN19] A plaintiff bears the burden of persuading the court that a class should be certified. The court has broad discretion in deciding whether to certify a class.

*Civil Procedure > Class Actions > Prerequisites > General Overview*
[HN20] To meet the requirements of *Fed. R. Civ. P. 23(a)*, the plaintiff must establish commonality and typicality of issues, adequacy of representation, and that the class is so numerous that joinder of all members is impracticable. *Fed. R. Civ. P. 23(a)*.

***Civil Procedure > Class Actions > Prerequisites > Commonality***
[HN21] To achieve commonality under *Fed. R. Civ. P. 23(a)(2)*, a plaintiff must establish that common questions of law or fact exist with respect to the class. Class relief is peculiarly appropriate when the issues involved are common to the class as a whole and when they turn on questions of law applicable in the same manner to each member of the class. Commonality can be achieved despite some factual variance among class members claims, as long as there are common questions of law presented. However, the common questions must be dispositive and over-shadow other issues.

***Labor & Employment Law > Wage & Hour Laws > Coverage & Definitions > Employees***
***Labor & Employment Law > Wage & Hour Laws > Coverage & Definitions > Independent Contractors***
[HN22] Four factors enter into determination of the question whether a master-servant relationship exists within the contemplation of the doctrine of respondeat superior, (1) selection and engagement of the servant, (2) payment of compensation, (3) power of dismissal, and (4) power of control. The first three factors are not essential to the existence of the relationship; the fourth, the power of control, is determinative. However, to ascertain whether a workman is an employee or an independent contractor each case must be resolved on its own facts and ordinarily no one feature of the relationship is controlling, but all must be considered together.

***Civil Procedure > Class Actions > Certification***
[HN23] Purported *Fed. R. Civ. P. 23* classes requiring individual inquiries into each plaintiff's circumstances are inappropriate for class certification.

***Civil Procedure > Class Actions > Prerequisites > Adequacy of Representation***
***Civil Procedure > Class Actions > Prerequisites > Commonality***
***Civil Procedure > Class Actions > Prerequisites > Typicality***
[HN24] The *Fed. R. Civ. P. 23(a)* requirements of typicality and adequacy of representation often merge with the commonality requirement. *Fed. R. Civ. P. 23(a)*. A plaintiff's claims and claims of class members need not be perfectly identical or perfectly aligned. Still, to satisfy the typicality requirement, the named representatives' claims must have the same essential characteristics as the claims of the purported class. To adequately represent the class, the class representative must be part of the class and possess the same interest and suffer the same injury as the class members.

***Civil Procedure > Summary Judgment > Burdens of Production & Proof > Movants***
***Civil Procedure > Summary Judgment > Burdens of Production & Proof > Nonmovants***
***Civil Procedure > Summary Judgment > Burdens of Production & Proof > Scintilla Rule***
***Civil Procedure > Summary Judgment > Evidence***
***Civil Procedure > Summary Judgment > Standards > General Overview***
[HN25] Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c)*; The party seeking summary judgment has the initial burden to show an absence of evidence to support the nonmoving party's case. The opposing party must demonstrate that a genuine issue of material fact exits; mere allegations or denials are insufficient. A mere scintilla of evidence supporting the case also is insufficient. The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmovant's favor.

***Labor & Employment Law > Wage & Hour Laws > Coverage & Definitions > Regular Rate***
[HN26] The West Virginia Wage Payment and Collection Act (WPCA), *W. Va. Code § 21-5-1* (2006), states that wages are compensation for labor and services rendered by an employee, *§ 21-5-1(c)*, and that every corporation doing business in this State, shall settle with its employees at least once in every two weeks, unless otherwise provided by special agreement, and pay them the wages due. *W. Va. Code § 21-5-3*.

***Labor & Employment Law > Wage & Hour Laws > Coverage & Definitions > Overtime & Work Period***
[HN27] West Virginia's state law regarding overtime is the West Virginia Minimum Wage and Maximum Hours Standards Act. Va. Code § 21-5C-1 et seq. However, this law exempts employers who have less than six employees or if eighty percent of the employees are subject to any federal act relating to minimum wage, maximum hours and overtime compensation.

***Labor & Employment Law > Wage & Hour Laws > Coverage & Definitions > Overtime & Work Period***
[HN28] The United States Supreme Court defined overtime as stated in the Fair Labor Standards Act (FLSA) as

a "premium" that is is any additional sum received by an employee for work because of previous work for a specified number of hours in the workweek or workday. Overtime is a premium rate of pay and accordingly, the FLSA makes the premium rate obligatory to those employers covered by FLSA. The FLSA entitles workers to receive rates above their normal working wage for working extra hours--not for performing an additional service or labor.

*Labor & Employment Law > Wage & Hour Laws > Coverage & Definitions > Overtime & Work Period*
[HN29] The West Virginia Wage Payment and Collection Act, *W. Va. Code § 21-5-1* (2006), does not create a right to the overtime premium.

*Labor & Employment Law > Wage & Hour Laws > Coverage & Definitions > Regular Rate*
[HN30] See *29 U.S.C.S. § 207(a)(1)*.

*Labor & Employment Law > Wage & Hour Laws > Remedies > Backpay*
[HN31] The West Virginia Wage Payment and Collection Act, *W. Va. Code § 21-5-1* (2006), allows for recovery of unpaid wages, which is compensation for labor or services rendered by an employee and accrued fringe benefits capable of calculation and payable directly to an employee. *W. Va. Code § 21-5-1(c)*.

*Labor & Employment Law > Wage & Hour Laws > General Overview*
[HN32] No private right of action may be implied under FICA.

*Labor & Employment Law > Wage & Hour Laws > General Overview*
[HN33] Employees have no cause of action against employers to recover wages withheld and paid over to the government in satisfaction of federal income tax liability. If employees have no right to recover withheld wages from employers, it certainly follows that workers have no right to recover from employers who deliver all wages to them.

**COUNSEL:** [*1] April J. Westfall, On behalf of herself and others similarly situated, Plaintiff: Allan N. Karlin, LEAD ATTORNEY, Allan N. Karlin & Associates, Morgantown, WV; Jane E. Peak, LEAD ATTORNEY, Allan N. Karlin & Associates, Morgantown, WV; Sophie E. Zdatny, LEAD ATTORNEY, Allan N. Karlin & Associates, Morgantown, WV.

For Kendle International, CPU, LLC, Hiller Hardie, Yolanda Kaull, Defendant: Cole D. Bond, LEAD ATTORNEY, Keating, Muething & Klekamp, PLLC, Cincinnati, OH; David K. Montgomery, Keating, Muething & Klekamp, PLLC, LEAD ATTORNEY, Cincinnati, OH; Julia C. Abbitt, LEAD ATTORNEY, Jackson Kelly PLLC - Morgantown, Morgantown, WV; Stephen M. LaCagnin, LEAD ATTORNEY, Jackson Kelly, PLLC - Morgantown, Morgantown, WV.

