| | **OUTTEN & GOLDEN** LLP | |
|---|---|---|
| Wayne N. Outten | | Allegra L. Fishel |
| Anne Golden | | Lewis M. Steel |
| Adam T. Klein | *Advocates for Workplace Fairness* | Nantiya Ruan |
| Laurence S. Moy | | Deborah L. McKenna |
| Gary Phelan | | René S. Roupinian |
| Kathleen Peratis | | |
| Piper Hoffman | | Rachel M. Bien |
| Justin M. Swartz | April 16, 2008 | Cara E. Greene |
| Jack A. Raisner | | Carmelyn P. Malalis |
| Wendi S. Lazar | | Stephanie M. Marnin |
| | | Tammy Marzigliano |
| | | Ossai Miazad |
| | **MEMO ENDORSED** | ReNika C. Moore |
| | | Linda A. Neilan |
| | P3 | Tara Lai Quinlan |
| | | Anjana Samant |

**BY HAND DELIVERY**
Honorable Richard M. Berman
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street, Room 650
New York, New York 10007-1312

    Re:    *Diaz et al. v. Scores Holding Co., Inc. et al.*.
            <u>07 Civ. 8718 (RMB) (THK)</u>

Dear Judge Berman:

    We represent Plaintiffs and the putative class in the above referenced matter. We write to request permission to move to compel the depositions of two Scores' workers, Desiree Napolitano and Krystal Dubose ("Declarants"), whom Defendants did not list on their Fed. R. Civ. P. 26 ("Rule 26") initial disclosures but who signed declarations ("Declarations") in support of Defendants' Opposition to Plaintiffs' Motion For Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) ("Defendants' Opposition"). This request is consistent with the Court's ruling of March 25, 2008, ordering Plaintiffs to produce their Declarants for depositions before Defendants' Opposition was due. (Exhibit A).



3 Park Avenue, 29th Floor    New York, NY 10016    Tel 212-245-1000    Fax 212-977-4005
4 Landmark Square, Suite 201    Stamford, CT 06901    Tel 203-363-7888    Fax 203-363-0333
og@outtengolden.com    www.outtengolden.com

Honorable Richard M. Berman
April 16, 2008
Page 2 of 3

After Defendants served Defendants' Opposition on Friday, April 11, 2008, Plaintiffs were diligent in their attempts to depose the Declarants. On Monday, April 14th, Plaintiffs wrote to Defendants asking them to produce the Declarants for depositions. Defendants did not respond. The next day, Plaintiffs followed up with a voicemail in the morning and an email in the afternoon. Defendants finally responded at 8:31 pm, refusing to produce the Declarants, stating that "the declarants are not employees of the defendants, and certainly have no managerial or supervisory roles, we cannot in fact compel them to appear, and will not force or otherwise pressure them to do so. Therefore, you will, as with any nonparty, need to subpoena them." (Exhibit B).

Defendants' claim that they do not control the Declarants is belied by the first paragraphs of the Declarations, which state, "I have worked for 333 East 60th Street, Inc. at Scores East Side since…." Moreover, it is unlikely that these workers approached Defendants' lawyers on their own and offered to sign declarations in opposition to Plaintiffs' motion. It is unlikely that these workers even knew about Plaintiffs' motion. If Defendants have enough control over the workers to convince them to sign declarations, they have enough control to produce them for a deposition.

Alternatively, if the Court credits Defendants' claim that they do not control over the Declarants, we request permission to move to compel Defendants' to provide us with the Declarants' home and work addresses, telephone numbers, and work schedules so Plaintiffs can serve deposition subpoenas on them. Plaintiffs requested this information from Defendants but they refused to produce it.

Additionally, Plaintiffs reply brief is currently due on Monday, April 21, 2008. Because it appears that Plaintiffs will be unable to depose the Declarants before then,

Honorable Richard M. Berman
April 16, 2008
Page 3 of 3

Plaintiffs' respectfully request an extension of time in which to file their reply brief until after the Declarants are deposed.

Finally, if the Court is not inclined to order the depositions before Plaintiffs submit their reply papers, Plaintiffs request permission to move to strike the Declarations because Defendants did not disclose the Declarants in their Rule 26 disclosures.

For the foregoing reasons, Plaintiffs respectfully request permission to move the Court to (1) compel Defendants to produce the Declarants for depositions on or before April 24, 2008 or, in the alternative, compel Defendants to provide Plaintiffs with the Declarants' home and work addresses, telephone numbers, and work schedules within one day; (2) extend Plaintiffs' time to file their reply brief until April 25, 2008 or until after Plaintiffs depose the Declarants; and (3) strike the Declarations if the Court is not inclined to order the depositions.

Respectfully submitted,

Justin M. Swartz

cc: Jerold Goldberg, Esq.
    Eric Sigda, Esq.
    Rex Burch, Esq.

---

Take up discovery disputes with Magistrate Judge. No further delay in briefing is appropriate + so motion to extend time is denied (subject to any appropriate sanctions).

SO ORDERED:
Date: 4/17/08    Richard M. Berman
                 Richard M. Berman, U.S.D.J.