# Exhibit ZZ

| | |
|---|---|
| **OUTTEN & GOLDEN LLP** | **BRUCKNER BURCH PLLC** |
| Adam T. Klein (AK 3293) | Richard J. Burch (Texas Bar No. |
| Justin M. Swartz (JS 7989) | 24001807) (admitted *pro hac vice*) |
| Tammy Marzigliano (TM 2934) | 1415 Louisiana, Suite 2125 |
| Anjana Samant (AS 5163) | Houston, Texas 77002 |
| 3 Park Avenue, 29th Floor | Telephone: (713) 877-8788 |
| New York, New York 10016 | |
| Telephone: (212) 245-1000 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIRI DIAZ, CAROLYN SIEGEL, TALIA BUMB, BLERTA VIKKI, DANIELLE OWIMRIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>SCORES HOLDING COMPANY, INC.; GO WEST ENTERTAINMENT, INC. a/k/a SCORES WEST SIDE; and SCORES ENTERTAINMENT, INC. a/k/a SCORES EAST SIDE.<br><br>Defendants. | No. 07-8718 (RMB)<br><br>**PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs Siri Diaz, Carolyn Siegel, Talia Bumb, Blerta Vikki, Danielle Owimrin ("Plaintiffs") request that Scores Holding Company, Inc.; Go West Entertainment, Inc. a/k/a Scores West Side; and Scores Entertainment, Inc. a/k/a Scores East Side ("Defendants"), produce the documents and electronically-stored information described below for inspection and copying within thirty (30) days of service hereof at the offices of Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York 10016 unless otherwise indicated herein. Defendants are also required to serve written responses to these requests within thirty (30) days of service hereof pursuant to Federal Rule of Civil Procedure 34(b).

## DEFINITIONS

1.  **"AND/OR"** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

2.  **"COMMUNICATION"** means any conveyance of information from one or more persons to one or more other persons and includes, but is not limited to, oral, written, electronic, verbal, and nonverbal modes.

3.  **"COMPENSATION"** means all monies and benefits, including but not limited to: salaries; hourly wages; overtime wages; commissions; raises; and bonuses; or any other employment benefit plans, including, but not limited to, pension, severance, stock, retirement, and medical plans.

4.  The terms **"DEFENDANTS,"** **"YOU,"** and **"YOUR"** refer to Scores Holding Company, Inc.; Go West Entertainment, Inc. a/k/a Scores West Side; and Scores Entertainment, Inc. a/k/a Scores East Side, and includes its subsidiaries, officers, employees, agents, consultants, attorneys, AND/OR any other persons acting for it or on its behalf.

5.  The term **"SCORES"** refers to Scores Holding Company, Inc., Go West Entertainment, Inc. a/k/a Scores West Side, and Scores Entertainment, Inc. a/k/a Scores East Side.

6.  To **"DESCRIBE"** a fact, thing, condition, action, or event means to state with specificity all facts, times, and dates comprising or concerning such fact, thing, condition, action, or event and to identify all persons involved in such fact, thing, condition, action, or event.

7. The definition of **"DOCUMENTS and ELECTRONIC INFORMATION"** (hereinafter **"DOCUMENTS"**) extends to the full limits of Federal Rule of Civil Procedure 34, as amended on December 1, 2006. The definition includes, but is not limited to:

   a. Any written, recorded, or graphic matter or recording of symbols in tangible or electronic form, however produced or reproduced, of every kind, whether in draft or final form, and regardless of where located, including, but not limited to, correspondence, handwriting, records, transcripts, minutes, agreements, contracts, memoranda, notes, statements, maps, diagrams, illustrations, photographs, pictures, telegrams, letters, postcards, written analyses, reports, tape recordings, papers, books, computer printouts, diaries, journals, schedules, databases, worksheets, and records of oral communications;

   b. All electronic mail and information about electronic mail (including message contents, header information, metadata, and logs of electronic mail system usage);

   c. All databases (including all records and fields and structural information in such databases);

   d. All word processing or other program files and file fragments; and

   e. Any other electronic data.

Pursuant to the amendments to Federal Rule of Civil Procedure 34, electronic information includes information "stored in any medium" (as defined below).

