# Exhibit JJJ

# OUTTEN & GOLDEN LLP

Wayne N. Outten
Anne Golden
Adam T. Klein
Laurence S. Moy
Gary Phelan
Kathleen Peratis
Piper Hoffman
Justin M. Swartz

*Of Counsel*
Jack A. Raisner
Allegra L. Fishel
Lewis M. Steel
Wendi S. Lazar
Nantiya Ruan
Deborah L. McKenna
René S. Roupinian

*Advocates for Workplace Fairness*

November 14, 2007

Rachel M. Bien
Cara E. Greene
Mark R. Humowiecki
Carmelyn P. Malalis
Stephanie M. Marnin
Tammy Marzigliano
Ossai Miazad
ReNika C. Moore
Linda A. Neilan
Tara Lai Quinlan
Anjana Samant

**Via Email and U.S. Mail**
Jerrold F. Goldberg, Esq.
Greenberg Traurig LLP
200 Park Avenue
New York, NY 10166

Re:   *Diaz, et al. v. Scores Holding Co., Inc., et al.*, 07-cv-08718 (RMB)

Dear Jerry:

We write to request that Defendants immediately produce a list of all members of the putative New York Labor Law class and Fair Labor Standards Act ("FLSA") collective, as pled in the Amended Class Action Complaint ("Class Members"), along with their job titles, dates of employment, social security numbers, last known addresses, and telephone numbers. This information is relevant to the parties' claims and defenses because the Class Members were eyewitnesses to key facts. Most importantly at this stage of the case, Class Members are likely to have information relevant to whether all Class Members are "similarly situated," the standard Plaintiffs must meet in their forthcoming motion for collective action notice under 29 U.S.C. § 216(b) ("216(b) Motion").

As you know, the statute of limitations for members of the putative FLSA collective continues to run until they affirmatively opt-into the case. For this reason, we plan to file a 216(b) Motion as soon as practicable. The contact list will help us gather evidence to support this motion. As can be expected, Plaintiffs cannot recall the names, and certainly not the addresses and phone numbers, of all their co-workers. Defendants can easily access that information and provide it.

3 Park Avenue, 29th Floor   New York, NY 10016   Tel 212-245-1000   Fax 212-977-4005
4 Landmark Square, Suite 201   Stamford, CT 06901   Tel 203-363-7888   Fax 203-363-0333
og@outtengolden.com   www.outtengolden.com



Jerrold F. Goldberg, Esq.
November 14, 2007
Page 2 of 2

  Courts routinely order defendants to produce contact information for co-workers and other employees who may be similarly situated in cases like this. *See Stillman v. Staples, Inc.*, 2007 U.S. Dist. LEXIS 58873 (D.N.J. July 30, 2007) (defendant ordered to provide the "names, last known home addresses and home telephone numbers, and email addresses of formerly and currently-employed" similarly situated individuals prior to certification); *Wiegele v. Fed Ex Ground Pkg. Sys.*, 2007 U.S. Dist. LEXIS 9444, *3 (S.D. CA Feb. 8, 2007) (approving plaintiffs' motion to compel list of employees prior to certification); *Morden v. T-Mobile USA, Inc.*, 2006 U.S. Dist. LEXIS 42047, *8 (W.D. Wash. June 22, 2006) (granting plaintiffs' motion to compel list of employees without a motion for conditional certification pending); *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 672-3 (D. Kan. 2003) (ordering production of list of co-workers prior to certification); *Kane v. Gage Merch. Servs., Inc.*, 138 F. Supp. 2d 212, 215 (D. Mass. 2001) (plaintiff's motion seeking an order directing defendant to provide names and addresses of its employees granted); *Tucker v. Labor Leasing, Inc.*, 155 F.R.D. 687, 690 (M.D. Fla. 1994)("the evidence of record doesn't justify denying any party equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action, but who are not yet parties") (*Atari, Inc. v. Superior Court*, 166 Cal. App. 3d 867, 869 (Cal. Ct. App. 1985)).

  As an alternative, your clients can agree to toll FLSA statute of limitations for all members of the putative FLSA collective effective immediately, and stipulate that notice should issue to the putative FLSA collective. This would alleviate the need for immediate production of the class list and would allow both parties to avoid spending the time and money on a contested 216(b) motion, which will almost certainly be granted. *Torres v. Gristede's Oper. Corp.*, 04 Civ. 3316 (PAC), 2006 U.S. Dist. LEXIS 74039, at *37-38 (S.D.N.Y. Sept. 28, 2006) (The court applies "'a fairly lenient standard' and (when it does so) typically grants 'conditional certification.'") (citation omitted).

  As always, please feel free to call me or my colleagues, Tammy Marzigliano and Anjana Samant, if you have any questions.

Very truly yours,

Justin M. Swartz

cc:  Tammy Marzigliano
    Anjana Samant