# Exhibit KKK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
SIRI DIAZ, CAROLYN SIEGEL, TALIA :
BUMB, BLERTA VIKKI, DANIELLE
OWIMRIN, on behalf of themselves and : Case No. 07 Civ. 8718 (RMB)(THK)
all others similarly situated,
:

                  Plaintiffs,  :

      -against-  :

SCORES HOLDING COMPANY, INC.; GO :
WEST ENTERTAINMENT, INC. a/k/a
SCORES WEST SIDE, SCORES :
ENTERTAINMENT, INC., a/k/a SCORES
EAST SIDE; ENTERTAINMENT :
MANAGEMENT SERVICES, INC.; and
333 EAST 60th STREET, INC. a/k/a :
SCORES EAST SIDE.
                                     :

                  Defendants.  :
---------------------------------------------------------X

### DEFENDANTS SCORES HOLDING COMPANY, INC., AND GO WEST ENTERTAINMENT, INC.'S RESPONSE TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

      Defendants Scores Holding Company, Inc. (hereinafter "Scores Holding") and Go West Entertainment, Inc. (hereinafter "Go West") (collectively "Defendants") hereby respond to Plaintiffs' First Set of Document Requests ("Plaintiffs' Document Requests"), subject to the following General Responses and Objections, as follows:

### General Responses and Objections

      1.    Scores Holding is unable to and/or objects to producing any documents in response to any of Plaintiffs' Document Requests since it does not employ or pay monies to any individuals in the purported Class identified in the Second Amended Class Action Complaint.

Nothing in this response should be deemed to be responsive with respect to Scores Holding, except as noted.

2. None of the responses set forth below or the documents produced in connection herewith should be construed to be an admission that Scores Holding is or could be a joint employer with any other entity. To the extent that Plaintiffs' allege that Scores Holding is a joint employer employing individuals in the purported Class, any such allegation is unequivocally denied.

3. Defendants object to Plaintiffs' Document Requests to the extent they seek to compel Defendants to produce documents disclosing information about purported Class members – except for the plaintiffs who have opted into this lawsuit – on the grounds that such information is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overbroad, unduly burdensome, seeks disclosure of highly confidential and personal information, and is, at a minimum, premature since plaintiffs have not established that any of them are similarly situated to other members of the purported Class or that a Rule 23 class action is appropriate.

## Responses to Documents Request

### Document Request No. 1

Computer-readable data identifying all Class Members by name, position(s), job title(s), facilit(ies), dates of employment, social security number, and current, or most recent known, home address and telephone number.

### Response

Defendants object on the ground that the request is overbroad and unduly burdensome. Defendants further object to the request in that it seeks documents that are neither relevant to this

litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the ground that the request is vague in that it calls for a listing by "facility". Defendants further object to this request to the extent it seeks disclosure of any person's Social Security number on the grounds that such a request is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and seeks highly personal and confidential information that is provided to Defendants on the understanding that it will be shared solely with tax authorities. Notwithstanding these objections and without waiving same, Defendants will produce, as limited, the requested information.

**Document Request No. 2**

The extent that any Class Members are not identified through the production of the electronic data requested in the first document request, any and all documents providing that information in hard copy.

**Response**

See Response to Request Number 1.

**Document Request No. 3**

Computer-readable data identifying all Managers by name, position(s), job title(s), facilit(ies), dates of employment, social security number, and current, or most recent known, home address and telephone number.

**Response**

Defendants object to the request in that it seeks documents that are neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the ground that the request is vague in that it calls for a listing by "facility". Defendants further object to this request to the extent it seeks disclosure of any person's Social

Security number on the grounds that such a request is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and seeks highly personal and confidential information that is provided to Defendants on the understanding that it will be shared solely with tax authorities. Notwithstanding these objections and without waiving same, Defendants will produce a list of Managers.

**Document Request No. 4**

Computer-readable data relating to the wages and/or other compensation that Defendants paid to Class Members, including but not limited to all payroll records, time records, W-2 Form, ledgers, and pay-stubs.

### Response

Defendants object to this request to the extent it seeks wage information for individuals who worked as independent contractors. Notwithstanding this objection and without waiving same, Defendants will produce relevant compensation information. *See also* Bates Numbers GW 20 to 123, 146, 173-192, 195-210, 240-252 (payroll records), previously produced.

