# Exhibit LLL

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

# If you are or were a Co-Manager or Department Manager employed by Gristede's, please read this Notice.

# A class/collective action lawsuit may affect your legal rights.

*A court authorized this Notice. This is not a solicitation from a lawyer.*

- Several former Co-Managers and Department Managers and one current Department Manager ("Plaintiffs") have sued Gristede's and three individual senior executives, John Catsimatides, Gallo Balseca, and James Monos ("Gristede's Executives") claiming that Gristede's failed to record, credit, and compensate them for overtime wages.

- In addition, the lawsuit alleges that Gristede's engaged in fraud by making misrepresentations or omissions of material fact in time, attendance, and payroll records.

- The Court has allowed the lawsuit to proceed as a certified collective action under the Fair Labor Standards Act ("FLSA") on behalf of Co-Managers and Department Managers who were employed by Gristede's at any time between December 11, 2001 and the present.

- The Court has allowed the lawsuit to proceed as a certified class action under the New York State Labor Law and common law fraud. The class consists of Co-Managers and Department Managers who were employed by Gristede's at any time between April 30, 1998 and the present.

- Gristede's and the Gristede's Executives deny that Plaintiffs' claims have merit, and they will assert various defenses against those claims.

- The Court has not decided who is right and who is wrong. Your legal rights may be affected, and you have a choice to make now.

### Questions? Contact Class Counsel:

**Justin M. Swartz or Linda A. Neilan**
**Outten & Golden LLP**
**3 Park Avenue, 29th Floor**
**New York, New York 10016**
**(212) 245-1000 or (877) 468-8836**
**Fax: (212) 977-4005**
**www.outtengolden.com**
**E-mail: og@outtengolden.com**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **ASK TO BE INCLUDED** | **Fair Labor Standards Act Claims** <br><br> Keep the possibility of getting back wages and liquidated (double) damages that may come from a trial or a settlement of the FLSA collective action lawsuit. <br><br> Give up any rights to separately sue Gristede's and the Gristede's Executives about the same legal claims in the FLSA collective action lawsuit. <br><br> If you wish to be included, you must complete and return the "Consent to Join" form at the end of this Notice. If you do not want to be included, do not return the "Consent to Join" form. |
| **ASK TO BE EXCLUDED** | **New York State Labor Law and Common Law Fraud Claims** <br><br> Keep the possibility of suing Gristede's and the Gristede's Executives separately about the same legal claims in this lawsuit. <br><br> Give up the possibility of getting back wages and interest under the New York State Labor Law and punitive damages and other benefits under common law fraud that may come from a trial or settlement. <br><br> If you wish to be excluded, you must complete and return the Exclusion Request form at the end of this Notice. |
| **DO NOTHING** | Keep the possibility of getting money or benefits that may come from a trial or a settlement of the class action lawsuit on the New York State Labor Law and common law fraud claims. <br><br> Keep the possibility of separately suing Gristede's and the Gristede's Executives under the FLSA. <br><br> Give up the opportunity to be a plaintiff in the collective action lawsuit to obtain money or benefits, including liquidated (double) damages, under the FLSA. <br><br> Give up the right to sue Gristede's and the Gristede's Executives separately under the New York State Labor Law and common law fraud claims. |

o   Your options are explained in this Notice. To join the lawsuit or ask to be excluded from the lawsuit, you must act before **October 24, 2007.**

○ Lawyers must prove the claims against Gristede's and the Gristede's Executives. If money or benefits are obtained from Gristede's and/or the Gristede's Executives, you will be notified about how to ask for a share.

## BASIC INFORMATION

**1. Why did I get this Notice?**

Gristede's records show that you have worked for Gristede's as a Co-Manager or Department Manager at a Gristede's supermarket location at sometime between April 30, 1998 and the present. This Notice explains that the Court has authorized the Plaintiffs to proceed with a collective action lawsuit under the Fair Labor Standards Act and a class action lawsuit under the New York State Labor Law and common law fraud.

You have legal rights and options that you may exercise. A trial may be necessary to decide whether the claims being made against Gristede's and the Gristede's Executives, on your behalf, are correct or whether the various defenses to those claims are correct. The Honorable Paul A. Crotty, a judge in the United States District Court for the Southern District of New York is overseeing this lawsuit. The lawsuit is known as *Torres, et al. v. Gristede's Operating Corp., et al.*, Case No. 04-CV-3316.

**2. What is this lawsuit about?**

This lawsuit is about whether Gristede's failed to pay Co-Managers and Department Managers overtime compensation for work performed in excess of forty (40) hours per week and whether Gristede's engaged in fraud.

