# Exhibit NNN

# If you are or were a telephone customer service employee employed by ClientLogic Operating Corporation, please read this notice. A collective action lawsuit may affect your legal rights.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- Telephone customer service employees have sued ClientLogic Operating Corporation ("ClientLogic") claiming that ClientLogic failed to pay them for all the time they worked, including overtime.

- The United States District Court for the Western District of New York has conditionally allowed the lawsuit to proceed as a collective action on behalf of telephone customer service employees (1) who were employed by ClientLogic at any time from December 21, 2003, to the present, *and* (2) who were employed at one of the following facilities during that time: Norman, Oklahoma; Starkville, Mississippi; or Lake City, Florida.

- The Court has not decided who is right and who is wrong. Your legal rights may be affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **CONSENT TO PARTICIPATE** | If you choose to participate in this case, you keep the possibility of getting money or benefits that may come from a trial or a settlement, and you give up any rights to separately sue ClientLogic about the same legal claims in this lawsuit. <u>If you wish to participate, you must complete the form at the end of this Notice.</u> |
| **DECLINE TO PARTICIPATE** | By declining to participate, you give up the possibility of getting money or benefits that may come from a trial or settlement in this case. However, you keep any rights to sue ClientLogic separately about the same legal claims in this lawsuit, but the limitations period on your claim continues to run. |

- Your options are explained in this notice. To ask to be included in the lawsuit, you must act before **January 23, 2008**.

- If money or benefits are obtained from ClientLogic, and you choose to participate in the case, you will be notified about your eligibility, if any, for damages, if any.

**More questions? Contact Justin Swartz at Outten & Golden LLP at 1-877-468-8836 or George Hanson at Stueve Siegel Hanson LLP at 1-800-714-0360.**

# This notice contains information that affects your rights. Please read it carefully.

### 1. Why did I get this notice?

ClientLogic's records show that you currently or previously worked for ClientLogic as a telephone customer service employee. This notice explains that the Court has conditionally allowed, or conditionally "certified" a collective action lawsuit that may affect you. You have legal rights and options that you may exercise before the Court holds a trial, which may be necessary to decide whether the claims being made against ClientLogic are correct. The Honorable William M. Skretny, a Judge in the United States District Court for the Western District of New York, is overseeing this collective action. The lawsuit is known as *Hens, et al. v. ClientLogic Operating Corp.*, Case No. 05-CV-381S.

### 2. What is this lawsuit about?

Plaintiffs allege that ClientLogic failed to pay its telephone customer service employees for all work they performed, including tasks performed before they were ready to take a call from a ClientLogic customer. Examples of such allegedly unpaid preparatory work include the time that employees spent finding a desk, booting up the computer system, logging in to computer applications, checking e-mails and updates, and reviewing the "to do" list of open cases. Plaintiffs allege that ClientLogic failed to pay its customer service employees for these same duties during unpaid meal breaks and at the end of the day.

ClientLogic contends that it has properly paid current and former employees for all work they performed, including paying them for all overtime due, and denies that any current or former employees are entitled to any additional compensation or other relief. Accordingly, ClientLogic denies that it has violated applicable law in any way.

### 3. What is a collective action and who is involved?

In a collective action lawsuit, one or more persons sue on behalf of other people who have similar claims. All telephone customer service employees who decide to participate in the case are a "Collective" or "Collective Members." The telephone customer service employees—and all of the Collective Members like them—are called the Plaintiffs. ClientLogic is called the Defendant. One court resolves the issues for everyone who decides to join the case.

### 4. Why is this lawsuit a Collective Action?

The Court decided that this lawsuit can conditionally be a collective action because it meets the requirements of § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Specifically, the Court found that the Plaintiffs who filed this lawsuit are "similarly situated" to other telephone customer service employees employed by ClientLogic.

### 5. What is ClientLogic's position?

ClientLogic contends that it has properly paid current and former employees for all work they performed, including paying them for all overtime due, and denies that any current or former employees are entitled to any additional compensation or other relief. Accordingly, ClientLogic denies that it has violated applicable law in any way.

### 6. Has the Court decided who is right?

The Court has not decided whether ClientLogic or the Plaintiffs are correct. By establishing the Collec-tive and authorizing the Notice, the Court is not suggesting that the Plaintiffs will win or lose the case.

