# Exhibit TTT

# COURT AUTHORIZED NOTICE

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

## If you were a Service Technician employed by Whirlpool or Maytag, please read this notice.

## A collective action lawsuit may affect your legal rights.

*This is a court authorized notice. This is not a solicitation from a lawyer.*

- Former Service Technicians have sued Whirlpool Corporation and Maytag Corporation ("Whirlpool/Maytag") claiming that Whirlpool/Maytag failed to pay overtime.

- The Court has allowed the lawsuit to proceed as a collective action on behalf of Service Technicians who were employed by Whirlpool/Maytag at any time since November 2003.

- The Court has not decided who is right and who is wrong. Your legal rights may be affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **ASK TO BE INCLUDED** | If you choose to be included in this case, you keep the possibility of getting money or benefits that may come from a trial or a settlement in this lawsuit, but you give up any rights to separately sue Whirlpool/Maytag about the same legal claims in this lawsuit. <u>If you wish to be included, you must complete the form at the end of this Notice.</u> |
| **DO NOTHING** | By doing nothing, you will not be included in this lawsuit. This means that you give up the possibility of getting money or benefits that may come from a trial or settlement in this lawsuit if those bringing the lawsuit are successful. You keep any rights to sue Whirlpool/Maytag separately about the same legal claims in this lawsuit, but the limitations period on your claim continues to run, or you may choose not to sue Whirlpool/Maytag at all. |

- Your options are explained in this notice. To ask to be included in the lawsuit, you must act before January 18, 2008.

- If money or benefits are obtained from Whirlpool/Maytag, and you choose to be included in the case, you will be notified about how to ask for a share.

**Questions? Contact Rachel Bien at Outten & Golden LLP at 1-877-468-8836.**

**This notice contains information that affects your rights. Please read it carefully.**

### 1. Why did I get this notice?

Whirlpool/Maytag's records show that you previously worked for Whirlpool/Maytag as a Service Technician. This notice explains that the Court conditionally has allowed, or "certified" a collective action lawsuit that may affect you. You have legal rights and options that you may exercise before the Court holds a trial. A trial may be necessary to decide whether the claims being made against Whirlpool/Maytag are correct. The Honorable Nicholas G. Garaufis and the Honorable Viktor V. Pohorelsky, Judges in the United States District Court for the Eastern District of New York, are overseeing this collective action. The lawsuit is known as *Khait, et al. v. Whirlpool Corp.* and *Maytag Corp.*, Case No. 06-CV-6381.

### 2. What is this lawsuit about?

This lawsuit is about whether Whirlpool/Maytag should have paid Service Technicians for time they claim they spent working at their homes each morning, driving to their first customer appointment, driving from their last customer appointment, and working at their homes each evening.

To the extent this work resulted in Service Technicians working in excess of 40 hours in a week, the Plaintiffs contend that Whirlpool/Maytag should have paid them overtime compensation for this time. Plaintiffs also contend that Whirlpool/Maytag should have calculated their overtime compensation at a rate of one and one-half times their "regular rate" of pay.

### 3. What is a collective action and who is involved?

In a collective action lawsuit, one or more persons who have similar claims can bring a lawsuit that includes others who have similar claims. All Service Technicians who decide to participate in the case are part of a "Collective" or "Collective Action Members." The Service Technicians – and all of the Collective Action Members – are called the Plaintiffs. Whirlpool/Maytag are called the Defendants. One court resolves the issues for everyone who decides to join the case.

### 4. Why is this lawsuit a Collective Action?

The Court has conditionally authorized this case to proceed as a collective action under § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Specifically, the Court found that the Plaintiffs who filed this lawsuit are "similarly situated" to other Service Technicians employed by Whirlpool/Maytag.

### 5. What is Whirlpool/Maytag's position?

Whirlpool/Maytag maintain that their pay practices for the Service Technicians at all times fairly and lawfully compensated Service Technicians for all the time they spent working.

**Questions? Contact Rachel Bien at Outten & Golden LLP at 1-877-468-8836.**

### 6. Has the Court decided who is right?

The Court has not decided whether Whirlpool/Maytag or the Plaintiffs are correct. By establishing the Collective and issuing the Notice, the Court is not suggesting that the Plaintiffs will win or lose the case.

