**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Tammy Marzigliano (TM 2934)
Cara E. Greene (CG 0722)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**BRUCKNER BURCH PLLC**
Richard J. Burch (Texas Bar No.
24001807) (admitted *pro hac vice*)
1415 Louisiana, Suite 2125
Houston, Texas  77002
Telephone:  (713) 877-8788

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SIRI DIAZ, CAROLYN SIEGEL, TALIA BUMB, BLERTA VIKKI, DANIELLE OWIMRIN, SUSAN LEVIN, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>-against-<br><br>**SCORES HOLDING COMPANY, INC.; GO WEST ENTERTAINMENT, INC. a/k/a SCORES WEST SIDE; and SCORES ENTERTAINMENT, INC., a/k/a SCORES EAST SIDE.; ENTERTAINMENT MANAGEMENT SERVICES, INC.; and 333 EAST 60th STREET, INC. a/k/a SCORES EAST SIDE.**<br><br>**Defendants.** | No. 07 Civ. 8718 (RMB) |

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE PURSUANT TO SECTION 216(b) OF THE FLSA

## TABLE OF CONTENTS

FACTUAL BACKGROUND ............................................................................. 1

ARGUMENT ................................................................................................... 1

I.    The Court Should Follow the Great Weight of Authority and Deny Scores' Motion to Dismiss. ................................................................................... 1

    A.  Class Action and Collective Action Wage Claims Belong in the Same Lawsuit. ............................................................................................ 2

    B.  The Class Mechanism is Important to NYLL Enforcement. ........... 5

    C.  "Inherent Incompatibility" Argument Is An "Imaginary Legal Doctrine." ..... 6

    D.  Plaintiffs' NYLL Class Action Does Not Violate The Rules Enabling Act. ... 9

    E.  Class Members Will Have an Opportunity to Opt-Out. ................ 11

    F.  The Court Has Jurisdiction over Plaintiffs' NYLL Claims. ........... 13

        1. The Court Has Original Jurisdiction Over Plaintiffs' State Law Claims. ... 13

        2. The Court Has Supplemental Jurisdiction Over Plaintiffs' State Law Claims. ........................................................................................ 14

II.    Notice to the Collective is Appropriate and Necessary. ....................... 16

    A.  Scores Applied Common Policies to Plaintiffs and Their Co-Workers. ........ 17

        1. Minimum Wage Claims. ........................................................... 17

          (a) *Scores Diamond Dollar Policy Applied to All Workers.* ...... 18

          (b) *Scores Method of Informing Workers of the Tip Credit Provisions was the Same for All Workers.* ................................................. 20

        2. Scores' Uniform Policies Are Uniform. ................................... 21

    B.  Dancers are Properly Included in the Collective. ......................... 22

    C.  Notice Should Issue to Workers at Scores East Side. .................... 26

    D.  There is No Requirement that Plaintiffs Must Identify Other Workers. ......... 27

E.  Plaintiffs' Proposed Notice is Appropriate As Drafted. .................................... 29

F. Equitable Tolling Cannot be Ruled Out at this Stage. ........................................ 32

CONCLUSION.............................................................................................................. 33

## TABLE OF AUTHORITIES

**CASES**

*Acosta v. Scott Labor LLC,*
No. 05 C 2518, 2006 U.S. Dist. LEXIS 153 (N.D. Ill. Jan. 3, 2006) .......................................9

*Adams v. Inter-Con Security Systems, Inc.,*
242 F.R.D. 530 (N.D. Cal. 2007)...........................................................................................29

*In re "Agent Orange" Prod. Liability Litigation,*
818 F.2d 145 (2d Cir. 1987)...................................................................................................13

*Aguayo v. Oldenkamp Trucking,*
No. CV-F-04-6279, 2005 U.S. Dist. LEXIS 22190 (E.D. Cal. Oct. 3, 2005) ...........................4

*Ansoumana v. Gristede's Operating Corp.,*
201 F.R.D. 81 (S.D.N.Y. 2001) .............................................................................3, 4, 14, 15

*Aquilino v. Home Depot USA, Inc.,*
2:04 CV 4100, 2006 U.S. Dist. LEXIS 48554 (D.N.J. July 18, 2006) .....................................8

*Austin v. Mutual Ins. Society,*
232 F.R.D. 601 (W.D. Wis. 2006) ...........................................................................................5

*Baas v. Dollar Tree Stores, Inc.,*
No. 07-03108, 2007 U.S. Dist. LEXIS 65979 (N.D. Cal. Aug. 29, 2007) ................................3

*Bahramipour v. Citigroup Global Markets, Inc.,*
No. C 04-4440, 2006 U.S. Dist. LEXIS 9010 (N.D. Cal. Feb. 22, 2006)..................................4

*Bailey v. Ameriquest Mortgage Co.,*
No. 01-545, 2002 U.S. Dist. LEXIS 1363 (D. Minn. Jan. 23, 2002).......................................29

*Baldozier v. American Fam. Mutual Insurance,*
375 F. Supp. 2d 1089 (D. Colo. 2005)....................................................................................29

*Bamonte v. City of Mesa,*
No. CV 06-01860, 2007 U.S. Dist. LEXIS 50101 (D. Ariz. July 10, 2007) ...........................16

*Barnett v. Washington Mut. Bank, FA,*
No. 03-00753, 2004 U.S. Dist. LEXIS 18491 (N.D. Cal. Sept. 9, 2004) ..................................4

*Bartleson v. Winnebago Industrial Inc.,*
No. C02-3008, 2003 U.S. Dist. LEXIS 19058 (N.D. Iowa Oct. 24, 2003) .........................4, 14

*Belbis v. County of Cook,*
    No. 01 C 6119, 2002 U.S. Dist. LEXIS 22426 (N.D. Ill. Nov. 13, 2002) ................................. 4

*Bell v. Mynt Entertainment, LLC,*
    223 F.R.D. 680 (S.D. Fla. 2004) ................................................................................................. 31

*Beltran-Benitez v. Sea Safari, Ltd.,*
    180 F. Supp. 2d 772 (E.D.N.C. 2001) .................................................................................. 4, 14

*Bernal v. Vankar Enterprises, Inc.,*
    No. 5:07 CV 695, 2008 U.S. Dist. LEXIS 22814 (W.D. Tex. Mar. 24 2008) .................. 18, 19

*Bodner v. Banque Paribas,*
    202 F.R.D. 370 (E.D.N.Y. 2000) ............................................................................................ 12

*Bonham v. Copper Cellar Corp.,*
    476 F. Supp. 98 (E.D. Tenn. 1979) .......................................................................................... 21

*Breeden v. Benchmark Lending Group, Inc.,*
    229 F.R.D. 623 (N.D. Cal. 2005) .............................................................................................. 4

*Brickey v. Dolencorp, Inc.,*
    244 F.R.D. 176 (W.D.N.Y. 2007) ....................................................................................... 3, 16

*Brock v. Superior Care, Inc.,*
    840 F.2d 1054 (2d Cir. 1988) .................................................................................................. 26

*Brzychnalski v. UNESCO, Inc.,*
    35 F. Supp. 2d 351 (S.D.N.Y. 1999) ......................................................................................... 3

*Bursell v. Tommy's Seafood Steakhouse,*
    No. 4:06 CV 386. 2006 U.S. Dist. LEXIS 80526 (S.D. Tex. 2006) ........................................ 18

*Chan v. Sung Yue Tung Corp.,*
    No. 03 Civ. 6048, 2007 U.S. Dist. LEXIS 7770 (S.D.N.Y. Feb. 1, 2007) .............................. 18

*Chan v. Triple 8 Palace,*
    No. 1:03 CV 6048, 2004 U.S. Dist. LEXIS 9359 (S.D.N.Y. May 24, 2004) ................. 3, 4, 15

*Chateau de Ville Products, Inc. v. Tams-Witmark Music Library, Inc.,*
    586 F.2d 962 (2d Cir. 1978) .................................................................................................... 12

*Chavez v. IBP, Inc.,*
    No. 01-5093, 2002 U.S. Dist. LEXIS 24598 (E.D. Wash. Oct. 28, 2002) ........................ 4, 14

*Chowdhury v. Duane Reade, Inc.*,
    2007 U.S. Dist. LEXIS 73853 (S.D.N.Y. Oct. 2, 2007) ....................................................18, 19

*Chun-Hoon v. McKee Foods Corp.*,
    No. 3:05 CV 620, 2006 U.S. Dist. LEXIS 82029 (N.D. Cal. Oct. 31, 2006) .........................25

*Chung v. New Silver Palace Restaurant, Inc.*,
    246 F. Supp. 2d 220 (S.D.N.Y. 2002).....................................................................................8

*Cook v. United States*,
    109 F.R.D. 81 (E.D.N.Y. 1985) .............................................................................................30

*Cryer v. Intersolutions, Inc.*,
    No. 06-2032, 2007 U.S. Dist. LEXIS 29241 (D.D.C. Apr. 20, 2007)................................3, 15

*Cuzco v. Orion Builders Inc.*,
    477 F. Supp. 2d 634 (S.D.N.Y. 2007).....................................................................................29

*Damassia v. Duane Reade, Inc.*,
    No. 04 Civ. 8819, 2006 U.S. Dist. LEXIS 73090 (S.D.N.Y. Oct. 4, 2006) ......................16, 17

*Davis v. Novastar Mortg., Inc.*,
    No. 04-0956-CV-W-FJG, 2005 U.S. Dist. LEXIS 39563 (W.D. Mo. 2005) .........................31

*De Asencio v. Tyson Foods, Inc.*,
    342 F.3d 301 (3d Cir. 2003)....................................................................................................2

*De La Cruz v. Gill Corn Farms, Inc.*,
    No. 03 CV 1133, 2005 U.S. Dist. LEXIS 44675 (N.D.N.Y. Jan. 25, 2005) ......................11, 12

*DeLeon-Granados v. Eller & Sons Trees, Inc.*,
    497 F.3d 1214 (11th Cir. 2007) ...............................................................................................2

*De Luna-Guerrero v. N.C. Grower's Association, Inc.*,
    338 F. Supp. 2d 649 (E.D.N.C. 2004).......................................................................................4

*Diaz v. Electronics Boutique of America, Inc.*,
    No. 04 CV 0840, 2005 U.S. Dist. LEXIS 30382 (W.D.N.Y. Oct. 17, 2005).........................19

*Dominguez v. Don Pedro Restaurant*,
    No. 2:06 CV 241, 2007 U.S. Dist. LEXIS 72444 (N.D. Ind. Sep. 26, 2007).........................20

*Donovan v. Tavern Talent & Placements, Inc.*,
    Civ. No. 84-F-401, 1986 U.S. Dist. LEXIS 30955 (D. Colo. Jan. 8, 1986) ...........................26

*Duchene v. Michael L. Cetta, Inc.*,
　244 F.R.D. 202 (S.D.N.Y. 2007) ........................................................................2, 3

*Ellis v. Edward D. Jones & Co.*,
　No. 06-66, 2007 U.S. Dist. LEXIS 94664 (W.D. Pa. Dec. 18, 2007) .....................10

*Ellison v. Autozone, Inc.*,
　No. C06-07522, 2007 U.S. Dist. LEXIS 70187 (N.D. Cal. Sept. 13, 2007) ...................3, 7, 13

*Evancho v. Sanofi-Aventis U.S. Inc.*,
　3:07 CV 2266, 2007 U.S. Dist. LEXIS 93215 (D.N.J. Dec. 19, 2007) ...................25

*Farhy v. Janney Montgomery Scott, LLC*,
　Nos. 06-3202, 06-3969, 2007 U.S. Dist. LEXIS 39112 (E.D. Pa. Apr. 6, 2007) .....................9

*In re Farmers Insurance Exch. Claims Representative Overtime Pay Litigation*,
　No. 1439, 2003 U.S. Dist. LEXIS 25717 (D. Or. May 19, 2003) .............................4

*Fasanelli v. Heartland Brewery, Inc.*,
　516 F. Supp. 2d 317, 322 (S.D.N.Y. 2007)..........................................................23

*In re FedEx Ground Package System*,
　No. 3:05 *MD 527* 2007 U.S. Dist. LEXIS 76798 (N.D. Ind. Oct. 15, 2007).........................25

*Frank v. Eastman Kodak Co.*,
　228 F.R.D. 174 (W.D.N.Y. 2005)............................................................................3

*Frank v. Gold'n Plump Poultry, Inc.*,
　2005 U.S. Dist. LEXIS 20441 (D. Min. Sep. 14, 2005) .........................................14

*Freeman v. Hoffmann-Laroche, Inc.*,
　No. 07-1503, 2007 U.S. Dist. LEXIS 92589 (D.N.J. Dec. 18, 2007).........................3

*Garcia v. Salamanca Group, Ltd.*,
　No. 07 C 4665, 2008 U.S. Dist. LEXIS 22852 (N.D. Ill. Mar. 24, 2008) .......................27, 28

*Gieseke v. First Horizon Home Loan Corp.*,
　408 F. Supp. 2d 1164 (D. Kan. 2006)....................................................................31

*Gieseke v. First Horizon Home Loan Corp.*,
　Civ. No. 04-2511, 2006 U.S. Dist. LEXIS 76732 (D. Kan. Oct. 11, 2006) ...........................32

