UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————X
SIRI DIAZ, CAROLYN SIEGEL, TALIA            :
BUMB, BLERTA VIKKI, DANIELLE                     No. 07 Civ. 8718 (RMB)(THK)
OWIMRIN, and SUSAN LEVIN on behalf of    :
themselves and all others similarly situated,
                                            :
                Plaintiffs,
                                            :
        -against-
                                            :
SCORES HOLDING COMPANY, INC.; GO
WEST ENTERTAINMENT, INC. a/k/a              :
SCORES WEST SIDE; and SCORES
ENTERTAINMENT, INC., a/k/a SCORES           :
EAST SIDE, ENTERTAINMENT
MANAGEMENT SERVICES, INC.; and              :
333 EAST 60th STREET, INC. a/k/a
SCORES EAST SIDE                            :

                Defendants.                 :
————————————————————X


## DEFENDANTS REPLY MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION FOR DISMISSAL

Jerrold F. Goldberg, Esq.
Eric B. Sigda, Esq.
GREENBERG TAURIG, LLP
200 Park Avenue
New York, New York 10166
(212) 801-9200

*Attorneys for Defendants Scores Holding
Company Inc., Go West Entertainment, Inc.
a/k/a Scores West Side, Entertainment
Management Services, Inc., and 333 East
60th Street, Inc. a/k/a Scores East Side*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................... 1

BANKRUPTCY PROCEEDING AS TO GO WEST ............................................... 1

ARGUMENT ................................................................................................................. 1

    I.    NAMED-PLAINTIFFS DANIELLE OWIMRIN AND
        SUSAN LEVIN SHOULD BE DISMISSED FROM THE CASE
        AND THE APPLICATION FOR A COLLECTIVE ACTION
        SHOULD BE DENIED ................................................................................ 1

    II.   THE PLAINTIFFS' NYLL CLASS ACTION CLAIMS MUST BE
        DISMISSED AS INHERENTLY INCONSISTENT WITH THE FLSA ........ 2

CONCLUSION ............................................................................................................. 7

# TABLE OF AUTHORITIES

**Cases**

Cameron-Grant v. Maxim Healthcare Services, Inc.,
   347 F.3d 1240 (11th Cir. 2003) ......................................................................................... 4

Davis v. Charoen Pokphand (USA), Inc.,
   303 F. Supp.2d 1272 (M.D.Ala. 2004) ............................................................................. 2

Evancho v. Sanofi-Aventis U.S. Inc.,
   No. 07 CV 2266, 2007 WL 4546100 (D.N.J. Dec. 19, 2007) ........................................... 4

Hatfield v. Oak Hill Banks,
   115 F. Supp. 2d 893 (S.D. Ohio 2000) ............................................................................. 5

Herring v. Hewitt Assocs. Inc.,
   No. 06 CV 267, 2006 WL 2347875 (D.N.J. Aug. 11, 2006) ............................................ 5

Himmelman v. Cont'l Cas. Co.,
   No. 06-166, 2006 WL 2347873 (D.N.J. Aug. 11, 2006) .................................................. 5

LaChappelle v. Owens-Illinois, Inc.,
   513 F.2d 286 (5th Cir. 1975) ............................................................................................ 5

Madrigal v. Green Giant Co.,
   No. C-78-157, 1981 WL 2331 (E.D. Wash. July 27, 1981) ............................................. 5

Moeck v. Gray Supply Corp.,
   No. 03 CV 1950, 2006 WL 42368 (D.N.J. Jan. 6, 2006) .................................................. 4

Otto v. Pocono Health Sys.,
   457 F. Supp. 2d 522 (M.D. Pa. 2006) ........................................................................... 5, 6

Rodriguez v. The Texan,
   No. 01 Civ. 1478, 2001 WL 1829490 (N.D. Ill. Mar. 7, 2001) ........................................ 5

