UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————X
SIRI DIAZ, CAROLYN SIEGEL, TALIA           :
BUMB, BLERTA VIKKI, DANIELLE                   No. 07 Civ. 8718
OWIMRIN, and SUSAN LEVIN on behalf of   :   (RMB)(THK)
themselves and all others similarly situated,

                                                      :           **AFFIRMATION IN**
Plaintiffs,                                                          **SUPPORT OF THE**
                                                      :           **MOTION TO WITHDRAW**

         -against-
                                                        :

SCORES HOLDING COMPANY, INC.; GO
WEST ENTERTAINMENT, INC. a/k/a
SCORES WEST SIDE; and SCORES          :
ENTERTAINMENT, INC., a/k/a SCORES
EAST SIDE, ENTERTAINMENT                   :
MANAGEMENT SERVICES, INC.; and
333 EAST 60th STREET, INC. a/k/a        :
SCORES EAST SIDE
                                                        :

                Defendants.     :
——————————————————————X

JERROLD F. GOLDBERG, an attorney duly admitted to practice in the courts of the State of New York and before this Court, affirms the following under the penalties of perjury:

       1.     I am a shareholder with Greenberg Traurig, LLP ("GT"), counsel of record for Scores Holding Company, Inc., Go West Entertainment, Inc. a/k/a Scores West Side; Entertainment Management Services, Inc.; and 333 East 60th Street, Inc. a/k/a Scores East Side (collectively, the "Scores Defendants"), which are Defendants in this action. I am familiar with the proceedings in this case. I make this Affirmation based on my personal knowledge of the facts set forth herein, and in support of this motion for an order discharging GT as counsel for the Scores Defendants in this matter.

2. On or about October 9, 2007, Plaintiffs commenced this action by filing and serving the summons and complaint. Thereafter, the Scores Defendants retained GT to act as their counsel in this litigation. Pursuant to that retainer, the parties understood and agreed that GT would provide legal services, that it would render billings statements for those services on a monthly basis and that the Scores Defendants would pay those billing statements within 30 days of their being rendered to the Scores Defendants.

3. GT has performed a substantial amount of legal work on behalf of the Scores Defendants including investigating the factual allegations of the complaint, preparing and filing the motion papers in opposition to the plaintiffs' motion for conditional certification and court authorized notice, the motion papers in support of the Scores' Defendants' motion to dismiss or in the alternatively for summary judgment, and conducting the depositions of plaintiffs and defending the depositions of the Scores' Defendants' representatives.

4. GT has rendered to the Scores Defendants a number of billing statements for its services. The Scores Defendants have, since January 2008, failed and refused to pay any of these billing statements, five months' worth of services, despite GT's demands that payment be made. One of the Scores Defendants, Go West Entertainment, Inc., has filed on bankruptcy (on April 18, 2008). We have been advised that another one of the Scores Defendants, EMS, may be dissolved, and that a third defendant, 333 East 60th Street, Inc., may file for bankruptcy as there are proceedings pending to revoke its liquor license.

5. Further, we have advised the Scores' Defendants of the need to produce certain discovery information and the cutoff dates for disclosure; however, the clients have advised us that due to the overwhelming volume of information needed, and time involved,

in the actions concerning the revocation of the liquor licenses, they have not been able to put together and produce much of the needed information. We have therefore been unable to comply with the plaintiffs' discovery requests.

6. The New York Code of Professional Responsibility permits a lawyer to "withdraw from representing a client if ....[t]he client....[d]eliberately disregards an agreement or obligation to the lawyer as to expenses or fees." N.Y.S.B.A. Code of Professional Responsibility DR 2-110(C)(1)(f). Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York provides that "[a]n attorney who has appeared as attorney of record for a party may be relived or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order."

7. Given our inability to obtain payment of our bills from the clients in accordance with their agreement, and the clients' advice that it is not able to make such payments at this time, and further given the clients' inability to provide us with the information necessary to comply with the discovery requirements in the case, GT is respectfully requesting to be relieved as counsel in defending the case.

8. The status of the case is as follows: the complaint was filed and, given the dismissal of the motions to dismiss, answers are due on behalf of the Scores' Defendants (other than Go West, with regard to which the action is stayed by virtue of the bankruptcy proceeding). The defendants have provided Responses to Interrogatories and Request for Documents, and certain depositions have taken place. However, the Scores' Defendants have not yet produced all documents and information required to be produced, nor information necessary for the sending of court authorized notice.

9. GT has not made a prior request for the relief sought by this application.

Date: New York, New York
June 2, 2008

                                                        Jerrold F. Goldberg