UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| **SIRI DIAZ, CAROLYN SIEGEL, TALIA BUMB, BLERTA VIKKI, DANIELLE OWIMRIN, and SUSAN LEVIN** on behalf of themselves and all others similarly situated, | : : : : : | 07 Civ. 8718 (RMB) |
| **Plaintiffs** | : : : | **ANSWER TO THE THIRD AMENDED COMPLAINT** |
| -against- | : : | |
| **SCORES HOLDING COMPANY, INC.; GO WEST ENTERTAINMENT, INC. a/k/a SCORES WEST SIDE; SCORES ENTERTAINMENT, INC. a/k/a SCORES EAST SIDE; ENTERTAINMENT MANAGEMENT SERVICES, INC.; 333 EAST 60th STREET, INC. a/k/a SCORES EAST SIDE; RICHARD GOLDRING; and ELLIOT OSHER** | : : : : : : : : : : : | |
| **Defendants.** | : : : : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendants Entertainment Management Services, Inc. ("EMS") and 333 East 60th Street, Inc. a/k/a Scores East Side ("333) (collectively referred to as "Defendants"), by and through their attorneys, Greenberg Traurig, LLP, hereby answer the Third Amended Complaint ("the Amended Complaint") of Plaintiffs in the same numbered paragraph order as the allegations therein appear as follows (and note that this Answer is not filed on behalf of defendant Go West Entertainment, Inc. ("Go West"), which is in bankruptcy, and as to which this action is stayed):

　　　　1.　　　As and for its answer to paragraph 1 of the Amended Complaint, deny the allegations therein except admit that there are two night clubs involved in the action, one owned by defendant Go West, and one owned by defendant 333.

2.    Admit the allegations contained in paragraph 2 of the Amended Complaint, except Defendants state that with regard to dancers, the use of Diamond Dollars does not constitute "tipping" as that term is used in federal and state labor laws.

3.    Deny the allegations in paragraph 3 of the Amended Complaint, except admit that Defendant 333 charges the dancers an administrative fee upon cashing in Diamond Dollars.

4.    Deny the allegations contained in paragraph 4 of the Amended Complaint.

5.    Admit the allegations contained in paragraph 5 of the Amended Complaint.

6.    Deny the allegations contained in paragraph 6 of the Amended Complaint, except admit that defendant 333 does not accept expired Diamond Dollars.

7.    Deny the allegations contained in paragraph 7 of the Amended Complaint.

8.    As to the allegation in paragraph 8 of the Amended Complaint, Defendants state that it is merely a conclusory assertion of plaintiffs' claim and no answer is appropriate.

9.    Admit the allegations contained in paragraph 9 of the Amended Complaint, except state that some of the persons on whose behalf the suit is brought were not and are not "employees".

10.    Admit the allegations contained in paragraph 10 of the Amended Complaint, except state that some of the persons on whose behalf the suit is brought were not and are not "employees".

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint, except admit that plaintiff Diaz is an adult individual.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint, except admit that, upon belief, plaintiff Diaz was employed at Scores West Side.

13.     Admit the allegations contained in paragraph 13 of the Amended Complaint.

14.     Admit the allegations contained in paragraph 14 of the Amended Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint, except admit that plaintiff Siegel is an adult individual.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Amended Complaint, except admit that, upon belief, plaintiff Siegel was employed at Scores West Side.

17.     Admit the allegations contained in paragraph 17 of the Amended Complaint.

18.     Admit the allegations contained in paragraph 18 of the Amended Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint, except admit that plaintiff Bumb is an adult individual.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint, except admit that, upon belief, plaintiff Bumb was employed at Scores West Side.

21.     Admit the allegations contained in paragraph 21 of the Amended Complaint.

22.     Admit the allegations contained in paragraph 22 of the Amended Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Amended Complaint, except admit that plaintiff Vikki is an adult individual.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Amended Complaint, except admit that plaintiff Vikki worked as a dancer at Scores East Side, and, upon belief, also worked as a dancer at Scores West Side, on various occasions between 2003 and 2006.

