IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIRI DIAZ, CAROLYN SIEGEL, TALIA BUMB, BLERTA VIKKI, DANIELLE OWIMRIN, SUSAN LEVIN, on behalf of themselves and all others similarly situated, | |
| **Plaintiffs,** | |
| -against- | No. 07 Civ. 8718 (THK) |
| SCORES HOLDING COMPANY, INC.; GO WEST ENTERTAINMENT, INC. a/k/a SCORES WEST SIDE; SCORES ENTERTAINMENT, INC., a/k/a SCORES EAST SIDE; ENTERTAINMENT MANAGEMENT SERVICES, INC.; 333 EAST 60th STREET, INC. a/k/a SCORES EAST SIDE; RICHARD GOLDRING; and ELLIOT OSHER. | |
| **Defendants.** | |

[PROPOSED] ORDER GRANTING
PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF THE SETTLEMENT,
SERVICE PAYMENTS, AND ATTORNEYS' FEES AND COSTS

The Plaintiffs are former bartenders, servers, and entertainers at two New York City adult

nightclubs that are now closed, Scores East and Scores West. The clubs were owned or operated

by Defendants Scores Holding Company, Inc. ("Scores Holding Co."), Go West Entertainment,

Inc. ("Go West"), 333 East 60th Street, Inc. ("333 East 60th Street"), Richard Golding

("Golding"), and Elliot Osher ("Osher").

On October 9, 2007, Plaintiff Siri Diaz commenced this action by filing a class and

collective action complaint against Scores Holding Co., Go West, and Scores Entertainment, Inc.

("SEI"), alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor

Law ("NYLL") on behalf of herself and all other similarly situated employees. Diaz alleged that

Defendants failed to pay workers at the two Scores clubs proper minimum wages and overtime

compensation, unlawfully confiscated part of workers' tips and gratuities earned, and unlawfully

deducted from wages, among other claims. (Declaration of Justin M. Swartz in Support of Plaintiffs' Unopposed Motion for Approval of the Settlement, Service Payments, and Attorneys' Fees and Costs ("Swartz Decl.") ¶ 4.)

Plaintiffs amended their complaint on November 15, 2006, adding Carolyn Siegel, Talia Bumb, Blerta Vikki, and Danielle Owimrin as plaintiffs. (*Id.* ¶ 5.) Plaintiffs filed a Second Amended Complaint on February 21, 2008, adding Susan Levin as a plaintiff and Entertainment Management Services, Inc. ("EMS"), and 333 East 60th Street as defendants. (*Id.* ¶ 6.)

On May 9, 2008, the Court denied Defendants' motion to dismiss and granted Plaintiffs' motion for conditional certification of the case as an FLSA opt-in collective action pursuant to 29 U.S.C. § 216(b). *Diaz v. Scores Holding Co., Inc.*, No. 07 Civ. 8718 (RMB), 2008 WL 7863502, at *2 (S.D.N.Y. May 9, 2008). The Court stayed the case with respect to defendant Go West, which operated the Scores West, based on Go West's bankruptcy petition, but authorized notice to workers at the Scores East location. *Id.* Eighty-three individuals joined the case as Opt-in Plaintiffs by filing with the Court consent forms to join the FLSA § 216(b) collective. (Swartz Decl. ¶ 8.)

Since the filing of the litigation, three of the corporate defendants have been dissolved. Go West was dissolved as of July 28, 2010. EMS was dissolved as of July 29, 2009. 333 East 60th Street was dissolved as of October 28, 2009. (*Id.* ¶¶ 10-11.)

On September 2, 2009, Plaintiffs filed a Third Amended Complaint, adding Goldring and Osher as defendants. (*Id.* ¶ 12.) Defendants SEI and EMS were dismissed on January 21, 2011 pursuant to Fed. R. Civ. 41(a)(2). (*Id.* ¶ 14.)

The parties reached this $450,000 settlement (the "Settlement Fund") on behalf of the Opt-In Plaintiffs in the FLSA § 216(b) collective after engaging in discovery and extensive

formal and informal settlement discussions. (*Id.* ¶¶ 15-22.) The terms of the settlement have been set out in a formal written Joint Settlement and Release ("Settlement Agreement"). (*Id.* ¶ 26 & Ex. B (Settlement Agreement).) Plaintiffs now seek approval of the settlement, service payments to the named Plaintiffs, and attorneys' fees and costs.