For Jean C. Clark, Thomas S. Clark, Clinical & Pharmacologic Research, TJC Corporation, Defendant: Wayne W. Ringeisen, LEAD ATTORNEY, Reed Smith, LLP, Pittsburgh, PA; David J. Burton, Reed Smith, LLP, Pittsburgh, PA; Stephen M. LaCagnin, LEAD ATTORNEY, Jackson Kelly, PLLC - Morgantown, Morgantown, WV.

**JUDGES:** JOSEPH R. GOODWIN, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** JOSEPH R. GOODWIN

**OPINION**

**CORRECTED MEMORANDUM OPINION AND ORDER**

This corrected order replaces the order [*2] entered on February 9, 2007.

Pending before the court are several motions in this purported class action suit. The court will first consider plaintiff's motions to amend the complaint [Docket 128 & 146]. The court will then determine whether a plaintiff class should be certified [Docket 117]. Finally, pending before the court is the motion for partial summary judgment by defendants' Kendle International CPU LLC, Hiller Hardie, and Yolanda Kaull (Kendle defendants) [Docket 78], as well as the motion for partial summary judgment by defendants TJC Corporation, Thomas Clark, and Jean Clark (Clark Defendants) [Docket 121 & 78].

Also pending is plaintiff's motion to file a surreply to the Kendle defendants' response [Docket 107], plaintiff's motion for a one-day extension to file plaintiff's motion to certify the class [Docket 120], plaintiff's motion for leave to file excess pages on her reply to defendants' joint response for class certification [Docket 139]. These motions are **GRANTED.**

Also pending is defendants' motion to strike plaintiff's reply to defendants' response to plaintiff's motion for class certification [Docket 140]. This motion is **DENIED.**

Case 1:07-cv-08718-RMB-THK   Document 54-50   Filed 03/28/2008   Page 7 of 18

Page 6
2007 U.S. Dist. LEXIS 11304, *

[*3] **I. Background**

April Westfall, the plaintiff, worked for the Clark defendants in the drug study unit at Clinical and Pharmacologic Research, Inc., from approximately 1998 until March 2002. In 2002, the Clark defendants sold the drug study unit to Kendle International, CPU, LLC ("Kendle") and Ms. Westfall continued to work at the drug study unit. Both Kendle International and Clark execute or executed protocol studies on generic drugs for Mylan Pharmaceuticals. These studies are performed on a "project by project" basis, depending on the needs of the pharmaceutical company.

Kendle, and previously Clark, employed various types of workers to assist with the studies. According to Ms. Aneisha Mahalick, the Quality Control Manager for Kendle, the company hires medical doctors, registered nurses, licensed practical nurses, licensed phlebotomists, medical technicians, paramedics, registered medical assistants, certified nursing assistants, study monitors, screening workers, and night monitors as independent contractors. The defendants hire/hired these workers depending on what sort of monitoring and medical care the pharmaceutical study requires.

During her employment, Ms. Westfall [*4] worked mainly as a night monitor, but also worked in processing, nursing, and phlebotomy. Ms. Westfall asserts that she worked more than forty hours a week on occasion. The defendants paid Ms. Westfall as an independent contractor, rather than as an hourly employee.

Ms. Westfall contends that she and other potential class members have been improperly treated as independent contractors by both the Kendle and the Clark defendants. She alleges that she and the other independent contractors should instead be classified as employees under both West Virginia and federal law. She seeks damages under the West Virginia Wage Payment and Collection Act ("WPCA"), *W. Va. Code § 21-5-1 (2006)*, for unpaid overtime, excess taxes paid, liquidated damages, and interest. She also seeks damages under the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 201 (2006)*, for unpaid overtime.

**II. Analysis**

Ms. Westfall seeks to amend the complaint in two separate motions. Ms. Westfall also seeks class certification through a collective action under the FLSA and through a class action under *Rule 23* for the West Virginia state claims. I will consider each of [*5] these motions in turn.

**A. Amended complaint**

The plaintiff served the original complaint on or about July 20, 2005. The defendants timely removed this action to federal court. On June 1, 2006, plaintiff made a motion to certify a class. On June 29, 2006, plaintiff made a motion to amend the complaint to add three plaintiffs and one defendant. While the plaintiff did not brief the issue, that amended complaint also deleted her state law claims against the Clark defendants. On February 5, 2006, the plaintiff made a motion to amend the complaint to add an additional two plaintiffs.

The scheduling order dated November 3, 2005, instructed the parties to file their motions for amended pleadings by December 2, 2005. On October 3, 2005, the plaintiff filed her first motion to amend the complaint [Docket 13]. On November 15, 2005, the plaintiff filed her second motion to amend the complaint [Docket 23]. The court granted both unopposed motions on December 21, 2005 [Docket 38]. On December 20, 2005, this court set aside the scheduling order and later entered new dates. This change occurred after the deadline for amended pleadings, so the amended pleadings deadline remained December 2, 2006. On [*6] June 28, 2006, the plaintiff filed a third motion to amend the complaint. In this amended complaint, the plaintiff sought to add two plaintiffs and one defendant [Docket 126]. She withdrew this motion and made the motion to file the fourth amended complaint on June 29, 2006 [Docket 128]. On February 5, 2007, she made yet another motion to amend the complaint to add two more plaintiffs [Docket 146].

The defendants oppose plaintiff's motion to file a fourth amended complaint and argue that the delay in filing the motion to amend the complaint is unreasonable and that the amendment would prejudice the defendants. The defendants' response to the motion for leave to file the fifth amended complaint is not yet due.

I will consider the proposed amendments in the following order: 1) the addition of the parties, looking first at the addition of plaintiffs and then at the addition of a defendant, and 2) the removal of one of the state claims against the Clark defendants.

*1. Additional Parties*

[HN1] To add parties after a responsive pleading has been filed, as is the case here, a party must move to amend a complaint in accordance with *Rule 15 of the Federal Rules of Civil Procedure.* [*7] The movant must also show how her amendment complies with the relevant joinder rules, here *Rule 20(a). See Adkins v. Labor Ready, Inc., 205 F.R.D. 460, 462 (S.D. W. Va. 2001)*. Finally, the addition of parties must be in compliance with *Rule 16*, which requires that any change to the scheduling order be for good cause. *See Fed. R. Civ. P. 16*. I will discuss the rules in this order.

*Federal Rule of Civil Procedure 15(a)* [HN2] provides in pertinent part that "[a] party may amend the party's pleading . . . by leave of the court . . . and leave shall be freely given when justice so requires." The Fourth Circuit reads *Rule 15(a)* as requiring that motions to amend be granted unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006).*

[HN3] A court may determine whether an amendment is prejudicial "by the nature of the amendment and its timing." *Laber, 438 F.3d at 427*. A court should not deny a motion to amend [*8] a pleading based on delay alone. *Id.* In *Laber,* the Fourth Circuit illustrated what might constitute a prejudicial amendment:

> A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred.

*Id.* (citations omitted).