8. The term **"HOURS"** includes full hours and partial hour(s).

9. **"IDENTIFY"** or **"IDENTIFICATION"** means, when used in reference to:

    a. A natural person

        i. Full name;
        ii. Present or last known residence and business addresses (including street name and number, city or town, and state or country) and telephone number;
        iii. Present position, business affiliation, and job description (if the present business or residence address or present position, business affiliation, or job description are unknown, indicate so with statement of such and provide the corresponding last known such information);
        iv. Position, business affiliation, and job description at any time in question, with respect to the Request or other request involved, with beginning and end dates.

    b. A document or electronic information:

        i. Its description (e.g., letter, memorandum, report, etc);
        ii. Its title, date, and the number of pages thereof;
        iii. Its subject matter;
        iv. Its author's identity;
        v. Its addressee's identity;
        vi. The identity of each person who signed it;
        vii. The identity of each person who received it;
        viii. Its present location and its custodian's identity (if such document was, but is no longer, in the possession of or subject to control of Defendant, such a statement and the manner and date of the deposition made thereof).

    c. An oral communication:

        i. Its date and the place where it occurred;
        ii. Its substance;
        iii. The identity of each person to whom such communication was made, and each person who was present when such communication was made.

    d. Any other context:

        i. A description with sufficient particularity that the thing may thereafter be specified and recognized, including relevant

      dates and places, and the identification of relevant people, entities and documents;

  ii. When used as a part of a request for facts to support a particular allegation or contention, it includes identification of documents and electronic information produced by others as part of the discovery process, experts' reports, and applicable portions of deposition transcripts, identification of oral communications, any and all other forms of recorded facts, whether or not you have finally decided on its use at trial.

10. **"IN ANY MEDIUM."** Pursuant to the amended Federal Rule of Civil Procedure 34, electronic information subject to disclosure includes information stored "in any medium." Such media include, but are not limited to:

 a. Active, online storage locations, such as magnetic disks and hard drives;

 b. Near-line storage locations, such as optical disks;

 c. Offline storage locations and archives, such as removable optical disks and magnetic tape media;

 d. Back-up tapes; and

 e. Any other media, including, but not limited to, floppy disks, diskettes, CD-ROMs, zip discs, jazz discs, flash memory, DVDs, videotapes, and audiotapes.

11. **"PLAINTIFFS"** refers to the Plaintiffs named in the First Amended Complaint or any subsequent amended complaint filed in this matter.

12. **"POLICY"** or **"POLICIES"** mean each rule, procedure, or directive, formal or informal, written or unwritten, and each common understanding or course of conduct that was recognized as such by DEFENDANTS or persons acting or purporting

to act on DEFENDANTS' behalf, that has been in effect at any time during the period covered by these demands. These terms include any change of policy.

13.  The term "**CLASS MEMBERS**" refers collectively to all Scores employees in New York who have received part of their compensation as tips between September 17, 2001 and the date of final judgment in this matter

14.  The term "**OPT-INS**" refers collectively to all individuals who file or have filed written consents to join this lawsuit pursuant to the Fair Labor Standards Act.

15.  "**RELATES TO**" and "**REFERS TO**" mean evidencing, constituting, reflecting, showing, comprising, including, containing, describing, considering, discussing, regarding, setting forth, studying, analyzing, commenting upon, recommending, alluding to, or mentioning, in whole or in part.

16.  "**WORK**" includes, but is not limited to, all activities or tasks performed in whole or in part, directly or indirectly, for DEFENDANTS' benefit, including but not limited to such tasks performed at home.

**INSTRUCTIONS**

Unless otherwise indicated, the following instructions apply to, and are incorporated into, all Definitions, Requests, and Instructions:

1.  All Requests pertain to the period from September 17, 2001 through the time of trial.

2.  With respect to each DOCUMENT produced, Plaintiffs request that Defendants specify the Request(s) to which the DOCUMENT is responsive.