**Document Request No. 5**

All documents relating to tips received by any employee of Scores.

### Response

Defendants object to this request to the extent it seeks tip information for individuals who worked as independent contractors. Defendants further object to the request to the extent that it seeks information regarding clubs outside of New York. Notwithstanding this objection and without waiving same, Defendants will produce relevant tip information. *See also* Bates Numbers GW 20 to 123, 146, 173-192, 195-210, 240-252 (payroll records), previously produced.

**Document Request No. 6**

All documents relating to any policy or practice by Defendants relating to tips, tip sharing, tip pooling, and tip distribution.

**Response**

To the extent that such documents exist, Defendants will produce documents responsive to the request.

**Document Request No. 7**

All documents relating to Class Members exchanging Diamond Dollars for cash, including but not limited to all written policies and all computer readable records of such transactions.

**Response**

Defendants object to this request on the grounds that it is overbroad, vague and unduly burdensome. Notwithstanding these objections and without waiving same, to the extent such documents exist, Defendants will produce documents responsive to the request.

**Document Request No. 8**

All documents relating to workers purchasing work attire or uniforms from Defendants.

**Response**

Defendants object to this request on the grounds that it is overbroad and vague. Defendants further object to the request in that it seeks documents that are neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections and without waiving same, to the extent such documents exist, Defendants will produce documents responsive to the request.

### Document Request No. 9

Computer-readable data relating to time worked by all Class Members, including time worked, date, club and other information related to time worked.

### Response

Defendants object to this request on the grounds that it is overbroad, vague, and unduly burdensome. Notwithstanding these objections and without waiving same, Defendants will produce documents responsive to the request. *See also* Bates Numbers GW 20 to 123, 146, 173-192, 195-210, 240-252 (payroll records), previously produced.

### Document Request No. 10

All documents relating to or constituting reports of the amount of time worked by Class Members through any electronic or manual time keeping systems.

### Response

*See* Response to Document Request No. 9.

### Document Request No. 11

All documents relating to the use of time recording devices, time recording computer programs, and/or any other methods that Defendants use to record hours worked by employees, including but not limited to any operating or programming manuals.

### Response

Defendants object to the request on the ground that the request is overbroad, vague, and unduly burdensome. Notwithstanding these objections, to the extent that Defendants understand the request, and to the extent that such documents exits, Documents will produce documents responsive to the requests.

**Document Request No. 12**

All documents relating to Defendants' policies and practices related to, time recording devices, time recording computer programs, and/or any other methods that Defendants use to record hours worked by employees.

**Response**

*See* Response to Request Number 11.

**Document Request No. 13**

All documents relating to work schedules for all Class Members.

**Response**

Defendants object to this request to the extent it seeks information for individuals who worked as independent contractors. Independent contractors are not subject to work schedules and no work schedules exist for the independent contractors. Notwithstanding this objection and without waiving same, to the extent that the request calls for information about employees, and to the extent work schedules exist, Defendants will produce employee work schedules.

**Document Request No. 14**

All documents relating to postings or handouts provided to Class Members informing them about the minimum wage tip credit and tip pooling under the Fair Labor Standards Act.

**Response**

Defendants object to this request to the extent it seeks wage information for individuals who worked as independent contractors. Notwithstanding this objection and without waiving same, to the extent that the request calls for information about employees, Defendants will produce documents responsive to the request.

**Document Request No. 15**

All documents relating to postings or handouts provided to Class Members informing them about their rights under the Fair Labor Standards Act and/or the New York State Labor Law, including but not limited to the payment of minimum wages and overtime wages.

**Response**

Defendants object to this request to the extent it seeks wage information for individuals who worked as independent contractors. Notwithstanding this objection and without waiving same, to the extent that the request calls for information about employees, Defendants will produce any relevant postings or handouts.

**Document Request No. 16**

All documents relating to, identifying, or explaining Defendants' corporate structure or business form, the relationship between or among any of the Defendants, the ownership of any of the Defendants, the ownership of any Scores club in any city, the relationship between any of the Defendants and any Scores club in any city, licensing agreements between the owners of any Scores club in any city and any Defendant.