Gristede's and the Gristede's Executives allege that the Co-Managers and Department Managers were properly compensated and that the Co-Managers and Department Managers should not recover any back wages or other damages.

More information about federal laws concerning your rights to overtime pay can be found at the website of the U.S. Department of Labor, www.dol.gov.

**3. What is a collective action and who is involved?**

In a collective action lawsuit, one or more persons sue on behalf of other people who have similar claims pursuant to the federal Fair Labor Standards Act. All Co-Managers and Department Managers who decide to participate in the case by filing the attached "Consent to Join" form with the Court are "opt-in plaintiffs." Gristede's and the Gristede's Executives are called the Defendants. One court resolves the issues for everyone who decides to join the case as opt-in plaintiffs.

3

## 4. What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of other people who have similar claims. In this case, the Class Representatives sued Gristede's and the Gristede's Executives under the New York State Labor Law and common law fraud. The court procedure for class actions is different from the collective action described in numbered paragraph 3. For the New York State Labor Law and common law fraud claims, people are automatically included in the case – except for those people who choose to exclude themselves from the Class.

## 5. Why is this lawsuit a Collective Action?

Without deciding the merits or whether any party is right or wrong, the Court decided that this lawsuit can be a collective action because it meets the requirements of § 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b). Specifically, the Court found that the Plaintiffs who filed this lawsuit are "similarly situated" to other Co-Managers and Department Managers employed by Gristede's.

## 6. Why is this lawsuit also a Class Action?

The Court also decided that this lawsuit can be a class action with respect to the Class Representatives' claims under the New York State Labor Law and common law fraud claims because it meets the requirements of Federal Rule of Civil Procedure 23.

Specifically, without deciding the merits, the Court found that:

- There are a sufficient number of potential class members to proceed as a class action;

- There are legal questions and facts that are common to each member of the class;

- The Class Representatives' claims are typical of the claims of the rest of the class members;

- The Class Representatives and the lawyers will fairly and adequately represent the Class' interests;

- The common legal questions and facts predominate over (are more important than) questions that affect only individuals; and

- This class action will be more efficient than having many individual lawsuits.

More information about why the Court is allowing this lawsuit to be a collective and class action is in the Court's <u>Memorandum Decision and Order</u> certifying the collective and class, which can be obtained by contacting Class Counsel: Justin M. Swartz or Linda A. Neilan, Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York 10016, (212) 245-1000 or (877) 468-8836.

4

## THE CLAIMS IN THE LAWSUIT

**7. What is Gristede's position?**

Gristede's and the Gristede's Executives deny that they have improperly paid any current or former employees, they deny that there has been any fraud or misrepresentation, and they deny that any current or former employees are entitled to any additional compensation or other relief.

**8. Has the Court decided who is right?**

The Court has not decided whether Gristede's and the Gristede's Executives or the Plaintiffs are correct. By establishing the Class and issuing the Notice, the Court is not suggesting that the Plaintiffs will win or lose the case.

**9. What are the Plaintiffs asking for?**

Plaintiffs are seeking to recover from Gristede's, and the Gristede's Executives unpaid overtime wages, liquidated (double) damages, interest and injunctive relief to stop these practices in the future. Plaintiffs also seek from Gristede's and the Gristede's Executives recovery of costs, interest, and attorneys' fees.

**10. Is there any money available now?**

No money or benefits are available now because the Court has not yet decided whether Gristede's and the Gristede's Executives did anything wrong, and the two sides have not settled the case. There is no guarantee that money or benefits ever will be obtained. If they are, you will be notified about how to ask for a share.

## WHO IS IN THE CLASS

**You need to decide whether you are affected by this lawsuit**

**11. Am I a part of the Class?**

Judge Crotty decided that all Co-Managers and Department Managers who were employed by Gristede's any time between April 30, 1998 and the date of final judgment in this matter are members of the New York State Labor Law and common law fraud Class.

**12. Am I a part of the FLSA Collective?**

Judge Crotty decided that any individual employed by Gristede's as a Co-Manager or as a Department Manager at any time between December 11, 2001 through the present is eligible to join the FLSA collective. You are not a member of the FLSA Collective unless you return the "Consent to Join" form, which will be filed with the Court.

5

**13. I'm still not sure if I am included.**

If you are still not sure whether you are included, you can get free help by calling or writing Class Counsel, Outten & Golden LLP, at the phone number or address listed on the first and last pages of this Notice.

**14. Can Gristede's fire me or take other action against me because I am a part of this case?**

No. Federal law prohibits Gristede's from discharging or in any other manner discriminating against any worker for joining this lawsuit. If you have any questions about this, contact Class counsel, Outten & Golden LLP, at the telephone number at the end of this Notice.