### 7. What are the Plaintiffs asking for?

Plaintiffs are seeking to recover unpaid wages, including overtime, for work they contend they performed "off the clock." Plaintiffs also seek "liquidated damages," which may double the amount of overtime owed. Plaintiffs also seek recovery of costs and attorneys' fees.

### 8. Can I join this lawsuit?

To be eligible to join this lawsuit, you must have: (1) been employed by ClientLogic as a telephone customer service employee at any time from December 21, 2003 to the present; (2) worked any overtime hours (in excess of 40 per week)

2

**More questions? Contact Justin Swartz at Outten & Golden LLP at 1-877-468-8836 or George Hanson at Stueve Siegel Hanson LLP at 1-800-714-0360.**

"off the clock;" and (3) worked at one of the following facilities during that time: Norman, Oklahoma; Starkville, Mississippi, or Lake City, Florida. Current employees at any of the facilities listed above who meet the above criteria are eligible to join.

### 9. I'm still not sure if I am included.

If you are still not sure whether you are included, you can get free help by calling or writing the lawyers in this case, at the phone number or address listed below.

### 10. What happens if I do nothing at all?

If you choose not to join this lawsuit, you will not be affected by any ruling, judgment or settlement rendered in this case, whether favorable or unfavorable. You will not be entitled to share any amounts recovered by Plaintiffs as part of this lawsuit. You also will be free to independently retain your own counsel and file your own individual lawsuit, subject to any defenses that might be asserted. You should be aware that FLSA claims are limited to a two or three-year statute of limitations, and delay in joining this action, or proceeding separately, may result in some or all of your claims expiring as a matter of law.

### 11. What happens if I join the lawsuit?

If you choose to join this lawsuit, you will be bound by any ruling, settlement or judgment, whether favorable or unfavorable. You will also be bound by, and may share in, any settlement that may be reached on behalf of the collective. By joining this lawsuit, you designate the named Plaintiff(s) as your representative(s), and to the fullest extent possible, to make decisions on your behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, the approval of settlements, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into will be binding on you if you join the lawsuit. While this suit is pending, you may be required to provide information, appear for a deposition, or otherwise participate in the action.

### 12. How do I ask the Court to include me in the case?

Enclosed is a form called "Consent to Join." If you choose to join this lawsuit, **it is extremely important that you read, sign and promptly return the Consent to Join Form**. An addressed and postage paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Consent to Join Form must be sent to:

> **ClientLogic Telephone Employee Litigation**
> **Stueve Siegel Hanson LLP**
> **460 Nichols Road, Suite 200**
> **Kansas City, Missouri 64112**

The signed Consent to Join form must be postmarked by <u>January 23, 2008</u>. If your signed Consent to Join Form is not postmarked by <u>January 23, 2008</u>, you will not participate in a recovery obtained, if any, against ClientLogic in this lawsuit.

### 13. Do I have a lawyer in this case?

If you choose to join this lawsuit, you will be represented by Justin M. Swartz and other lawyers from the firm of Outten & Golden LLP and George A. Hanson and other lawyers from the firm of Stueve Siegel Hanson LLP.

### 14. How will the lawyers be paid?

You will not be required to pay anything out of pocket to the lawyers representing you, even if the case is not successful. The named Plaintiffs have entered into a contingency fee agreement with Plaintiffs' counsel. The agreement provides that counsel is advancing court costs and expenses of the litigation. If the outcome of the case is favorable and there is a recovery, the court costs and expenses advanced by counsel will be reimbursed from the recovery. If the outcome of the case is unfavorable and there is no recovery, plaintiffs' counsel will bear ultimate responsibility for costs and expenses of the litigation and will not seek reimbursement from any person who joined this case. Apart from costs and expenses, if the outcome is favorable Plaintiffs' counsel will receive a percentage of any settlement obtained or money judgment entered in favor of all members of the collective. The Court may also be asked to determine the amount of fees. The fees

3

**More questions? Contact Justin Swartz at Outten & Golden LLP at 1-877-468-8836 or**
**George Hanson at Stueve Siegel Hanson LLP at 1-800-714-0360.**

may be part of a settlement obtained or money judgment entered in favor of Plaintiffs, or may be ordered by the Court to be separately paid by ClientLogic, or may be a combination of the two. If the outcome of the case is unfavorable and there is no recovery, your lawyers will bear ultimate responsibility for their fees incurred in this case and will not seek reimbursement from any person who joined this case. A copy of the contingency fee agreement executed by the named Plaintiffs may be obtained upon request from Plaintiffs' counsel identified below.