### 7. What are the Plaintiffs asking for?

Plaintiffs are seeking to recover unpaid overtime wages. Plaintiffs also seek "liquidated damages" which doubles the amount of overtime owed. Plaintiffs also seek recovery of costs and attorneys' fees.

### 8. Can I join this lawsuit?

To be eligible to join this lawsuit, you must have been employed by Whirlpool/Maytag as a Service Technician at any time since November 2003.

### 9. I'm still not sure if I am included.

If you are still not sure whether you are included, you can get free help by calling or writing the lawyers in this case, at the phone number or address listed below.

### 10. What happens if I do nothing at all?

If you choose not to join this lawsuit, you will not be affected by any ruling, judgment or settlement rendered in this case, whether favorable or unfavorable. You will <u>not</u> be entitled to share any amounts recovered by Plaintiffs as part of this lawsuit. You also will be free to independently retain your own counsel and file your own individual lawsuit, subject to any defenses that might be asserted. You should be aware that FLSA claims are limited by a two or three-year statute of limitations, and delay in joining this action, or proceeding separately, may result in some or all of your claims expiring as a matter of law. If you proceed separately, you may also have to pay your own lawyer.

### 11. What happens if I join the lawsuit?

If you choose to join this lawsuit, you will be bound by any ruling, settlement or judgment, whether favorable or unfavorable. You will also share in any proceeds from a settlement or judgment favorable to the Collective. By joining this lawsuit, you designate the named Plaintiff(s) as your representative(s), and to the fullest extent possible, to make decisions on your behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, the approval of settlements, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into will be binding on you if you join the lawsuit. While this suit is pending, you may be asked to provide documents or information relating to your employment, or otherwise participate in written and/or oral discovery proceedings and/or in a trial of this matter.

3

**Questions? Contact Rachel Bien at Outten & Golden LLP at 1-877-468-8836.**

### 12. Can Whirlpool/Maytag and/or my current employer retaliate against me if I join the lawsuit?

It is a violation of Federal law for Whirlpool/Maytag or any of its related entities to fire, discipline, or in any manner discriminate or retaliate against you for taking part in this case. If you believe that you have been penalized, discriminated against or disciplined in any way as a result of your receiving this notification, considering whether to join this lawsuit, or actually joining this lawsuit, you may contact Plaintiffs' lawyers or any other lawyers of your choosing.

### 13. How do I ask the Court to include me in the case?

Enclosed is a form called "Consent to Join." **If you choose to join this lawsuit, it is extremely important that you read, sign and promptly return the Consent to Join Form.** An addressed and postage paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Consent to Join Form must be sent to:

> **Whirlpool / Maytag Overtime Lawsuit**
> **Outten & Golden LLP**
> **3 Park Avenue, 29th Floor**
> **New York, NY 10016**

The signed Consent to Join form must be postmarked by January 18, 2008. **If your signed Consent to Join Form is not postmarked by January 18, 2008, you will not participate in this lawsuit, you will not share in a monetary recovery, and you will not be bound by any settlement or judgment.**

### 14. Do I have a lawyer in this case?

If you choose to join this lawsuit you will be represented by Adam Klein, Justin M. Swartz, Piper Hoffman, and Rachel Bien of Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, NY 10016, www.outtengolden.com.

### 15. Should I get my own lawyer?

You do not need to hire you own lawyer because Plaintiffs' Counsel will be working on your behalf. But if you want your own lawyer, you may have to pay that lawyer and will have to file your own separate lawsuit.

### 16. How will the lawyers be paid?

The named Plaintiffs have entered into a contingency fee agreement with Plaintiffs' counsel, which means that if you do not win, there will be no attorneys' fees or costs chargeable to you. Under the fee agreement, in the event there is a recovery, Plaintiffs' counsel will receive a percentage of any settlement obtained or money judgment entered in favor of all members of the class. The Court may also be asked to determine the amount of fees. The fees may be part of a settlement obtained or money judgment entered in favor of Plaintiffs, or may be ordered by the Court to be separately paid by Whirlpool/Maytag, or may be a combination of the two. A copy of the contingency fee agreement executed by the named Plaintiffs may be obtained upon request from Plaintiffs' counsel identified below.

**Questions? Contact Rachel Bien at Outten & Golden LLP at 1-877-468-8836.**