*Glewwe v. Eastman Kodak Co.*,
　No. 05 CV 6462T, 2006 U.S. Dist. LEXIS 33449................................................................8

*Goldman v. RadioShack Corp.*,
　　No. 2:03-CV-0032, 2003 U.S. Dist. LEXIS 7611 (E.D. Penn. Apr. 16, 2003) ...................... 14

*Gonzalez v. Nicholas Zito Racing Stable, Inc.*,
　　2008 U.S. Dist. LEXIS 27598 (E.D.N.Y. March 31, 2008) .................................... 3, 14, 16, 23

*Gottlieb v. Carnival Corp.*,
　　436 F.3d 335 (2d Cir. 2006) ........................................................................................ 13

*Greene v. Robert Half International, Inc.*,
　　No. C05-03248, 2006 U.S. Dist. LEXIS 97050 (N.D. Cal. Mar. 28, 2006) ............................. 4

*Guzman v. VLM, Inc.*,
　　No. 1:07 CV 1126, 2008 U.S. Dist. LEXIS 15821 (E.D.N.Y. March 2, 2008) ......................... 3

*Hallissey v. America Online, Inc.*,
　　No. 1:99 CV 3785, 2008 U.S. Dist. LEXIS 18387 (S.D.N.Y. Feb. 19, 2008) ............ 17, 19, 23

*Hammond v. Lowe's Home Centers, Inc.*,
　　216 F.R.D. 666 (D. Kan. 2003) ................................................................................... 29

*Harrell v. Diamond A Entertainment, Inc.*,
　　992 F. Supp. 1343 (M.D. Fla. 1997) .......................................................................... 26

*Hart v. Federal Ex Ground Package System Inc.*,
　　457 F.3d 675 (7th Cir. 2006) ...................................................................................... 13

*Heagney v. European America Bank*,
　　122 F.R.D. 125 (E.D.N.Y. 1988) ................................................................................ 23

*Heckler v. D.K. Funding, LLC*,
　　502 F. Supp. 2d 777 (N.D. Ill. 2007) .......................................................................... 28

*Heitman v. City of Chicago*,
　　No. 04-C-3304, 2004 WL 1718420 (N.D.Ill. June 30, 2004) ................................................ 29

*Heng Chan v. Triple 8 Palace, Inc.*,
　　No. 1:03 CV 604 1:03 CV 60488, 2006 U.S. Dist. LEXIS 15780 (S.D.N.Y.
　　March 31, 2006) ............................................................................................................ 8

*Herrera v. Unified Management Corp.*,
　　No. 99 C 5004, 2000 U.S. Dist. LEXIS 12406 (N.D. Ill. Aug. 18, 2000) ......................... 31, 32

*Hoffmann-La Roche, Inc. v. Sperling*,
　　493 U.S. 165 (1989) ..................................................................................................... 28

*Horn v. Associated Wholesale Grocers Inc.*,
  555 F.2d 270 (10th Cir. 1977) ..................................................................................5

*Hunt v. Pritchard Industrial, Inc.*,
  No. 07 CV 0747, 2007 U.S. Dist. LEXIS 47749 (S.D.N.Y. July 3, 2007)............................13

*Iglesias-Mendoza v. LaBelle Farm, Inc.*,
  239 F.R.D. 363 (S.D.N.Y. 2007) .........................................................3, 12, 14, 16, 18, 22, 23

*Jankowski v. Castaldi*,
  No. 01-0164, 2006 U.S. Dist. LEXIS 4237 (E.D.N.Y. Jan. 13, 2006) .......................................3

*Jeffcoat v. State Department of Labor*,
  732 P.2d 1073 (Alaska 1987).................................................................................................26

*Johnson v. HH3 Trucking, Inc.*,
  2003 U.S. Dist. LEXIS 23115 (N.D. Ill. 2003) ......................................................................31

*Kelley v. SBC, Inc.*,
  No. 97-CV-2729, 1998 U.S. Dist. LEXIS 18643 (N.D. Cal. Nov. 13, 1998) ........................14

*King v. ITT Continental Baking Co.*,
  No. 84 C 3410, 1986 U.S. Dist. LEXIS 29321 (N.D. Ill. Feb. 13, 1986)................................32

*Klein v. Ryan Beck Holdings*,
  06 Civ. 3460, 2007 U.S. Dist. LEXIS 51465 (S.D.N.Y. July 13 2007) ................................3, 6

*K.P. v. Corsey*,
  77 Fed. Appx. 611 (3d Cir. 2003)............................................................................................2

*Krueger v. N.Y. Tele. Co.*,
  93 Civ. 0178, 93 Civ. 0179,1993 U.S. Dist. LEXIS 9988 (S.D.N.Y. July 21,
  1993) ....................................................................................................................................21

*LaChappelle v. Owens-Illinois, Inc.*,
  513 F.2d 286 (5th Cir. 1975) ...................................................................................................9

*Ladegaard v. Hard Rock Concrete Cutters, Inc.*,
  No. 00 C 5755, 2000 U.S. Dist. LEXIS 17832 (N.D. Ill. Dec. 1, 2000) ..................................4

*Lee v. ABC Carpet & Home*,
  236 F.R.D. 193 (S.D.N.Y. 2006) ......................................................................................3, 29

*Legrand v. Education Management Corp.*,
  No. 03-9798, 2004 U.S. Dist. LEXIS 17696 (S.D.N.Y. Sept. 2, 2004)..................................21

*Lehman v. Legg Mason, Inc.,*
   No. 06-2484, 2007 U.S. Dist. LEXIS 69648 (M.D. Pa. Sept. 20, 2007) ...................................9

*Lenahan v. Sears, Roebuck & Co.,*
   No. 02-0045, 2006 U.S. Dist. LEXIS 60307 (D.N.J. July 10, 2006).........................................3

*Letouzel v. Eastman Kodak Co.,*
   No. 05 CV 6464T, 2006 U.S. Dist. LEXIS 33453 (W.D.N.Y. May 25, 2006) .......................9

*Leyva v. Buley,*
   125 F.R.D. 512 (E.D. Wash. 1989).........................................................................................4

*Lima v. International Catastrophe Solutions, Inc.,*
   493 F. Supp. 2d 793 (E.D. La. 2007) ...................................................................................13

*Lindsay v. Government Employees Insurance Co.,*
   448 F.3d 416 (D.C. Cir. 2006) ...............................................................2, 14, 15, 16

*Long John Silver's Restaurants, Inc. v. Cole,*
   409 F. Supp. 2d 682 (D.S.C. 2006)......................................................................................10

*Long John Silver's Restaurants, Inc. v. Cole,*
   514 F.3d 345 (4th Cir. 2008) .............................................................................................10

*Luciano v. Eastman Kodak Co.,*
   No. 05  2006 U.S. Dist. LEXIS 33452 (W.D.N.Y. May 25, 2006) ..........................................9

*Martens v. Smith Barney, Inc.,*
   No. 96-3779, 2003 U.S. Dist. LEXIS 11587 (S.D.N.Y. June 19, 2003) .................................7

*Martens v. Thomann,*
   273 F.3d 159 (2d Cir. 2001).................................................................................................6

*Martin v. Priba Corp.,*
   No. 3: 91 CV 2786 G, 1992 U.S. Dist. LEXIS 20143 (N.D. Tex., Nov. 6,
   1992) ...............................................................................................................................26

*Mascol v. E & L Transp., Inc.,*
   No. CV-03-3343, 2005 U.S. Dist. LEXIS 32634 (E.D.N.Y. 2005)..........................................3

*Matson v. 7455, Inc.,*
   No. CV 98-788-HA, 2000 WL 1132110 (D.Or. 2000)..........................................................26

*McLaughlin v. Liberty Mutual Insurance Co.,*
   224 F.R.D. 304 (D. Mass. 2004)............................................................................................4

*Mendez v. Radec Corp.,*
   411 F. Supp. 2d 347 (W.D.N.Y. 2006) ................................................................3

*Mooney v. Aramco Services Co,*
   54 F.3d 1207 (5th Cir. 1995) ..........................................................................17

*Morden v. T-Mobile USA, Inc.,*
   No. C05-2112(RSM), 2006 U.S. Dist. LEXIS 42047 (W.D. Wash. June 22,
   2006) ..........................................................................................................29

*Morton v. Valley Farm Transport, Inc., Number C 06-2933,*
   2007 U.S. Dist. LEXIS 31755 (N.D. Cal. Apr. 13, 2007) ...................................3

*Moss v. Crawford & Co.,*
   201 F.R.D. 398 (W.D. Pa. 2000) .....................................................................24

*Mowdy v. Beneto Bulk Transp,*
   No. C 06-05682, 2008 U.S. Dist. LEXIS 26233 (N.D. CA Mar. 31 2008) ....... 28, 29

*Neary v. Metropolitan Prop. & Casualty Insurance Co.,*
   472 F. Supp. 2d 247 (D. Conn. 2007) ...........................................................3, 27

*Neary v. Metropolitan Prop. & Casualty Insurance Co.,*
   517 F. Supp. 2d 606 (D. Conn. 2007) ...............................................................27

*Noble v. 93 University Place Corp.,*
   224 F.R.D. 330 (S.D.N.Y. 2004) .......................................................................3

*O'Brien v. Encotech Construction Services, Inc.,*
   203 F.R.D. 346 (N.D. Ill. 2001) ........................................................................4

*O'Connell v. Hove,*
   22 F.3d 463 (2d Cir. 1994) ..............................................................................10

*Otto v. Pocono Health System,*
   457 F. Supp. 2d 522 (M.D. Pa. 2006) .................................................................9

*Ouedraogo v. Durso Assocs.,*
   No. 03 CV 1851, 2005 U.S. Dist. LEXIS 11954 (S.D.N.Y. June 16, 2005) .......3, 15

*Overnite Transport Co. v. Tianti,*
   926 F.2d 220 (2d Cir. 1991) ..............................................................................8

*Pac. Merchant Shipping Association v. Aubry,*
   918 F.2d 1409 (9th Cir. 1990) ...........................................................................7

*Parker v. Time Warner Entertainment Co.,*
   331 F.3d 13 (2d Cir. 2003)...........................................................................................12

*Promisel v. First American Artificial Flowers, Inc.,*
   943 F.2d 251 (2d Cir. 1991)........................................................................................15

*Ramirez v. RDO-BOS Farms, LLC,*
   No. 06-174, 2007 U.S. Dist. LEXIS 40633 (D. Or. Jan. 23, 2007) ............................3

*Reab v. Electric Arts, Inc.,*
   214 F.R.D. 623 (D. Colo. 2002) .................................................................................28

*Recinos-Recinos v. Express Forestry, Inc.,*
   233 F.R.D. 472 (E.D. La. 2006)....................................................................................3

*Reich v. Circle C. Investments, Inc.,*
   998 F.2d 324 (5th Cir. 1993) ......................................................................................26

*Reich v. Priba Corp.,*
   890 F. Supp. 586, (N.D.Texas, 1995) .........................................................................26

*Rodriguez v. The Texan, Inc.,*
   No. 01 C 1478, 2001 U.S. Dist. LEXIS 24652 (N.D. Ill. Mar. 7, 2001) .....................9

*Rollison v. CC Services, Inc.,*
   No. 05 CV 4193(DRH), 2006 U.S. Dist. LEXIS 36902 (S.D. Ill. June 6, 2006) ........17

*Romero v. Producers Dairy Foods, Inc.,*
   235 F.R.D. 474 (E.D. Cal. 2006) ..................................................................................4

*Salazar v. AgriProcessors, Inc.,*
   527 F. Supp. 2d 873 (N.D. Iowa 2007).................................................................7, 8, 14

*Salazar v. AgriProcessors, Inc.,*
   No. 07-CV-1006-LRR, 2007 U.S. Dist. LEXIS 78222 (N.D. Iowa, Oct. 22,
   2007) .............................................................................................................................3

*Saur v. Snappy Apple Farms, Inc.,*
   203 F.R.D. 281 (W.D. Mich. 2001)..............................................................................4

*Scholtisek v. Eldre Corp.,*
   229 F.R.D. 381 (W.D.N.Y. 2005)...........................................................................3, 23

*Scott v. Aetna Services, Inc.,*
   210 F.R.D. 261 (D. Conn. 2002)...............................................................................3, 5

*Sjoblom v. Charter Communications, LLC,*
No. 3:07-cv-0451, 2007 U.S. Dist. LEXIS 93879 (W.D. Wis. Dec. 19, 2007)............3, 11, 13

*Smellie v. Mount Sinai Hospital,*
No. 03-0805, 2004 U.S. Dist. LEXIS 24006 (S.D.N.Y. Nov. 29, 2004)..................................3

*Stillman v. Staples, Inc.,*
No. 2:07 CV 849, 2007 U.S. Dist. LEXIS 58873 (D.N.J. July 30, 2007) ..............................28

*Takacs v. A.G. Edwards & Sons, Inc.,*
444 F. Supp. 2d 1100 (S.D. Cal. 2006)...................................................................................3

*Taylor Blvd. Theatre v. United States,*
No. 3:97 CV 63H, 1998 U.S. Dist. LEXIS 9355 (D. Ky. 1998)............................................26

*Thomas v. Speedway SuperAmerica, LLC,*
506 F.3d 496 (6th Cir. 2007) ..................................................................................................2