Woodard v. FedEx Freight East, Inc.,
   No. 3:CV-06-1968, 2008 WL 4711552 (M.D.Pa. Feb. 19, 2008) ................................. 2, 6

**Statutes**

1947 U.S.C.C.A.N. 1029 ............................................................................................................ 3

28 U.S.C. § 2072 .................................................................................................................... 600

29 U.S.C. § 216 .......................................................................................................................... 3

29 U.S.C. § 251 .......................................................................................................................... 3

## PRELIMINARY STATEMENT

Defendants Scores Holding Company Inc. ("Scores Holding"), Entertainment Management Services, Inc. ("EMS") and 333 East 60th Street, Inc. ("333") respectfully submit this reply memorandum of law in support of their motion to dismiss (a) the New York State Labor Law claims, and (b) the complaint on behalf of plaintiffs Danielle Owimrin and Susan Levin.

## BANKRUPTCY PROCEEDING AS TO GO WEST

Defendant Go West Entertainment, Inc. ("Go West") filed a petition for bankruptcy in the Bankruptcy Court for the Southern District of New York, Docket No. 08-11420, on Friday, April 18, 2008. Pursuant to the Bankruptcy Code, an automatic stay should be applied as to defendant Go West.

## ARGUMENT

### I. NAMED-PLAINTIFFS DANIELLE OWIMRIN AND SUSAN LEVIN SHOULD BE DISMISSED FROM THE CASE AND THE APPLICATION FOR A COLLECTIVE ACTION SHOULD BE DENIED

Plaintiffs have apparently conceded that two of the three named-plaintiff dancers, Danielle Owimrin and Susan Levin, are no longer plaintiffs in this action. *See* Plaintiffs' Memorandum of Law of April 21, 2008 at 12 ("**former** plaintiff Levin lives in Texas") (emphasis added) and at 23 ("Here, the dancer Plaintiff, Vikki, challenges the same policies the non-dancers challenge."). As noted in our prior papers, Ms. Owimrin and Ms. Levin both failed to appear for depositions and Defendants moved to dismiss both from the action. Given Plaintiffs' concession, Defendants' application to dismiss Ms. Owimrin and Ms. Levin from the case should be granted.

Additionally, conditional certification, particularly as to the dancers, should be denied. Plaintiffs have failed to come forward with any evidence that other dancers desire to opt-in to this litigation. Indeed, as noted, Plaintiffs concede that Ms. Owimrin and Ms. Levin no longer wish to be a part of this lawsuit. Additionally, Defendants have submitted declarations from two other dancers who perform at Score East Side who do not wish to participate in this lawsuit. Thus, given the totality of the circumstances, there is an insufficient basis to conditionally certify a collective of dancers. *See e.g., Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp.2d 1272, 1277 (M.D.Ala. 2004) (denying plaintiffs' motion for conditional certification because "even under the fairly lenient standard" plaintiffs failed to meet "their burden of demonstrating that other plaintiffs exist who desire to opt-in").

II. **THE PLAINTIFFS' NYLL CLASS ACTION CLAIMS MUST BE DISMISSED AS INHERENTLY INCONSISTENT WITH THE FLSA**

Plaintiffs' claims under the NYLL (first through sixth counts) – which they seek to prosecute as a Rule 23 class action – should be dismissed because they irreconcilably conflict with federal law. Plaintiffs' argument can be summed up by stating that Plaintiffs are concerned that by separating the federal claims from the state claims, the litigation will become inefficient. However, this argument fails to address the fact that by keeping both the federal claims and the state claims together, state law is being favored over federal law. Judicial economy, while always an important issue, should not be allowed to trump federal substantive law. Such a result is antithetical to the purpose of a collective action under the FLSA and should not occur. *See Woodard v. FedEx Freight East, Inc.*, No. 3:CV-06-1968, 2008 WL 4711552, at *12 (M.D.Pa. Feb. 19, 2008) ("Nevertheless, where, as here, judicial economy, convenience, and fairness will be achieved only at the expense of an express congressional policy decision in favor of opt-in classes for FLSA actions, such considerations must yield to Congress's preference.").