25.     Admit the allegations contained in paragraph 25 of the Amended Complaint.

26.     Deny the allegations contained in paragraph 26 of the Amended Complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint, except admit that plaintiff Owimrin is an adult individual.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Amended Complaint, except admit that, upon

belief, plaintiff Owimrin worked as a dancer at Scores East Side, and upon belief, also worked as a dancer at Scores West Side on various occasions between 2004 and 2007.

29.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Amended Complaint.

30.    Deny the allegations contained in paragraph 30 of the Amended Complaint.

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Amended Complaint, except admit that plaintiff Levin is an adult individual.

32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Amended Complaint, except admit that, upon belief, plaintiff Levin worked as a dancer at Scores East Side, and upon belief, Scores West Side, on various occasions in 2007.

33.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Amended Complaint.

34.    Deny the allegations contained in paragraph 34 of the Amended Complaint.

35.    Deny the allegations contained in paragraph 35 of the Amended Complaint.

36.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Amended Complaint.

37.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Amended Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Amended Complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Amended Complaint.

40.     Admit the allegations contained in paragraph 40 of the Amended Complaint.

41.     Deny the allegations contained in paragraph 41 of the Amended Complaint.

42.     Deny the allegations contained in paragraph 42 of the Amended Complaint.

43.     Deny the allegations contained in paragraph 43 of the Amended Complaint, except admit that EMS has the right under its license with clubs to monitor certain aspects of the business not related to employment and payment of compensation issues.

44.     Admit the allegations contained in paragraph 44 of the Amended Complaint.

45.     Admit the allegations contained in paragraph 45 of the Amended Complaint, except state that some of the plaintiffs were not employees.

46.     Admit the allegations contained in paragraph 46 of the Amended Complaint.

47.     Deny the allegations contained in paragraph 47 of the Amended Complaint, except admit that 333 does business as Scores East Side.

48.     In light of the bankruptcy stay, Defendants assert that it is not appropriate to answer the allegations specifically addressed to Go West in paragraph 48 of the Amended Complaint.

49.     In light of the bankruptcy stay, Defendants assert that it is not appropriate to answer the allegations specifically addressed to Go West in paragraph 49 of the Amended Complaint.

50.     In light of the bankruptcy stay, Defendants assert that it is not appropriate to answer the allegations specifically addressed to Go West in paragraph 50 of the Amended Complaint.

51.     In light of the bankruptcy stay, Defendants assert that it is not appropriate to answer the allegations specifically addressed to Go West in paragraph 51 of the Amended Complaint.

52.     In light of the bankruptcy stay, Defendants assert that it is not appropriate to answer the allegations specifically addressed to Go West in paragraph 52 of the Amended Complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Amended Complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Amended Complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Amended Complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Amended Complaint.

57.    Deny the allegations contained in paragraph 57 of the Amended Complaint.

58.    Admit the allegations contained in paragraph 58 of the Amended Complaint.

59.    Deny the allegations contained in paragraph 59 of the Amended Complaint.

60.    In response to the allegations contained in paragraph 60 of the Amended Complaint, Defendants assert that the document speaks for itself.

61.    Deny the allegations contained in paragraph 61 of the Amended Complaint.

62.    In light of the bankruptcy stay, Defendants assert that it is not appropriate to answer the allegations specifically addressed to Go West in paragraph 62 of the Amended Complaint

63.    Deny the allegations contained in paragraph 63 of the Amended Complaint.

64.    Admit the allegations contained in paragraph 64 of the Amended Complaint.

65.    Deny the allegations contained in paragraph 65 of the Amended Complaint, except admit that Goldring was involved in management of 333.