Having considered Plaintiffs' Unopposed Motion of the Settlement, Service Payments, and Attorneys' Fees and Costs, the supporting declarations and exhibits thereto, and the complete record in this matter, for the reasons set forth below and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

**APPROVAL OF THE FLSA SETTLEMENT**

1.      The Court hereby approves the FLSA settlement on behalf of the Opt-In Plaintiffs.

2.      FLSA settlements generally require judicial approval to be effective, because private settlements will not effectuate a valid release. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 703-04 (1945).

3.      Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-54 (11th Cir. 1982); *Clark v. Ecolab Inc.*, Nos. 07 Civ. 8623(PAC), 04 Civ. 4488 (PAC), 06 Civ. 5672 (PAC), 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010); *McMahon v. Olivier Cheng Catering & Events, LLC*, No. 08 Civ. 8713 (PGG), 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010). *See also Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143 (ENV)(RER) 2011 WL 754862, at *5 (E.D.N.Y. Feb. 18, 2011); *Khait v. Whirlpool Corp.*, No. 06-6381 (ALC), 2010 WL 2025106, at *7 (E.D.N.Y. Jan. 20, 2010). Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. *See Lynn's Food Stores*, 679 F.2d at 1353-54. If the proposed settlement reflects a

reasonable compromise over contested issues, courts will approve the settlement. *Id.* at 1354; *Clark*, 2010 WL 1948198, at *7; *McMahon*, 2010 WL 2399328, at *6; *Willix*, 2011 WL 754862, at *5; *Khait*, 2010 WL 2025106, at *7.

4.     The standard for approval of an FLSA settlement is lower than for a Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement. *Clark*, 2010 WL 1948198, at *7; *McMahon*, 2010 WL 2399328, at *6; *Willix*, 2011 WL 754862, at *5 (citing *McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984)); *Khait*, 2010 WL 2025106, at *6.  Parties may elect to opt in to an FLSA collective, but the failure to do so does not prevent them from bringing their own suits at a later date.  Accordingly, the exacting standards for approval of a class action settlement under Rule 23 do not apply to an FLSA settlement under the collective action provisions of 29 U.S.C. § 216(b).

5.     The FLSA settlement in this case meets the standard for approval.  The settlement was the result of contested litigation and arm's length negotiation.  (Swartz Decl. ¶¶ 4-27.) Plaintiffs conducted a thorough investigation, including interviews with opt-ins, production and review of paper discovery, depositions of Defendants' corporate representatives, and depositions of four named Plaintiffs.  (*Id.* ¶¶ 15-20.)  To help resolve the case, the parties sought the assistance of the Court on two occasions, as well as the services of an experienced mediator through the Southern District of New York.  (*Id.* ¶ 21.)  They also engaged in extensive arm's length negotiations by telephone and electronic mail through their counsel.  (*Id.* ¶ 22.)  In FLSA settlements, just as in Rule 23 settlements, arm's-length negotiations involving counsel and a mediator raise a presumption that the settlement achieved is procedurally fair, reasonable, adequate, and not a product of collusion. *See Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005) (discussing fairness, reasonability, adequacy in approving Rule 23 settlement).

6.     The settlement also reflects a reasonable compromise over contested issues,

particularly in light of the risk of collection against corporate defendants that have dissolved since the filing of the lawsuit and the uncertain legal and factual issues involved. *See Prasker v. Asia Five Eight LLC*, No. 08 Civ. 5811 (MGC), 2010 WL 476009, at *5 (S.D.N.Y. Jan. 6, 2010) (considering risk of collection in approving Rule 23 settlement).

## AWARD OF SERVICE PAYMENTS TO NAMED PLAINTIFFS

7.     The Court finds reasonable service awards of $7,000 each for named Plaintiffs Siri Diaz, Carolyn Siegel, Talia Bumb, and Blerta Vikki, and $1,000 each for Susan Levin and Danielle Owimrin.  These amounts shall be paid from the Settlement Fund.

8.     In FLSA collective actions, just as in Rule 23 class actions, service awards are important to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff. *See Parker v. Jekyll & Hyde Entm't Holdings, L.L.C.*, No. 08 Civ. 7670 (BSJ)(JCF), 2010 WL 532960 (S.D.N.Y. Feb. 9, 2010), at *1 ("Enhancement awards for class representatives serve the dual functions of recognizing the risks incurred by named plaintiffs and compensating them for their additional efforts."); *Velez v. Majik Cleaning Serv.*, No. 03 Civ. 8698, 2007 WL 7232783, at *7 (S.D.N.Y. June 22, 2007) ("[I]n employment litigation, the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers."). *See also Clark*, 2010 WL 1948198, at *9; *McMahon*, 2010 WL 2399328, at *8-9, *Khait*, 2010 WL 2025106, at *9; *Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 200 (S.D.N.Y. 1997) ("The guiding standard in determining an incentive award is broadly stated as being the existence of special circumstances including the personal risk (if any) incurred by the plaintiff-applicant in becoming and continuing as a litigant, the time and effort expended by that plaintiff in assisting in the prosecution of the litigation or in bringing