*Rule 20(a)*, [HN4] which considers permissive joinder, allows parties to be joined in one action they assert any right to relief of have against them asserted any right to relief "in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "if any question of law or fact common to all" of the parties will arise in the action. *Fed. R. Civ. P. 20(a)*

[HN5] The *Rule 16* analysis focuses on the moving party seeking to add parties. *Rule 16(b)* provides that the "schedule shall not be modified except upon a showing of good cause and by leave [*9] of the district judge or, when authorized by local rule, by a magistrate judge." *Fed. R. Civ. P. 16(b)*. Specifically, *Rule 16(b)* notes the establishment of a deadline for joining "other parties and . . . amend[ing] the pleadings." A recent unpublished opinion by Judge Copenhaver in the Southern District of West Virginia examined other courts' application of the interplay and proper use of *Rule 16(b)* in relation to *Rule 15. See Reed v. Annett Holdings, Inc., 2006 U.S. Dist. LEXIS 22707 (S.D. W. Va. 2006)*. In *Reed,* the court considered the "good cause" application of *Rule 16(b)* and concluded that "diligence of the moving party, and prejudice, are thus paramount considerations under *Rule 16(b)*." 2006 U.S. Dist. LEXIS 22707 at *16 (citing *Leary v. Daeschner, 349 F.3d 888, 908-09 (6th Cir. 2003))*. In *Reed,* the court made only the *Rule 16(b)* inquiry in determining that the moving party did not have good cause to *amend. I*, however, will examine the motion to amend under both *Rule 15* and *Rule 16*.

*a) Additional Plaintiffs*

In her motion for leave to file the fourth amended complaint, the plaintiff seeks to add three new plaintiffs [*10] to the complaint. In her motion for leave to file the fifth amended complaint, the plaintiff seeks to add two more new plaintiffs to the complaint. In their response to the plaintiff's motion for leave to file the fourth amended complaint, the defendants generally assert that because the original complaint was filed more than a year ago, plaintiff's delay is unreasonable. [HN6] This court may not deny a motion to amend the pleading based only on delay. *See Laber, 438 F.3d at 427*.

Defendants also argue that this amendment is unduly prejudicial. [HN7] When determining whether the amendment is prejudicial, I consider the motion to amend in relation to its nature and the timing. *See Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006)*. Here, the plaintiff filed the motion for leave to file the fourth amended complaint on the day that defendants' response to plaintiff's motion for class certification was due. The defendants further argue that this addition of plaintiffs would cause prejudice in that the defendants would have to rebrief their opposition to class certification. The plaintiff argues that adding these plaintiffs does not create undue prejudice for the defendants. [*11] The plaintiff contends that if class certification were granted, the defendants would have to depose each of the proposed plaintiffs anyway, thus no added expense comes from the additional plaintiffs. I disagree. The plaintiff makes similar arguments in her motion for leave to file the fifth amended complaint.

If I were to grant either or both of plaintiff's motions to add additional plaintiffs, I could not consider the motion for either type of class certification until after the plaintiff rebriefed the certification issue with these plaintiffs as representative parties. The plaintiff, Ms. Westfall, claims that the legal and factual issues for the proposed named plaintiffs are the same as for her, the current named plaintiff. Even assuming plaintiff's allegations are true, the court would still have to determine whether the new parties adequately represented the class and whether they were similarly situated to the other proposed class members. [HN8] For a court to certify a class, *Federal Rule of Civil Procedure 23(a)* requires that "(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) [*12] the representative parties will fairly and adequately pro-

tect the interests of the class." To certify a class under the FLSA, the court must consider whether the plaintiff is "similarly situated" to other purported class members. *29 U.S.C. § 216(b)*; *see Scott v. Aetna Servs., Inc., 210 F.R.D. 261, 264 (D. Conn. 2002)*. If the court allowed the addition of new named plaintiffs, the plaintiff would have to create a new motion and memorandum for class certification. Defendants would then have to respond to the new brief. This additional briefing, particularly after the defendants have already briefed the class certification issue, would create additional expense for the defendants.

This situation is similar to the hypothetical the Fourth Circuit proposed in Laber as an illustration of a prejudicial amendment. In *Laber,* the Fourt Circuit hypothesized that a situation would be prejudicial if it "require[d] the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." *Laber, 438 F.3d at 427*. While the amendment in the present case was not offered shortly before [*13] trial, it was offered the same day that the defendants' responses to the motion for class certification were due. In addition to the prejudice discussed previously, the amendment would also additionally delay this case as the court waited for more discovery and rebriefing of certification issues.

As stated above I cannot consider the delay of the plaintiff alone. *Laber v. Harvey, 438 F.3d 404, 427*. I can consider, however, delay in conjunction with prejudice. *Id.* In the present case, the plaintiff waited until the day the class certification response was due by the defendants to file her motion for leave to file the fourth amended complaint adding three plaintiffs. The plaintiff mentioned these proposed plaintiffs in the proposed fourth amended complaint during her deposition on March 28, 2006, yet the plaintiff did not file the motion to amend the complaint until June 29, 2006. While the plaintiff asserts she was unable to determine who to name as co-plaintiffs at the beginning of the litigation, the scheduling order stated that joinder would be complete by December 5, 2005. The record is clear that discovery had advanced enough by March 28, 2006, the date of [*14] the plaintiff's deposition, that the plaintiff could have made a motion to add additional parties at an earlier date -- certainly before June 29, 2006. These arguments regarding delay and prejudice would also apply to plaintiff's motion for leave to file a fifth amended complaint adding two more plaintiffs. For the foregoing reasons, I **FIND** that this delay, in conjunction with the expense and burden of briefing a response to class certification again, is unduly prejudicial to the defendants under *Rule 15*.

I next examine whether the plaintiff had good cause to amend the pleadings outside of the scheduling order, in accordance with *Rule 16(b)*. For the same reasons I listed above in regard to delay, I hereby **FIND** that the plaintiff was not diligent in her motions to add additional plaintiffs. These amendments would also cause prejudice to the defendants. I therefore **FIND** that Ms. Westfall has not demonstrated good cause under *Rule 16(b)* to alter the pleading-amendment deadline with respect to the additional plaintiffs.

For these reasons, I **DENY** the motion to amend the complaint to add three plaintiffs [Docket 128]. For the same reasons, I **DENY** the motion [*15] to amend the complaint to add two more plaintiffs [Docket 146]. I need not address the joinder issue, as I have found that the plaintiff does not satisfy the burden of *Rule 15* or *Rule 16*.

In her fourth and fifth motions to amend the complaint, the plaintiff also asks the court to allow the proposed plaintiffs' claims to relate back to the filing of the original complaint. Because I denied adding the proposed plaintiffs addition to the complaint, plaintiff's motions to allow the proposed plaintiffs' claims to relate back to the filing of the complaint is **DENIED** as **MOOT.**

*b) Additional Defendant*

The plaintiff also seeks to add Kendle International, Inc. (Kendle, Inc.), as a named defendant in this case. In her initial complaint, the plaintiff named Kendle International CPU LLC as a defendant. I again must examine *Rule 15*, *Rule 20*, and *Rule 16* to determine whether to allow this defendant to be added to the complaint.

I will first address the *Rule 15* inquiry. The plaintiff now asserts that through discovery, she has determined that Kendle International CPU LLC "has a limited organizational structure and that most of the decisions are made by employees or agents of [*16] Kendle, Inc." The plaintiff argues that most decisions regarding employment are made by Kendle, Inc. employees, including named defendants Hiller Hardie and Yolanda Kaull, rather than Kendle International CPU LLC employees.[1] Thus, Ms. Westfall alleges that Kendle, Inc. is on notice of her claims against them and would not be prejudiced by this joinder.