3.  Plaintiffs request that DEFENDANTS and its counsel prevent the

destruction or alteration of any DOCUMENTS requested herein by the operation of any electronic information system (routine or otherwise) and put DEFENDANTS on notice that any destruction or alteration of such DOCUMENTS, or any action that makes such DOCUMENTS more difficult or expensive to access and use, without completing a meet and confer process with Plaintiffs' counsel regarding such action, will not be considered to be in "good faith," as contemplated in Fed. R. Civ. P. 37(f). If DEFENDANTS do not believe that it can reasonably comply with this instruction, Plaintiffs request that DEFENDANTS contact Plaintiffs, in writing, within 10 days from receipt of these Requests, to meet and confer about whether immediate Court intervention is necessary.

4. Unless otherwise indicated, Plaintiffs request that DEFENDANTS produce responsive DOCUMENTS after a meet and confer discussion with Plaintiffs' counsel about the preferred format for such production. Plaintiffs request that DEFENDANTS not unilaterally select an electronic format for production.

5. Alternatively, if DEFENDANTS do not wish to meet and confer about the format for production of DOCUMENTS, Plaintiffs request such DOCUMENTS as follows:

   a. For emails: As PST files (with attachments preserved) or as TIFFs with associated text files (with attachments preserved);

   b. For Word, WordPerfect, clipboard or other word processing documents: Native format or as TIFFs with associated text files;

   c. For Excel or other spreadsheets: Native format;

   d. For HTML DOCUMENTS: Native format;

   e. For data compilations: Excel or comma-separated variable format;

7

  f. For paper DOCUMENTS: TIFFs with associated text files;

  g. For other DOCUMENTS: a searchable, manipulable format.

6. All DOCUMENTS should be produced on CD-ROMs or DVDs.

7. DOCUMENTS should not be zipped, compressed, encrypted, or otherwise restricted or proprietarily protected for specific use.

8. Where specialized or proprietary software is required to access or use DOCUMENTS in their native format, please supply such software.

9. All Requests should be read to include a request for all metadata associated with all DOCUMENTS responsive to the Request.

10. If a DOCUMENT is available to DEFENDANTS both in paper and electronic form, the Plaintiffs request that DEFENDANTS produce the requested DOCUMENT in electronic form, as described herein.

11. With respect to each request, DEFENDANTS are requested to provide all DOCUMENTS in DEFENDANTS' possession, custody, or control that are known to DEFENDANTS or that DEFENDANTS can locate or discover through reasonably diligent efforts.

12. If DEFENDANTS cannot respond to any part of the following Requests in full, please respond to the extent possible, specifying the reason or reasons for DEFENDANTS' inability to respond to the remainder of the Requests.

13. If, to DEFENDANTS' knowledge, DOCUMENTS responsive to one or more requests were never in DEFENDANTS' possession, custody, or control but are or have been in the possession, custody, or control of any other person, please IDENTIFY all such persons.

14. If any responsive DOCUMENT was formerly in DEFENDANTS' possession, custody, or control but has been eliminated from DEFENDANTS' possession in any way, including, but not limited to, having been lost, destroyed, transmitted, or discarded, please submit a written statement as follows:

    a. DESCRIBE in detail the nature of the DOCUMENT and its contents;

    b. IDENTIFY the person or persons who authored, prepared, or edited the DOCUMENT and, if applicable, the person or persons to whom the DOCUMENT was sent;

    c. List all dates when the DOCUMENT was copied, created or modified;

    d. List all dates when the DOCUMENT was eliminated from YOUR possession in any way;

    e. State any reason(s) the DOCUMENT was eliminated from YOUR possession in any way; and

    f. List all persons that have had possession of the DOCUMENT or have had knowledge of its contents.

16. In accordance with Fed. R. Civ. P. 26(b)(5) and Local Civil Rule 26.2, if any DOCUMENT responsive to PLAINTIFFS' discovery demands is withheld pursuant to a claim of attorney-client privilege, attorney work product privilege, litigation materials privilege, or any other common law or statutory privilege or protection, please specify the following:

    a. The basis for withholding such DOCUMENT;

     b.     A generic description of the DOCUMENT being withheld;

     c.     The date the information contained in the DOCUMENT was learned or the DOCUMENT created;

     d.     The identity of the individual(s) who learned the information or authored the DOCUMENT;

     e.     The date the DOCUMENT was transmitted or otherwise made available to anyone; and

     f.     The specific Request(s) to which the withheld DOCUMENT relates.