**Response**

Defendants object on the grounds that the request is overbroad and vague. Defendants further object to the request in that it seeks documents that are neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the ground that the request calls for information about entities that are not a party to this lawsuit. Notwithstanding these objections and without waiving same, Defendants will produce documents responsive to the request, as to the two New York clubs.

**Document Request No. 17**

Documents sufficient to identify all owners of and ownership interests in all Scores clubs in all cities.

**Response**

*See* response to Request Number 16.

**Document Request No. 18**

All documents relating to contracts between Defendants and any server, bartender, dancer, or shot girl who has worked at a Scores club.

**Response**

Defendants object on the grounds that the request is overbroad, vague, and not likely to lead to relevant or discoverable information. Defendants further object on the grounds that it is not aware of any "documents relating to contracts between Defendants and any server, bartender, dancer, or shot girl who has worked at a Scores club."

**Document Request No. 19**

All documents related to fees paid to Defendants by dancers, servers, shot girls, or bartenders including but not limited to policies and practices and records of such fees, electronic or otherwise.

**Response**

To the extent such documents exist, Defendants will produce documents responsive to the request.

**Document Request No. 20**

All documents related to rules that have applied to any Class Member at any Scores club.

**Response**

Defendants object on the grounds that the request is vague and overbroad. Defendants further object to the request in that it seeks documents that are neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the extent that the request seeks information about a Scores club outside of New York. Notwithstanding these objections and without waiving same, Defendants will produce documents regarding rules as related to the allegations in the applicable complaint and as to the two Scores clubs in New York.

**Document Request No. 21**

All employee handbook or manual that has applied to any Class Member who has worked at any Scores club.

**Response**

Defendants object on the grounds that the request is vague and overbroad. Defendants further object to the Request in that it seeks documents that are neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections and without waiving same, Defendants will produce relevant employee handbooks or manuals as to the two Scores clubs in New York.

**Document Request No. 22**

All documents related to the classification of any Class Members as an employee or otherwise.

**Response**

Defendants object on the grounds that the request is vague and overbroad. Notwithstanding these objections and without waiving same, Defendants will produce

documents regarding rules as related to the allegations in the applicable complaint. *See also* Bates Numbers GW 157-158, 222-223, 234-235, previously produced.

**Document Request No. 23**

Documents sufficient to indicate the details of transactions between Defendants' customers and Defendants regarding Diamond Dollars.

**Response**

Defendants object on the ground that the request is vague, overbroad, and unduly burdensome. Defendants further object to the Request in that it seeks documents that are neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 24**

All documents related to the job duties of Class Members.

**Response**

Defendants object to this request to the extent it seeks information for individuals who worked as independent contractors. Notwithstanding this objection and without waiving same, Defendants will produce relevant documents responsive to the request.

**Document Request No. 25**

All documents related to training of Class Members.

**Response**

Defendants object to this request to the extent it seeks information for individuals who worked as independent contractors. Notwithstanding this objection and without waiving same, to the extent such documents exist, Defendants will produce relevant documents responsive to the request.

**Document Request No. 26**

All documents that support Defendants' argument that individuals who worked at Scores clubs outside of New York City cannot bring claims in this lawsuit.

**Response**

Defendants object to this request on the grounds that the request is moot given Plaintiffs' Second Amended Complaint.

**Document Request No. 27**

All documents that support Defendants' argument that Scores Holding Company, Inc. never employed Plaintiffs or Class Members.

**Response**

Defendants object on the grounds that the request is vague and overbroad. Defendants further object to the Request in that it seeks documents that are neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections and without waiving same, Defendants will produce documents responsive to the request *See also* Bates Numbers GW 20 to 123, 146, 173-192, 195-210, 240-252 (payroll records), previously produced. *See also* Bates Numbers GW 157-158, 222-223, 234-235, previously produced.

Dated: New York, New York
March 21, 2008

                                  **GREENBERG TRAURIG, LLP**

By: _/s/ Eric B. Sigda_
      Jerrold F. Goldberg (JG-7471)
      Eric B. Sigda (ES-1827)

      200 Park Avenue
      New York, New York  10166
      (212) 801-9200

      *Attorneys for Defendants*