## YOUR RIGHTS AND OPTIONS

You have to decide whether to file the attached Consent to Join form to assert your FLSA claims or to file the attached Exclusion Request form to be excluded from the Class with respect to the New York State Labor Law Claims and common law fraud claims.

**15. How do I join the case?**

If you choose to join the FLSA Collective, you have to read, sign and promptly return the Consent to Join form at the end of this Notice. The form must be sent to:

**Gristede's Overtime Litigation**
**Outten & Golden LLP**
**3 Park Avenue, 29th Floor**
**New York, New York 10016**

The form must be postmarked by **October 24, 2007.**

**16. How do I ask to be excluded from the case?**

If you choose to be excluded from the Class for the lawsuit under the New York State Labor Law and common law fraud, you have to read, sign and promptly return the Exclusion Request form. The form must be sent to:

**Gristede's Overtime Litigation**
**Outten & Golden LLP**
**3 Park Avenue, 29th Floor**
**New York, New York 10016**

The form must be postmarked by **October 24, 2007.**

6

## 17. What happens if I do nothing at all?

If you do nothing, you keep the possibility of getting money or benefits from the New York State Labor Law claims and the common law fraud claim but you will not be eligible for FLSA liquidated (double) damages. If you stay in the case and the Plaintiffs obtain money or benefits, either as a result of the trial or a settlement, you will be notified about how to apply for a share (or how to ask to be excluded from any settlement). Keep in mind that if you do nothing now, regardless of whether the Plaintiffs win or lose the trial, you will not be able to sue Gristede's or the Gristede's Executives about the same legal claims that are the subject of this lawsuit under the New York State Labor Law and common law fraud. You will also be legally bound by all of the orders the Court issues and judgments the Court makes in this class action.

## 18. Why would I ask to be excluded?

If you already have your own overtime lawsuit against Gristede's and the Gristede's Executives and want to continue with it, you need to ask to be excluded from the Class and should not join the FLSA action. If you exclude yourself from the Class – which also means to remove yourself from the Class, sometimes called "opting out" of the Class – you will not get any money or benefits from this lawsuit even if the Plaintiffs obtain them as a result of the trial or from any settlement (that may or may not be reached) between Gristede's, the Gristede's Executives, and the Plaintiffs. However, you may then be able to sue or continue to sue Gristede's and the Gristede's Executives for the recovery of overtime and other damages. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action.

If you start your own lawsuit against Gristede's and the Gristede's Executives after you exclude yourself, you may have to hire and pay your own lawyer for that lawsuit, and you will have to prove your claims. If you do exclude yourself so you can start or continue your own lawsuit against Gristede's or the Gristede's Executives, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations.

### THE LAWYERS REPRESENTING YOU

## 19. Do I have a lawyer in this case?

The Court decided that the law firm of Outten & Golden LLP is qualified to represent you and all Class Members and has been designated as "Class Counsel" in this lawsuit. They are experienced in handling similar cases against other employers. More information about Outten & Golden LLP, its practice, and its lawyers' experience is available at www.outtengolden.com.

## 20. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel will be working on your behalf. If you want to hire your own lawyer, you may do so but you have to pay that lawyer. You can ask your own lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you.

7

**21. How will the lawyers be paid?**

If Class Counsel get money or benefits for the Co-Managers and Department Managers, they may ask the Court for fees and expenses. You won't have to pay these fees and expenses. If the Court grants the request of Class Counsel, the fees and expenses would be either deducted from any money obtained for the Co-Managers and Department Managers or paid separately by Gristede's.

## THE TRIAL

**The Court may schedule a trial to decide who is right in this case.**

**22. How and when will the Court decide who is right?**

As long as the case isn't resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiffs' claims at a trial. Any trial would take place in the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York. During the trial, a Jury or the Judge will hear all of the evidence to help them reach a decision about whether the Plaintiffs or Gristede's and the Gristede's Executives are right about the claims in the lawsuit. There is no guarantee that the Plaintiffs will win, or that they will get any money for the Co-Managers and Department Managers.

**23. Do I have to come to the trial?**

You do not need to attend the trial. Class Counsel will present the case for the Plaintiffs, and Gristede's and the Gristede's Executives will present the defenses. You or your own lawyer are welcome to come at your own expense.

## GETTING MORE INFORMATION

**24. Are there more details available?**

Yes. If you have any questions or require additional information, please contact:

**Justin M. Swartz or Linda A. Neilan**
**Outten & Golden LLP**
**3 Park Avenue, 29th Floor**
**New York, New York 10016**
**(212) 245-1000 or (877) 468-8836**
**Fax: (212) 977-4005**
**www.outtengolden.com**
**E-mail: og@outtengolden.com**