### 15. Are there more details available?

Yes. If you have any questions or require additional information, please contact any of the following individuals:

Justin M. Swartz, Attorney
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016
(877) 468-8836 or (212) 245-1000
jms@outtengolden.com

George A. Hanson, Attorney
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
(800) 714-0360 or (816) 714-7100
hanson@stuevesiegel.com

**More questions? Contact Justin Swartz at Outten & Golden LLP at 1-877-468-8836 or
George Hanson at Stueve Siegel Hanson LLP at 1-800-714-0360.**

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTIN J. HENS, individually and on behalf of other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>CLIENTLOGIC OPERATING CORPORATION,<br><br>Defendant. | Case No.   05-CV-381S |

### CONSENT TO JOIN

**I WANT TO JOIN THIS LAWSUIT** pending in the United States District Court for the Western District of New York, Case No. 05-CV-381S. I understand that this lawsuit seeks unpaid overtime compensation that may be owed to me and that by joining this lawsuit I will become a plaintiff. By joining this lawsuit, I designate the named Plaintiff(s) as my representative(s), and to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, the approval of settlements, and all other matters pertaining to this lawsuit. I understand I will be bound by any ruling, settlement or judgment, whether favorable or unfavorable. I choose to be represented by Justin M. Swartz of Outten & Golden LLP and George A. Hanson of Stueve Siegel Hanson LLP and other attorneys with whom they may associate.

Date: _____     **Signature** _____

                           **Print Your Name:** _____

# NAME AND ADDRESS INFORMATION FORM
# [CLIENTLOGIC]

**Please Write Very Clearly**

Name: _____

**CURRENT CONTACT INFORMATION:**

**Current Address:** _____

_____

Home: _____      Work: _____

Cell: _____      Email: _____

**Prior Name(s):** _____

**Print Your Name:** _____
(please write very clearly)

6

More questions? Contact Justin Swartz at Outten & Golden LLP at 1-877-468-8836 or
George Hanson at Stueve Siegel Hanson LLP at 1-800-714-0360.

# If you are or were a telephone customer service employee employed by ClientLogic Operating Corporation, please read this notice. A collective action lawsuit may affect your legal rights.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- Telephone customer service employees have sued ClientLogic Operating Corporation ("ClientLogic") claiming that ClientLogic failed to pay them for all the time they worked, including overtime.

- The United States District Court for the Western District of New York has conditionally allowed the lawsuit to proceed as a collective action on behalf of telephone customer service employees (1) who were employed by ClientLogic at any time from May 31, 2002, to the present, *and* (2) who were employed at one of the following facilities during that time: Buffalo, New York; Bartlesville, Oklahoma; Kingston, South Carolina; or Las Vegas, Nevada.

- The Court has not decided who is right and who is wrong. Your legal rights may be affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **CONSENT TO PARTICIPATE** | If you choose to participate in this case, you keep the possibility of getting money or benefits that may come from a trial or a settlement, and you give up any rights to separately sue ClientLogic about the same legal claims in this lawsuit. <u>If you wish to participate, you must complete the form at the end of this Notice.</u> |
| **DECLINE TO PARTICIPATE** | By declining to participate, you give up the possibility of getting money or benefits that may come from a trial or settlement in this case. However, you keep any rights to sue ClientLogic separately about the same legal claims in this lawsuit, but the limitations period on your claim continues to run. |

- Your options are explained in this notice. To ask to be included in the lawsuit, you must act before _____ (insert 90 days from date notice is sent out) _____.

- If money or benefits are obtained from ClientLogic, and you choose to participate in the case, you will be notified about your eligibility, if any, for damages, if any.

**More questions? Contact Justin Swartz at Outten & Golden LLP at 1-877-468-8836 or George Hanson at Stueve Siegel Hanson Woody LLP at 1-800-714-0360.**

# This notice contains information that affects your rights. Please read it carefully.

## 1. Why did I get this notice?

ClientLogic's records show that you currently or previously worked for ClientLogic as a telephone customer service employee. This notice explains that the Court has conditionally allowed, or conditionally "certified" a collective action lawsuit that may affect you. You have legal rights and options that you may exercise before the Court holds a trial, which may be necessary to decide whether the claims being made against ClientLogic are correct. The Honorable William M. Skretny, a Judge in the United States District Court for the Western District of New York, is overseeing this collective action. The lawsuit is known as *Hens, et al. v. ClientLogic Operating Corp.*, Case No. 05-CV-381S.