*Tomlinson v. Indymac Bank, F.S.B.,*
359 F. Supp. 2d 898 (C.D. Cal. 2005) ....................................................................................4

*Torres v. Gristede's Oper. Corp.,*
04 Civ. 3316 (PAC), 2006 U.S. Dist. LEXIS 74039 (S.D.N.Y. Sept. 29, 2006)...........3, 22, 23

*Trinidad v. Breakaway Courier Sys., Inc.,*
05 Civ. 4116, 2007 U.S. Dist. LEXIS 2914 (S.D.N.Y. 2007) ..................................................3

*Trotter v. Perdue Farms, Inc.,*
A.99-893-RRM, 2001 U.S. Dist. LEXIS 13212 (D. Del. Aug. 16, 2001)................................4

*United Mine Workers v. Gibbs,*
383 U.S. 715 (1966)..............................................................................................................15

*Walling v. Brooklyn Braid Co.,*
152 F.2d 938 (2d Cir. 1945).....................................................................................................3

*West Virginia v. Chas. Pfizer & Co.,*
440 F.2d 1079 (2d Cir. 1971)...................................................................................................5

*Westerfield v. Wash. Mut. Bank,*
No. 06-C 2007 U.S. Dist. LEXIS 54830 (E.D.N.Y. July 26, 2007) ...........................3, 6, 7, 13

*White v. MPW Industrial Services,*
236 F.R.D. 363 (D. Tenn. 2006) ......................................................................................18, 22

*Wiegele v. Federal Ex Ground Pkg. System,*
　　No. 3:06 CV 1330, 2007 U.S. Dist. LEXIS 9444 (S.D. CA Feb. 8, 2007)..............................28

*Williams v. Sprint/United Management Co.,*
　　222 F.R.D. 483 (D. Kan. 2004)........................................................................................17

*Woodard v. Federal Ex Freight East, Inc.,*
　　No. 3:06 CV 1968, 2008 U.S. Dist. LEXIS 11919 (M.D. Pa. Feb. 19, 2008)..........................8

*Wraga v. Marble Lite, Inc.,*
　　No. 05-5038, 2006 U.S. Dist. LEXIS 60457 (E.D.N.Y. Aug. 22, 2006)..................................3

## STATUTES

28 U.S.C. §1332(d) ...............................................................................................................13

28 U.S.C. § 1367(a) ..............................................................................................................14

28 U.S.C. § 2072(b) ..............................................................................................................10

29 U.S.C. §203(m) ...........................................................................................................19, 20

29 U.S.C. §216(b) .................................................................................................................28

29 U.S.C. § 218(a) ..................................................................................................................8

## RULES

Fed. R. Civ. P. 12(b)(1)............................................................................................................7

## LEGAL ARTICLES

*Employee Rights in Sex Work: The Struggle for Dancers' Rights as Employees*
　　by Carrie B. Fischer, 14 Law & Ineq. J. 521 (1996)........................................................5, 26

## FACTUAL BACKGROUND[1]

Plaintiffs and the putative class members are tipped employees, primarily servers, bartenders, and dancers, who worked at two Scores nightclubs in New York City, Scores West Side and Scores East Side. Ex. L, Second Amended Class Action Complaint ("SAC") ¶¶ 12, 16, 24, 28, 32, 94, 104.[2] They bring this action under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") to recover unpaid wages, misappropriated tips, and unlawful deductions from their wages. SAC ¶¶ 9, 10. Defendants own and operate Scores' New York City clubs and are all "employers" under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). SAC ¶¶ 35-40.[3]

## ARGUMENT

### I. THE COURT SHOULD FOLLOW THE GREAT WEIGHT OF AUTHORITY AND DENY SCORES' MOTION TO DISMISS.

Scores' motion to dismiss Plaintiffs class allegations is an unnecessary make-work exercise – procedurally premature and substantively meritless. It should not have been brought. Scores takes a cavalier approach to motion practice that puts Plaintiffs and the Court in a difficult position. It fails to tie its arguments to procedural mechanisms,

---

[1]   For a more detailed recitation of the facts, please see Plaintiffs' Memorandum of Law in Support of Motion for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the FLSA ("Moving Brief") filed on March 28, 2008, Docket No. 53.

[2]   As used throughout this brief, "Ex." refers to exhibits attached to either the Declaration of Tammy Marzigliano ("Marzigliano Dec.") (Exhibits A to YY) filed on March 28, 2008, Docket No. 54 or the Supplemental Declaration of Tammy Marzigliano ("Supp. Marzigliano Dec.") (Exhibits ZZ to UUU) dated April 21, 2008 filed herein. Declarations of all Plaintiffs are included as Exhibits A through F to the Marzigliano Dec. and are referred to herein as "PLAINTIFF NAME Dec." All deposition transcripts are included as Exhibits CCC through FFF to the Marzigliano Dec. and are referred herein as "NAME Tr. XX."

[3]   Plaintiffs refer to Defendants collectively as "Scores" throughout this brief.

1

leaving Plaintiffs and the Court to guess as to which rule(s) they hope will allow them relief. It also fails to acknowledge recent, on-point, in-district authority that refutes its claims. It prematurely attacks Plaintiffs' class allegations. Scores also opposes supplemental jurisdiction, while ignoring Plaintiffs well-pled allegations of *original* jurisdiction. Finally, throughout its brief, Scores misrepresents deposition testimony and cites to portions of deposition transcripts that do not contain any testimony about the issues for which Scores cites them.

### A.    Class Action and Collective Action Wage Claims Belong in the Same Lawsuit.

Courts in the Second Circuit "routinely" allow workers to bring "hybrid"[4] wage and hour actions, *Duchene v. Michael L. Cetta, Inc.*, 244 F.R.D. 202, 204 (S.D.N.Y. 2007), and "unflinchingly" certify them, *Iglesias-Mendoza v. LaBelle Farm, Inc.*, 239 F.R.D. 363, 375 (S.D.N.Y. 2007). The only circuit courts to address this issue head on, the Eleventh Circuit and the D.C. Circuit, rejected challenges to hybrid actions. *DeLeon-Granados v. Eller & Sons Trees, Inc.*, 497 F.3d 1214 (11th Cir. 2007); *Lindsay v. Gov't Employees Ins. Co.*, 448 F.3d 416 (D.C. Cir. 2006) (finding no conflict between a NYLL opt-out class action and an FLSA opt-in collective action). In addition, the Sixth Circuit acknowledged a district court's hybrid certification without comment in *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501 (6th Cir. 2007).[5] Scores fails to

---

[4]    A "hybrid" wage and hour case is one in which Plaintiffs bring an opt-in FLSA collective action alongside an opt-out Rule 23 class action, usually under state law.

[5]    While the Third Circuit rejected a hybrid action in one wage case, it did so only after finding that supplemental jurisdiction existed, but was improperly exercised by the district court. *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 312 (3d Cir. 2003) (district court improperly accepted supplemental jurisdiction over novel issue of state law claims where Plaintiffs waited 17 months, until after discovery had closed, to move for Rule 23 class certification of state law claim allegations that Plaintiffs' had not asserted

acknowledge the substantial weight of authority rejecting all of its arguments – both in

this circuit[6] and around the country.[7]

---

previously); *see K.P. v. Corsey*, 77 Fed. Appx. 611, 614 (3d Cir. 2003) (Rendell, C. J. dissenting) (noting the "unique circumstances" in *De Asencio* and to "voic[ing] confidence in, and support for, the proposition that under our current statutory scheme, the district courts may exercise supplemental jurisdiction to decide issues of state law pursuant to 28 U.S.C. § 1367.").

[6]     *See, e.g., Gonzalez v. Nicholas Zito Racing Stable, Inc.*, 2008 U.S. Dist. LEXIS 27598 (E.D.N.Y. March 31, 2008); *Guzman v. VLM, Inc.*, No. 1:07 CV 1126, 2008 U.S. Dist. LEXIS 15821 (E.D.N.Y. March 2, 2008); *Iglesias-Mendoza v. LaBelle Farm, Inc.*, 239 F.R.D. 363, 374 (S.D.N.Y. 2007); *Brickey v. Dolencorp, Inc.*, 244 F.R.D. 176 (W.D.N.Y. 2007); *Westerfield v. Wash. Mut. Bank*, 06-CV-2817, 2007 U.S. Dist. LEXIS 54830 (E.D.N.Y. July 26, 2007); *Klein v. Ryan Beck Holdings*, 06 Civ. 3460, 2007 U.S. Dist. LEXIS 51465 (S.D.N.Y. July 13 2007); *Trinidad v. Breakaway Courier Sys., Inc.*, 05 Civ. 4116 , 2007 U.S. Dist. LEXIS 2914 (S.D.N.Y. 2007); *Duchene v. Michael L. Cetta, Inc.*, 244 F.R.D. 202 (S.D.N.Y. 2007); *Torres v. Gristede's Operating Corp.*, 04 Civ. 3316, 2006 U.S. Dist. LEXIS 74039 (S.D.N.Y. Sept. 28, 2006); *Mendez v. Radec Corp.*, 411 F. Supp. 2d 347 (W.D.N.Y. 2006); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193 (S.D.N.Y. 2006); *Jankowski v. Castaldi*, No. 01-0164, 2006 U.S. Dist. LEXIS 4237 (E.D.N.Y. Jan. 13, 2006); *Wraga v. Marble Lite, Inc.*, No. 05-5038, 2006 U.S. Dist. LEXIS 60457 (E.D.N.Y. Aug. 22, 2006); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174 (W.D.N.Y. 2005); *Ouedraogo v. Durso Assocs.*, 03 CV 1851, 2005 U.S. Dist. LEXIS 11954 (S.D.N.Y. June 16, 2005); *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381 (W.D.N.Y. 2005); *Mascol v. E & L Transp., Inc.*, CV-03-3343, 2005 U.S. Dist. LEXIS 32634 (E.D.N.Y. 2005); *Smellie v. Mount Sinai Hosp.*, No. 03-0805, 2004 U.S. Dist. LEXIS 24006 (S.D.N.Y. Nov. 29, 2004); *Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330 (S.D.N.Y. 2004); *Chan v. Triple 8 Palace*, No. 03-6048, 2004 U.S. Dist. LEXIS 9359 (S.D.N.Y. May 24, 2004); *Scott v. Aetna Servs., Inc.*, 210 F.R.D. 261, 264–68 (D. Conn. 2002); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 85 (S.D.N.Y. 2001); *Brzychnalski v. UNESCO, Inc.*, 35 F. Supp. 2d 351 (S.D.N.Y. 1999). *But see Neary v. Metro. Prop. & Cas. Ins. Co.*, 472 F. Supp. 2d 247 (D. Conn. 2007).

[7]     *See, e.g., Sjoblom v. Charter Commc'ns., LLC*, 3:07-CV-0451, 2007 U.S. Dist. LEXIS 93879 (D. Wis. Dec. 19, 2007); *Freeman v. Hoffmann-Laroche, Inc.*, 07-1503, 2007 U.S. Dist. LEXIS 92589 (D.N.J. Dec. 18, 2007); *Baas v. Dollar Tree Stores, Inc.*, No. 07-03108, 2007 U.S. Dist. LEXIS 65979 (N.D. Cal. Aug. 29, 2007); *Salazar v. AgriProcessors, Inc.*, No. 07-CV-1006-LRR, 2007 U.S. Dist. LEXIS 78222 (N.D. Iowa, Oct. 22, 2007); *Bamonte v. City of Mesa*, No. CV 06-01860, 2007 U.S. Dist. LEXIS 50101 (D. Ariz. July 10, 2007); *Cryer v. Intersolutions, Inc.*, No. 06-2032, 2007 U.S. Dist. LEXIS 29241 (D.D.C. Apr. 20, 2007); *Morton v. Valley Farm Transp., Inc.*, No. C 06-2933, 2007 U.S. Dist. LEXIS 31755 (N.D. Cal. Apr. 13, 2007); *Ramirez v. RDO-BOS Farms, LLC*, No. 06-174, 2007 U.S. Dist. LEXIS 40633 (D. Or. Jan. 23, 2007); *Recinos-Recinos v. Express Forestry, Inc.*, 233 F.R.D. 472 (E.D. La. 2006); *Ellison v. Autozone, Inc.*, No. C06-07522, 2007 U.S. Dist. LEXIS 70187 (N.D. Cal. Sept. 13, 2007); *Takacs v.*

3

Scores also ignores the practical consequence if its motion succeeds – creating two lawsuits out of one. If the Court grants this motion, Plaintiffs would be forced to re-file their NYLL class claims in New York Supreme Court.[8] Such parallel proceedings would cause "great potential for confusion of issues; considerable unnecessary costs, inefficiency and inconsistency of proceedings and results; and other problems inherent in parallel class action litigation." *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 96 (S.D.N.Y. 2001).[9]