Allowing Plaintiffs to proceed with their state wage and hour opt-out class claims would contravene the Congressionally-mandated written consent requirement of FLSA Section 16(b).[1] Section 16(b) of the FLSA expressly limits the scope of representative class actions for minimum wage and overtime pay by requiring potential plaintiffs to affirmatively **consent in writing** to the adjudication of their FLSA rights. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). In fact, Congress specifically amended the FLSA in 1947 to ban opt-out class actions in order to avoid having worker rights under the FLSA adjudicated *in absentia*. As Congress explained, unless plaintiffs are prevented from aggregating claims under the opt-out class action device, "the payment of... liabilities would bring about financial ruin of many employers ... [and] the courts of the country would be burdened with excessive and needless litigation." Portal-to-Portal Act of 1947 § 1(a)(1), (7), codified at 29 U.S.C. § 251(a)(1), (7). Congress disapproved of class action discovery practices, particularly the burden on the employer to produce information regarding each and every employee. As the relevant House Committee report put it:

> The procedure in these suits follows a general pattern. A petition is filed under section 16(b) ... by one or two employees on behalf of many others. To this is attached interrogatories calling upon the employer to furnish specific information regarding each employee during the entire period of employment. The furnishing of this data alone, is a tremendous financial burden to the employer.

H.R. Rep. No. 80-71, at 4 (1947), *reprinted in* 1947 U.S.C.C.A.N. 1029. Congress intended to free employers from the burden of litigating wage and hour claims against absent class members. Congress's goal in adding the opt-in provision was to prevent collective actions "from being

---

[1] Contrary to Plaintiffs' assertion, Defendants do not seek to deprive Plaintiffs of a right to file their NYLL claims in New York State Court, as the NYLL claims should not be heard in the same proceeding as Plaintiffs' FLSA claims.

brought on behalf of employees who had no real involvement in, or knowledge of, the lawsuit." *Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1248 (11th Cir. 2003). By attempting to litigate wage and hour claims on an opt-out class basis under Rule 23, Plaintiffs are improperly attempting to sidestep the Congressional mandate that group wage and hour claims should be adjudicated, if at all, through the opt-in mechanism.

For this reason, many courts have dismissed claims sought to be brought as opt-out class actions as "inherently incompatible" with the FLSA's written consent requirement. *See Evancho v. Sanofi-Aventis U.S. Inc.*, No. 07 CV 2266, 2007 WL 4546100, at *5 (D.N.J. Dec. 19, 2007) ("Plaintiffs, however, are not permitted to circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA, as this would undermine Congress's intent to limit these types of claims to collective actions").

In *Evancho*, the court rejected plaintiffs' attempt to maintain an overtime claim under the Pennsylvania Minimum Wage Act. The court held that the FLSA collective action opt-in procedure conflicted with the state statute and concluded that "plaintiffs cannot simultaneously bring a Rule 23 state law class action and an FLSA collective action for overtime compensation." *Evancho*, 2007 WL 4546100, at *5). Similarly, in another case, the court rejected plaintiffs' attempt to maintain a New Jersey state law overtime claim as an opt-out class action under Rule 23. *Moeck v. Gray Supply Corp.*, No. 03 CV 1950, 2006 WL 42368, at *15-16 (D.N.J. Jan. 6, 2006). The court held: "Congress created the opt-in procedure under the FLSA for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions." *Id.* at *15 (citations omitted). The court further ruled that "[a]llowing Plaintiff Moeck to circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA would

undermine Congress's intent to limit these types of claims to collective actions." *Id.* at *16. Other recent decisions have reached the same conclusion. *See Himmelman v. Cont'l Cas. Co.*, No. 06-166, 2006 WL 2347873 (D.N.J. Aug. 11, 2006)(dismissing state law claims as "inherently incompatible" with the FLSA opt-in procedure); *Herring v. Hewitt Assocs. Inc.*, No. 06 CV 267, 2006 WL 2347875, at *2 (D.N.J. Aug. 11, 2006) (plaintiff's state law class action seeking overtime pay is "legally incompatible" with the FLSA opt-in requirement).