66.    Admit the allegations contained in paragraph 66 of the Amended Complaint, insofar as they relate to 333.

67.    Admit the allegations contained in paragraph 67 of the Amended Complaint, insofar as they relate to 333 and EMS.

68.     Admit the allegations contained in paragraph 68 of the Amended Complaint, insofar as they relate to 333.

69.     Admit the allegations contained in paragraph 69 of the Amended Complaint, insofar as they relate to 333.

70.     Admit the allegations contained in paragraph 70 of the Amended Complaint, insofar as they relate to 333, except deny that Goldring determined the policies governing tip and gratuity allocation among employees.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Amended Complaint.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Amended Complaint.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Amended Complaint.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Amended Complaint.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Amended Complaint.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Amended Complaint.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Amended Complaint.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Amended Complaint.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Amended Complaint.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Amended Complaint.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Amended Complaint.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Amended Complaint.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Amended Complaint.

84.     Deny the allegations contained in paragraph 84 of the Amended Complaint, except admit that EMS has an office at 533 West 27th Street, New York, New York.

85.     Deny the allegations contained in paragraph 85 of the Amended Complaint, except admit that certain employment practices existing at Scores West Side did also exist at the Scores East Side club.

86.     Deny the allegations contained in paragraph 86 of the Amended Complaint, except admit that some personnel who have been employed at Scores West Side have also been employed at Scores East Side club.

87.     Deny the allegations contained in paragraph 87 of the Amended Complaint.

88.     Deny the allegations contained in paragraph 88 of the Amended Complaint.

89.   Admit the allegations contained in paragraph 89 of the Amended Complaint, insofar as they relate to 333 and EMS.

90.   Deny the allegations contained in paragraph 90 of the Amended Complaint.

91.   Deny the allegations contained in paragraph 91 of the Amended Complaint, except admit that Neilson reviewed the operations of Scores West Side for compliance with its license.

92.   Deny the allegations contained in paragraph 92 of the Amended Complaint, except admit that 333 had control over the employees who worked at the Scores East Side club.

93.   Deny the allegations contained in paragraph 93 of the Amended Complaint, except admit that EMS has an office at 533 West 27th Street.

94.   Deny the allegations contained in paragraph 94 of the Amended Complaint.

95.   Admit the allegations contained in paragraph 95 of the Amended Complaint, except deny that the Court properly has jurisdiction over the state law claims.

96.   Admit the allegations contained in paragraph 96 of the Amended Complaint.

97.   Admit the allegations contained in paragraph 97 of the Amended Complaint.

98.   Admit the allegations contained in paragraph 98 of the Amended Complaint.

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Amended Complaint.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Amended Complaint.

101.    Deny the allegations contained in paragraph 101 of the Amended Complaint.

102.    Deny the allegations contained in paragraph 102 of the Amended Complaint.

103.    Admit the allegations contained in paragraph 103 of the Amended Complaint.

104.    Admit the allegations contained in paragraph 104 of the Amended Complaint.

105.    Admit the allegations contained in paragraph 105 of the Amended Complaint.

106.    Admit so much of paragraph 106 of the Amended Complaint as states what the nature of the claim is, but deny the validity thereof.

107.    Admit so much of paragraph 107 of the Amended Complaint as states whom plaintiffs seek to exclude, but have knowledge or information as to the truth thereof.

108.    Admit the allegations contained in paragraph 108 of the Amended Complaint insofar as they are addressed to the purported class.

109.    Admit the allegations contained in paragraph 109 of the Amended Complaint insofar as they are addressed to the purported class.

110.    Deny the allegations contained in paragraph 110 of the Amended Complaint.

111.    Deny the allegations contained in paragraph 111 of the Amended Complaint.

112.    Deny the allegations contained in paragraph 112 of the Amended Complaint.

113.    Deny the allegations contained in paragraph 113 of the Amended Complaint.

114.    Deny the allegations contained in paragraph 114 of the Amended Complaint.

115.    Deny the allegations contained in paragraph 115 of the Amended Complaint.

116.    Deny the allegations contained in paragraph 116 of the Amended Complaint, except admit that the paragraph states the nature of plaintiffs' claim.