to bear added value (e.g., factual expertise), any other burdens sustained by that plaintiff in lending himself or herself to the prosecution of the claims, and, of course, the ultimate recovery."). *See also* Nantiya Ruan, *Bringing Sense to Incentive Payments: An Examination of Incentive Payments to Named Plaintiffs in Employment Discrimination Class Actions*, 10 Emp. Rts. & Emp. Pol'y J. 395 (2006) (discussing the importance of aggregating claims to protecting civil rights and wage and hour rights).

9.     In this case, all the named Plaintiffs contributed to the litigation by contributing their time and effort to assist the prosecution of the litigation, as well as by assuming the risk of retaliation in bringing the action in their names and agreeing to testify if there was a trial. (Swartz Decl. ¶¶ 35-36.)  In addition, Diaz, Siegel, Bumb, and Vikki underwent depositions in the matter, which required extensive preparation with Plaintiffs' Counsel and which furthered the litigation.  (*Id.* ¶ 36.)

10.     The amount of the service awards requested is also reasonable. *See, e.g.*, *McMahon*, 2010 WL 2399328, at *8-9 (awarding $5,000 service awards in $400,000 settlement fund); *Parker*, 2010 WL 532960, at *1-2 (awarding service awards ranging from $5,000 to $15,000 in $745,000 fund).  Accordingly, service payments are rewarded.

## AWARD OF FEES AND COSTS TO PLAINTIFFS' COUNSEL

11.     The Court awards Plaintiffs' Counsel $150,000 in attorneys' fees, which is one-third of the Settlement Fund.

12.     The FLSA provides for "reasonable" attorneys' fees.  29 U.S.C. § 216(b) ("The court in [an action to recover under FLSA] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

13.     Fee awards in wage and hour cases are meant to "encourage members of the bar

to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Sand v. Greenberg*, No. 08 Civ. 7840 (PAC), 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010).

14.     Adequate compensation for attorneys who protect wage and hour rights furthers the remedial purposes of the FLSA. *See Braunstein v. E. Photo Labs., Inc.*, 600 F.2d 335, 336 (2d Cir. 1975), *cert. denied*, 441 U.S. 944 (1979) ("broad remedial purpose" of the FLSA should be given a "liberal construction"); *Willix*, 2011 WL 754862, at *6 (citing cases); *Vazquez v. Ranieri Cheese Corp.*, No. 07-CV-464 (ENV)(VVP), 2011 WL 554695, at *4 (E.D.N.Y. 2011) ("[t]he fee provisions contained in the FLSA and New York Labor Law were designed in part to secure legal representation for plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements") (internal quotation marks and citation omitted). *See also McMahon*, 2010 WL 2399328, at *7; *Khait*, 2010 WL 2025106, at *8; *Prasker*, 2010 WL 476009, at *6; *Sand*, 2010 WL 69359, at *3.

15.     In class and collective action wage and hour lawsuits, public policy favors a common fund attorneys' fee award. *See Frank*, 228 F.R.D. at 189. Where relatively small claims can only be prosecuted through aggregate litigation, and the law relies on prosecution by "private attorney[s] general," *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 338-39 (1980), attorneys who fill the private attorney general role must be adequately compensated for their efforts. *McMahon*, 2010 WL 2399328, at *7; *Khait*, 2010 WL 2025106, at *8; *Prasker*, 2010 WL 476009, at *6. If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk. *Id.*

16.     In this case, Plaintiffs' Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and Opt-in Plaintiffs' claims. (Swartz Decl. ¶¶ 38-39.)