---

1 The plaintiff does not seek to replace Kendle International CPU LLC as a named defendant, but instead to add Kendle International LLC to the complaint. If she were merely trying to substitute the names of the parties she could do this in accordance with *Rule 15(c)(3)*, which regards amendments that "change the party or the naming of the party against whom a claim is asserted."

Case 1:07-cv-08718-RMB-THK   Document 54-50   Filed 03/28/2008   Page 10 of 18

Page 9
2007 U.S. Dist. LEXIS 11304, *

In their response to plaintiff's motion to amend, the defendants generally allege that amending the complaint would be unduly prejudicial, but they fail to specify how the addition of this defendant would unduly prejudice the defendants. I agree with the plaintiff that Kendle Inc. was [*17] on notice of the claims against it, therefore adding it as a party does not unduly prejudice it. Kendle, Inc. is simply an affiliate entity of the already existing defendant Kendle International CPU. Discovery in this case has revealed that Kendle, Inc., is the real corporate decision maker. I **FIND** that the addition of Kendle, Inc. will not cause undue prejudice, was not done in bad faith, and will not be futile.

I also must examine whether the plaintiff had good cause to amend the pleadings, in accordance with *Rule 16(b)*, by adding a defendant outside of the scheduling order deadline to amend the pleadings. For the same reasons I discussed in regard to *Rule 15*, I hereby **FIND** that the plaintiff was diligent in her motion to add the additional defendant. I therefore **FIND** that Ms. Westfall has demonstrated good cause to alter the pleading-amendment deadline with respect to the additional defendant.

I must now examine whether Ms. Westfall's addition of a defendant meets the joinder standard described in *Rule 20*. *Rule 20* [HN9] requires that the claims against the proposed defendant arises out of the same transaction or occurrence as the claims against the other named defendants. [*18] Here, the proposed defendant is the organization that makes the operating decisions for the already-named defendant, Kendle International, including an important issue here: whether to treat the plaintiffs and proposed class members as employees or independent contractors. Thus, I **FIND** that Ms. Westfall's claims against Kendle, Inc., arise out of the same transaction or occurrence as the claims against the other named defendants.

For these reasons, the court **GRANTS** the motion to amend the complaint for the fourth time insofar as the motion seeks to add Kendle Inc. as a defendant.

*c) Eliminated Claim*

Although the plaintiff failed to brief this final issue in her motion for leave to file the fourth amended complaint, I must also consider the last proposed change included in the fourth amended complaint. In the proposed fourth amended complaint, Ms. Westfall removed one of her claims against the Clark defendants. In count one of the second amended complaint, the plaintiff included a claim against the Clark defendants for damages for overtime pay under the WPCA. Pl.'s 2d Am. Compl. P 17(a). In the proposed fourth amended complaint, the plaintiff no longer alleges the [*19] WPCA overtime claim against the Clark defendants. (Pl.'s 4th Am. Compl. P 25.)

The defendants urge the court to deny plaintiff's motion to amend the complaint as to the WPCA claim because the dropped claim fails as a matter of law. The Clark defendants have moved for summary judgment on this claim.

The liberal pleading amendment standard of *Rule 15* allows me to grant this portion of the motion to amend the complaint. Because granting this amendment to the complaint will not cause undue prejudice, is not in bad faith, and is not futile this portion of the motion to amend the complaint is **GRANTED.**

I hereby **DIRECT** the plaintiff to file an amended pleading reflecting the court's rulings above by seven days from entry of this order.

**B. Class Certification**

The plaintiff has made a motion asking the court to certify her claims as a class action. The plaintiff has asked the court to certify two actions simultaneously. [2] First, the plaintiff sues the Kendle defendants under the FLSA to recover unpaid compensation guaranteed by those laws, and asks for certification under Section 216 of the FLSA. *29 U.S.C. § 216(b)*. This section [HN10] allows the court [*20] to certify a collective action if similarly-situated action members "opt in" to the class. *Id.* Second, the plaintiff sues both sets of defendant under the WPCA for the plaintiff's overpayment of FICA taxes and sues the Kendle defendants for overtime wages under the WPCA. The plaintiff has filed a motion for class certification under *Rule 23 of the Federal Rules of Civil Procedure* to pursue the state law claims.

The defendants assert that "courts consistently recognize" that a *§ 216(b)* collective action and a *Rule 23* class action are incompatible. I disagree. Many courts have considered both of these types of actions within the same case. *See, e.g., Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81, 84 (S.D.N.Y. 2001)*(granting certification of state law claims after FLSA class certification had already been granted); *Beltran-Benitez v. Sea Safari, 180 F. Supp. 2d 772, 774 (E.D.N.C. 2001)*. Accordingly, I will consider both types of actions in this order.

First, I will consider whether to conditionally certify a collective action under *§ 216* of the FLSA. Then I will determine whether to certify a class encompassing plaintiff's state law [*21] claims under *Rule 23*. *Rule 23* and *§ 216* [HN11] have different requirements for certification. The most significant difference is that the plaintiff is seeking a *Rule 23(b)(1)* and *(b)(2)* certification, both of which are mandatory and thus class members have no right to opt out of the class. *Fed. R. Civ. P. 23(c)(3)*.

Conversely, under *§ 216(b)*, members of the putative class must "opt-in" to benefit from a collective action involving an FLSA claim. *Section 216(b)* states: "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Courts have generally agreed that, because of this difference, "the discrete requirements of a *Rule 23* class action are not applicable to a *Section 216(b)* action." See *Owens v. Bethlehem Mines Corp., 108 F.R.D. 207, 209 (S.D. W. Va. 1985)*; see also *Hoffmann v. Sbarro, 982 F. Supp 249, 263 (S.D.N.Y. 1997)*. Because these requirements are separate considerations, I will analyze each type of class action independently.

> 2   Plaintiff's original motion asked the court to certify all claims under *Federal Rule of Civil Procedure 23*, or in the alternative under *Rule 23* and under the FLSA's collective action provision. In plaintiff's reply to defendants' response, she withdrew her motion requesting that all claims be certified under *Rule 23*, and instead urges the court to certify a collective action under the FLSA and a class action under *Rule 23* for plaintiff's state law claims.

 [*22]  1) FLSA Collective Action and Notice

 a) Certification

[HN12] The FLSA provides for a collective action by plaintiffs who are "similarly situated." See *29 U.S.C. § 216(b)*; *Hoffmann, 982 F. Supp. at 263*. In these actions, courts limit their evaluation to whether named and "opt-in" plaintiffs are "similarly situated." Defendants argue that a *§ 216(b)* collective action has the same certification analysis as a *Rule 23* class action. I disagree. Generally, a plaintiff may more easily obtain certification of a *§ 216(b)* collective action than a *Rule 23* class action because plaintiffs in a *§ 216(b)* action are not held to the requirements of *Rule 23* certification. See *Hoffmann, 982 F. Supp at 263*; *Heagney v. European Am. Bank, 122 F.R.D. 125, 127 (E.D.N.Y. 1988)*.