17.     If requested DOCUMENTS are maintained in a file, folder, or other container, please produce the file, folder, or other container, or a complete copy of same, with the DOCUMENTS.

18.     Unless otherwise indicated in writing, the failure to produce any DOCUMENTS in response to any request herein means that such DOCUMENTS do not exist, or are not in DEFENDANTS' possession, custody, or control, or the possession, custody, or control of DEFENDANTS' agents or anybody acting on DEFENDANTS' behalf.

## DOCUMENTS REQUESTED

1.     Computer-readable data identifying all Class Members by name, position(s), job title(s), facilit(ies), dates of employment, social security number, and current, or most recent known, home address and telephone number.

2.     To the extent that any Class Members are not identified through the production of the electronic data requested in the first document request, any and all

documents providing that information in hard copy.

3. Computer-readable data identifying all Managers by name, position(s), job title(s), facilit(ies), dates of employment, social security number, and current, or most recent known, home address and telephone number.

4. Computer-readable data relating to the wages and/or other compensation that Defendants paid to Class Members, including but not limited to all payroll records, time records, W-2 Forms, ledgers, and pay-stubs.

5. All documents relating to tips received by any employee of Scores.

6. All documents relating to any policy or practice by Defendants relating to tips, tip sharing, tip pooling, and tip distribution.

7. All documents relating to Class Members exchanging Diamond Dollars for cash, including but not limited to all written policies and all computer readable records of such transactions.

8. All documents relating to workers purchasing work attire or uniforms from Defendants.

9. Computer-readable data relating to time worked by all Class Members, including time worked, date, club and other information related to time worked.

10. All documents relating to or constituting reports of the amount of time worked by Class Members through any electronic or manual time keeping systems.

11. All documents relating to the use of time recording devices, time recording computer programs, and/or any other methods that Defendants use to record hours worked by employees, including but not limited to any operating or programming manuals.

12. All documents relating to Defendants' policies and practices related to, time recording devices, time recording computer programs, and/or any other methods that Defendants use to record hours worked by employees

13. All documents relating to work schedules for all Class Members.

14. All documents relating to postings or handouts provided to Class Members informing them about the minimum wage tip credit and tip pooling under the Fair Labor Standards Act.

15. All documents relating to postings or handouts provided to Class Members informing them about their rights under the Fair Labor Standards Act and/or the New York State Labor Law, including but not limited to the payment of minimum wages and overtime wages.

16. All documents relating to, identifying, or explaining Defendants' corporate structure or business form, the relationship between or among any of the Defendants, the ownership of any of the Defendants, the ownership of any Scores club in any city, the relationship between any of the Defendants and any Scores club in any city, licensing agreements between the owners of any Scores club in any city and any Defendant.

17. Documents sufficient to identify all owners of and ownership interests in all Scores clubs in all cities.

18. All documents relating to contracts between Defendants and any server, bartender, dancer, or shot girl who has worked at a Scores club.

19. All documents related to fees paid to Defendants by dancers, servers, shot girls, or bartenders including but not limited to policies and practices and records of such fees, electronic or otherwise.

20. All documents related to rules that have applied to any Class Member at any Scores club.

21. All employee handbook or manual that has applied to any Class Member who has worked at any Scores club.

22. All documents related to the classification of any Class Members as an employee or otherwise.

23. Documents sufficient to indicate the details of transactions between Defendants' customers and Defendants regarding Diamond Dollars.

24. All documents related to the job duties of Class Members.

25. All documents related to training Class Members.

26. All documents that support Defendants' argument that individuals who worked at Scores clubs outside of New York City cannot bring claims in this lawsuit.

27. All documents that support Defendants' argument that Scores Holding Company, Inc. never employed Plaintiffs or Class Members.

Dated:   New York, New York
         December 21, 2007

By: _____
    Anjana Samant

Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Tammy Marzigliano (TM 2934)
Anjana Samant (AS 5163)
**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

TO:

**GREENBERG TRAURIG, LLP**

13

**Jerrold Goldberg, Esq.**
200 Park Avenue
New York, NY 10166
(212) 801-9200