## 2. What is this lawsuit about?

Plaintiffs allege that ClientLogic failed to pay its telephone customer service employees for all work they performed, including tasks performed before they were ready to take a call from a ClientLogic customer. Examples of such allegedly unpaid preparatory work include the time that employees spent finding a desk, booting up the computer system, logging in to computer applications, checking e-mails and updates, and reviewing the "to do" list of open cases. Plaintiffs allege that ClientLogic failed to pay its customer service employees for these same duties during unpaid meal breaks and at the end of the day.

ClientLogic contends that it has properly paid current and former employees for all work they performed, including paying them for all overtime due, and denies that any current or former employees are entitled to any additional compensation or other relief. Accordingly, ClientLogic denies that it has violated applicable law in any way.

## 3. What is a collective action and who is involved?

In a collective action lawsuit, one or more persons sue on behalf of other people who have similar claims. All telephone customer service employees who decide to participate in the case are a "Collective" or "Collective Members." The telephone customer service employees—and all of the Collective Members like them—are called the Plaintiffs. ClientLogic is called the Defendant. One court resolves the issues for everyone who decides to join the case.

## 4. Why is this lawsuit a Collective Action?

The Court decided that this lawsuit can conditionally be a collective action because it meets the requirements of § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Specifically, the Court found that the Plaintiffs who filed this lawsuit are "similarly situated" to other telephone customer service employees employed by ClientLogic.

2

More questions? Contact Justin Swartz at Outten & Golden LLP at 1-877-468-8836 or George Hanson at Stueve Siegel Hanson Woody LLP at 1-800-714-0360.

### 5. What is ClientLogic's position?

ClientLogic contends that it has properly paid current and former employees for all work they performed, including paying them for all overtime due, and denies that any current or former employees are entitled to any additional compensation or other relief. Accordingly, ClientLogic denies that it has violated applicable law in any way.

### 6. Has the Court decided who is right?

The Court has not decided whether ClientLogic or the Plaintiffs are correct. By establishing the Collective and authorizing the Notice, the Court is not suggesting that the Plaintiffs will win or lose the case.

### 7. What are the Plaintiffs asking for?

Plaintiffs are seeking to recover unpaid wages, including overtime, for work they contend they performed "off the clock." Plaintiffs also seek "liquidated damages," which may double the amount of overtime owed. Plaintiffs also seek recovery of costs and attorneys' fees.

### 8. Can I join this lawsuit?

To be eligible to join this lawsuit, you must have: (1) been employed by ClientLogic as a telephone customer service employee at any time from May 31, 2002 to the present; (2) worked any overtime hours (in excess of 40 per week) "off the clock;" and (3) worked at one of the following facilities during that time: Buffalo, New York; Bartlesville, Oklahoma; Kingston, South Carolina; or Las Vegas, Nevada. Current employees at any of the facilities listed above who meet the above criteria are eligible to join.

### 9. I'm still not sure if I am included.

If you are still not sure whether you are included, you can get free help by calling or writing the lawyers in this case, at the phone number or address listed below.

### 10. What happens if I do nothing at all?

If you choose not to join this lawsuit, you will not be affected by any ruling, judgment or settlement rendered in this case, whether favorable or unfavorable. You will not be entitled to share any amounts recovered by Plaintiffs as part of this lawsuit. You also will be free to independently retain your own counsel and file your own individual lawsuit, subject to any defenses that might be asserted. You should be aware that FLSA claims are limited to a two or three-year statute of limitations, and delay in joining this action, or proceeding separately, may result in some or all of your claims expiring as a matter of law.

### 11. What happens if I join the lawsuit?

If you choose to join this lawsuit, you will be bound by any ruling, settlement or judgment, whether favorable or unfavorable. You will also be bound by, and may share in, any settlement that may be reached on behalf of the collective. By joining this lawsuit, you designate the named

3

More questions? Contact Justin Swartz at Outten & Golden LLP at 1-877-468-8836 or George Hanson at Stueve Siegel Hanson Woody LLP at 1-800-714-0360.