---

*A.G. Edwards & Sons, Inc.*, 444 F. Supp. 2d 1100 (S.D. Cal. 2006); *Lenahan v. Sears, Roebuck & Co.*, No. 02-0045, 2006 U.S. Dist. LEXIS 60307 (D.N.J. July 10, 2006); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 494 (E.D. Cal. 2006); *Bahramipour v. Citigroup Global Mkts., Inc.*, No. C 04-4440, 2006 U.S. Dist. LEXIS 9010 (N.D. Cal. Feb. 22, 2006); *Greene v. Robert Half Int'l, Inc.*, No. C05-03248, 2006 U.S. Dist. LEXIS 97050, (N.D. Cal. Mar. 28, 2006); *Aguayo v. Oldenkamp Trucking*, No. CV-F-04-6279, 2005 U.S. Dist. LEXIS 22190 (E.D. Cal. Oct. 3, 2005); *Breeden v. Benchmark Lending Group, Inc.*, 229 F.R.D. 623 (N.D. Cal. 2005); *Tomlinson v. Indymac Bank, F.S.B.*, 359 F. Supp. 2d 898 (C.D. Cal. 2005); *McLaughlin v. Liberty Mut. Ins. Co.*, 224 F.R.D. 304 (D. Mass. 2004); *Barnett v. Washington Mut. Bank, FA*, 03-00753, 2004 U.S. Dist. LEXIS 18491 (N.D. Cal. Sept. 9, 2004); *In re Farmers Ins. Exch. Claims Representative Overtime Pay Litig.*, No. 1439, 2003 U.S. Dist. LEXIS 25717 (D. Or. May 19, 2003); *Bartleson v. Winnebago Indus. Inc.*, No. C02-3008, 2003 U.S. Dist. LEXIS 19058 (N.D. Iowa Oct. 24, 2003); *Belbis v. County of Cook*, No. 01 C 6119, 2002 U.S. Dist. LEXIS 22426 (N.D. Ill. Nov. 13, 2002); *Chavez v. IBP, Inc.*, No. 01-5093, 2002 U.S. Dist. LEXIS 24598 (E.D. Wash. Oct. 28, 2002); *Beltran-Benitez v. Sea Safari, Ltd.*, 180 F. Supp. 2d 772 (E.D.N.C. 2001); *Trotter v. Perdue Farms, Inc.*, No. Civ. A.99-893-RRM, 2001 U.S. Dist. LEXIS 13212 (D. Del. Aug. 16, 2001); *Saur v. Snappy Apple Farms, Inc.*, 203 F.R.D. 281 (W.D. Mich. 2001) (FLSA and Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") class claims); *O'Brien v. Encotech Constr. Servs., Inc.*, 203 F.R.D. 346 (N.D. Ill. 2001); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2000 U.S. Dist. LEXIS 17832 (N.D. Ill. Dec. 1, 2000); *Kelley v. SBC, Inc.*, No. 97-CV-2729, 1998 U.S. Dist. LEXIS 18643 (N.D. Cal. Nov. 13, 1998); *Leyva v. Buley*, 125 F.R.D. 512 (E.D. Wash. 1989).

[8]    If the state law claims are dismissed, "[p]laintiffs are free to pursue their state law claims, including potential class claims, in the state courts." *De Luna-Guerrero v. N.C. Grower's Ass'n, Inc.*, 338 F.Supp.2d 649, 653 (E.D.N.C. 2004).

[9]    *See also, Westerfield*, 2007 U.S. Dist. LEXIS 54830, at *5 ("The Court can perceive no injury to potential plaintiffs by having these actions proceed together rather than separately."); *Greene*, 2006 U.S. Dist. LEXIS 97050, at *12–13 (noting the inefficiency of parallel state and federal proceedings); *Chan v. Triple 8 Palace*, No. 1:03

**B.    The Class Mechanism is Important to NYLL Enforcement.**

Class treatment of NYLL overtime claims advances the important public policy

goals of New York's wage-and-hour laws. New York adopted these laws in order to

eliminate inequitable wages, declaring that "it is the policy of the state of New York that

such conditions be eliminated as rapidly as practicable . . . ." NYLL § 650. In fact, the

Attorney General of the State of New York encouraged private class-action enforcement

in his *amicus* appearance in another private wage and hour action case. Ex. GGG, at 8-

10.

Without class-action enforcement, many workers would be left with no practical

remedy. New York State Department of Labor is not required to sue on a worker's

behalf and an action by the state Attorney General is not available to individuals as a

matter of right. NYLL §§ 196(2), 196(1)(b); *see also* Ex. GGG, at 8-10. Class actions

provide a method of obtaining redress for claims that are too small to warrant individual

actions. *West Virginia v. Chas. Pfizer & Co.*, 440 F.2d 1079, 1090 (2d Cir. 1971). In the

employment context, class actions ensure that those who are reluctant to confront their

employer may still protect their rights. *Horn v. Associated Wholesale Grocers Inc.* 555

F.2d 270, 275 (10th Cir. 1977); *Scott v. Aetna Servs., Inc.*, 210 F.R.D. 261, 268 (D.

Conn. 2002) (workers with legitimate claims for back wages often do not pursue them for

fear of retaliation). This is especially important for workers in the adult entertainment

industry, who are particularly vulnerable and often exploited. Carrie B. Fischer,

*Employee Rights in Sex Work: The Struggle for Dancers' Rights as Employees*, 14 Law

---

CV 6048, 2004 U.S. Dist. LEXIS 9359, at *8 (S.D.N.Y. May 24, 2004) ("[R]equiring
separate federal and state cases . . . would be wasteful and foolish."); *Brzychnalski*, 35 F.
Supp. 2d at 354 ("There is no reason why the claims should be separately litigated in two
different courts.").

& Ineq. J. 521, 544 (1996).

###### C.    "Inherent Incompatibility" Argument Is An "Imaginary Legal Doctrine."

Scores claims that Plaintiffs' state law claims should be dismissed because they are "inherently incompatible" with the FLSA and its collective action procedures. Defendants' Cross-Motion to Dismiss and in Opposition to Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the FLSA ("Def. Mem.") at 3-6. The only case in this district to address the inherent incompatibility argument, *Klein v. Ryan Beck Holdings*, 06 Civ. 3460, 2007 U.S. Dist. LEXIS 51465 (S.D.N.Y. July 13, 2007), rejected it.[10] Scores not only fails to acknowledge *Klein*, but ignores that another court in this circuit called the inherently incompatibility argument an "imaginary legal doctrine." *Westerfield v. Wash. Mut. Bank*, 06-CV-2817, 2007 U.S. Dist. LEXIS 54830, at *7 (E.D.N.Y. July 26, 2007).

Scores points to no Rule of Civil Procedure or standard by which the Court may strike claims for "incompatibility." As the *Westerfield* court held, "there is no legal doctrine, of which the Court is aware, that permits the Court to dismiss a cause of action solely on the grounds that it is 'inherently incompatible' with another action before it." 2007 U.S. Dist. LEXIS 54830, at *7. This is not just bad form, it is a substantive failing. *See Martens v. Thomann*, 273 F.3d 159, 172 (2d Cir. 2001) (failure to identify procedural mechanism is not merely a "procedural formality," but can "severely burden[]" review

---

[10]        *See also, e.g., Lindsay*, 448 F.3d at 424 (no conflict between an opt-out NYLL action and an opt-in FLSA action); *Freeman*, 2007 U.S. Dist. LEXIS 92589 (rejecting "inherent incompatibility" argument); *Ellison*, 2007 U.S. Dist. LEXIS 70187, at *6 ("FLSA collective and Rule 23 class actions are not incompatible"); *Greene*, 2006 U.S. Dist. LEXIS 97050, at **12-13  ("claims based on opt-in procedures are not irreconcilable with pendent state claims based on Federal Rule 23 opt-out procedures.").

and disposition of a motion). It leaves Plaintiffs and the Court with the impossible task

of divining which provisions Scores invokes and what standards to apply. *Id.* (each

procedural mechanism "carries its own procedures, its own standards for granting relief

by the district court, and its own standards of review . . . , thus making identification of

the precise nature of the motion an essential . . .").[11] The Court should deny Scores'

motion for this reason alone. *See Martens v. Smith Barney, Inc.*, No. 96-3779, 2003 U.S.

Dist. LEXIS 11587, at *13–14 (S.D.N.Y. June 19, 2003) (denying motion, after remand,

for failure to identify procedural mechanism).

Scores' underlying logic is also faulty. The SAC does not "circumvent" the

FLSA's opt-in requirement – Plaintiffs properly bring their FLSA claims as an opt-in

action. SAC ¶ 104. Plaintiffs invoke Rule 23 only to bring their NYLL claims, which

does not offend the FLSA procedures at all. *See Ellison v. Autozone, Inc.*, No. 3:06 CV

7522, 2007 U.S. Dist. LEXIS 70187, at *4–5 (N.D. Cal. Sept. 13, 2007) ("Plaintiff does

not attempt to certify a FLSA collective class under Rule 23, but rather intends to

prosecute both under their respective procedures.").

Under Scores' logic, no state law wage claim could ever be brought as a class

action. Congress, however, never intended to limit workers' rights under state laws. To

the contrary, the FLSA "establish[es] a floor under which wage protections cannot drop. .

. ." *Pac. Merch. Shipping Ass'n v. Aubry,* 918 F.2d 1409, 1425 (9th Cir. 1990). States

are free to provide greater wage protections to their workers, subject to broader-reaching

---

[11]    Accepting Plaintiffs' allegations as true and drawing all reasonable inferences in
their favor, the Court should find that Plaintiffs have stated a claim under the NYLL
sufficient to withstand a motion to dismiss. Therefore, the court should deny the Scores'
motion insofar as it seeks to dismiss the NYLL claims under Fed. R. Civ. P. 12(b)(1) or
12(b)(6). *Salazar v. AgriProcessors, Inc.*, 527 F. Supp. 2d 873, 879-80 (N.D. Iowa 2007)
(*citing Westerfield*, 2007 U.S. Dist. LEXIS 54830, at *2 (E.D.N.Y. July 26, 2007)).

procedures. *See* 29 U.S.C. § 218(a). The FLSA does not preempt state overtime wage laws. *Overnite Transp. Co. v. Tianti*, 926 F.2d 220, 222 (2d Cir. 1991). "Since 1947, Congress has done nothing to add language to the FLSA to expressly prohibit the exercise of supplemental jurisdiction over claims based on state wage and hour laws . . . Congress has refrained from enacting a law which provides for FLSA preemption of this state counterpart." *Salazar v. AgriProcessors, Inc.*, 527 F. Supp. 2d 873, 885 (N.D. Iowa 2007).

Scores relies heavily on *Woodard v. FedEx Freight East, Inc.*, No. 3:06 CV 1968, 2008 U.S. Dist. LEXIS 11919 (M.D. Pa. Feb. 19, 2008), which is not persuasive or controlling.[12] Moreover, *Woodward* does not even apply here by its own terms because Plaintiffs' FLSA claims and NYLL claims are not "identical in all material respects," as *Woodard* requires. 2008 U.S. Dist. LEXIS 11919, at *39. In *Woodard*, the plaintiffs brought claims under Pennsylvania's wage and hour law that were the same as their claims under federal law. *Id.* at *40. Here, although Plaintiffs' NYLL claims rely on the same operative facts as their FLSA claims, the appropriate legal analyses and available relief differ significantly. *See Heng Chan v. Triple 8 Palace, Inc.*, No. 1:03 CV 6048, 2006 U.S. Dist. LEXIS 15780, at *8-9 (S.D.N.Y. March 31, 2006); *Chung v. New Silver Palace Rest., Inc.*, 246 F. Supp. 2d 220, 228 (S.D.N.Y. 2002).

The other out-of-district cases Scores cites do not advance its position much more. *Aquilino v. Home Depot USA, Inc.* 2:04 CV 4100, 2006 U.S. Dist. LEXIS 48554 (D.N.J. July 18, 2006) is a supplemental jurisdiction case that does not even mention

---

[12]    *See Westerfield*, 2007 U.S. Dist. LEXIS 54830, at *6 (finding that the reasoning of cases that dismiss state law claims based on "inherent incompatibility" is "not persuasive").

"inherent incompatibility." Three other cases Scores cites, *Glewwe v. Eastman Kodak Co.*, No. 05 CV 6462T, 2006 U.S. Dist. LEXIS 33449 (W.D.N.Y. May 25, 2006), *Letouzel v. Eastman Kodak Co.*, No. 05 CV 6464T, 2006 U.S. Dist. LEXIS 33453 (W.D.N.Y. May 25, 2006), and *Luciano v. Eastman Kodak Co.*, No. 05 CV 6463T, 2006 U.S. Dist. LEXIS 33452 (W.D.N.Y. May 25, 2006), dismiss state law class claims "because plaintiffs failed to satisfy the requirements for a class action lawsuit pursuant to Rule 23, specifically lack of commonality of factual and legal issues." *See Westerfield*, 2007 U.S. Dist. LEXIS 54830, at \*7 (describing *Glewwe*, *Letouzel*, and *Luciano*). Another of Scores' cases, *Rodriguez v. The Texan, Inc.*, No. 01 C 1478, 2001 U.S. Dist. LEXIS 24652 (N.D. Ill. Mar. 7, 2001), is a scheduling order with no precedential value and merely expresses concerns about the case to come. *See Acosta v. Scott Labor LLC*, No. 05 C 2518, 2006 U.S. Dist. LEXIS 153 (N.D. Ill. Jan. 3, 2006) (noting that *Rodriguez* is not a holding). And to the extent that *Otto v. Pocono Health Sys.*, 457 F. Supp 2d 522 (M.D. Pa. 2006), relies on *LaChappelle v. Owens-Illinois, Inc.*, 513 F.2d 286 (5th Cir. 1975), it does so in error, as the Fifth Circuit did not even address parallel FLSA and state wage-and-hour actions in *LaChappelle*.