The United States District Court for the Middle District of Pennsylvania analyzed the trio of decisions in *Moeck, Herring*, and *Himmelman*, and concluded that it would follow the "clear path being blazed by our sister district court as well as the direction taken by some of our sister circuits." *Otto v. Pocono Health Sys.*, 457 F. Supp.2d 522, 524 (M.D. Pa. 2006) (citing *LaChappelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975) (Section 216(b) and Rule 23 are "mutually exclusive and irreconcilable"). *See also Rodriguez v. The Texan*, No. 01 Civ. 1478, 2001 WL 1829490, at *2 (N.D. Ill. Mar. 7, 2001) ("That policy [of opting in under the FLSA] and the underlying congressional intent would be thwarted if a Plaintiffs were permitted to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar state statutes that lack such an opt-in requirement"); *Madrigal v. Green Giant Co.*, No. C-78-157, 1981 WL 2331, at *3 (E.D. Wash. July 27, 1981) (dismissing state law class claims that were based on violations of the FLSA, ruling that, "[i]f such a result were permitted, the statutory requirements of the FLSA would effectively be gutted"); *Hatfield v. Oak Hill Banks*, 115 F. Supp. 2d 893, 898 (S.D. Ohio 2000) (holding that plaintiffs may not maintain state law class claim where allowing plaintiffs to do so would "subvert the will of Congress" because an analogous federal law did not permit class actions).

In view of the foregoing, the Court should dismiss Plaintiffs' state law wage and hour class claims because these claims irreconcilably conflict with the express written opt-in requirements established by Congress for representative actions under the FLSA.

Additionally, Plaintiffs' attempt to pursue an opt-out class action on their state law claims contravenes the Rules Enabling Act, which prohibits the application of a rule of practice and procedure where such application would "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). Finally, because many of the putative class members are transient, unfindable, and would not receive notice of suit, it would be a travesty of justice for their rights to be adjudicated in their absence. Although the dancers have historically been treated as independent contractors – and have filed taxes on such basis – any attempt to change that status without their knowledge or consent should be avoided. *See Otto v. Pocono Health Sys.*, 457 F. Supp.2d 522, 524 (M.D.Pa. 2006) ("It is clear that Congress labored to create an opt-in scheme when it amended Section 216(b) specifically to alleviate the fear that absent individuals would ... have their rights litigated without their input or knowledge."). Accordingly, Plaintiffs' state law class action claims should be dismissed.

Accordingly, for all of these reasons, this Court should not permit the two irreconcilable schemes, which have diverging consequences, to proceed in one action. Therefore, the Court should dismiss the Rule 23 NYLL class action claims and allow those actions to proceed in state court. *See Woodard*, 2008 WL 471552, at *12 (declining jurisdiction over state labor law claims because simultaneous prosecution of FLSA collective action and state labor law class action will frustrate Congressional intent and circumvent the FLSA's opt-in requirement).

## CONCLUSION

Accordingly, for the foregoing reasons, Defendants request that the Court dismiss Plaintiffs' state class action claims and deny the Plaintiffs' motion for conditional certification and court authorized notice and, further, grant such other relief as the Court may deem just and warranted.

Dated: New York, New York
April 23, 2008

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: _____
Jerrold F. Goldberg (JG-7471)
Eric B. Sigda (ES-1827)
200 Park Avenue
New York, New York 10166
(212) 801-9200

*Attorneys for Defendants Scores Holding Company Inc., Go West Entertainment, Inc. a/k/a Scores West Side, Entertainment Management Services, Inc., and 333 East 60th Street, Inc. a/k/a Scores East Side*