117.    Deny the allegations contained in paragraph 117 of the Amended Complaint.

118.    Deny the allegations contained in paragraph 118 of the Amended Complaint, except admit that some policies and practices at the two clubs are similar.

119.    Deny the allegations contained in paragraph 119 of the Amended Complaint.

120.    Deny the allegations contained in paragraph 120 of the Amended Complaint.

121.    Deny the allegations contained in paragraph 121 of the Amended Complaint.

122.    Deny the allegations contained in paragraph 122 of the Amended Complaint.

123.    Admit so much of the allegations contained in paragraph 123 of the Amended Complaint as states that 333, and Goldring, as a manager of that club, had authority to hire and fire those plaintiffs or class members who were employees of 333, but deny the balance thereof.

124.    Admit so much of the allegations contained in paragraph 124 of the Amended Complaint as states that 333, and Goldring, as a manager of that club, supervised and oversaw the schedules and conditions of work of those plaintiffs or class members who were employees of 333, but deny the balance thereof.

125.    Admit so much of the allegations contained in paragraph 125 of the Amended Complaint as states that 333, and Goldring, as a manager of that club, determined the rate of pay and method of payment of those plaintiffs or class members who were employees of 333, but deny the balance thereof.

126.    Admit so much of the allegations contained in paragraph 126 of the Amended Complaint as states that 333, and Goldring, as a manager of that club, maintained employment records of those plaintiffs or class members who were employees of that club, but deny the balance thereof.