17.     Plaintiffs' Counsel, Outten & Golden LLP and Bruckner Burch PLLC, are experienced employment lawyers with good reputations among the employment law bar. They have prosecuted and favorably settled many employment law class actions, including wage and hour class actions. *See, e.g., Willix*, 2011 WL 754862, at *6 (Outten & Golden has "substantial experience prosecuting and settling . . . wage and hour class actions, and are well-versed in wage and hour law and in class action law"); *Schmidt v. Smith & Wollensky, LLC*, 268 F.R.D. 323, 328 fn.5 (N.D. Ill. 2010) (Bruckner Burch's attorneys "are highly experienced attorneys and have acted as class counsel in similar actions in federal and state courts"); *Clark*, 2010 WL 1948198, at *8; *McMahon*, 2010 WL 2399328, at *6; *Prasker*, 2010 WL 476009, at *6; *Bricker v. Planet Hollywood New York, L.P.*, No. 08 Civ. 443 (WHP), 2009 WL 2603149, at *3 (S.D.N.Y. Aug. 13, 2009) (noting Bruckner Burch PLLC provided "high quality representation" as class counsel); *Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819, No. 04 Civ. 2295, 2009 WL 5841128, at *3 (S.D.N.Y. July 27, 2009) (noting that O&G "has substantial experience prosecuting and settling employment class actions, including wage and hour class actions and are well-versed in wage and hour law and in class action law"); *Reyes v. Buddha-Bar NYC*, No. 08 Civ. 2494 (DF), 2009 WL 5841177, at *4 (S.D.N.Y. May 28, 2009); *Westerfield v. Washington Mut. Bank*, No. 06 Civ. 2817, No. 08 Civ. 287, 2009 WL 5841129, at *4 (E.D.N.Y. Oct. 8, 2009).

18.     The work that Plaintiffs' Counsel has performed in litigating and settling this case demonstrates their commitment to the FLSA collective and to representing the collective's interests. Plaintiffs' Counsel have committed substantial resources over nearly four years to prosecuting this case.

19.     Plaintiffs' Counsel's request for one-third of the Fund is reasonable under the circumstances of this case. Plaintiffs' Counsel risked time and effort and advanced costs and

expenses, with no ultimate guarantee of compensation, and is therefore entitled to an attorneys'

fee award. The award is consistent with the "norms" of class and collective litigation in this

circuit. *Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452, 2008 WL782596, at *5

(S.D.N.Y. Mar. 24, 2008). *See also Parker*, 2010 WL 532960, at *2 (awarding class counsel

33% of $745,000 fund in FLSA and NYLL class and collective action); *McMahon*, 2010 WL

2399328, at *7 (awarding class counsel 33% of $400,000 settlement fund in FLSA and NYLL

class and collective action) *Prasker*, 2010 WL 476009, at *6 (awarding class counsel fees of

$346,500 out of $1,050,000 settlement fund in FLSA and NYLL class and collective action);

*Reyes*, 2009 WL 5841177, at *4 (awarding 33% of $710,000 fund in FLSA and NYLL class and

collective action).

20.    The requested attorneys' fees are significantly below Plaintiffs' Counsel's total

lodestar on the case. (Swartz Decl. ¶ 40 & Ex. D (Summary of Attorney and Staff Time).)

21.    The Court also awards Plaintiffs' Counsel reimbursement of their litigation

expenses in the amount of $20,513.53. In FLSA collective actions, as in Rule 23 class actions,

courts typically allow counsel to recover their reasonable out-of-pocket expenses. *See In re

Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003). Here,

Class Counsel's un-reimbursed expenses -- including telephone charges, postage, transportation,

working meal costs, photocopies, professional services, and electronic research – are reasonable

and were incidental and necessary to the representation of the FLSA collective.

22.    The attorneys' fees awarded and the amount in reimbursement of litigation costs

and expenses shall be paid from the Settlement Fund.

## CONCLUSION

23.    At the conclusion of the opt-out period described in the Settlement Agreement or,

if a party appeals this Order, after all requests for rehearing, reconsideration, or appellate review

have been exhausted, the Claims Administrator retained by Defendants shall distribute the funds

in the settlement account by making the following payments in the order below :

      a.      Paying Plaintiffs' Counsel one-third percent of the Settlement Fund ($150,000);

      b.      Reimbursing Plaintiffs' Counsel for $20,513.53 in litigation costs and expenses;

      c.      Paying service awards of $7,000 each to named Plaintiffs Siri Diaz, Carolyn Siegel, Talia Bumb, and Blerta Vikki and $1,000 each to Susan Levine and Danielle Owimrin;

      d.      Paying the remainder of the funds currently in the settlement account to Opt-in Plaintiffs in accordance with the allocation plan described in the Settlement Agreement.

24.     The Court retains jurisdiction over this action for the purpose of enforcing the

Settlement Agreement and overseeing the distribution of settlement funds.  The parties shall

abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

It is so ORDERED this 11th day of July, 2011.

_____
Honorable Theodore H. Katz
United States Magistrate Judge