*Section 216(b)* does not define "similarly situated," and neither the Fourth Circuit nor the West Virginia district courts have clearly defined the term in the context of FLSA claims. However, [HN13] courts generally use a two-step approach to certify FLSA collective actions. See *Scott v. Aetna Servs., Inc., 210 F.R.D. 261, 264 (D. Conn. 2002)* [*23] (citing *Mooney v. Aramco Servs. Co., 54 F.3d 1207 (5th Cir. 1995))*; *Schwed v. G.E. Co., 159 F.R.D. 373 (N.D.N.Y. 1995)*; *Lusardi v. Xerox Corp., 122 F.R.D. 463 (D.N.J. 1988)*. In the first phase of the inquiry, the court must examine the pleadings and affidavits of the proposed action and determine whether the proposed action members are similarly situated enough to conditionally certify the collective action. *Scott, 210 F.R.D. at 264*. Generally after the conditional certification, the court gives putative class members notice and the opportunity to "opt-in" and the action proceeds as a representative action throughout discovery. *Id.*

The second phase of the inquiry, undertaken after discovery is largely completed, "is typically precipitated by a motion for 'decertification' by the defendant." *Id.* (quoting *Mooney, 54 F.3d at 1214*). If at this point the court finds that the claimants are similarly situated, the action proceeds to trial. *Id.* If the court finds that the claimants are not similarly situated, the court decertifies the action and dismisses the "opt-ins" without prejudice. *Id.* [*24] The class representative can then proceed to trial with his individual claims. *Id.*

Here, I will limit my consideration to the first phase of the *§ 216(b)* inquiry: whether the plaintiff and other proposed class members are "similarly situated" enough to to preliminarily certify a class. [HN14] While courts have not applied a uniform test to determine the definition of "similarly situated," a "modest factual showing" usually suffices. See *Realite v. Ark Restaurants Corp., 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998)*. A conditional action should be certified under *§ 216(b)* if the moving plaintiffs show "that putative class members were together the victims of a single decision, policy, or plan that violated the law." *Reeves v. Alliant Techsystems, Inc., 77 F. Supp. 2d 242, 247 (D.R.I. 1999)* (internal citations and quotation marks omitted). In *Lee v. ABC Carpet & Home, 236 F.R.D. 193, 197 (S.D.N.Y. 2006)*, the court defined similarly situated as a test examining the existence of "a 'factual nexus' between the claims of the named plaintiff and those who have chosen to opt-in to the action."

The plaintiff here has made such a threshold showing. [*25] Ms. Westfall alleges that she is similarly situated with other potential action members who were classified as "independent contractors" instead of "employees" and thus did not receive overtime pay for working more than forty hours per week. In furtherance of her motion, the moving plaintiff has stated and offered evidence through affidavits and depositions that the defendants instruct the many potential action members on how to do their work, schedule the workers, often do not allow for negotiations of pay, and provide the workers' equipment and materials. She has also offered evidence that all of these workers are classified as independent contractors rather than employees. The uniform classification of its workers as independent contractors points toward the conclusion that the putative members of the collective action were subject to a single plan of the defendants.

The defendants argue that the workers are independent contractors insofar as the proposed action members have, among other things, a variety of skills, different job duties, work different hours, and are paid in different ways and at different rates. The defendants further argue that even if a class were certified, [*26] the court would need to examine each worker-employer relationship to determine whether the plaintiff was an employee or an independent contractor. [HN15] Courts apply a six-factor test to determine whether a worker is an employee or an independent contractor under the FLSA. *Shultz v. Capital Intern. Sec., Inc. 466 F.3d 298, 304* -305 (4th Cir. 2006). The factors are:

> (1) the degree of control that the putative employer has over the manner in which the work is performed; (2) the worker's opportunities for profit or loss dependent on his managerial skill; (3) the worker's investment in equipment or material, or his employment of other workers; (4) the degree of skill required for the work; (5) the permanence of the working relationship; and (6) the degree to which the services rendered are an integral part of the putative employer's business.

*Id.* No single factor is dispositive. Instead, courts must "capture the economic realities of the relationship between the worker and the putative employer." *Id.* In *Schultz,* the Fourth Circuit distilled the test into one "ultimate question": "whether the [workers are], as a matter of economic reality, dependent [*27] on the business they served, or, conversely, whether they [are] in business for themselves." *Id. at 305.*

The court recognizes the potential for the future individual assessment of each proposed action member. I also am aware of other district court opinions that suggest that collective actions involving the classification of workers as independent contractors are improper for certification. Out of an abundance of caution, I recognize that at the first stage of analysis, the plaintiff has a low bar to meet and has thus met that standard. The defendants' arguments are more appropriate in the second stage of the similarly situated inquiry. At the second stage, the party opposing certification may move to decertify the class. *See Moss v. Crawford & Co., 201 F.R.D. 398, 409-11 (W.D. Pa. 2000).*

For the aforementioned reasons, I **FIND** that Ms. Westfall is sufficiently similarly situated to the other proposed collective action members to meet requirements for preliminary certification. I thus **GRANT in part** and **DENY in part** the plaintiff's motion to certify the collective action in that I **conditionally certify** the FLSA collective [*28] action against the Kendle defendants but do not grant a full certification of the action. The Kendle defendants may make a motion for decertification at the close of discovery in accordance with the scheduling order that will be entered after the status conference mentioned below.

*b) Notice*

The plaintiff has not made a motion for the court to send an approved notice to putative members of the collective action. [HN16] Although the FLSA does not provide courts with a standard for determining whether notice should be sent to potential plaintiffs, the Supreme Court has ruled that trial courts have authority in appropriate cases to order discovery to identify potential plaintiffs and to send court-authorized notice to them. The Supreme Court held that "district courts have discretion in appropriate cases to implement . . . *§ 216(b)* . . . by facilitating notice to potential plaintiffs." *Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 169, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989).* Because the court has a "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way," I **FIND** that this court will facilitate notice to all [*29] potential opt-in action members by the procedures describes below. David Borgen & Laura L. Ho, *Litigation of Wage and Hour Collective Actions under the Fair Labor Standards Act,* 7 Employee Rts. & Emp. Pol'y J. 129, 132 (2003).

The court **FINDS** that the plaintiff is entitled to discovery of the names and addresses of any additional members of the putative class that the Kendle defendants have readily available. In accordance with the exhibits attached to plaintiff's motion for class certification, I understand that the plaintiff is already in possession of a list of potential claimants. I am uncertain whether the plaintiff has the relevant addresses of the potential action members. The court **DIRECTS** that the Kendle defendants provide the plaintiff with the names and addresses of those persons eligible to join the collective action within thirty (30) days of the date of this Memorandum Opinion & Order if the defendants have these names and addresses readily available. Further, the plaintiff shall submit a proposed "notice of lawsuit and opportunity to join the collective action" to the Kendle defendants for their approval no later than thirty (30) days of the date of [*30] this Memorandum & Order. If the parties do not stipulate to the form of the notice within fifteen (15) days of the Kendle defendants' receipt of the proposed notice from the plaintiff, the parties shall contact the court.