Plaintiff(s) as your representative(s), and to the fullest extent possible, to make decisions on your behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, the approval of settlements, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into will be binding on you if you join the lawsuit. While this suit is pending, you may be required to provide information, appear for a deposition, or otherwise participate in the action.

### 12. How do I ask the Court to include me in the case?

Enclosed is a form called "Consent to Join." If you choose to join this lawsuit, **it is extremely important that you read, sign and promptly return the Consent to Join Form**. An addressed and postage paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Consent to Join Form must be sent to:

> **ClientLogic Telephone Employee Litigation**
> **Stueve Siegel Hanson Woody LLP**
> **330 W. 47th Street, Suite 250**
> **Kansas City, Missouri 64112**

The signed Consent to Join form must be postmarked by _____ (90 days from mailing of this Notice)_____. If your signed Consent to Join Form is not postmarked by [90 days from mailing of this Notice], you will not participate in a recovery obtained, if any, against ClientLogic in this lawsuit.

### 13. Do I have a lawyer in this case?

If you choose to join this lawsuit, you will be represented by Justin M. Swartz and other lawyers from the firm of Outten & Golden LLP and George A. Hanson and other lawyers from the firm of Stueve Siegel Hanson Woody LLP.

### 14. How will the lawyers be paid?

You will not be required to pay anything out of pocket to the lawyers representing you, even if the case is not successful. The named Plaintiffs have entered into a contingency fee agreement with Plaintiffs' counsel. The agreement provides that counsel is advancing court costs and expenses of the litigation. If the outcome of the case is favorable and there is a recovery, the court costs and expenses advanced by counsel will be reimbursed from the recovery. If the outcome of the case is unfavorable and there is no recovery, plaintiffs' counsel will bear ultimate responsibility for costs and expenses of the litigation and will not seek reimbursement from any person who joined this case. Apart from costs and expenses, if the outcome is favorable Plaintiffs' counsel will receive a percentage of any settlement obtained or money judgment entered in favor of all members of the collective. The Court may also be asked to determine the amount of fees. The fees may be part of a settlement obtained or money judgment entered in favor of Plaintiffs, or may be ordered by the Court to be separately paid by ClientLogic, or may be a combination of the two. If the outcome of the case is unfavorable and there is no recovery, your lawyers will bear ultimate responsibility for their fees incurred in this case and will not seek

4

More questions? Contact Justin Swartz at Outten & Golden LLP at 1-877-468-8836 or George Hanson at Stueve Siegel Hanson Woody LLP at 1-800-714-0360.

reimbursement from any person who joined this case. A copy of the contingency fee agreement executed by the named Plaintiffs may be obtained upon request from Plaintiffs' counsel identified below.

### 15. Are there more details available?

Yes. If you have any questions or require additional information, please contact any of the following individuals:

| | |
|---|---|
| Justin M. Swartz, Attorney<br>Outten & Golden LLP<br>3 Park Avenue, 29th Floor<br>New York, NY 10016<br>(877) 468-8836 or (212) 245-1000<br>jms@outtengolden.com | George A. Hanson, Attorney<br>Stueve Siegel Hanson Woody LLP<br>330 W. 47th Street, Suite 250<br>Kansas City, MO 64112<br>(800) 714-0360 or (816) 714-7100<br>hanson@sshwlaw.com |

5

More questions? Contact Justin Swartz at Outten & Golden LLP at 1-877-468-8836 or George Hanson at Stueve Siegel Hanson Woody LLP at 1-800-714-0360.

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTIN J. HENS, individually and on behalf of other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>CLIENTLOGIC OPERATING CORPORATION,<br><br>Defendant. | Case No.   05-CV-381S |

## CONSENT TO JOIN

**I WANT TO JOIN THIS LAWSUIT** pending in the United States District Court for the Western District of New York, Case No. 05-CV-381S. I understand that this lawsuit seeks unpaid overtime compensation that may be owed to me and that by joining this lawsuit I will become a plaintiff. By joining this lawsuit, I designate the named Plaintiff(s) as my representative(s), and to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, the approval of settlements, and all other matters pertaining to this lawsuit. I understand I will be bound by any ruling, settlement or judgment, whether favorable or unfavorable. I choose to be represented by Justin M. Swartz of Outten & Golden LLP and George A. Hanson of Stueve Siegel Hanson Woody LLP and other attorneys with whom they may associate.

Date: _____

_____
Signature
Name: «First_Name» «Last_Name»