**D.    Plaintiffs' NYLL Class Action Does Not Violate The Rules Enabling Act.**

Scores' Rules Enabling Act ("REA") argument has even less merit.  It has been soundly rejected by district courts in the Second Circuit[13] and elsewhere.[14]  Scores not

---

[13]    *Klein*, 2007 U.S. Dist. LEXIS 51465; *Westerfield*, 2007 U.S. Dist. LEXIS 54830; *Neary*, 472 F. Supp. 2d at 250–51.

[14]    *See also Sjoblom*, 2007 U.S. Dist. LEXIS 93879 (rejecting REA argument); *Freeman*, 2007 U.S. Dist. LEXIS 92589 (same); *Lehman v. Legg Mason, Inc.*, No. 06-2484, 2007 U.S. Dist. LEXIS 69648 (M.D. Pa. Sept. 20, 2007) (same); *Farhy v. Janney*

only ignores on-point, in-Circuit contrary authority, it fails to cite a single case supporting its claim.[15]

The REA grants the federal courts the authority to establish their own procedural rules but does not allow these rules to "abridge, enlarge, or modify [] substantive right[s]." 28 U.S.C. § 2072(b). Scores argues that allowing a NYLL class action would diminish absent class members' substantive right "to have their claims adjudicated only following the court filing of their written consent." This is wrong because the FLSA's "opt-in" procedure is just that – a procedure, not a substantive right.[16] The REA does not address procedural mechanisms.

For the second time in this litigation, Scores invokes a United States Department of Labor ("DOL") *amicus* letter in support of a federal court action to vacate an arbitration award, *Long John Silver's Restaurants, Inc. v. Cole*, 409 F. Supp. 2d 682 (D.S.C. 2006), that characterized the opt-in procedure as a "substantive right." And for the second time, Scores fails to mention that the Fourth Circuit explicitly rejected the DOL's position on appeal, affirming the arbitrator's certification of an *opt-out* FLSA

---

*Montgomery Scott, LLC*, Nos. 06-3202, 06-3969, 2007 U.S. Dist. LEXIS 39112 (E.D. Pa. Apr. 6, 2007) (same).

[15]     Such cases do exist. After Plaintiffs alerted Scores to *Ellis v. Edward D. Jones & Co.*, No. 06-66, 2007 U.S. Dist. LEXIS 94664 (W.D. Pa. Dec. 18, 2007) during the previous round of briefing, *see* Memorandum of Law in Opposition to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment, in Support of Plaintiffs' Motion for Discovery Under Federal Rule of Civil Procedure ("Rules") 56(f) and 12(d), and in Further Support of Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the FLSA ("Original Opposition Brief"), Docket no. 31 at n. 26, Scores did not bother to cite it.

[16]     *See O'Connell v. Hove*, 22 F.3d 463, 468 (2d Cir. 1994) (the FLSA's substantive right is to overtime protection); *Lindsay*, 448 F.3d at 424 (the difference between Rule 23 and 29 U.S.C. §216(b) is a "mere procedural difference . . . "); *Sjoblom*, 2007 U.S. Dist. LEXIS 93879, at *11–18; *Klein*, 2007 U.S. Dist. LEXIS 51465, at *6–7; *Westerfield*, 2007 U.S. Dist. LEXIS 54830, *4–10.

class action. *Long John Silver's Rests., Inc. v. Cole*, 514 F.3d 345, 351 (4th Cir. 2008)

("no court has explicitly ruled that the 'opt-in' provision of the § 16(b) provision creates

a substantive . . . right."). Other courts have also rejected the DOL letter. *Sjoblom v.

Charter Communications, LLC*, No. 3:07-cv-0451, 2007 U.S. Dist. LEXIS 93879, at

*11–18 (W.D. Wis. Dec. 19, 2007); *Westerfield*, 2007 U.S. Dist. LEXIS 54830, at *1.

Moreover, as *Westerfield* explains, "[e]ven if the right to opt-in is a substantive

right, the right is not modified or abridged in any way by permitting a state law opt-out

class to proceed alongside the FLSA opt-in class in the same case" because Plaintiffs do

not seek to "invoke the procedures of Rule 23 to pursue the FLSA claim as an opt-out

class." 2007 U.S. Dist. LEXIS 54830, at *5; *see also Ellison*, 2007 U.S. Dist. LEXIS

70187, at *4–5 ("Plaintiff does not attempt to certify a FLSA collective class under Rule

23, but rather intends to prosecute both under their respective procedures."). This is

especially true where, as here, the state and federal claims require different legal analysis

and permit different remedies. *See*, Section I.C., *supra*.

### E.    Class Members Will Have an Opportunity to Opt-Out.

Scores also argues that the Court should dismiss Plaintiffs' state law claims

because the putative class members are "transient and unfindable" and will not receive

notice of their opportunity to opt-out. The court should reject this argument out-of-hand

because Scores does not bother to cite any caselaw or evidence in support of it.

The only case Plaintiffs could locate that bears on this issue is *De La Cruz v. Gill

Corn Farms, Inc.*, No. 03 CV 1133, 2005 U.S. Dist. LEXIS 44675, at *21 (N.D.N.Y. Jan.

25, 2005), where the court denied class certification on superiority grounds because a

class of migrant farm workers was not likely to receive notice. A court in this district

recently criticized *De La Cruz*, as "particularly unpersuasive in light of the unambiguous precedent in this district" allowing NYLL claims to proceed as Rule 23 class actions. *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 374 (S.D.N.Y. 2007).

Moreover, in *De La Cruz*, the plaintiffs admitted that most of the proposed class members did not speak English, did not read major newspapers, were dispersed throughout the United States of America and Mexico, and that, the plaintiffs had had little success locating any of them. *De La Cruz*, 2005 U.S. Dist. LEXIS 44675, at *7 n.1. This is not the case here. Scores presents no evidence that any class member cannot be found. It simply speculates that, because Plaintiff Vikki has lived in several places over the past several years,[17] and former Plaintiff Levin lives in Texas, "the vast majority of putative class members" are unlikely to receive notice. This is quite a stretch.

This argument is also premature. As in *De La Cruz*, the superiority issue is properly raised in an opposition to a class certification motion, not on an early motion to dismiss. Plaintiffs have the right to take discovery and frame their class certification motion as they choose. A determination regarding the merits of Plaintiffs' class allegations at this point would be premature and inappropriate.[18] After discovery, full

---

[17]    Scores also cites to the wrong pages of Vikki's deposition. Moreover, Scores' characterization of Vikki as transient is misleading. It fails to mention that, for the past fifteen months, Vikki has lived in a house that she and her husband own. Vikki Tr. 85:4-87:13. Also, prior to that, Vikki received mail at her aunt's permanent address. Vikki Tr. 81:22-82:6.

[18]    *See Chateau de Ville Prods., Inc. v. Tams-Witmark Music Library, Inc.*, 586 F.2d 962, 966 (2d Cir. 1978) (a district court "should defer decisions on certification pending discovery if the existing record is inadequate for resolving the relevant issues"); *Parker v. Time Warner Entm't Co.*, 331 F.3d 13, 21 (2d Cir. 2003) (reversing premature denial of class certification because the district court had improperly "precluded any class discovery and even the filing of a motion for class certification"); *Bodner v. Banque Paribas*, 202 F.R.D. 370, 373 (E.D.N.Y. 2000) ("discovery on the merits . . . is essential to determining whether class certification is appropriate.").

briefing, and a class certification hearing, Plaintiffs will demonstrate that effective notice can issue.[19]

### F.    The Court Has Jurisdiction over Plaintiffs' NYLL Claims.

#### 1.    The Court Has Original Jurisdiction Over Plaintiffs' State Law Claims.

Scores' argument that the Court lacks supplemental jurisdiction over Plaintiffs' NYLL claims is moot because Plaintiffs plead that the Court has original jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d).[20]  *See* SAC ¶ 83. Although Defendants do not cite a procedural mechanism for this argument, Plaintiffs assume they intend to move under Rule 12(b)(1), under which the Court must accept as true the facts Plaintiffs allege and draw all reasonable inferences in Plaintiffs favor.  *See Hunt v. Pritchard Indus., Inc.*, No. 07 CV 0747, 2007 U.S. Dist. LEXIS 47749, at \*9– 10 (S.D.N.Y. July 3, 2007).  The SAC satisfies CAFA.  SAC ¶¶ 87-91.  It alleges that there are 100 or more members, that the amount in controversy exceeds $5,000,000, and that there is minimal diversity between the parties.  28 U.S.C. §1332(d); *Gottlieb v.*

---

[19]    Even where a putative class is transient and hard to reach courts have at their disposal alternative notice methods to satisfy due process, such as radio announcements, newspaper and magazine postings, and internet postings, in addition to traditional mailed notice. *See, e.g.*, *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145, 155, 169 (2d Cir. 1987) (upholding notice via mail, radio and television announcements, newspaper and magazine publications, and contacts with state governors); *Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F. Supp. 2d 793 (E.D. La. 2007) (approving alternate methods of FLSA collective action notice).

[20]    *See Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675 (7th Cir. 2006) (upholding CAFA jurisdiction in wage and hour case); *Westerfield,* 2007 U.S. Dist. LEXIS 54830, at \*3 n.1 (defendants abandoned supplemental jurisdiction argument in light of CAFA); *Sjoblom,* 2007 U.S. Dist. LEXIS 93879, at \*9 (recognizing that CAFA jurisdiction in wage case); *Ellison,* 2007 U.S. Dist. LEXIS 70187, at \*2 (D. Cal. 2007) (same); *Baas,* 2007 U.S. Dist. LEXIS 65979 (same).

*Carnival Corp.*, 436 F.3d 335, 341 n.7 (2d Cir. 2006).[21]

> 2.    The Court Has Supplemental Jurisdiction Over Plaintiffs' State
>       Law Claims.

Even if the Court did not have CAFA jurisdiction over Plaintiffs' NYLL claims, it would have supplemental jurisdiction under 28 U.S.C. § 1367(a).[22]  Scores completely ignores the "overwhelming authority of district court cases from this circuit" that rejects this argument. *Gonzalez*, 2008 U.S. Dist. LEXIS 27598, at *26.[23]  Scores also ignores the seminal case on supplemental jurisdiction over NYLL claims, where Judge Hellerstein wrote:

> the federal FLSA claims and the [NYLL] claims arise from the same nucleus of operative facts, are substantially related to each other, and naturally would be treated as one case and controversy. Indeed, it would be difficult to try them separately, for the findings in one case would tend to be preclusive as to the other or, if not preclusive, could expose the parties to inconsistent results. . . . The test of relatedness under Section 1367 is satisfied, and the federal FLSA claim confers supplemental jurisdiction over the [NYLL] claim.

*Ansoumana*, 201 F.R.D. at 93.  Scores also ignores the only circuit court opinion to

---

[21]    Scores presses its supplemental jurisdiction argument (and fails to challenge Plaintiffs' CAFA allegations) despite having actual notice that the issue is moot. Original Opposition Brief at 16.

[22]    *See Lindsay*, 448 F.3d at 421; *see also Iglesias-Mendoza*, 239 F.R.D. at 370, 373–75; *Salazar v. AgriProcessors, Inc.*, 527 F. Supp. 2d 873, 885 (N.D. Iowa 2007) ("Since 1947, Congress has done nothing to add language to the FLSA to expressly prohibit the exercise of supplemental jurisdiction over claims based on state wage and hour laws."); *Frank v. Gold'n Plump Poultry, Inc.*, 2005 U.S. Dist. LEXIS 20441, at *1–2 (D. Min. Sep. 14, 2005), *14 n.4; *Bartleson*, 2003 U.S. Dist. LEXIS 19058, at *16–18; *Goldman v. RadioShack Corp.*, No. 2:03-CV-0032, 2003 U.S. Dist. LEXIS 7611, at *15–16, (E.D. Penn. Apr. 16, 2003); *Ansoumana*, 201 F.R.D. at 89–95; *Beltran-Benitez*, 180 F. Supp. 2d at 773–74. *Cf. Chavez*, 2002 U.S. Dist. LEXIS 24598, at *3–6 (state class members exceeded FLSA class members; state violations were essentially FLSA violations; need to calculate state law damages did not cause state law to predominate); *Kelley*, 1998 U.S. Dist. LEXIS 18643, at *39–40 (rejecting contention that state law claims would predominate in context of certifying both Rule 23 state law class action and FLSA class action).

[23]    *See also*, notes 5, 6, *supra*.

address the issue squarely. *Lindsay*, 448 F.3d at 421 ("it is clear that section 1367(a) authorizes a district court to exercise its supplemental jurisdiction [over NYLL claims] in mandatory language.")