127.    Deny the allegations contained in paragraph 127 of the Amended Complaint.

128.    Deny the allegations contained in paragraph 128 of the Amended Complaint.

129.    Deny the allegations contained in paragraph 129 of the Amended Complaint.

130.    Deny the allegations contained in paragraph 130 of the Amended Complaint.

131.    Deny the allegations contained in paragraph 131 of the Amended Complaint.

132.    Deny the allegations contained in paragraph 132 of the Amended Complaint.

133.    Deny the allegations contained in paragraph 133 of the Amended Complaint.

134.    Deny the allegations contained in paragraph 134 of the Amended Complaint.

135.    Deny the allegations contained in paragraph 135 of the Amended Complaint.

136.    Deny the allegations contained in paragraph 136 of the Amended Complaint.

137.    Deny the allegations contained in paragraph 137 of the Amended Complaint.

138.    Deny the allegations contained in paragraph 138 of the Amended Complaint.

139.     Deny the allegations contained in paragraph 139 of the Amended Complaint.

140.     Deny the allegations contained in paragraph 140 of the Amended Complaint.

141.     Deny the allegations contained in paragraph 141 of the Amended Complaint.

142.     Deny the allegations contained in paragraph 142 of the Amended Complaint.

143.     Deny the allegations contained in paragraph 143 of the Amended Complaint.

144.     Deny the allegations contained in paragraph 144 of the Amended Complaint.

145.     Deny the allegations contained in paragraph 145 of the Amended Complaint.

146.     Deny the allegations contained in paragraph 146 of the Amended Complaint.

147.     Deny the allegations contained in paragraph 147 of the Amended Complaint.

148.     Deny the allegations contained in paragraph 148 of the Amended Complaint.

149.     Deny the allegations contained in paragraph 149 of the Amended Complaint.

150.    Deny the allegations contained in paragraph 150 of the Amended Complaint.

151.    Deny the allegations contained in paragraph 151 of the Amended Complaint.

152.    Deny the allegations contained in paragraph 152 of the Amended Complaint.

153.    Deny the allegations contained in paragraph 153 of the Amended Complaint.

154.    Deny the allegations contained in paragraph 154 of the Amended Complaint.

155.    Deny the allegations contained in paragraph 155 of the Amended Complaint.

156.    Deny the allegations contained in paragraph 156 of the Amended Complaint.

157.    Deny the allegations contained in paragraph 157 of the Amended Complaint.

158.    Deny the allegations contained in paragraph 158 of the Amended Complaint.

159.    Deny the allegations contained in paragraph 159 of the Amended Complaint.

160.    Deny the allegations contained in paragraph 160 of the Amended Complaint.

161.    Deny the allegations contained in paragraph 161 of the Amended Complaint.

162.    Deny the allegations contained in paragraph 162 of the Amended Complaint.

163.    Deny the allegations contained in paragraph 163 of the Amended Complaint.

164.    Deny the allegations contained in paragraph 164 of the Amended Complaint.

165.    Deny the allegations contained in paragraph 165 of the Amended Complaint.

166.    Deny the allegations contained in paragraph 166 of the Amended Complaint.

167.    Deny the allegations contained in paragraph 167 of the Amended Complaint.

168.    Deny the allegations contained in paragraph 168 of the Amended Complaint.

169.    Deny the allegations contained in paragraph 169 of the Amended Complaint.

170.    Deny the allegations contained in paragraph 170 of the Amended Complaint.

171.    Deny the allegations contained in paragraph 171 of the Amended Complaint.

172.    Deny the allegations contained in paragraph 172 of the Amended Complaint.

173.    Deny the allegations contained in paragraph 173 of the Amended Complaint.

174.    As and for their answer to paragraph 174 of the Complaint, Defendants repeat and restate each and every response to the allegations contained in paragraphs 1 through 173 of the Amended Complaint as if fully set forth herein.

175.    Deny the allegations contained in paragraph 175 of the Amended Complaint.

176.    Deny the allegations contained in paragraph 176 of the Amended Complaint.

177.    Deny the allegations contained in paragraph 177 of the Amended Complaint, except admit that some of the plaintiffs and some of the putative class members have been employees of 333.

178.    Deny the allegations contained in paragraph 178 of the Amended Complaint, except admit that the New York Labor Law and regulations apply to employees of 333.

179.    Deny the allegations contained in paragraph 179 of the Amended Complaint.

180.    Deny the allegations contained in paragraph 180 of the Amended Complaint.

181.    Deny the allegations contained in paragraph 181 of the Amended Complaint.

182.   Deny the allegations contained in paragraph 182 of the Amended Complaint.

183.   Deny the allegations contained in paragraph 183 of the Amended Complaint.

184.   Deny the allegations contained in paragraph 184 of the Amended Complaint.

185.   Deny the allegations contained in paragraph 185 of the Amended Complaint.

186.   Deny the allegations contained in paragraph 186 of the Amended Complaint.

187.   As and for their answer to paragraph 187 of the Complaint, Defendants repeat and restate each and every response to the allegations contained in paragraphs 1 through 186 of the Amended Complaint as if fully set forth herein.

188.   Deny the allegations contained in paragraph 188 of the Amended Complaint.

189.   Deny the allegations contained in paragraph 189 of the Amended Complaint.

190.   Deny the allegations contained in paragraph 190 of the Amended Complaint.

191.   Deny the allegations contained in paragraph 191 of the Amended Complaint.

192.    As and for their answer to paragraph 192 of the Complaint, Defendants repeat and restate each and every response to the allegations contained in paragraphs 1 through 191 of the Amended Complaint as if fully set forth herein.

193.    Deny the allegations contained in paragraph 193 of the Amended Complaint.

194.    Deny the allegations contained in paragraph 194 of the Amended Complaint.

195.    As and for their answer to paragraph 195 of the Complaint, Defendants repeat and restate each and every response to the allegations contained in paragraphs 1 through 194 of the Amended Complaint as if fully set forth herein.

196.    Deny the allegations contained in paragraph 196 of the Amended Complaint, except admit that some of the plaintiffs and some putative class members have been employees of 333.

197.    Deny the allegations contained in paragraph 197 of the Amended Complaint, except admit that defendant 333 has been an employer.