After the form notice has been agreed to by the parties, the court **DIRECTS** the parties to notify the court

immediately so the court may schedule a status conference between plaintiff and the Kendle defendants.

### 2. *Rule 23* Proposed Class Action

Pursuant to *Rule 23 of the Federal Rules of Civil Procedure,* the plaintiff also moved for an order certifying plaintiff's state law claims under the WPCA. [3] In the state law claims, the plaintiff seeks repayment for unpaid overtime and overpaid FICA taxes against both sets of defendants. Courts have in the past certified both a *Rule 23* class for state law claims and a FLSA class under *§ 216(b)*. See *McLaughlin v. Liberty Mut. Ins. Co., 224 F.R.D. 304, 308 (D. Mass. 2004)*; *Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81, 84 (S.D.N.Y. 2001)*(granting certification of state law claims after FLSA class certification had already been granted); *Beltran-Benitez v. Sea Safari, 180 F. Supp. 2d 772, 774 (E.D. N.C. 2001).* [*31] Thus, I will consider whether to certify a *Rule 23* class in the present case.

[HN17] The certification of a class action under *Rule 23* is a two-step process. *See United Bhd. of Carpenters & Joiners, Local 899 v. Phoenix Assocs., 152 F.R.D. 518, 521 (S.D. W. Va. 1994)*. First, the plaintiff must satisfy all four of the prerequisites of *Rule 23(a)* and second, at least one of the subsections of *Rule 23(b)*. *See Lukenas v. Bryce's Mountain Resort, 538 F.2d 594, 595 n.2 (4th Cir. 1976)*. Failure to meet any one of the prerequisites therefore results in denial of the request for certification, regardless of whether the other prerequisites are met. The plaintiff suggests that *Rule 23(b)(1)* and *(2)* applies in this case. *Rule 23(a)* and the proposed applicable sections of *Rule 23(b)* provide the following:

> [HN18] **(a) Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the [*32] claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
>
> * * *
>
> **(b) Class Actions Maintainable.** An action may be maintained as to a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> (1) the prosecution of separate actions by or against individual members of the class would create a risk of
>
> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
>
> (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
>
> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole;

*Fed. R. Civ. P. 23(a)*, *(b)(1-2)*(emphasis added). [HN19] The plaintiff [*33] bears the burden of persuading the court that the class should be certified. *See Lienhart v. Dryvit Systems Inc., 255 F.3d 138, 146 (4th Cir. 2001)*; *Bear v. Oglebay, 142 F.R.D. 129, 131 (N.D. W. Va. 1992)*(citing *Int'l Woodworkers of Am., AFL-CIO v. Chesapeake Bay Plywood Corp., 659 F.2d 1259, 1267 (4th Cir. 1981))*. The court has "broad discretion in deciding whether to certify a class." *Lienhart v. Dryvit Systems Inc., 255 F.3d 138, 146 (4th Cir. 2001)*; *Central Wesleyan College v. W.R. Grace Co., 6 F.3d 177, 185 (4th Cir. 1993)*.

---

3   Pursuant to *28 U.S.C. § 1367(a)*, the court exercises supplemental jurisdiction over the plaintiff's remaining claims.

[HN20] To meet the requirements of *Rule 23(a)*, the plaintiff must establish commonality and typicality of issues, adequacy of representation, and that the class is so numerous that joinder of all members is impracticable. *Fed. R. Civ. P. 23(a)* [*34] . Here, plaintiff's claim fails under the commonality, typicality, and adequacy of representation prongs of *Rule 23* and thus her state law claims may not be certified in a *Rule 23* class action. Because her claim fails on the above grounds, I will not address numerosity.

1. *Commonality*

[HN21] To achieve commonality under *Federal Rule of Civil Procedure 23(a)(2)*, the plaintiff must establish that common questions of law or fact exist with respect to the class. "Class relief is 'peculiarly appropriate' when the 'issues involved are common to the class as a whole' and when they 'turn on questions of law applicable in the same manner to each member of the class.'" *Gen. Tel. Co. v. Falcon, 457 U.S. 147, 155, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)*(quoting *Califano v. Yamasaki, 442 U.S. 682, 701, 99 S. Ct. 2545, 61 L. Ed. 2d 176 (1979))*. Commonality can be achieved despite some factual variance among class members' claims, as long as there are common questions of law presented. *See Holsey v. Armour Co., 743 F.2d 199, 217 (4th Cir. 1984)*. However, the common questions must be "dispositive and over-shadow other issues." *Lienhart v. Dryvit Systems Inc., 255 F.3d 138, 146 (4th Cir. 2001)*; [*35] *Stott v. Haworth, 916 F.2d 134, 145 (4th Cir. 1990)*; *Black v. Rhone-Poulenc, Inc., 173 F.R.D. 156, 161 (S.D. W. Va 1996)*.

The plaintiff seeks certification of a class of those individuals who have worked and/or are working for the defendants and who have been classified as independent contractors by the defendants. The plaintiff suggests that the putative class members share one common issue of law, namely, whether plaintiff and other hourly workers were improperly treated as independent contractors, rather than employees.

The West Virginia Supreme Court has not addressed the test for independent contractors in the context of state wage law. Still, the Supreme Court has addressed the test for independent contractors in the context of torts and respondeat superior. I will apply this test in the present case. The West Virginia Supreme Court, in its seminal case on whether an independent contractor relationship exists, determined that:

> [HN22] Four factors enter into determination of the question whether a master-servant relationship exists within the contemplation of the doctrine of respondeat superior, (1) selection and engagement of the servant, (2) payment [*36] of compensation, (3) power of dismissal, and (4) power of control. The first three factors are not essential to the existence of the relationship; the fourth, the power of control, is determinative.

*Paxton v. Crabtree, 184 W. Va. 237, 400 S.E.2d 245, 252 (W. Va. 1990)*. However, "to ascertain whether a workman is an employee or an independent contractor each case must be resolved on its own facts and ordinarily no one feature of the relationship is controlling, but all must be considered together." *Burless v. W. Va. Univ. Hosps., Inc., 215 W. Va. 765, 601 S.E.2d 85, 91 (W. Va. 2004)*(citing *Myers v. Workmen's Comp. Comm'r, 150 W. Va. 563, 148 S.E.2d 664 (1966))*.

As the defendants properly note, the Fourth Circuit has held that [HN23] purported *Rule 23* classes requiring individual inquiries into each plaintiff's circumstances are inappropriate for class certification. *See Stott, 916 F.2d at 139* (stating that "judicial investigation into the individual claims of each plaintiff" precludes class certification); *Burkett v. U.S. Postal Serv., 175 F.R.D. 220, 224-25 (N.D. W. Va 1997)*.