Plaintiffs' NYLL claims are part of the same case or controversy as their FLSA claims because they "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). A federal court's exercise of supplemental jurisdiction over state law claims, "while not automatic, is a favored and normal course of action." *Promisel v. First American Artificial Flowers, Inc.* 943 F.2d 251, 254 (2d Cir. 1991). Supplemental jurisdiction is proper here because the very same acts that violate the FLSA, denial of pay and withholding of tips, also form the basis for Plaintiffs' NYLL claims.[24]

No exception to Section 1367 supplemental jurisdiction applies here. While Defendants claim that a NYLL class action raises novel and complex issues of state law (Def. Mem. at 9), they are merely repackaging their "incompatibility" argument. No novel or complex issues of state law are implicated by a NYLL class action. *Ouedraogo v. Durso Assocs.*, 03 CV 1851, 2005 U.S. Dist. LEXIS 11954 (S.D.N.Y. June 16, 2005); *Ansoumana*, 201 F.R.D. at 95.[25]

Scores is also wrong when it claims that the NYLL claims predominate because the state law class may be larger than the FLSA collective. "Predominance under section

---

[24]    *See Chan*, 2004 U.S. Dist. LEXIS 9359, at *8 ("Indeed, the very same acts of the defendants that are alleged to violate federal law form the basis of the state claims."); *Ansoumana*, 201 F.R.D. at 93, *Lindsay*, 448 F.3d at 424 (supplemental jurisdiction over New York wage claims existed where plaintiffs "performed the same type of work for the same employer and were deprived of overtime compensation as a result of the same action taken by their employer.").

[25]    *See also Cryer*, 2007 U.S. Dist. LEXIS 29241, at *12–13 (claims for overtime owed under Maryland state law were neither "novel" nor "complex").

§ 1367(c)(2) relates to the type of claim being brought rather than the size of the respective classes." *Iglesias-Mendoza*, 239 F.R.D. at 375; *see also*, *Lindsay*, 448 F.3d at 425; *Gonzalez*, 2008 U.S. Dist. LEXIS 27598, at *26.

Finally, exceptional circumstances that justify the denial of supplemental jurisdiction do not exist. "[T]he difference between the opt-in procedure provided by section 216(b) for FLSA claims and the opt-out procedure for state law claims provided by Rule 23 [is not an] 'exceptional circumstance' [or] 'other compelling reason'" for declining supplemental jurisdiction." *Lindsay*, 448 F.3d at 425.[26]

## II.    NOTICE TO THE COLLECTIVE IS APPROPRIATE AND NECESSARY.

The sole question ripe for decision on Plaintiffs' motion is whether Plaintiffs have met their modest burden to demonstrate that other Scores workers may be subject to the same policies that Plaintiffs challenge.[27]   If the answer is "yes," which it clearly is, the collective should be conditionally certified and potential opt-ins should be given notice of this action and an opportunity to join it.  The ultimate merits of Plaintiffs' claims and Scores' defenses are not yet on the table.

Throughout Scores' papers, it claims that Plaintiffs have "absolutely no evidence" of common policies and practices.  This ignores the well-pled allegations in the SAC, Plaintiffs' declarations and deposition testimony, the declaration testimony of Scores' own witnesses, and Scores' own internal documents that demonstrate Scores' common

---

[26]     *See also Brickey*, 244 F.R.D. at179 (the "discrepancies between the Rule 23 and FLSA opt in/opt-out procedures" are not "'compelling reasons' to decline jurisdiction"); *Bamonte*, 2007 U.S. Dist. LEXIS 50101, at *11–12 (same).

[27]     Notwithstanding some limited discovery, the Court should still apply a light standard because discovery is in its very early stages. Marzigliano Dec. 4-7. *See Damassia v. Duane Reade, Inc.*, No. 04 CV 8819, 2006 U.S. Dist. LEXIS 73090, at * 12–13 (S.D.N.Y. Oct. 4, 2006).  Scores does not dispute this.

policies with respect to minimum wages, uniforms, and misclassification of dancers as

independent contractors.[28]  It also fails to acknowledge that, at this stage, not much

evidence is required.  *Damassia*, No. 1:04 CV 8819, 2006 U.S. Dist. LEXIS 73090, at

*9-10 (plaintiffs' burden of proof is "minimal").[29]  At the end of discovery, Defendants

will likely ask the Court to make a more searching second-stage inquiry and to consider

all purported "individual issues."  This type of inquiry is not appropriate now.[30]

> **A.    Scores Applied Common Policies to Plaintiffs and Their Co-Workers.**

> 1.    <u>Minimum Wage Claims.</u>

Scores does not deny that its policy was *not to pay* Plaintiffs or their co-workers

at the full minimum wage rate.  *See* Moving Brief at 5-6, 12.  This policy alone is

sufficient to satisfy Plaintiffs' light burden to prevail on this motion.

Scores claims that its two-part affirmative defense (*see* Moving Brief at 12-13)

raises "individualized issues" that preclude conditional certification.  This argument is

premature and cannot defeat a conditional certification motion.  *See Hallissey v. Am.*

*Online, Inc.*, No. 1:99 CV 3785, 2008 U.S. Dist. LEXIS 18387, at **4-7 (S.D.N.Y. Feb.

19, 2008) (individual differences among class members are not relevant during initial

conditional certification stage).  "[T]he proper inquiry in a § 216(b) determination is

---

[28]    Scores arguments regarding Plaintiffs' overtime claims are moot because Plaintiffs have not moved for collective treatment of them.

[29]    *See also, Rollison v. CC Services, Inc.*, No. 05 CV 4193(DRH), 2006 U.S. Dist. LEXIS 36902, at * 7 (S.D. Ill. June 6, 2006) (pleadings sufficient to grant conditional certification even without any supporting affidavits); *Williams v. Sprint/United Mgmt Co.*, 222 F.R.D. 483, 487 (D. Kan. 2004) (allegations in complaint were "more than sufficient").

[30]    *Mooney v. Aramco Servs. Co*, 54 F.3d 1207, 1213 n. 7 (5th Cir. 1995) (at the second stage, courts consider "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to [the defendant] which appear to be individual to each plaintiff; (3) fairness and procedural considerations.").

whether plaintiffs are similarly situated *with respect to their allegations that the law has been violated.*" *Id.* (emphasis in original).[31]

Moreover, both prongs of Scores' affirmative defense are well suited for collective adjudication. Because Scores must prove both prongs to prevail on its defense, *Chan v. Sung Yue Tung Corp.*, No. 03 Civ. 6048, 2007 U.S. Dist. LEXIS 7770, at *52 (S.D.N.Y. Feb. 1, 2007), the Court should grant Plaintiffs' motion if it finds that Plaintiffs and their co-workers were similarly situated with respect to either of them. *See, e.g., Bernal v. Vankar Enters., Inc.*, No. 5:07 CV 695, 2008 U.S. Dist. LEXIS 22814, at *10-11 (W.D. Tex. Mar. 24 2008) (granting conditional certification after examining only one prong of affirmative defense); *Bursell v. Tommy's Seafood Steakhouse*, No. 4:06 CV 386. 2006 U.S. Dist. LEXIS 80526, at *8 (S.D. Tex. 2006) (same).

(a)    *Scores Diamond Dollar Policy Applied to All Workers.*

The first prong of Scores' defense, that Scores allowed its tipped workers to retain all of their customer tips, presents a common issue. Scores' policy of taking a percentage of the tips Plaintiffs earn through Diamond Dollars applied to all tipped workers. Plaintiffs clearly allege this policy in their complaint (SAC ¶¶ 3, 99, 106, 108) and support their allegations with sworn testimony from workers at both clubs. *See* Diaz Dec. ¶ 8; Bumb Dec. ¶ 8; Siegel Dec. ¶ 9; Vikki Dec. ¶ 10; Siegel Tr. 100:3-21; Vikki Tr. 106:14-107:8; *see also* Moving Brief at 4-5.

---

[31]    *See also, Chowdhury v. Duane Reade, Inc.*, 1:06 CV 2295, 2007 U.S. Dist. LEXIS 73853, at **12-18 (S.D.N.Y. Oct. 2, 2007); *Iglesias-Mendoza*, 239 F.R.D. at 368 ("factual variations" among the plaintiffs and class members do "not undercut plaintiffs' allegations of common wage and overtime practices that violate the FLSA"); *White v. MPW Indus. Servs.*, 236 F.R.D. 363, 373 (D. Tenn. 2006) ("Defendant cannot overcome Plaintiff's showing by arguing that individual issues may dominate; rather, if after notice to the putative plaintiffs it appears that individual issues do in fact dominate, the Defendant may move the Court to decertify the class.").

Scores does not deny that it kept a percentage of workers' Diamond Dollar tips or that this policy violates 29 U.S.C. §203(m). Instead, it attempts to dodge the issue by pointing to Plaintiffs' "varying experiences" with Diamond Dollars: some Plaintiffs had difficulty cashing-in Diamond Dollars and others did not; one never received a "valid" Diamond Dollar while others did; some "could not figure out how to exchange Diamond Dollars for cash" while others could.[32] Even if true, these facts do not refute Plaintiffs' claim that, *when they actually cashed in Diamond Dollars*, Scores kept a percentage.[33] This policy is sufficient by itself to warrant notice to the collective. *Bernal*, 2008 U.S. Dist. LEXIS 22814, at *10; *see also Hallissey v. Am. Online, Inc.*, 1:99 CV 378, 2008 U.S. Dist. LEXIS 18387, at **4-7 (S.D.N.Y. Feb. 19, 2008) (consideration of differences among class members is not appropriate during initial conditional certification stage; "the proper inquiry in a § 216(b) determination is whether plaintiffs are similarly situated *with respect to their allegations that the law has been violated*") (internal quotation omitted) (emphasis in original); *Chowdhury v. Duane Reade, Inc.*, 2007 U.S. Dist. LEXIS 73853, at **12-18 (S.D.N.Y. Oct. 2, 2007) (same).

The only case Scores cites in support of its argument, *Diaz v. Electronics*

---

[32]    There is no testimony regarding these issues on the pages Scores cites. Furthermore, Scores mischaracterizes Siegel's and Vikki's testimony. Siegel did not testify that she "could not figure out how to exchange [Diamond Dollars]," she testified that she asked three people on three different occasions how to exchange them, and was told that she had to wait for an announcement from the DJ, which she never heard. Siegel Tr. 67:5-18; 67:23-68:7. After her termination, she was told that she could not cash-in her Diamond Dollars because she was no longer employed by Scores. Siegel Tr. 68:8-12. Similarly, Scores' claim that Vikki "admitted that she was able to cash in her Diamond Dollars that were expired when she received them" is misleading. Def. Mem. at 16. She testified that she could only recover 50% of the value of an expired Diamond Dollar. Vikki Tr. 111:9-13.

[33]    Scores argues for a perverse result – to deny Plaintiffs' motion because Scores made it harder for some workers to collect their earnings than others.

*Boutique of America, Inc.*, 04 CV 0840, 2005 U.S. Dist. LEXIS 30382, at *15 (W.D.N.Y. Oct. 17, 2005), has no bearing on this case. *Diaz* is an off-the-clock and misclassification case brought by two workers from a single store on behalf of workers with several different job titles from more than 1,460 stores nationwide. *Diaz*, 2005 U.S. Dist. LEXIS 30382, at *4. The Court denied collective action status because differences in job duties from store to store precluded certification of the misclassification claims and the off-the-clock claims were not based on a common policy or plan. *Id.*, at *16-19. In stark contrast, the Diamond Dollar policy Plaintiffs challenge applied to all workers who received Diamond Dollars, regardless of their position or their job duties, and this case is limited to the two clubs at which Plaintiffs worked.

>        (b)    *Scores Method of Informing Workers of the Tip Credit*
>               *Provisions was the Same for All Workers.*

The second prong of Scores' affirmative defense, that Scores adequately informed its workers of the minimum wage and tip credit provisions of 29 U.S.C. §203(m), also turns on common evidence and a common application of the law. Scores claims that Plaintiffs are not similarly situated to one another because each had a different level of knowledge about the way Scores paid them.[34] This misplaces the focus of the 29 U.S.C. § 203(m) inquiry. The issue under § 203(m) is not what the workers know, but what the employer does. The employer must affirmatively inform workers of the tip credit provisions – irrespective of the workers' previous knowledge. *Dominguez v. Don Pedro Rest.*, No. 2:06 CV 241, 2007 U.S. Dist. LEXIS 72444, at *6 (N.D. Ind. Sep. 26, 2007).

---

[34]    Although irrelevant to this issue, Plaintiffs note that Scores misrepresents deposition testimony here as well. Scores' claim that Diaz "did not examine her paycheck" and "never questioned the amount of her wages" (Def. Mem. at 19) is false. Diaz testified that she examined her paycheck on several occasions and sometimes questioned the amount of tips she had received. Diaz Tr. 80:24-81:13.

Any "individual issues" related to workers' knowledge are irrelevant.

Scores claims that it informed workers of the tip credit provision by placing a poster on the wall in the manager's office. Whether this posting existed, and whether it was sufficient, are questions that can be answered on a collective-wide basis. Courts have held that similar efforts by employers fell short. *See Bonham v. Copper Cellar Corp.*, 476 F. Supp. 98, 101 n. 6 (E.D. Tenn. 1979) ("The evidence shows that the poster was not prominently displayed [and] employees were not directed to it . . . Under these circumstances, the poster does not satisfy the notice requirement."). Notably, each Plaintiff testifies that Scores did not inform her of the tip credit provisions. Bumb Dec. ¶ 4; Diaz Dec. ¶ 4; Siegel Dec. ¶ 5; Siegel Tr. 45:20-25; Vikki Dec. ¶ 6.