198.    Deny the allegations contained in paragraph 198 of the Amended Complaint, except admit that the New York Labor Law and regulations apply to employees of 333.

199.    Deny the allegations contained in paragraph 199 of the Amended Complaint.

200.    Deny the allegations contained in paragraph 200 of the Amended Complaint.

201.    Deny the allegations contained in paragraph 201 of the Amended Complaint.

202.    Deny the allegations contained in paragraph 202 of the Amended Complaint.

203.    Deny the allegations contained in paragraph 203 of the Amended Complaint.

204.    Deny the allegations contained in paragraph 204 of the Amended Complaint.

205.    Admit the allegations contained in paragraph 205 of the Amended Complaint.

206.    As and for their answer to paragraph 206 of the Complaint, Defendants repeat and restate each and every response to the allegations contained in paragraphs 1 through 205 of the Amended Complaint as if fully set forth herein.

207.    Deny the allegations contained in paragraph 207 of the Amended Complaint, except admit that some plaintiffs and other putative class members did wear uniforms at work.

208.    Deny the allegations contained in paragraph 208 of the Amended Complaint.

209.    Deny the allegations contained in paragraph 209 of the Amended Complaint.

210.    Deny the allegations contained in paragraph 210 of the Amended Complaint.

211.    Deny the allegations contained in paragraph 211 of the Amended Complaint.

212.    Deny the allegations contained in paragraph 212 of the Amended Complaint.

213.    Admit the allegations contained in paragraph 213 of the Amended Complaint.

214.    As and for their answer to paragraph 214 of the Complaint, Defendants repeat and restate each and every response to the allegations contained in paragraphs 1 through 213 of the Amended Complaint as if fully set forth herein.

215.    Deny the allegations contained in paragraph 215 of the Amended Complaint.

216.    Deny the allegations contained in paragraph 216 of the Amended Complaint.

217.    Deny the allegations contained in paragraph 217 of the Amended Complaint.

218.    Deny the allegations contained in paragraph 218 of the Amended Complaint.

219.    Deny the allegations contained in paragraph 219 of the Amended Complaint.

220.    As and for their answer to paragraph 220 of the Complaint, Defendants repeat and restate each and every response to the allegations contained in paragraphs 1 through 219 of the Amended Complaint as if fully set forth herein.

221.   Deny the allegations contained in paragraph 221 of the Amended Complaint.

222.   Deny the allegations contained in paragraph 222 of the Amended Complaint.

223.   Deny the allegations contained in paragraph 223 of the Amended Complaint, except admit that some of the plaintiffs and other putative class members were employees.

224.   Deny the allegations contained in paragraph 224 of the Amended Complaint, except admit that 333 was an employer.

225.   Deny the allegations contained in paragraph 225 of the Amended Complaint.

226.   Deny the allegations contained in paragraph 226 of the Amended Complaint.

227.   Deny the allegations contained in paragraph 227 of the Amended Complaint.

228.   Deny the allegations contained in paragraph 228 of the Amended Complaint.

229.   Deny the allegations contained in paragraph 229 of the Amended Complaint.

230.   Deny the allegations contained in paragraph 230 of the Amended Complaint.

231.   Deny the allegations contained in paragraph 231 of the Amended Complaint.

232.   Deny the allegations contained in paragraph 232 of the Amended Complaint.

233.   As and for their answer to paragraph 233 of the Complaint, Defendants repeat and restate each and every response to the allegations contained in paragraphs 1 through 232 of the Amended Complaint as if fully set forth herein.

234.   Deny the allegations contained in paragraph 234 of the Amended Complaint, except admit that the overtime regulations did apply to some of the plaintiffs and other putative class members.

235.   Deny the allegations contained in paragraph 235 of the Amended Complaint.

236.   Deny the allegations contained in paragraph 236 of the Amended Complaint.

237.   As and for their answer to paragraph 237 of the Complaint, Defendants repeat and restate each and every response to the allegations contained in paragraphs 1 through 236 of the Amended Complaint as if fully set forth herein.