In *Stott,* the plaintiffs brought a proposed class action after [*37] a change in the political party of the governor of North Carolina. The proposed class of 130 plaintiffs each claimed that they were discharged from an exempt government position for the sole reason of political affiliation. The job descriptions, responsibilities and expectations of each position varied. The Fourth Circuit reversed and remanded the district court's certification of the class because the district court eventually would have "found it necessary to consider the claim of each plaintiff individually, applying a position-by-position analysis, taking into consideration both the description of the job, if there is one, and such other evidence as is available on the actual duties performed by the occupant." *Stott v. Haworth, 916 F.2d 134, 145 (4th Cir. 1990)*(internal quotations omitted). The circuit court determined that no pervasive and dispositive issue existed so the class could not meet the requirements of *Rule 23(a)*. *Id.*

In the current situation, certifying plaintiffs' proposed class -- all workers classified as independent contractors -- would not address the critical issue of whether each employee was an independent contractor or an employee. Even [*38] some over-arching facts that the plaintiff claims are indisputable, and thus well-suited for class certification, contain qualifiers such as "in most cases." For example, the plaintiff asserts that the alleged employees "all work at times prescribed by the defendants, and, in most cases, in the manner in which they have been trained by the defendants." Pl.'s Reply to Defs'

Memo. in Resp. to Pl.'s Mot. for Class. Cert. 4. This type of case-by-case analysis is "proof positive that class disposition of this action in inappropriate." *Stott, 916 F.2d at 145.*

Here, the plaintiff has asked for no greater definition of the class than those who were allegedly wrongly classified as independent contractors. The court would have to investigate each position to determine that position's duties in light of the independent contractor test. These purported class members held different positions and performed different duties. The title of each position could still lead to variations in the outcome of the independent contractor test. It could be that the court could determine that one group of nurses were independent contractors where another group of nurses were not independent contractors. [*39] Because West Virginia law insists that the test to determine whether a worker is an independent contractor is a case-by-case determination, and the Fourth Circuit precludes classes from certification that require position-by-position analysis, this court **FINDS** that plaintiff's proposed class lacks commonality. A class where class members' claims are dependent upon establishing whether each claimant is an independent contractor or an employee cannot be certified.

### 2. Typicality and Adequacy of Representation

[HN24] The *Rule 23(a)* requirements of typicality and adequacy of representation often merge with the commonality requirement. *See Fed. R. Civ. P. 23(a)*; *Amchem Products, Inc. v. Windsor, 521 U.S. 591, 626 n. 20, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997)*; *Rhone-Poulenc, 173 F.R.D. at 162.*[4] The court recognizes that the plaintiff's claims and claims of class members need not "be perfectly identical or perfectly aligned." *See Dieter v. Microsoft Corp., 436 F3d 461, 467 (4th Cir. 2006)*. Still, to satisfy the typicality requirement, the named representatives' claims must have the same essential characteristics as the claims [*40] of the purported class. *Tipton v. Secretary of Educ., 1992 U.S. Dist. LEXIS 22797 *24 (S.D. W. Va)*(quoting *De La Fuente v. Stokely Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983))*. To adequately represent the class, the "class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Amchem Products, Inc., 521 U.S. at 625-26* (quoting *East Tex. Motor Freight Sys., Inc. v. Rodriguez, 431 U.S. 395, 403, 97 S. Ct. 1891, 52 L. Ed. 2d 453 (1977)).*

Here, the plaintiff has asked for a certification of a class of workers who have been improperly classified as independent contractors by the defendant. As was described above in Part B.1, Ms. Westfall's job description varies from many of the plaintiffs she seeks to represent. She is neither a licensed nurse nor a phlebotomist, yet she seeks to represent these proposed class members. The facts and circumstances that Ms. Westfall would use to argue that she is an employee under the independent contractor test would not be the same as the facts workers performing different jobs or different responsibilities would argue. This shows a lack of typicality [*41] and adequacy of representation as she lacks the same essential characteristics as the proposed class and does not possess the same interest as the other class members, as she is employed in a different position than other purported class members.

> 4    The adequacy of representation requirement merges with the requirements of commonality and typicality, and also "factors in competency and conflicts of class counsel." *Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 626 n.20, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997).*

The court recognizes that the plaintiff may argue that because her motions to amend the complaint and thus add additional plaintiffs was denied, this court's adequacy and typicality determination is inherently flawed. Even if I accept this argument, her motion for *Rule 23* certification still fails for a lack of the commonality requirement and my denial of certification is proper.

Because the bar for certifying a *Rule 23* class action is much higher than a conditional certification *§ 216(b)* collective action, this court [*42] also finds it proper to conditionally certify the collective action under *§ 216(b)* while denying certification under *Rule 23*.

### C. Summary Judgment Motions

Finally, pending before the court is the motion for partial summary judgment by defendants' Kendle International CPU LLC, Hiller Hardie, and Yolanda Kaull's (Kendle defendants) [Docket 78], as well as the motion for partial summary judgment by defendants TJC Corporation, Thomas Clark, and Jean Clark's (Clark Defendants) [Docket 121]. Both sets of defendants seek summary judgment on plaintiff's overtime claims under the WPCA and plaintiff's claims for reimbursements of tax payments. These motions are **GRANTED in part** and **DENIED in part.**

[HN25] Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c)*; *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)*; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)*. The party seeking summary judgment has the initial burden [*43] to show an absence of evidence to support the nonmoving party's

case. *Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)*. The opposing party must demonstrate that a genuine issue of material fact exits; mere allegations or denials are insufficient. *Liberty Lobby, 477 U.S. at 248*. A mere scintilla of evidence supporting the case also is insufficient. *Id.; Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994)*. The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmovant's favor. *Matsushita, 475 U.S. at 587 -- 88*.

*A. Overtime and the WPCA*

First, both sets of defendants contend that they are entitled to summary judgment on plaintiff's claims that the defendants violated the WPCA by failing to pay overtime. *See W. Va. Code § 21-5-1 et seq.* Both the Clark and Kendle defendants assert that the WPCA does not create a right to receive overtime pay and the Clark defendants assert that plaintiff has expressly waived any overtime claim beyond the statute of limitations set forth in the FLSA. Because the plaintiff has [*44] amended her complaint to omit an overtime claim against the Clark defendants, and I granted her motion to amend the complaint on these grounds, I **FIND** that the Clark defendants' motion for partial summary judgment regarding overtime claims is **MOOT,** and thus **DENY** this portion of the Clark defendants' motion.

Plaintiff argues in her response to the Kendle defendants' motion for partial summary judgment that defendants' alleged failure to pay overtime, at time and a half, is a failure to pay wages under the WPCA. [HN26] The WPCA states that wages are "compensation for labor and services rendered by an employee," *§ 21-5-1(c)*, and that "every . . . corporation doing business in this State, . . . shall settle with its employees at least once in every two weeks, unless otherwise provided by special agreement, and pay them the wages due." *§ 21-5-3*. Plaintiff argues that overtime would be included as compensation under the WPCA, and thus failure to pay overtime is a violation of *§ 21-5-3*.

[HN27] West Virginia's state law regarding overtime is the West Virginia Minimum Wage and Maximum Hours Standards Act ("West Virginia overtime act"), *W. Va. Code § 21-5C-1 et seq.* [*45] However, this law exempts employers who have less than six employees or if eighty percent of the employees are subject to "any federal act relating to minimum wage, maximum hours and overtime compensation." *42 W. Va. C.S.R. § 8-2.9*. Both parties agree that this West Virginia overtime act does not apply to the defendants.