2.    Scores' Uniform Policies Are Uniform.

Scores also sidesteps the relevant issue regarding Plaintiffs' uniform claims. Plaintiffs allege that Scores prohibited them and their co-workers from wearing their street clothes to work and failed to reimburse them for uniform expenses. SAC ¶¶ 106, 108, 123. 130, 136, 144. Without denying this policy, Scores argues that it did not break the law because the attire it required did not constitute a uniform. This improper foray[35] into the merits of Plaintiffs' claims backfires because it highlights the common legal issues. The proper questions – "whether the attire Scores required workers to wear constitutes a uniform under the FLSA" and "whether Scores failed to reimburse workers

---

[35]    *See Legrand v. Educ. Mgmt. Corp.*, No. 03-9798, 2004 U.S. Dist. LEXIS 17696, at *5 (S.D.N.Y. Sept. 2, 2004) ("To the extent that defendants are attempting [to] argue the merits of the case, they are raising an issue that is not material to the current application."); *Krueger v. N.Y. Tele. Co.*, 93 Civ. 0178, 93 Civ. 0179, 1993 U.S. Dist. LEXIS 9988, at *6 (S.D.N.Y. July 21, 1993) ("[E]ven if plaintiffs' claims turn out to be meritless . . . notification at this stage . . . may enable more efficient resolution of the underlying issues. . .").

for related expenses" – can be answered on a collective-wide basis. *See* Moving Brief at 18-19.

Scores also argues that Plaintiffs and their co-workers are not similarly situated because "individualized inquiries" are necessary to determine whether each worker's uniform is a "uniform" under the FLSA. As Plaintiffs explain in Section II.A.1, *supra*, this argument misconstrues the "similarly situated" standard and improperly inflates Plaintiffs' "modest" burden. All that matters at this stage is whether Plaintiffs can demonstrate that the same policy applied to them as applied to their co-workers. *Iglesias-Mendoza*, 239 F.R.D. at 368. After discovery, the Court may decertify the collective if Scores can demonstrate that individual issues predominate or that its policy was not illegal. *White*, 236 F.R.D. at 373.

Scores also claims that two Plaintiffs, Siegel and Bumb, did not pay for their uniforms.[36] Even if this is true, conditional certification is still appropriate based on the other Plaintiffs' allegations and the evidence of a common policy. *See Torres v. Gristede's Oper. Corp.,* 04 Civ. 3316 (PAC), 2006 U.S. Dist. LEXIS 74039, at *35 & n.10 (S.D.N.Y. Sept. 29, 2006) ("even individualized defenses can be managed and do not make the opt-in class unmanageable."). Moreover, like the other Plaintiffs, Seigel and Bumb do allege that Scores did not reimburse them for laundering and maintaining their uniforms, (Siegel Dec ¶ 17; Bumb Dec ¶ 16), which Scores does not deny.

**B.    Dancers are Properly Included in the Collective.**

---

[36]    Once again, Scores mischaracterizes Plaintiffs' deposition testimony. Bumb did not "admit" that Scores never actually deducted uniform charges from her pay "as far as she knows." Def. Mem. at 17. She testified that she was told that Scores would deduct $50 from two consecutive paychecks (Bumb Tr. 37:8-21) and that she never checked to see whether it was deducted. Bumb Tr. 38:10-13.

Scores claims that dancers should not be part of a conditionally certified collective because Scores (mis)classified them as independent contractors. Arguments like this routinely fail. Conditionally certified collectives often include workers with varying job titles who were subject to the same policies or practices.[37] Here, the dancer Plaintiff, Vikki, challenges the same policies the non-dancer Plaintiffs challenge. *See* Vikki Dec. ¶ 3 (Vikki was not paid minimum wage); Vikki Dec. ¶ 9, Vikki Tr. 106:14-107:8 (Vicki was subject to Diamond Dollar deductions); Vikki Dec. ¶ 6; (Scores did not inform Vikki of the tip credit provisions); and Vikki ¶ 15 (Scores did not pay Vikki's uniform expenses).[38]

---

[37]    *See Gonzalez v. Nicholas Zito Racing Stable, Inc.*, 04-CV-22, 2008 U.S. Dist. LEXIS 27598, at **16-18 (E.D.N.Y. Mar. 31, 2008) (certifying a class consisting of stable workers with different titles and responsibilities, all allegedly subject to defendant's policy of denying overtime); *Fasanelli v. Heartland Brewery, Inc.,* 516 F. Supp. 2d 317, 322 (S.D.N.Y. 2007) (certifying collective of hourly workers holding different positions but who all "are employees of the same restaurant enterprise and allege the same types of FLSA violations."); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007) ("factual variations," including that the alleged class consisted of workers who held different positions, did "not undercut plaintiffs' allegations of common wage and overtime practices that violate the FLSA."); *Hallissey v. Am. Online, Inc.*, 99-CIV-3785, 2008 U.S. Dist. LEXIS 18387, at **4-7 (S.D.N.Y. Feb. 19, 2008) (the "fact that class members worked in a variety of different jobs in a number of different departments at different locations [does not] preclude class treatment."); *Torres*, 2006 U.S. Dist. LEXIS 74039, at **11-15, 33-34 (certifying a collective consisting of grocery store workers in two different positions where plaintiffs alleged they were subject to a common policy that violated the FLSA); *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 390 (W.D.N.Y. 2005) (that plaintiffs had "different duties and performed different types of work is not particularly relevant to whether they are similarly situated with respect to plaintiff's claims. What is important is that these employees were allegedly subject to a common practice or scheme ... in violation of the FLSA."); *Heagney v. European Am. Bank*, 122 F.R.D. 125, 127 (E.D.N.Y. 1988) (granting conditional certification and holding that "[c]lass treatment . . . is not defeated simply because . . . the plaintiffs performed a variety of jobs in a number of departments at different locations . . . . [so long as] the fundamental allegation . . . is common to all . . . plaintiffs and dominates each of their claims.").

[38]    Scores' claim that the Court should ignore Vikki's declaration is wrong. Def. Mem. n. 6. She corrected the testimony on which Defendants rely. Ex. HHH. Moreover,

An employer cannot defeat conditional certification by raising an affirmative defense against part of the proposed collective where the Court can easily adjudicate the affirmative defense as to the group in question. *See Moss v. Crawford & Co.*, 201 F.R.D. 398, 410-11 (W.D. Pa. 2000) (an exemption that may apply to one job title and not another does not defeat certification where a court can determine the applicability of the exemption by assessing the job duties of each position). This is the case here, as the dancers are certainly similarly situated *to one-another* as to Scores' independent contractor defense. They all perform the same job duties – they dance for Scores' customers, and they are all subject to the same compensation structure – Scores does not pay them any direct wages, they work for tips.[39]

Although Scores argues that dancers' opportunity for profit and loss, one of the factors in the employee / independent contractor test, raises individual issues that preclude certification, (Def. Mem. at 21),[40] it does not present any evidence that this

---

Vikki has reviewed her declaration once again, and placed her initials next to each paragraph, indicating that she has read them and that they are true. Ex. III.

[39]    Vikki Dec. ¶ 3; Sargent Declaration in Support of Defendants' Cross-Motion to Dismiss and in Opposition to Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the FLSA, Docket No. 62 ("Sargent Dec."), at Ex. 10 ("Napolitano Dec.") ¶ 2; Sargent Dec. at Ex. 11 ("Dubose Dec.") ¶ 2.

[40]    Defendants once again mischaracterize the testimony. Defendants claim Vikki testified that she exercised control regarding fees, stating that she negotiated lower house fees with the manager. Def. Mem. at 21. Vikki did not testify that she exercised control regarding fees. To the contrary, she testified that she could not leave the club if she did not pay the house fee: "I had to pay." Vikki Tr. 67:20-21. Two or three times, she could not afford to pay the house fee and asked her managers if she could pay less on those occasions. Vikki Tr. 68:23-69:19. When opposing counsel asked her who she negotiated with, she replied, "Not negotiate," and described the process of asking for an exception. Vikki Tr. 69:9-19. Defendants' also state "at times Vikki ended her shift without paying the fee for that night, but chose to pay it later." Def. Mem. at 21. This is untrue. Vikki explained that sometimes she would pay the house fee after she turned in her Diamond Dollars, which could only be cashed between 7:30 and 10:00, and sometimes she paid the house fee at the end of the night. Vikki Tr. 156:15-157:2. This is what she referred to

factor differed among dancers. Moreover, Scores fails to even address the other

employee / independent contractor factors (*see* Moving Brief at 16-18) and the fact that it

categorically classified all dancers as independent contractors without any individualized

assessments. *See* Moving Brief at 15 and n. 66.

Scores cites only one case in support of its argument, *Evancho v. Sanofi-Aventis

U.S. Inc.*, 3:07 CV 2266, 2007 U.S. Dist. LEXIS 93215 (D.N.J. Dec. 19, 2007), for the

proposition that misclassification cases are not appropriate for collective action treatment.

This is certainly not the general rule (Moving Brief at 16, n. 67) or the rule with respect

to employee / independent contractor misclassification. Moving Brief at 16, n. 67.[41]

Finally, although the merits are not at issue here, Scores makes a misleading

claim that is worth correcting. Citing a tax case from the Western District of Kentucky

(Def. Mem. at 20), it claims that "it is generally held that adult entertainers are

independent contractors." Not only are tax cases irrelevant to the employee / independent

contractor question under the FLSA because they employ a different legal standard,

---

when she stated, "Maybe I had to pay later." Vikki Tr.156:19-20. The exact contrary, in
fact, was true: she testified that she was not allowed to leave the club without paying the
house fee. Vikki Tr. 67:20-21. Finally, Defendants claim that "concerning a dancer's
investment in her business, Vikki testified that certain dancers paid for surgical bodily
enhancement to increase their individual profitability." Def. Mem. at 21. Vikki testified
only that some dancers have surgery, by responding "Yes" to opposing counsel's
question. Vikki Tr. 128:17-21. She makes no mention of surgery as an investment, nor
of dancers paying for surgery as a means to increase their individual profitability.
Moreover, there is no testimony regarding this issue on the pages Scores cites.
[41]      In fact, courts have certified classes of alleged "independent contractors" under
the far stricter standards of Rule 23. *See, e.g., In re FedEx Ground Package Sys.*, No.
3:05 MD 527, 2007 U.S. Dist. LEXIS 76798 (N.D. Ind. Oct. 15, 2007) (certifying
multiple Rule 23 classes of allegedly misclassified independent contractors who were
seeking unpaid overtime wages, including New York class); *Chun-Hoon v. McKee Foods
Corp.*, No. 3:05 CV 620, 2006 U.S. Dist. LEXIS 82029 (N.D. Cal. Oct. 31, 2006)
(certifying Rule 23 of allegedly misclassified independent contractors who were seeking
unpaid overtime wages).

compare *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1058-9 (2d Cir. 1988) (five part

"economic reality test") with *Taylor Blvd. Theatre v. United States*, No. 3:97 CV 63H,

1998 U.S. Dist. LEXIS 9355, at *9 (D. Ky. 1998) (relied on evidence of industry practice

and a past IRS audit), but Courts have repeatedly found that dancers are "employees"

under the FLSA and similar wage and hour laws.[42]

### C.    Notice Should Issue to Workers at Scores East Side.

Scores disingenuously claims that workers at Scores East Side should not receive

notice of this action because Plaintiffs have not demonstrated that Scores subjects East

Side workers to the same policies as it subjects West Side workers.  On the contrary,

Vikki, who worked at both Scores West Side and Scores East Side, testified that both

applied "the same rules." Vikki Tr. 23:2-15; 106:14-107:8.  Specifically, the Diamond

Dollar policy applied at both clubs (Vikki Tr. 106:14-107:8) as did the uniform policy.

Vikki Tr. 37:2-9.  Vikki also moved from Scores West Side to Scores East Side without

re-applying because, as her manager told her, "If I was working Scores, you can work

any Scores." Vikki Tr. 24:9-13.

Both clubs also use the same employee handbook and service training manual,

---

[42]      *See, e.g., Reich v. Circle C. Invs., Inc.*, 998 F.2d 324, 328–29 (5th Cir. 1993);
*Reich v. Priba Corp.*, 890 F. Supp. 586 at 594; *Martin v. Priba Corp.*, No. 3: 91 CV 2786
G, 1992 U.S. Dist. LEXIS 20143,  at *5 (N.D. Tex., Nov. 6, 1992); *Donovan v. Tavern
Talent & Placements, Inc.*, Civ. No. 84-F-401, 1986 U.S. Dist. LEXIS 30955, at *6–7 (D.
Colo. Jan. 8, 1986); *Harrell v. Diamond A Entmt., Inc.*, 992 F. Supp. 1343, 1353–54
(M.D. Fla. 1997); *Jeffcoat v. State Dep't of Labor*, 732 P.2d 1073, 1073 (Alaska 1987);
Carrie B. Fischer, *Employee Rights in Sex Work: The Struggle for Dancers' Rights as
Employees*, 14 Law & Ineq. J. 521, 544 (1996) ("Women working as dancers in the sex
industry are employees as a matter of law, under both the common law and the economic
realities tests. As employees they should be entitled to the corresponding legal rights and
protections."); *but see Matson v. 7455, Inc.*, No. CV 98-788-HA, 2000 WL 1132110
(D.Or. 2000) (incorrectly relying on the label attached to the relationship rather than
economic reality and level of dependence).