238.   Deny the allegations contained in paragraph 238 of the Amended Complaint.

239.   Admit the allegations contained in paragraph 239 of the Amended Complaint, except deny that wearing of uniforms *per se* required any payment to plaintiffs.

240.   Deny the allegations contained in paragraph 240 of the Amended Complaint.

241.   Deny the allegations contained in paragraph 241 of the Amended Complaint.

242.     Deny the allegations contained in paragraph 242 of the Amended Complaint.

243.     Deny the allegations contained in paragraph 243 of the Amended Complaint.

244.     Deny the allegations contained in paragraph 244 of the Amended Complaint.

245.     Deny the allegations contained in paragraph 245 of the Amended Complaint.

246.     As and for their answer to paragraph 246 of the Complaint, Defendants repeat and restate each and every response to the allegations contained in paragraphs 1 through 245 of the Amended Complaint as if fully set forth herein.

247.     Deny the allegations contained in paragraph 247 of the Amended Complaint.

248.     Deny the allegations contained in paragraph 248 of the Amended Complaint.

249.     Deny the allegations contained in paragraph 249 of the Amended Complaint.

## ANSWER TO PRAYER FOR RELIEF

The Prayer for Relief clause contains Plaintiffs' request for relief, including amounts for judgment, to which no responsive pleading is required.  To the extent that a responsive pleading is required, Defendants deny the allegations set forth in the Prayer for Relief clause, and deny that Plaintiffs are entitled to the relief requested therein.

**AFFIRMATIVE DEFENSES**

1.      The Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted as against Entertainment Management Services, Inc.

2.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

3.      Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or filing periods and/or by the doctrines of laches, waiver, and estoppel.

4.      Plaintiffs' claims are barred by prior compromise and settlement or accord and satisfaction.

5.      Plaintiffs have failed to take reasonable steps to mitigate damages and may not recover damages that which could have been avoided.

6.      Those of plaintiffs or putative class members who were dancers were not employees under applicable federal or state labor law.

7.      The Court lacks subject matter jurisdiction over plaintiffs' state law claims.

8.      Defendant Entertainment Management Services, Inc. was not an employer of any plaintiff or other putative class members.

9.      The payment of Diamond Dollars by customers to dancers is not a "tip" as defined by federal or state labor law.

10.     Plaintiffs' claims are not appropriate for collective treatment under the Fair Labor Standards Act, or class treatment under Rule 23.

11.     Plaintiffs are not adequate representatives for the putative collective action or class action.

12.     Plaintiffs Owimrin and Levin have failed to cooperate in discovery despite repeated requests that they do so.

*NY 239,784,236v1*

13.     At all times relevant to this action, Defendants acted lawfully and in good faith and without intent to deny the Plaintiffs any rights under state or federal law, although they deny the allegations of unlawful conduct as set forth in the Complaint, and had reasonable grounds for believing that the acts or omissions alleged in the Amended Complaint were not violative of any law.

Defendants hereby reserve the right to add additional affirmative defenses should any such defenses arise during the course of discovery.

**WHEREFORE**, Defendants demand judgment dismissing the Amended Complaint with prejudice and awarding costs, reasonable attorney's fees, and such other and further relief as the Court may deem just, equitable, and proper.

Dated: New York, New York
       September 22, 2009

                                        Respectfully submitted,

                                        **GREENBERG TRAURIG, LLP**

                                        By: _____
                                            Jerrold F. Goldberg (JG-7471)
                                            Eric B. Sigda (ES-1827)

                                            200 Park Avenue
                                            MetLife Building
                                            New York, New York 10166
                                            (212) 801-9200

                                            *Attorneys for Defendants*
                                            *Entertainment Management Services,*
                                            *Inc. and 333 East 60th Street, Inc. a/k/a*
                                            *Scores East Side*