The FLSA creates the right to overtime for the alleged employees in this case. [5] Ten years after Congress passed the FLSA in 1938, [HN28] the Supreme Court defined overtime as stated in the FLSA as a "premium" that is "is any additional sum received by an employee for work because of previous work for a specified number of hours in the workweek or workday." *Bay Ridge Operating Co. v. Aaron, 334 U.S. 446, 471, 68 S. Ct. 1186, 92 L. Ed. 1502 (1948)*. Overtime is a premium rate of pay and accordingly, the FLSA makes the premium rate obligatory to those employers covered by FLSA. The FLSA entitles workers to receive rates above their normal working wage for working extra hours -- not for performing an additional service or labor. [HN29] The WPCA does not create a right to the overtime premium. Moreover, the West Virginia overtime act does not apply to the Clark and Kendall defendants, [*46] thus the only obligation to pay overtime to the purported employees arises under the FLSA. The FLSA creates the right to overtime and provides the exclusive remedy for the recovery of such premium pay. *Tombrello v. USX Corp., 763 F. Supp. 541, 545 (N.D. Ala. 1991)*("Courts have consistently held the [FLSA] is the exclusive remedy for enforcing rights created under the FLSA."); *see also Roman v. Maietta Constr., 147 F.3d 71, 76 (1st Cir. 1998)*.

> 5   In its maximum hours section, the FLSA provides the following in regard to applicable employers, including Clark and Kendall:
>
>> [HN30] no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for *a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.*
>
> *29 U.S.C. § 207(a)(1)*(emphasis added).

[*47] The applicable law to recover overtime pay in this case is the FLSA. The court **FINDS** that, as a matter of law, the plaintiff may not pursue her claim for overtime under the WPCA and that there are no genuine issues of material fact regarding this issue. The court **GRANTS** the Kendle defendants' motion for partial summary judgment on plaintiff's overtime claims arising under the WPCA. Because I **FIND** that plaintiff's claim for overtime under the WPCA fails as a matter of law, I need not reach the Clark defendants' argument that the

plaintiff's claim fails under the applicable statute of limitations.

*B. Taxes*

Second, defendants contend that they are entitled to summary judgment in regard to plaintiff's claim for reimbursement of federal employment tax payments and excess FICA payments. Defendants contend that the WPCA and the FLSA do not provide a remedy for these monies. Plaintiff asserts that the lack of the contribution of taxes violates the WPCA. From the face of the complaint, it does not appear that the plaintiff is asserting a claim for taxes under the FLSA.

In the fourth amended complaint, the plaintiff has asserted an action against both groups of defendants [*48] for "damages in the amount of excess FICA and other tax payments that plaintiffs and members of the class were required to pay because defendants unlawfully treated them as independent contractors" in violation of the West Virginia WPCA. (Pl's 4th Am. Compl. PP 24(a), 32(b).)

The plaintiff may not recover allegedly overpaid FICA or other federal tax payments under the WPCA for two reasons. First, overpaid taxes are not a form of wages. As the Clark defendants argue,[HN31] the WPCA allows for recovery of unpaid wages, which is "compensation for labor or services rendered by an employee" and "accrued fringe benefits capable of calculation and payable directly to an employee." *See W. Va. Code § 21-5-1(c)*. Here, the plaintiff is seeking to recover funds that she alleges should have been paid to the government, not to her. She is not seeking to recover actual wages that should have been paid to her. I **FIND** that taxes that allegedly should have been paid to the government are not recoverable as wages under the WPCA.

Second, defendants assert that the plaintiff cannot recover unpaid taxes under the WPCA because FICA and other federal tax statutes do not provide [*49] for a private cause of action. I agree. The plaintiff has styled her claims for unpaid taxes as WPCA claims, yet the root of those claim are violations of FICA and other federal employment tax laws. As the Eleventh Circuit in *McDonald v. Southern Farm Bureau Life Insurance Co., 291 F.3d 718, 723 (11th Cir. 2002)*, explained, [HN32] no private right of action may be implied under FICA. *See also White v. White Rose Food, 62 F. Supp. 2d 878, 880 (E.D.N.Y. 1999)*, rev'd on other grounds. In *McDonald*, the court applied the Supreme Court's *Cort* test to determine whether Congress intended for a private right of action to arise under FICA. In a thorough analysis, the Eleventh Circuit determined that no private right of action exists under this statute. I am further persuaded by the excellent reasoning in *McDonald* that "a comprehensive regulatory scheme including numerous administrative procedures that allow [workers classified as independent contractors] to seek relief." *291 F.3d at 725*.

The Seventh Circuit, in an earlier decision, determined that[HN33] "employees have no cause of action against employers to recover wages withheld and paid over [*50] to the government in satisfaction of federal income tax liability." *Edgar v. Inland Steel Co., 744 F.2d 1276, 1278 (7th Cir. 1984)*. In this case, the employer has delivered wages to the plaintiff and not withheld any monies for taxes. If employees have no right to recover withheld wages from employers, it certainly follows that workers have no right to recover from employers who deliver all wages to them.

The plaintiff argues that courts have recognized that an employer's failure to pay its share of FICA taxes constitutes a failure to pay an employee his full wages. *See, e.g., Sanchez v. Overmeyer, 845 F. Supp. 1178, 1181 (N.D. Ohio 1993)*; *Saintida v. Tyre, 783 F. Supp. 1368, 1372 (S.D. Fla. 1992)*. However, as the court in Sanchez correctly points out, "other courts have hesitated to allow a private cause of action under the FICA in cases not involving the [Agricultural Workers Protection Act]." *845 F. Supp. at 1180*. As this case involves the WPCA, and not the AWPA, I decline to extend this line of cases to the current case.

For these reasons, I **FIND** that, as a matter of law, the plaintiff may not pursue her [*51] claim for FICA and other federal taxes under the WPCA. The court **GRANTS** both parties' motions for summary judgment on plaintiff's federal tax claims arising under the WPCA.

**III. Conclusion**

1. The plaintiff's motion to amend the complaint is **GRANTED** as to the plaintiff's addition of a defendant and the removal of a state law claim. The plaintiff's motions to amend the complaint to add additional plaintiffs is **DENIED.** [Docket 128 & 146]. The plaintiff is **DIRECTED** to file a complaint in accordance with this order within seven days of the entry of this order.

2. The plaintiff's motion to certify a collective action under *§ 216(b) of the FLSA* is **GRANTED in part** as the class is conditionally certified. The plaintiff's motion to certify a class under *Rule 23* is **DENIED.** The Kendle defendants and plaintiff are **DIRECTED** to follow the notice procedures set forth above and to notify the court once these procedures are followed [Docket 117].

3. The Kendle defendants' motion for summary judgment is **GRANTED** [Docket 78]. The Clark defendants' motion for partial summary judgment is **GRANTED in part** and DENIED in [*52] part as moot [Docket 121].

2007 U.S. Dist. LEXIS 11304, *

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 15, 2007

JOSEPH R. GOODWIN

UNITED STATES DISTRICT JUDGE