(SAC ¶ 106; Bumb Dec. Ex. B; Diaz Dec. Ex. B), which Scores provided to "all present and future employees and other personnel of 333 East 60th Street, Inc. and Go West Entertainment, Inc." Diaz Dec. Ex. B at P172. The stated purpose of the handbook was to "provide as much information as possible concerning *company policies, practices, benefits and rules of conduct.*" *Id.*; *see also* Bumb Dec. Ex. B at P091 (emphasis added). Scores own declarants also confirm that customers at Scores East Side tipped workers using Diamond Dollars, Sargent Dec. at Ex. 11 (Dubose Dec.) ¶ 2; Sargent Dec. at Ex. 10 (Napolitano Dec.) ¶ 2.

Notably, Scores does not argue, or present any evidence, that the clubs' policies differed in any way. Scores never denies that its policy of keeping a percentage of all Diamond Dollar tips is the same at both clubs, that the same uniform policies apply at both clubs, or that its method of informing (or not informing) workers of the provisions of 29 U.S.C. § 203(m) were the same at both clubs. This is not surprising given that the same people own and operate both clubs (Moving Brief at 2-4) and that the clubs share managers and other employees. Vikki Tr. 19:14-20:4; 23:2-24:8.

### D.     There is No Requirement that Plaintiffs Must Identify Other Workers.

Scores claims that dancers should not be part of the collective because Plaintiffs have not identified other dancers who want to participate. Def. Mem. 23. Although Scores cites several out-of-circuit opinions that support this argument, there is no such requirement in the Second Circuit. *Neary v. Metro. Prop. & Cas. Ins. Co.*, 517 F. Supp. 2d 606, 622-23 & n.7 (D. Conn. 2007). Moreover, the better reasoned decisions from around the country reject this argument because it "puts the cart before the horse." *Garcia v. Salamanca Group, Ltd.*, No. 07 C 4665, 2008 U.S. Dist. LEXIS 22852, at **9-

11 (N.D. Ill. Mar. 24, 2008). "[A]s a practical matter it would make little sense to require plaintiffs to have the knowledge they attempt to obtain by gaining approval of notice from the court . . ." *Mowdy*, No. C 06-05682, 2008 U.S. Dist. LEXIS 26233, at **22-23 (N.D. CA Mar. 31 2008). *See also*, *Heckler v. D.K. Funding, LLC*, 502 F. Supp. 2d 777, 780 (N.D. Ill. 2007) (rejecting identification requirement because it would force plaintiffs to issue their own notice to class members prior to seeking court-authorized notice).

Requiring Plaintiffs to identify other class members would also conflict with the Supreme Court's direction that courts construe the 29 U.S.C. § 216(b) broadly and liberally. *See Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 629 (D. Colo. 2002) (citing *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)); *Garcia*, 2008 U.S. Dist. LEXIS 22852, at **9-11 (N.D. Ill. Mar. 24, 2008) (requiring plaintiff to identify other employees who want to join the lawsuit would undermine the broad remedial purpose of the FLSA) (internal quotation omitted).

Even if the Court is inclined to insert an identification requirement at the conditional certification stage, it should not apply in this case because Scores prevented Plaintiffs from fulfilling it. Twice, plaintiffs requested that Scores provide a list of putative class members and their contact information (Exhibit JJJ; Exhibit ZZ, Nos. 1-2) and Defendants have refused to do so. *Marzigliano Dec.* ¶ 18; Exhibit KKK, Nos. 1-2.[43]

---

[43]    These requests were valid because Scores compliance would have allowed Plaintiffs to gather witness statements in support of this motion. *See, e.g., Stillman v. Staples, Inc.*, No. 2:07 CV 849, 2007 U.S. Dist. LEXIS 58873 (D.N.J. July 30, 2007) (ordering production of class list and contact information prior to collective action certification); *Wiegele v. Fed Ex Ground Pkg. Sys.*, No. 3:06 CV 1330, 2007 U.S. Dist. LEXIS 9444, at *3 (S.D. CA Feb. 8, 2007) (same); *Morden v. T-Mobile USA, Inc.*, No. C05-2112(RSM), 2006 U.S. Dist. LEXIS 42047, at *8 (W.D. Wash. June 22, 2006) (same); *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 672-3 (D. Kan. 2003)

Courts have recognized that a defendant's refusal to produce a class contact list may have a prejudicial effect.[44]

Here Plaintiffs present evidence that other individuals held the same positions as Plaintiffs and were subject to the same policies. Sargent Dec. at Ex. 11 (Dubose Dec.) ¶¶ 1-2; Sargent Dec. at Ex. 10 (Napolitano Dec.) ¶¶ 1-2; Siegel Dec. ¶¶ 9, 12; Bumb Dec. ¶¶ 8-10, 12; Diaz Dec. ¶¶ 8, 9, 15, 16; Bumb Tr. 63:22-64:2; Siegel Tr. 56:16-57:3, 64:6-25, 100:3-21, Vikki Tr. 196:9-23. This is sufficient to warrant conditional certification. *See Cuzco v. Orion Builders Inc.*, 477 F. Supp. 2d 634, 633-34 (S.D.N.Y. 2007).[45]

### E.    Plaintiffs' Proposed Notice is Appropriate As Drafted.

Plaintiff's proposed notice is appropriate. Exhibit U. Indeed, it is very similar to notices that other courts in this Circuit have approved. Exhibits LLL through UUU. Because the notice is Plaintiffs' notice, absent language that is inaccurate or misleading, the Court should not require alterations to meet the defendant's preferences. *See Heitman v. City of Chicago*, No. 04-C-3304, 2004 WL 1718420 (N.D.Ill. June 30, 2004) ("[T]he Court has both the power and the duty to ensure that the notice is fair and accurate, [but] that power should not be used to alter Plaintiffs' proposed notice unless such alteration is

---

(same); *Bailey v. Ameriquest Mortgage Co.*, No. 01-545, 2002 U.S. Dist. LEXIS 1363 (D. Minn. Jan. 23, 2002) (same).

[44]    *See, e.g., Mowdy,* No. C 06-05682, 2008 U.S. Dist. LEXIS 26233, at **38-39 (granting the plaintiffs' request for equitable tolling due to defendant's refusal to produce contact information to plaintiffs); *Adams v. Inter-Con Security Systems, Inc.*, 242 F.R.D. 530 (N.D. Cal. 2007) (same); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 202 (S.D.N.Y. 2006) (same); *Baldozier v. American Fam. Mutual Insurance*, 375 F.Supp. 2d 1089 (D. Colo. 2005) (same).

[45]    Scores' submission of declarations from two employees who do not want to participate in the case is underwhelming. Scores presumably has access to hundreds of workers in its clubs but could not even cobble together as many declarations as could Plaintiffs, who had no access to any other employees. Moreover, the Court should not credit these declarations because Scores refused to produce the declarants for depositions.

necessary.").

Scores presents several objections to the content of the notice, most of which are without merit and are intended to discourage workers from joining this case. None of Scores' objections are supported by caselaw. Plaintiffs address each objection below:

First, Scores does not explain its claim that the notice should not say what it is – a "court authorized notice." Notices in similar cases routinely contain this heading. Exhibits LLL through UUU. There is no danger that a recipient will believe that the Court has sided with the Plaintiffs – it clearly states, "The Court has not decided who is right and who is wrong." *See* Exhibit U at 1, third bullet point.

Second, without citing any supporting caselaw, Scores claims that Plaintiffs should be required to hire (and presumably pay for) a third-party administrator to facilitate the mailing of the notice so that a class list will not be turned over to Plaintiffs' counsel. Plaintiffs, however, are entitled to production of a class list with contact information for discovery purposes irrespective of the notice process, *see*, n. 43, *supra*, as well as in connection with the notice process. *Cook v. United States,* 109 F.R.D. 81, 85 (E.D.N.Y. 1985). Scores does not submit a shred of evidence supporting their claim that the dancers' have privacy interests in hiding their real names (as opposed to their stage names). The two declarations from dancers that Scores publically filed, Sargent Dec. at Ex. 11 (Dubose Dec.) and Sargent Dec. at Ex. 10 (Napolitano Dec.), do not redact the dancers' names and do not raise this concern. Moreover, Plaintiffs will agree to accept the class list and contact information under a confidentiality agreement, and will seek to file consent forms under seal for any worker who makes such a request. This will alleviate any privacy concerns that may exist.

30

Third, Scores asks that the notice be clarified as to (1) the way it refers to Defendants, (2) the description of the claims, and (3) the description of the class members as hourly workers. While Plaintiffs do not agree that the notice is misleading, they are willing to make changes to address these concerns.

Fourth, Scores claims that the notice should "specifically inform dancers that the lawsuit seeks to challenge their independent contractor status and have them treated as employees." This statement is inaccurate and designed to minimize participation. First, Plaintiffs FLSA claims do not include claims for injunctive relief because injunctive relief is not available to private litigants under the FLSA. *Walling v. Brooklyn Braid Co.*, 152 F.2d 938, 940 (2d Cir. 1945). Second, the statement wrongly implies that a ruling in Plaintiffs' favor would require Scores to change the way it treats the dancers. On the contrary, it would only require Scores to pay them minimum wages.

Fifth, Plaintiffs' proposed notice already includes language regarding the possibility that workers will be required to participate in discovery. *See* Exhibit U at 4, part 11. Scores might have overlooked this provision but its concerns are moot.

Sixth, Plaintiffs vigorously oppose Scores' claim that the notice should warn workers they might have to pay Defendants' costs. This language does not belong in a collective action notice because it will intimidate class members and limit participation, which conflicts with the FLSA's remedial purposes.[46]

---

[46]     *See Austin v. Mutual Ins. Society*, 232 F.R.D. 601, 608 (W.D. Wis. 2006) (rejecting defendant's proposed cost language); *Gieseke v. First Horizon Home Loan Corp.*, 408 F. Supp. 2d 1164, 1165 (D. Kan. 2006) (same); *Davis v. Novastar Mortg., Inc.*, No. 04-0956-CV-W-FJG, 2005 U.S. Dist. LEXIS 39563, at *4 (W.D. Mo. 2005) (same); *Bell v. Mynt Entertainment, LLC*, 223 F.R.D. 680, 683 (S.D. Fla. 2004) (rejecting cost language); *Johnson v. HH3 Trucking, Inc.*, 2003 U.S. Dist. LEXIS 23115 (N.D. Ill. 2003) (rejecting cost language as "intimidating" and "not necessary"); *Herrera v. Unified*

Finally, contrary to Scores' claim, Plaintiffs proposed notice does contain dates by which consent forms must be returned – 60 days from mailing. *See* Exhibit U at 2, first bullet point. Scores proposes a 30 day opt-in period, which is very short and will likely limit participation. Plaintiffs believe that 60 days is reasonable, consistent with opt-in periods in other cases, See Ex. TTT, UUU and will not prejudice Scores.

### F.    Equitable Tolling Cannot be Ruled Out at this Stage.

Defendants jump the gun by arguing that equitable tolling is not appropriate. This issue should not be resolved until after discovery. All Plaintiffs ask now is that the Court leave open the *possibility* of equitable tolling by allowing Plaintiffs to notify workers who might benefit from it and allowing them to join the case to protect their potential claims. Notice should "account for the possibility of tolling." *Gieseke v. First Horizon Home Loan Corp.*, Civ. No. 04-2511, 2006 U.S. Dist. LEXIS 76732, at *3–4 (D. Kan. Oct. 11, 2006). Even where "the court suspects that plaintiffs' suggested date is overinclusive . . . [i]t is more efficient to later restrict the class than to . . . send out another notice." *Id.* at *4 (quoting *Herrera v. Unified Mgmt. Corp.*, No. 99 C 5004, 2000 U.S. Dist. LEXIS 12406, at *4 (N.D. Ill. Aug. 18, 2000)).

Even if the Court is not inclined to leave open the possibility of the full equitable tolling period Plaintiffs request, at the very least, the notice should account for the possibility of tolling back to the date Scores first refused Plaintiffs request for a class list and contact information. *See*, n. 43 *supra*.

---

*Mgmt. Corp.*, No. 99 C 5004, 2000 U.S. Dist. LEXIS 12406, at *7 (N.D. Ill. Aug. 18, 2000) (same); *King v. ITT Continental Baking Co.*, No. 84 C 3410, 1986 U.S. Dist. LEXIS 29321, at **6-8 (N.D. Ill. Feb. 13, 1986) (same).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny

Defendants' Cross-Motion to Dismiss and grant Plaintiffs' Motion for Conditional

Certification and Court-Authorized Notice.

Dated:  April 21, 2008
New York, NY

Respectfully submitted,

/s/ Justin M. Swartz
**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Tammy Marzigliano (TM 2934)
Cara E. Greene (CG 0722)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

**BRUCKNER BURCH PLLC**
Richard J. Burch (Texas Bar No.
24001807) (admitted *pro hac vice*)
1415 Louisiana, Suite 2125
Houston, Texas  77002
Telephone:  (713) 877-8788